STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 95992)
mperlis@stroock.com
RICHARD R. JOHNSON (State Bar No. 198117)
rjohnson@stroock.com
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendants
  TWIN CITY FIRE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive, <br><br> Defendants. | **Case No. CV-09-00830 SI** <br><br> [Hon. Susan Illston] <br><br> **NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE:    March 14, 2008 <br> TIME:    9:00 a.m. <br> PLACE:  Courtroom 10, 19th Floor <br><br> [[Proposed] Order lodged concurrently] |

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

1

# TABLE OF CONTENTS

2

**Page No.**

3

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................. 1

    A.    The Policies .......................................................................................... 1

    B.    The Instant Action ............................................................................... 2

III. ARGUMENT ..................................................................................................... 3

    A.    Standard of Law .................................................................................. 3

        1.    Legal Standard on a Motion to Dismiss Pursuant to Rule 12(b)(6) ........................................................................... 3

        2.    California Law Applies to Plaintiff's State Law Claims ............... 4

    B.    Plaintiff's Breach of Contract Claim Fails Absent Exhaustion of Underlying Insurance. ..................................................................... 5

    C.    Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Also Fails For Lack of Any Contractual Basis. ................................................................................................... 7

IV. CONCLUSION ................................................................................................. 9

S T R O O C K & S T R O O C K & L A V A N LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

28

- i -

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

Am. Motorists Ins. Co. v. Am. Re-Ins. Co.,
    2007 U.S. Dist. LEXIS 41257 (N.D. Cal. May 29, 2007) .............................8

In re Baker,
    66 B.R. 652 (Bankr. D. Nev. 1986)........................................................3

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955, 167 L. Ed. 2d 929 (U.S. 2007) ............................................4

Cahill v. Liberty Mut. Ins. Co.,
    80 F.3d 336 (9th Cir. 1996) ............................................................3

Cal-Agrex, Inc. v. Van Tassell,
    No. C-07-0964 SC, 2007 U.S. Dist. LEXIS 73676
    (N.D. Cal. Sept. 25, 2007) .............................................................7

California Ins. Guar. Assoc. v. Workers' Comp. Appeals Board,
    128 Cal. App. 4th 307 (2005) .........................................................5

California State Automobile Assoc. v. Inter-Ins. Bureau v. Super. Ct.,
    184 Cal. App. 3d 1428 (1986) .........................................................8

Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,
    222 Cal. App. 3d 1371 (1990) .........................................................7

In re Colonial Mortg. Bankers Corp.,
    324 F.3d 12 (1st Cir. 2003) ...........................................................4

Crosthwaite v. Glavin Constr. Mgmt.,
    No. C 07-01241 WHA, 2007 U.S. Dist. LEXIS 73757
    (N.D. Cal. Sept. 25, 2007) .............................................................7

Denny's, Inc. v. Chicago Ins. Co.,
    234 Cal. App. 3d 1786 (1991) .........................................................7

Erie R.R. v. Tompkins,
    304 U.S. 64, 58 S. Ct. 817 (1938) ....................................................4

Federal Ins. Co. v. Super. Ct. of the State of California
for the County of San Mateo,
    No. A11027 (Cal.  Ct. App., 1st Dist., June 25, 2005)....................................6

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Flores v. Amco Ins. Co.,
    No. CV F 07-1183 LJO DLB, 2007 U.S. Dist. LEXIS 86679
    (E.D. Cal. Nov. 14, 2007).....................................................................................8

Gemstar-TV Guide Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,
    No. CV 06-5183 GAF (C.D. Cal. Nov. 30, 2006) ......................................6, 7

Goldstein v. North Jersey Trust Co.,
    39 F.R.D. 363 (S.D.N.Y. 1966).............................................................................3

Hearn v. R.J. Reynolds Tobacco Co.,
    279 F. Supp. 2d 1096 (D. Ariz. 2003)..................................................................4

Ins. Co. of the Pa. v. Acceptance Ins. Co.,
    No. SACV 01-0225 DOC (ANx),
    2002 U.S. Dist. LEXIS 27832 (C.D. Cal. Apr. 29, 2002)..............................5

Iolab Corp. v. Seaboard Surety Co.,
    15 F.3d 1500 (9th Cir. 1994)..................................................................................6

Kaufman & Broad-South Bay v. Unisys Corp.,
    822 F. Supp. 1468 (N.D. Cal. 1993)....................................................................4

Liberate Techs. v. Certain Underwriters at Lloyd's London,
    No. Civ. 445162 (Cal. Super. Ct., San Mateo Cty., July 21, 2005) ...............6

Love v. Fire Ins. Exch.,
    221 Cal. App. 3d 1136, 271 Cal. Rptr. 246 (1990) .....................................8, 9

Nabisco, Inc. v. Transport Indem. Co.,
    143 Cal. App. 3d 831 (1983) ................................................................................6

Pac. Employers Ins. Co. v. Domino's Pizza,
    144 F.3d 1270 (9th Cir. 1998) .............................................................................5

Pan v. State Farm Mut. Automobile Ins. Co.,
    No. C-05-05208 RMW, 2007 U.S. Dist. LEXIS 43766
    (N.D. Cal. June 8, 2007)........................................................................................8

Papasan v. Allain,
    478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ...............................4

Phoenix Ins. Co. v. United States Fire Ins. Co.,
    189 Cal. App. 3d 1511 (1987)..........................................................................5, 6

- iii -

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

San Diego Housing Comm'n. v. Indus. Indem. Co.,
    68 Cal. App. 4th 526 (1998) ...................................................................................8

Signal Cos. v. Harbor Ins. Co.,
    27 Cal. 3d 359, 165 Cal. Rptr. 799 (1980) ...........................................................6

State Farm Fire & Cas. Co. v. Jioras,
    24 Cal. App. 4th 1619, 29 Cal. Rptr. 2d 840 (1994) ............................................5

Travelers Cas. & Surety Case Co. v. America Int'l. Surplus Lines Ins. Co.,
    465 F. Supp. 2d 1005 (S.D. Cal. 2006) .................................................................5

U.S. Fire Ins. Co. v. Lay,
    577 F.2d 421 (9th Cir. 1978) ..................................................................................6

Vector Research v. Howard & Howard Attorneys P.C.,
    76 F.3d 692 (6th Cir. 1996) ....................................................................................3

Waller v. Truck Ins. Exch., Inc.,
    11 Cal. 4th 1, 44 Cal. Rptr. 2d 370 (1995) ...........................................................9

**STATUTES**

28 U.S.C.A. § 1652 (2007) ...............................................................................................4

Fed. R. Civ. P. 12(b)(6) (2007) ................................................................................1, 3, 4

- iv -

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

1   **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**
2   **RECORD HEREIN:**
3       PLEASE TAKE NOTICE that on March 14, 2008, 9:00 a.m., or as soon
4   thereafter as this matter may be heard before the Honorable Judge Illston in the
5   above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California,
6   94102, Courtroom 10, Defendant Twin City Fire Insurance Company ("Twin City")
7   will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules
8   of Civil Procedure, for an Order dismissing, without leave to amend, all claims
9   alleged against Twin City by Plaintiff Crowley Maritime Corporation ("Plaintiff") on
10  the following grounds:
11      1. Plaintiff's Complaint fails to allege facts sufficient to state a claim for
12  breach of contract against Twin City as Plaintiff has failed to allege facts showing
13  that Twin City's contractual duty to Plaintiff has been triggered.
14      2. Plaintiff's Complaint fails to allege facts sufficient to state a claim for
15  breach of the implied covenant of good faith and fair dealing, or "bad faith," against
16  Twin City because as a matter of law, there can be no such claim without a
17  contractual duty owed to Plaintiff by Twin City.
18      3. This Motion should be granted without leave to amend because Plaintiff can
19  make no amendment to the Complaint that will provide facts sufficient to state
20  claims against Twin City for breach of contract and breach of the implied covenant
21  of good faith and fair dealing.
22      This Motion is and will be based upon this Notice of Motion and Motion, the
23  accompanying Memorandum of Points and Authorities, the Request for Judicial
24  Notice filed concurrently herewith, the pleadings and papers on file herein, all other
25  matters of which the Court may take judicial notice, and such other or further
26  / / /
27  / / /
28  LA 51022782v1

- 1 -
NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

1    material as may be presented at or before the hearing of this matter.  Twin City does

2    not base this Motion on any of the many other defenses available to Twin City.

3

4    Dated:  February 8, 2008                    STROOCK & STROOCK & LAVAN LLP
                                                 MICHAEL F. PERLIS
5                                                RICHARD R. JOHNSON

6

7                                     By:    /s/ Michael F. Perlis
                                             Michael F. Perlis
8

9                                            Attorneys for Defendants
                                             TWIN CITY FIRE INSURANCE
10                                           COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

S T R O O C K   &   S T R O O C K   &   L A V A N   L L P
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51022782v1
NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Crowley Maritime Corporation  ("Plaintiff") is apparently unconcerned that well-settled California law defeats its claims against an excess insurer such as Defendant Twin City Fire Insurance Company ("Twin City"). Stated simply, until the underlying insurer has exhausted the underlying policy limits by admitting liability and paying the full amount of its liability, there is no duty or obligation on the part of an excess insurer in Twin City's position that could form the basis of a "breach-of-contract" claim, much less a claim for breach of the implied covenant of good faith and fair dealing, or "bad faith."  On the face of the Complaint here it is plain that exhaustion of the underlying insurance has not occurred.  Absent exhaustion, Twin City has no active contractual duty to Plaintiff, and therefore Plaintiff has no breach of contract claim against Twin City. Absent any breach of contract by Twin City, Plaintiff has no valid "bad faith" claim.  Moreover, since Plaintiff has admitted in the Complaint that underlying insurance has not been exhausted, Plaintiff cannot possibly cure the deficiencies of its claims by amending the Complaint.

Accordingly, as set forth more fully below, Twin City respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(6), that the Court grant Twin City's Motion to Dismiss, without leave to amend, Plaintiff's claims for (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing, for failure allege facts sufficient to state a claim.

## II.  BACKGROUND

**A.  The Policies**

Twin City has issued an Excess Financial Products Insurance Policy to Plaintiff, *viz.*, policy number 00 DA 0100967-04, with a limit of liability of $10,000,000 in excess of $10,000,000, for the Policy Period of November 1, 2004 to

- 1 -
LA 51022782v1

November 1, 2005 (the "Twin City Excess Policy"). (Complaint, Exhibit B.) The Twin City Excess Policy generally follows form, subject to its own terms and conditions, to the underlying Primary Policy, *viz.*, Executive Protection Portfolio, policy number 8120-0792, issued by Federal Insurance Company ("Federal") with a limit of liability of $10,000,000, subject to a $500,000 retention (the "Federal Primary Policy"). (Complaint, Exhibit A.)

The Twin City Excess Policy provides, in pertinent part, that:

> …liability for any loss shall attach to [Twin City] only after the Primary and Underlying Excess Insurers shall have duly admitted liability and shall have paid the full amount of their respective liability…[Twin City] shall then be liable to pay only such additional amounts up to the Limit of Liability…In the event of the reduction or exhaustion of the aggregate limits of liability under the Primary and Underlying Excess Polic(ies) by reason of losses paid thereunder for claims first made while this policy is in force, this policy, shall: 1. In the event of such reduction, pay the excess of the reduced Primary and Underlying Excess Limits, 2. In the event of exhaustion, continue in force as Primary Insurance, subject to [Twin City's] Limit of Liability and to other terms, conditions and exclusions of this policy, provided always that in the latter event this policy shall only pay excess of the retention/deductible applicable to such Primary Insurance as set forth in the Primary Policy, which shall be applied to any subsequent loss…

(Complaint, Exhibit B., p. 3. of 20, § II ("Limit of Liability").)

**B.    The Instant Action**

Certain current or former directors of Plaintiff, who are or purport to be Insured Persons under the Federal Primary Policy and Twin City Excess Policy, have sought reimbursement of defense costs purportedly in excess of $600,000 and indemnity coverage for $21,844,458.26 allegedly paid in settlement of the Underlying Litigation[1] (comprised of $17.625 million paid to plaintiffs in the

---

[1] The "Underlying Litigation" is a derivative and class action lawsuit, entitled *Franklin Balance Sheet Investment Fund v. Crowley*, C.A. No. 888-VCP, filed against Plaintiff and certain members of its board of directors on November 30, 2004 in the Court of Chancery in the State of Delaware,

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1    Underlying Litigation and  $4,219,458.26 paid to plaintiffs' attorneys). (Complaint,

2    ¶¶ 8, 9, 10, 16, 17, 22.) Plaintiff estimates that its total covered loss exceeds $22

3    million. (Complaint, ¶ 17.)

4          Plaintiff filed the Complaint[2] on or about January 7, 2008 in the California

5    Superior Court, County of San Francisco, alleging claims for breach of contract and

6    breach of the implied covenant of good faith and fair dealing against Defendants

7    Federal, Twin City, and RLI Insurance Company (together, "Defendants"). On or

8    about February 6, 2008, Defendants timely removed the action on diversity grounds.

9                              **III.    ARGUMENT**

10   **A.    Standard of Law**

11        **1.    Legal Standard on a Motion to Dismiss Pursuant to Rule 12(b)(6)**

12        In considering a Rule 12(b)(6) Motion to Dismiss, the Court should

13   (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all

14   well-pleaded factual allegations as true; and (3) determine whether plaintiff can

15   prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*

16   *Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Vector Research v. Howard &*

17   *Howard Attorneys P.C.*, 76 F.3d 692, 697 (6th Cir. 1996).  For purposes of Rule

18   12(b)(6), "claim" means a set of facts which, if established, gives rise to one or more

19   enforceable legal rights. *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 366

20   (S.D.N.Y. 1966); *In re Baker*, 66 B.R. 652, 653 (Bankr. D. Nev. 1986).  However, in

21   presenting facts establishing enforceable legal rights, a plaintiff's obligation to

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

---

alleging breaches of fiduciary duties owed by the Plaintiff's director defendants to Plaintiff and its stockholders. (Complaint, ¶ 8.) While Plaintiff's Complaint does not further describe the allegations of the Underlying Complaint (which are not relevant to this motion in any event), we would note, just to give the Court some background, that the dispute involved allegations that Plaintiff spent millions of dollars as a gift for life insurance for its controlling stockholder's family's estate plan, and in so doing wasted corporate assets. In or about April of 2007, Plaintiff settled and obtained a release from the Underlying Litigation. (Complaint, ¶¶ 9-10.)

[2] *Crowley Maritime Corp. v. Federal Ins. Co., et al.*, No. CGC-08-470782.

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

1    provide the grounds of his entitlement to relief "requires more than labels and

2    conclusions" and courts "are not bound to accept as true a legal conclusion couched

3    as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965, 167

4    L. Ed. 2d 929 (U.S. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct.

5    2932, 92 L. Ed. 2d 209 (1986)).

6        As Plaintiff attached the Twin City Excess Policy and Federal Primary Policy

7    (together, the "Policies") to, and incorporated them by reference into, its Complaint

8    (Complaint, ¶¶ 5-6, Exhibits A and B), this Court may consider the Policies in

9    evaluating this Rule 12(b)(6) motion.  *See, In re Colonial Mortg. Bankers Corp*., 324

10    F.3d 12, 16 (1st Cir. 2003); *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d

11    1096, 1101 (D. Ariz. 2003); *Kaufman & Broad-South Bay v. Unisys Corp*., 822 F.

12    Supp. 1468, 1472 (N.D. Cal. 1993).

13        **2.      California Law Applies to Plaintiff's State Law Claims**

14        As this Court is sitting in diversity, the Court should apply California law to

15    Plaintiff's state law claims for breach of contract and breach of the implied covenant

16    of good faith and fair dealing. *See*, 28 USCA § 1652 (2007); *Erie R.R. v. Tompkins*,

17    304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938).

18        As set forth below, Plaintiff's Complaint fails to allege facts that show that

19    Twin City's contractual duty to Plaintiff has arisen or necessarily ever will, and thus

20    Plaintiff's breach of contract claim must fail.  Moreover, absent a contractual

21    underpinning, Plaintiff's claim against Twin City for breach of the implied covenant

22    of good faith and fair dealing fails as a matter of California law.  Furthermore,

23    Plaintiff can make no amendment to the Complaint that would render the Complaint

24    sufficient to withstand this Motion. For these reasons, this Motion to Dismiss,

25    without leave to amend, should be sustained in its entirety.

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51022782v1

- 4 -

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

**B.    Plaintiff's Breach of Contract Claim Fails Absent Exhaustion of Underlying Insurance.**

The Twin City Excess Policy provides that "liability for any loss shall attach to [Twin City] only after the Primary and Underlying Excess Insurers shall have duly admitted liability and shall have paid the full amount of their respective liability…." (Complaint, Exhibit B, p. 3 of 20, § 2 (Limit of Liability)).  Plaintiff alleges that Federal, the Primary Insurer, denied coverage of the settlement of the Underlying Litigation and has, as of the January 7, 2008 filing of the Complaint, refused to pay Plaintiff insurance benefits. (Complaint, ¶¶ 12, 30.)

Under California law, absent contract language to the contrary, an excess insurer such as Twin City has no right or duty to participate in the defense of its insured, nor obligations under its policy, until the limits of the underlying insurers are exhausted. *See*, *Pac. Employers Ins. Co. v. Domino's Pizza*, 144 F.3d 1270, 1277 (9th Cir. 1998), *amended by,* 98 C.A.R. 7447 (9th Cir. 1998) (excess carrier not required to contribute to settlement before underlying insurance was exhausted); *Travelers Cas. & Sur. Case Co. v. Am. Int'l Surplus Lines Ins. Co.*, 465 F. Supp. 2d 1005, 1022 (S.D. Cal. 2006) ("…before coverage or a duty to defend attaches under an excess umbrella policy, the policy limits of all underlying primary insurers on the risk normally must be exhausted."); *Ins. Co. of the Pa. v. Acceptance Ins. Co.*, No. SACV 01-0225 DOC (ANx), 2002 U.S. Dist. LEXIS 27832, at *9-10, (C.D. Cal. Apr. 29, 2002) (granting excess insurer's motion for summary judgment as to its obligation to indemnify, and stating that "[t]he distinction between excess and primary insurers is important because excess insurers have no duty to participate in the insured's defense until the primary coverage is exhausted."); *State Farm Fire & Cas. Co. v. Jioras*, 24 Cal. App. 4th 1619, 1626, 29 Cal. Rptr. 2d 840 (1994); *Phoenix Ins. Co. v. United States Fire Ins. Co.*, 189 Cal. App. 3d 1511, 1528 (1987), *superseded on other grounds by statute as stated in California Ins. Guar. Assn. v.*

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

*Workers' Comp. Appeals Bd.*, 128 Cal. App. 4th 307 (2005), ("Generally an excess insurer has no duty to participate in the insured's defense or contribute to a settlement on its behalf until primary coverages are exhausted." (quoting *Nabisco, Inc. v. Transport Indem. Co.*, 143 Cal. App. 3d 831 (1983)); *Signal Cos. v. Harbor Ins. Co.*, 27 Cal. 3d 359, 370-371, 165 Cal. Rptr. 799 (1980) (insured could not have reasonably expected that excess insurer would be required to contribute to the costs of defense prior to the exhaustion of primary policy limits); *Federal Ins. Co. v. Super. Ct. of the State of California for the County of San Mateo*, No. A11027 (Cal. Ct. App., 1st Dist., June 25, 2005)[3] (ordering Respondent Superior Court to sustain excess insurer's demurrer, which demurred to insured's complaint on grounds that the underlying insurance had not been exhausted); *Liberate Techs. v. Certain Underwriters at Lloyd's London*, No. Civ. 445162 (Cal. Super. Ct., San Mateo Cty., July 21, 2005)[4] (sustaining excess insurer's demurrer to insured's complaint on grounds that underlying insurance had not been exhausted).

Because the limits of the underlying Federal Primary Policy have not been exhausted, the Twin City Excess Policy, and any duty to reimburse defense costs or indemnify pursuant to the Twin City Policy, has not been triggered.  *See, Iolab Corp. v. Seaboard Surety Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994) (affirming grant of summary judgment in favor of excess carriers where no determination had been made that policies were triggered); *U.S. Fire Ins. Co. v. Lay*, 577 F.2d 421, 423 (9th Cir. 1978) ("A settlement for less than the primary limit that imposed liability on the excess carrier would remove the incentive of the primary insurer to defend in good faith or to discharge its duty…to represent the interests of the excess carrier." (internal citations omitted)); *Gemstar-TV Guide Int'l, Inc. v. Nat'l Union Fire Ins.*

---

[3] A courtesy copy of this Order, which is not certified for publication, is attached to the Request for Judicial Notice ("RJN") filed concurrently herewith.

[4] A courtesy copy of this Order, which is not certified for publication, is attached to the RJN filed concurrently herewith.

LA 51022782v1

- 6 -

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

*Co. of Pittsburgh, PA*, No. CV 06-5183 GAF (C.D. Cal. Nov. 30, 2006)[5] ("because Gemstar has failed to plead that [the primary insurer] has exhausted the primary policy limit by paying the full $35 million, [the excess insurer] is not required to pay anything and is not liable."); *Denny's, Inc. v. Chicago Ins. Co.*, 234 Cal. App. 3d 1786, 1793 (1991) ("liability will attach only after the underlying insurer has paid or has been held liable to pay *the full amount* of the underlying coverage, i.e., the policy limit, and that [excess insurers] will then be liable to pay '*only the excess*' of the underlying policy limit." (emphasis in original)).

Under these circumstances, there is no basis for alleging that an obligation to perform under the Twin City Excess Policy has arisen, which is fatal to the Plaintiff's claim for breach of contract. *See*, *e.g. Crosthwaite v. Glavin Constr. Mgmt.*, No. C 07-01241 WHA, 2007 U.S. Dist. LEXIS 73757, at *7 (N.D. Cal. Sept. 25, 2007) (elements of breach of contract include plaintiff's performance or excuse for nonperformance and defendant's breach); *accord*, *Cal-Agrex, Inc. v. Van Tassell*, No. C-07-0964 SC, 2007 U.S. Dist. LEXIS 73676, at *3 (N.D. Cal. Sept. 25, 2007); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990).

There is no amendment Plaintiff can make that would render the Complaint's allegations sufficient to state a claim for breach of contract against Twin City. Therefore, Twin City's Motion to Dismiss Plaintiff's breach of contract claim should be sustained, without leave to amend.

## C.    Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Also Fails For Lack of Any Contractual Basis.

Since Plaintiff is not entitled to any payment by Twin City under the Twin City Excess Policy unless and until the limits of the Underlying Insurance have been paid in full by Federal, and Plaintiff alleges in paragraphs 12 and 30 of the

---

[5] A courtesy copy of this Order, which is not certified for publication, is attached to the RJN filed concurrently herewith.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

Complaint that this has not occurred, Plaintiff's purported claim against Twin City for breach of the implied covenant of good faith and fair dealing must also be dismissed, since an indispensable element of any bad faith claim is the withholding by the insurer of benefits due to the insured under the Policy. As explained in *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153, 271 Cal. Rptr. 246 (1990):

> …when benefits are due an insured, delayed payment based on inadequate or tardy investigations, oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable and numerous other tactics may breach the implied covenant because it frustrates the insured's primary right to receive the benefits of his contract--i.e., prompt compensation for losses[; <u>a]bsent that primary right, however, the auxiliary implied covenant has nothing upon which to act as a supplement, and should not be endowed with an existence independent of its contractual underpinnings</u>.

(emphasis added). *See also, Pan v. State Farm Mut. Auto. Ins. Co.*, No. C-05-05208 RMW, 2007 U.S. Dist. LEXIS 43766, at *15 (N.D. Cal. June 8, 2007) (quoting *Love v. Fire Ins. Exch.,* 221 Cal. App. 3d at 1153); *San Diego Housing Comm'n v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 544  (1998) ("Where a breach of contract cannot be shown, there is no basis for a finding of breach of the covenant.").

As Twin City's duty to provide coverage to Plaintiff has not been triggered, there can be no breach of the implied covenant of good faith and fair dealing, as it is well established that a bad faith award is not available "without first establishing that coverage exists[.]" *Flores v. Amco Ins. Co.*, No. CV F 07-1183 LJO DLB, 2007 U.S. Dist. LEXIS 86679, at *23, (E.D. Cal. Nov. 14, 2007) (quoting *California State Auto Ass'n v. Inter-Ins. Bureau v. Super. Ct.*, 184 Cal. App. 3d 1428, 1433 (1986)); *see also, Am. Motorists Ins. Co. v. Am. Re-Ins. Co.*, No. C 05-5202 CW, 2007 U.S. Dist. LEXIS 41257, at **18-19, (N.D. Cal. May 29, 2007) ("…there are at least two separate requirements to establish breach of the implied covenant: (1) benefits <u>due under the policy</u> must have been withheld; and (2) the reason for withholding

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

benefits must have been unreasonable or without proper cause.") (emphasis added) (quoting *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 271 Cal. Rptr. 246 (1990)); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36, 44 Cal. Rptr. 2d 370 (1995) ("In sum, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement.").

Under the Twin City Excess Policy, "liability for any loss shall attach to [Twin City] only after the Primary and Underlying Excess Insurers shall have duly admitted liability and shall have paid the full amount of their respective liability…." (Complaint, Exhibit B, p. 3 of 20, § 2 ("Limit of Liability")). Since Plaintiff claims that Federal denied coverage and, as of the January 7, 2008 filing of the Complaint, refused to pay Plaintiff insurance benefits (Complaint,  ¶¶ 12, 30), it is clear from the face of the Complaint that no coverage is currently due under the Twin City Excess Policy.  Because Twin City owes no contractual duty to the Plaintiff, Plaintiff's bad faith claim cannot succeed, and there is no amendment Plaintiff can make that would render the Complaint's allegations sufficient to state a claim for bad faith.

Therefore, Plaintiff's claim against Twin City for breach of the implied covenant of good faith and fair dealing should be dismissed without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Twin City Fire Insurance Company respectfully requests that the Court enter an Order granting the instant Motion to Dismiss, without leave to amend, the claims against Twin City for breach of contract

/ / /
/ / /
/ / /
/ / /
/ / /

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  and breach of the implied covenant of good faith and fair dealing in Plaintiff

2  Crowley Maritime Corporation's Complaint.

3

4  Dated:  February 8, 2008                    Respectfully Submitted,

5                                              STROOCK & STROOCK & LAVAN LLP
                                               MICHAEL F. PERLIS
6                                              RICHARD R. JOHNSON

7

8                                              By:    /s/ Michael F. Perlis
9                                                     Michael F. Perlis

10                                             Attorneys for Defendant
                                               TWIN CITY FIRE INSURANCE
11                                             COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

3

4

5         I am employed in the County of Los Angeles, State of California, over the age
of eighteen years, and not a party to the within action.  My business address is:  2029
6 Century Park East, Suite 1600, Los Angeles, California  90067-3086.

7         On February 8, 2008, I served the foregoing document(s) described as:
**NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE**
8 **INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action
9 by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

10

## [PLEASE SEE SERVICE LIST ATTACHED]

11

12 ☒    **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and
processing practices of this office, with which I am readily familiar, by
13       means of which mail is deposited with the United States Postal Service at
Los Angeles, California that same day in the ordinary course of business,
14       I deposited such sealed envelopes, with postage thereon fully prepaid, for
collection and mailing on this same date following ordinary business
15       practices, addressed as set forth below.

16 ☐    **(VIA FACSIMILE)**  By causing such document to be delivered to the
office of the addressee via facsimile.

17

18 ☐    **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be
delivered to the office of the addressee(s) at the address(es) set forth
19       above by overnight delivery via Federal Express or by a similar overnight
delivery service.

20

21         I declare that I am employed in the office of member of the bar of this court
under whose direction the service was made.

22         I declare under penalty of perjury under the laws of the State of California that
23 the above is true and correct.

24         Executed on February 8, 2008, at Los Angeles, California.

25    _____          _/s/ Marilyn Courneya_____
         Marilyn Courneya
26       [Type or Print Name]                    [Signature]

27

28
LA 51022782v1
                                    - 11 -
NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

SERVICE LIST

**Counsel for Plaintiff Crowley Maritime Corp.**

Philip L. Pillsbury, Jr., Esq.
Richard D. Shively, Esq.
Eric K. Larson, Esq.
**Pillsbury & Levinson, LLP**
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA  94111

Jon E. Abramczyk, Esq.
**Morris, Nichols, Arsht & Tunnell**
1201 North Market Street
Wilmington, DE  19899-1347

**Counsel for Co-defendant Federal Insurance Co.**

G. Edward Rudloff, Jr.
Kevin A. Norris
**Rudloff Wood & Barrows LLP**
Watergate Office Towers
2000 Powell Street, Suite 900
Emeryville, CA  94608

**Of Counsel**

David Newmann
Joseph A. Bailey III
**Hogan & Hartson L.L.P.**
555 Thirteenth Street, NW
Washington, DC  20004

**Counsel for Co-defendant RLI Insurance Co.**

Michael D. Prough, Esq.
**Morison-Knox Holden & Prough, LLP**
500 Ygnacio Valley Road, Suite 450
Walnut Creek, California 94596-8068

LA 51022782v1

NOTICE OF MOTION AND MOTION OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  STROOCK & STROOCK & LAVAN LLP
   MICHAEL F. PERLIS (State Bar No. 95992)
2  mperlis@stroock.com
   RICHARD R. JOHNSON (State Bar No. 198117)
3  rjohnson@stroock.com
   2029 Century Park East, Suite 1800
4  Los Angeles, California  90067-3086
   Telephone: 310-556-5800
5  Facsimile: 310-556-5959
   lacalendar@stroock.com
6
   Attorneys for Defendants
7     TWIN CITY FIRE INSURANCE COMPANY

8

9

10                **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN FRANCISCO DIVISION**

13 CROWLEY MARITIME                    )  **Case No: CV-08-00830 SI**
   CORPORATION,                        )
14                                     )  [Hon. Susan Illston]
              Plaintiff,               )
15                                     )
       vs.                            )  **REQUEST FOR JUDICIAL NOTICE**
16                                     )  **IN SUPPORT OF DEFENDANT**
   FEDERAL INSURANCE                   )  **TWIN CITY FIRE INSURANCE**
17 COMPANY; TWIN CITY FIRE             )  **COMPANY'S MOTION TO**
   INSURANCE COMPANY; RLI              )  **DISMISS PLAINTIFF CROWLEY**
18 INSURANCE COMPANY; and              )  **MARITIME CORPORATION'S**
   DOES 1-20, inclusive,               )  **COMPLAINT**
19                                     )
              Defendants.              )  DATE:   March 14, 2008
20                                     )  TIME:    9:00 a.m.
   _____)  PLACE:  Courtroom 10, 19th Floor

21

22

23

24

25

26

27

28
     REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE
   INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME
          CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI
   LA 51021451v1

In connection with Defendant Twin City Fire Insurance Company's concurrently-filed Motion to Dismiss Plaintiff Crowley Maritime Corporation's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Twin City Fire Insurance Company hereby requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following:[1]

(1)     Federal Insurance Company's Petition for Writ of Mandate or Other Appropriate Relief From Respondent's Overruling Demurrer; Memorandum of Points and Authorities In Support Thereof filed on May 23, 2005 in the case entitled Federal Ins. Co. v. Super. Ct. of the State of California for the County of San Mateo, Court of Appeal No. A11027. A true and correct copy of the Petition is attached hereto as Exhibit A.

(2)     Opposition by Real Party In Interest Liberate Technologies, Inc., to Petition For Writ of Mandate or Other Appropriate Relief by Federal Insurance Company; Memorandum of Points and Authorities filed on or before June 8, 2005 in the case entitled Federal Ins. Co. v. Super. Ct. of the State of California for the County of San Mateo, Court of Appeal No. A11027. A true and correct copy of the Opposition is attached hereto as Exhibit B.

(3)     Federal Insurance Company's Reply Brief in Support of Petition for Writ of Mandate or Other Appropriate Relief from Respondent's Overruling Demurrer; Memorandum of Points and Authorities in Support Thereof filed on June 20, 2005 in the case entitled Federal Ins. Co. v. Super. Ct. of the State of California

---

[1] This Court may take judicial notice of documents filed and orders or decisions entered in federal or state court. *See, e.g.*, *Doran v. Eckold*, 409 F.3d 958, 962, fn. 1 (8th Cir. 2005) (judicially noticing documents considered by District Court at summary judgment stage but not admitted at trial); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (judicially noticing California Court of Appeal's opinion, the briefs filed in that proceeding, and the briefs filed in the trial court).

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

LA 51021451v1

1   for the County of San Mateo, Court of Appeal No. A11027. A true and correct copy
2   of the Reply Brief is attached hereto as Exhibit C.

3        (4)    Order by the Court of Appeal of the State of California, First Appellate
4   District, Division One in the case entitled Federal Ins. Co. v. Super. Ct. of the State
5   of California for the County of San Mateo, Court of Appeal No. A11027. A true and
6   correct copy of the Order is attached hereto as Exhibit D.

7        (5)    Order by the Superior Court of the State of California County of San
8   Mateo in the case entitled Liberate Techs. v. Certain Underwriters at Lloyd's
9   London, et al., County of San Mateo Superior Court No. Civ. 445162. A true and
10  correct copy of the Order is attached hereto as Exhibit E.

11       (6)    Order by the United States District Court for the Central District of
12  California in the case entitled Gemstar-TV Guide Int'l, Inc. v. Nat'l Union Fire Ins.
13  Co. of Pittsburgh, PA, No. CV 06-5183 GAF. A true and correct copy of the Order is
14  attached hereto as Exhibit F.

15
16
17  Dated:  February 8, 2008          Respectfully Submitted,

18                 STROOCK & STROOCK & LAVAN LLP
                MICHAEL F. PERLIS
19                 RICHARD R. JOHNSON

20                 By:  /s/ Michael F. Perlis
21                    Michael F. Perlis

22                 Attorneys for Defendant
                TWIN CITY FIRE INSURANCE
23                 COMPANY

24
25
26
27
28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME
CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

LA 51021451v1

1
2

# PROOF OF SERVICE

3  STATE OF CALIFORNIA          )
                                )  ss
4  COUNTY OF LOS ANGELES        )

5        I am employed in the County of Los Angeles, State of California, over the age
   of eighteen years, and not a party to the within action.  My business address is:  2029
6  Century Park East, Suite 1600, Los Angeles, California  90067-3086.

7        On February 8, 2008, I served the foregoing document(s) described as:
   **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN**
8  **CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF**
   **CROWLEY MARITIME CORPORATION'S COMPLAINT**  on the interested
9  parties in this action by placing a true copy thereof enclosed in sealed envelopes
   addressed as follows:
10

11                        **[PLEASE SEE SERVICE LIST ATTACHED]**

12  ☒     **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and
          processing practices of this office, with which I am readily familiar, by
13        means of which mail is deposited with the United States Postal Service at
          Los Angeles, California that same day in the ordinary course of business,
14        I deposited such sealed envelopes, with postage thereon fully prepaid, for
          collection and mailing on this same date following ordinary business
15        practices, addressed as set forth below.

16  ☐     **(VIA FACSIMILE)**  By causing such document to be delivered to the
          office of the addressee via facsimile.
17

18  ☐     **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be
          delivered to the office of the addressee(s) at the address(es) set forth
19        above by overnight delivery via Federal Express or by a similar overnight
          delivery service.

20
21        I declare that I am employed in the office of member of the bar of this court
   under whose direction the service was made.

22        I declare under penalty of perjury under the laws of the State of California that
23  the above is true and correct.

24        Executed on February 8, 2008, at Los Angeles, California.

25     _____          _____
            Marilyn Courneya                   /s/ Marilyn Courneya
26        [Type or Print Name]                    [Signature]

27
28                                     - 4 -
   REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE
   INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME
                CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI
   LA 51021451v1

SERVICE LIST

**Counsel for Plaintiff Crowley Maritime Corp.**

Philip L. Pillsbury, Jr., Esq.
Richard D. Shively, Esq.
Eric K. Larson, Esq.
**Pillsbury & Levinson, LLP**
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA  94111

Jon E. Abramczyk, Esq.
**Morris, Nichols, Arsht & Tunnell**
1201 North Market Street
Wilmington, DE  19899-1347

**Counsel for Co-defendant Federal Insurance Co.**

G. Edward Rudloff, Jr.
Kevin A. Norris
**Rudloff Wood & Barrows LLP**
Watergate Office Towers
2000 Powell Street, Suite 900
Emeryville, CA  94608

**Of Counsel**

David Newmann
Joseph A. Bailey III
**Hogan & Hartson L.L.P.**
555 Thirteenth Street, NW
Washington, DC  20004

**Counsel for Co-defendant RLI Insurance Co.**

Michael D. Prough, Esq.
**Morison-Knox Holden & Prough, LLP**
500 Ygnacio Valley Road, Suite 450
Walnut Creek, California 94596-8068

- 5 -
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME
CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

# Exhibit A

May-20-05  03:02pm  From-STROOCK&STROOCK&LAVAN LLP              +3105565959              T-126  P.02/21  F-645

Civil No. A110217

# IN THE COURT OF APPEAL
## OF THE STATE OF CALIFORNIA
## FIRST APPELLATE DISTRICT
## DIVISION ___1___

---

FEDERAL INSURANCE COMPANY,

                         Defendant and Petitioner,

vs.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN MATEO,

                         Respondent,

LIBERATE TECHNOLOGIES,

                         Plaintiff and Real Party in Interest.

---

San Mateo County Superior Court Case No. CIV445162
The Honorable Robert D. Foiles

---

## PETITION FOR WRIT OF MANDATE OR OTHER APPROPRIATE RELIEF FROM RESPONDENT'S OVERRULING DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### [EXHIBITS CONCURRENTLY FILED UNDER SEPARATE COVER]

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (Bar No. 95992)
MITCHELL J. LANGBERG (Bar No. 171912)
RICHARD R. JOHNSON (Bar No. 198117)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone:  (310) 556-5800
Telecopier:  (310) 556-5959

Attorneys for Defendant and Petitioner

EXHIBIT A PAGE 4

# TABLE OF CONTENTS

INTRODUCTION ................................................................. 1

PETITION FOR WRIT OF MANDATE
OR OTHER APPROPRIATE RELIEF ............................... 3

PRAYER ............................................................................ 8

MEMORANDUM OF POINTS AND AUTHORITIES ................... 10

   I.    WRIT RELIEF IS PROPER BECAUSE THERE
        WAS CLEAR ERROR AND FEDERAL
        HAS NO ADEQUATE ALTERNATIVE REMEDY ........ 10

   II.   THE TRIAL COURT ERRED IN OVERRULING
        FEDERAL'S DEMURRER ............................................. 11

   III.  CONCLUSION ................................................................. 14

# TABLE OF CASES AND AUTHORITIES

Babb v. Superior Court,
    3 Cal. 3d 841 (1971) ................................................ 3, 8, 10

Barnett v. Fireman's Fund Ins. Co.,
    90 Cal. App. 4th 500 (2001) ............................................ 11

Fair Employment & Housing Commission v. Superior Court,
    115 Cal. App. 4th 629 (2004) ....................................... 8, 10

Hahn v. Superior Court,
    1 Cal. App. 4th 1448 (1991) ......................................... 3, 8, 10

Love v. Fire Ins. Exch.,
    221 Cal. App. 3d 1136 (1990) ......................................... 14

50289168 .

i

EXHIBIT A PAGE 5

May-20-05  03:03pm  From-STROOCK&ROOCK&LAVAN LLP              +3105565950         T-126  P.04/21  F-645

Pitzen v. Superior Court,
    120 Cal. App. 4th 1374 (2004) ................................................. 1, 8, 10

San Diego Housing Commission v. Industrial Indemnity Company,
    68 Cal. App. 4th 526 (1998)....................................................... 12, 14

Signal Cos., Inc. v. Harbor Ins. Co.,
    27 Cal. 3d 359, 370-71(1980) ......................................................... 13

Ticor Title Ins. Co. v. Employers Ins. Of Wausau,
    40 Cal. App. 4th 1699 (1995)...................................................... 12, 13

50289168

ii

EXHIBIT A PAGE 6

## INTRODUCTION

Extraordinary relief is required from this Court because, even though the Plaintiff's complaint *admits facts* that are a *conclusive bar* to any claim for damages, the trial court overruled a demurrer to causes of action for breach of contract and bad faith. As a result, without this Court's intervention, Defendant and Petitioner Federal Insurance Company ("Federal") will now be subjected to broad discovery, will have to retain experts, prepare for dispositive motions and possibly trial - - *all in defense of claims which are defeated by Plaintiff Liberate Technologies' ("Liberate") own affirmative allegations*.

Where, as here, the denial of a demurrer presents a purely legal issue, it is properly reviewed by petition for writ of mandate and subject to this Court's "independent appellate review." Pitzen v. Superior Court, 120 Cal. App. 4th 1374, 1378 (2004).

As set forth in Liberate's complaint, it purchased an *excess* insurance policy from Federal which was secondary to a policy Liberate had purchased from Certain Underwriters at Lloyd's, London ("Lloyd's"). Liberate affirmatively alleged and admitted that the terms of Federal's policy only implicated coverage if Lloyd's underlying policy had been exhausted by *the actual payment* of the underlying limits. The policy was attached to the complaint and quoted by Liberate therein. It provides:

> The Company [Federal] shall provide the
> Insureds with insurance during the Policy
> Period excess of the Underlying Limit.
> Coverage hereunder shall attach only after



EXHIBIT A PAGE 7

May-20-05  03:03pm  From-STROOCK&STROOCK&LAVAN LLP      +3105565958      T-126  P.06/21  F-645

> the insurers of the Underlying Insurance
> shall have paid in legal currency the full
> amount of the Underlying Limit for such
> Policy Period.

Throughout its complaint Liberate acknowledged that Lloyd's had not paid anything pursuant to the primary policy. By the plain language of Liberate's allegations and the policy that is attached as an exhibit to Liberate's complaint, Lloyds failure to pay in full the amount of the underlying policy limit means that Federal has no coverage obligations to Liberate. Remarkably, Liberate still alleged causes of action against Federal for breach of contract and bad faith arising out of Federal's alleged wrongful failure to acknowledge an obligation to pay or to actually pay defense costs and settlement amounts.[1]

It is well settled that there can be no bad faith claim in the absence of a breach of coverage obligations. Of course, there can be no breach of coverage obligations if a condition precedent (in this case Lloyd's payment in full) has not occurred. Accordingly, Federal demurred to Liberate's causes of action for breach of contract and bad faith. The trial court overruled the demurrers. When pressed for an articulation of what breach was alleged in the pleadings, the trial court politely stated that it disagreed with Federal's position and that there were "other breaches" alleged in the complaint.

---

[1] Liberate's complaint also alleged a cause of action for declaratory relief. Federal did not challenge that claim. However, a claim that seeks a declaration of each party's rights and obligations is entirely different than claims that allege that a party has already breach a contractual obligation, particularly in a tortious manner.

50289168                           2                    EXHIBIT A PAGE 8

As stated by the California Supreme Court:

> Although it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can be exercised in only one way. [citation] Here the trial court had no discretion to overrule petitioners' demurrer to the...cross-complaint, which on its face was legally defective... ."

<u>Babb v. Superior Court</u>, 3 Cal. 3d 841, 851 (1971).

Because Liberate admitted that Federal had no coverage obligation absent Lloyd's payment of its limits in full and because Liberate also admitted that Liberate had not paid those limits, Liberate could not possibly plead a tenable breach of contract or bad faith claim against Federal. As a result, the trial court's discretion could have been exercised in only one way – granting Federal's demurrer. It was an abuse of the discretion to do otherwise.

Because the trial court's discretion can only be exercised in one way, a peremptory writ is proper. <u>Hahn v. Superior Court</u>, 1 Cal. App. 4th 1448, 1452 (1991) (holding that peremptory, rather than alternative, writ was proper where demurrer improperly overruled).

# PETITION FOR WRIT OF MANDATE OR OTHER APPROPRIATE RELIEF

## Authenticity Of Exhibits

1.    Exhibits 1 through 5, accompanying this petition, are true and correct copies of documents on file with respondent court, with the exception of Exhibits 3 and 4, Liberate's opposition to the demurrer and request for judicial notice, which the trial court

EXHIBIT A PAGE 9

indicated on the record was delivered to the trial court, but not filed. Exhibits 1 through 5 are incorporated herein by reference as though fully set forth in this petition and are paginated consecutively from page 1 through page 224, and page references in this petition are to the consecutive pagination.

2.    Exhibit 6 is a true and correct copy of the transcript of the proceedings on the hearing of Federal's demurrer. Exhibit 6 is incorporated herein by reference as though fully set forth in this petition and is paginated consecutively from page 225 through 237.

3.    Exhibit 7 is a true and correct copy of the minute order issued by the respondent court denying Federal's demurrer. Exhibit 7 is incorporated herein by reference. Exhibit 7 is pagenated consecutively from 238 to 239.

## Beneficial Interest Of Petitioner; Capacities Of Respondent And Real Party In Interest

4.    Petitioner Federal Insurance Company ("Federal") is a defendant in an action now pending in respondent superior court entitled Liberate Technologies v. Certain Underwriters at Lloyd's London, et. al., San Mateo County Superior Court case number CIV 445162. Plaintiff is named herein as the real party in interest.

## Statement Of Pertinent Facts[2]

5.    On March 1, 2005, Liberate filed its Complaint For Breach Of Contract, And Breach Of The Implied Covenant Of Good

---

[2] Because Federal seeks relief from the overruling of its demurrer, the substantive facts alleged herein will be those that are alleged in the complaint.

Faith And Fair Dealing, And Declaratory Relief (the "Complaint")
against, among others, Federal. Ex. 1, pp. 138.

6.      The Complaint alleges that Liberate purchased a primary
policy of Directors, Officers and Company Liability insurance from
Lloyds. The Lloyd's policy is attached to the Complaint as Exhibit
"A". Ex. 1, pp. 2-3, 30-70, ¶1.

7.      The Complaint further alleges that Liberate purchased
Excess Policy number 8166-5731 from Federal (the "Excess Policy").
The Federal policy is attached to the Complaint as Exhibit "B". Ex. 1,
pp. 2-3, 71-87, ¶1.

8.      The Complaint admits that the Excess Policy provides
coverage of $5,000,000 excess to the Lloyd's primary policy. In fact,
the Complaint quotes language from the policy that provides that the
Excess Policy obligates Federal to:

> ... provide the Insureds with insurance
> during the Policy Period excess of the
> Underlying Limit. Coverage hereunder shall
> attach only after the insurers of the
> Underlying Insurance shall have paid in
> legal currency the full amount of the
> Underlying Limit for such Policy Period.
> Coverage hereunder shall then apply in
> conformance with the terms and conditions
> of the Primary Policy... .

Ex. 1, p. 9, ¶22-23.

9.      The Excess Policy attached as Exhibit "B" to the
Complaint also provides that:

> The company may, *at its sole discretion*,
> elect to participate in the investigation,
> settlement or defense of any claim covered
> by this policy even if the Underlying
> Insurance ahs not be exhausted.

Ex. 1, p. 79.

10.     The Complaint also admits that Lloyd's, the underlying insurer, has not paid any portion of, let alone the full amount of, the Underlying Limit. Ex. 1, pp. 1-6, 11-12, 14, 16-19, 21-23, ¶¶1, 3, 8, 9, 25, 34, 40, 42, 45, 51, 63, 69.

11.     Notwithstanding the fact that:

> i) the Excess Policy which Liberate and Federal bargained for specifically provides that Federal will have no coverage obligations until the Underlying Limit was paid in full by Lloyd's;

> ii) the Excess Policy grants Federal sole discretion to elect to participate in investigations, settlements or defense of a claim prior to the Underlying Limit being paid in full by Lloyd's; and

> iii) Liberate admitted that the Underlying Limit was not paid in full by Lloyd's,

Liberate's Third and Fifth causes of action alleged breach of contract against Federal and its Eleventh cause of action alleged breach of the implied covenant of good faith and fair dealing against Federal. Absent from the Complaint is any factual allegation, which if taken as true, would support a claim that Federal had any obligation to do anything in the absence of full exhaustion of the Lloyd's underlying policy. Ex. 1, pp. 19, 20, ¶¶47-49, 53-55.

12.     On April 8, 2005, Federal filed its demurrer to the Third, Fifth and Eleventh causes of action alleged against it. Federal did not demurrer to the Ninth cause of action for declaratory relief. Ex. 2, pp. 139-148.

13.     On or about May 2, 2005, Liberate delivered its opposition to Federal's demurrer, along with a Request for Judicial

50289168                                    6                          EXHIBIT A PAGE 12

Notice. According to the trial court, neither document was filed. Ex. 3-4, pp.149-197, 198-212.

14.    On May 6, 2005, Federal filed its reply brief in support of its demurrer. Ex. 5, pp. 213-224.

15.    On May 13, 2005, Federal's demurrer came on for hearing. The transcript of the proceedings is Exhibit 6 to this Petition. The demurrer was overruled in its entirety.

## Basis For Relief

16.    The issue presented by this writ petition is whether the respondent court erred in overruling Federal's demurrer to causes of action for breach of contract and bad faith when the facts alleged by Liberate in its Complaint demonstrate that Federal was not yet contractually obligated to provide coverage, participate in settlement, investigate the alleged claims or otherwise participate in any defense. Respondent court concluded that Liberate had alleged facts sufficient to state a cause of action. This was error because in the absence of Lloyd's paying the underlying limits in full, Federal had not coverage obligations. Thus, from the face of Liberate's pleadings, as a matter of law, Federal could not have breached the contract of insurance nor violated the covenant of good faith and fair dealing.

## Inadequacy Of Other Remedies

17.    By way of the trial court's error, Liberate has been permitted to maintain claims that allegedly give rise to compensatory and punitive damages. Without immediate relief, Federal may be subjected to intrusive "bad faith" discovery. It will have to retain and prepare expert witnesses regarding claims handling and damages analysis. It will also have to conduct its own substantial discovery

EXHIBIT A  PAGE 13

and prepare dispositive motions. All of this time, expense and intrusion will be borne by Federal in the face of a contract that it bargained for with Liberate which was designed to ensure Federal no obligations unless and until Lloyd's first fully paid under its primary policy. Several courts have found that the improper overruling of a demurrer provides sufficient grounds for writ relief. <u>See</u>, <u>Fair Employment & Housing Commission v. Superior Court</u>, 115 Cal. App. 4th 629 (2004); <u>Pitzen</u>, 120 Cal. App. 4th 1374; <u>Babb</u>, 3 Cal. 3d 841; <u>Hahn7</u>, 1 Cal. App. 4th 1448.

**PRAYER**

Petitioner Federal Insurance Company prays that this court:

1.   Issue a peremptory writ directing respondent superior court to vacate its order overruling Federal's demurrers to the Complaint and to issue a new order sustaining the demurrers without leave to amend;

2.   Award petition its costs pursuant to rule 56.4 of the California Rules of Court;

3.   Grant such other relief as may be just and proper.

Date: May 20, 2005      STROOCK & STROOCK & LAVAN LLP
                        MICHAEL F. PERLIS
                        MITCHELL J. LANGBERG
                        RICHARD R. JOHNSON



By:   _____
                        Mitchell J. Langberg
                        Attorneys for Petitioner
                        FEDERAL INSURANCE
                        COMPANY

50289168                          8                    EXHIBIT A PAGE 14

# VERIFICATION

I, Mitchell J. Langberg, declare as follows:

I am one of the attorneys for the petitioner herein.  I have read the foregoing Petition For Writ Of Mandate and know its contents. The facts alleged in the petition are within my own knowledge and I know these facts to be true.  Because of my familiarity with the pleadings and the relevant facts pertaining to the trial court proceedings, I, rather than petitioner, verify those paragraphs of the petition.

I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on May 2O , 2005, at Los Angeles, California.

Mitchell J. Langberg

502#9168

9

EXHIBIT A PAGE 15

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     WRIT RELIEF IS PROPER BECAUSE THERE WAS
CLEAR ERROR AND FEDERAL HAS NO ADEQUATE
ALTERNATIVE REMEDY**

Many California courts have spared a defendant the burden, time and expense of going through an entire trial prior to being able to challenge an order improperly overruling a demurrer. See, Fair Employment & Housing Commission, 115 Cal. App. 4th 629; Pitzen, 120 Cal. App. 4th 1374; Babb, 3 Cal. 3d 841; Hahn, 1 Cal. App. 4th 1448. As stated by the Fair Employment court, "[w]here there is no direct appeal from a trial court's adverse ruling, and the aggrieved party would be compelled to go through a trial and appeal from a final judgment, a petition for writ of mandate is allowed." Fair Employment, 115 Cal. App. 4th at 633.

Here, without this Court's intervention, Federal will be forced to go through the pretrial litigation and possibly a trial on claims for compensatory and punitive damages that would otherwise be unnecessary.   In light of the clear abuse of discretion exercised by the trial court, this Court should apply the same rationale that is both explicit and implicit in the above-cited cases. The trial court's ruling was clearly erroneous. As set forth in more detail below, an excess insurer is under no duty to defend[3], indemnify or participate in the investigation or defense of a matter until the underlying policy has

---

[3] The policy that is the subject of this lawsuit does not provide for a duty to defend.

EXHIBIT A PAGE 10

been exhausted.  Because the underlying policy was not exhausted in this case, Federal could not have breached any contractual obligation - - because it had none.

## II.     THE TRIAL COURT ERRED IN OVERRULING FEDERAL'S DEMURRER

Federal's demurrer was solely addressed to the fact that Liberate's Complaint did not, and could not, state causes of action for breach of contract or bad faith in light of the affirmative facts that were plead in that Complaint.[4]

Simply, in order to state a cause of action for breach of contract, Liberate was required to identify a contractual obligation and allege the manner in which it was breached.  By attaching the Excess Policy to the Complaint, Liberate caused it to be incorporated into the Complaint.  All of the contents of that exhibit are to be accepted as true and the court must "treat as surplusage the pleader's allegations as to the legal effect of the exhibits."  Barnett v. Fireman's Fund Ins. Co., 90 Cal. App. 4th 500, 505 (2001).

Thus, the question for the trial court *was not* whether Liberate was able to make some conclusory allegation as to the legal effect of the Excess Policy.[5]  Rather, the question for the trial court *was*

---

[4] That is, Liberate affirmatively plead that Lloyd's had not yet paid its policy limits - - a condition precedent to any obligation on the part of Federal.

[5] Where, as here, the interpretation of an insurance policy does not involve the credibility of extrinsic evidence, it is for the court to

EXHIBIT A PAGE 17

whether Liberate plead any facts that would support a claim that any contractual obligation contained in the policy was breached.

*That* question could only be answered in the negative. A meticulous review of the Complaint demonstrates that there is not a single fact plead which, when accepted as true, supports a claim for breach of contract. Of course, this is self evident once the contract itself, and Federal's contractual obligations, are considered. Federal had no obligation to pay money, conduct any investigation, participate in any settlement, take part in any defense or do anything else otherwise covered by the policy *unless and until* Lloyd's "shall have paid in legal currency the full amount of the Underlying Limit... ." It is only *after* Lloyd's pays the limits in full that a coverage obligation might arise. At that point, if it is reached and if Federal does not pay, Liberate will be in a factual position to *allege* a breach of contract.

California law is wholly supportive of this conclusion. One court has noted that:

> California case law has consistently protected the limited and shielded position of the excess carrier when the obligations of the excess carrier are set in clear phrases. For example...language incorporated into the excess policy stating that the underlying policy 'must be exhausted solely by payment of losses' was clear and unambiguous.

Ticor Title Ins. Co. v. Employers Ins. Of Wausau, 40 Cal. App. 4th 1699, 1708 (1995). As a general rule, an excess insurer has no duty to

determine the policy's meaning. San Diego Housing Commission v. Industrial Indemnity Company, 68 Cal. App. 4th 526, 542 (1998).



EXHIBIT A PAGE 18

participate in the defense of its insured, nor obligation under its
policy, until the limits of the underlying insurers are exhausted. <u>See</u>,
<u>Signal Cos., Inc. v. Harbor Ins. Co.</u> 27 Cal. 3d 359, 370-71(1980).

Considering a legal issue remarkably similar to the instant case,
the <u>Ticor</u> court went on to consider whether an excess carrier had a
duty to "drop down" and defend when the primary carrier refused to
defend and the amount of the claim exceeded the primary limits. The
Court simply turned to the insuring language and concluded:

> ...if there was a duty to defend at all, that
> duty was [the primary insurer's] until its
> limits of liability were actually spent.... .
> [B]ecause [the primary insurer] never came
> forward, [the excess insurer's] obligation
> was never triggered.

<u>Id.</u> at 1709. Thus, as here, when the language of the excess insurance
contract is clear that the excess obligation does not arise until the
primary obligation is actually paid, the contract means just that. It
does not matter whether the primary insurer is not paying because
coverage is disputed. It does not matter whether the amount of loss, if
ultimately deemed to be covered, will necessarily be greater than the
limits of the primary policy. If the contract requires the underlying
limits to be paid first, no obligation arises until such limits are paid.[6]

Liberate has previously suggested that this argument is not
appropriate at the pleading stage. Nothing could be further from truth.

---

[6] This bargained for second position allows an excess insurer, if it so
chooses, to rely upon the primary insurer to take the laboring oar in
resolving any coverage disputes without the excess insurer being
faced with the Hobson's choice of either paying the insured a disputed
claim, paying litigation expenses or facing bad faith damages.

50289168                              13

This argument is most appropriate on demurrer. The Excess Policy is
what sets forth the relative rights and obligations of the parties. It
unambiguously requires payment in full of the underlying limits
before Federal's contractual obligations arise. Therefore, *in order to
plead facts sufficient to constitute a cause of action, Liberate must
plead that Lloyd's has paid the underlying limits in full and that
Federal, thereafter, failed to comply with the terms of the Excess
Policy*.

Having failed to do so - - because it cannot do so having alleged
that Lloyd's has not paid - - Liberate has failed to state facts sufficient
to constitute a cause of action for breach of contract and Federal's
demurrer should have been sustained.

Likewise, having failed to state sufficient facts to demonstrate
that there is currently coverage under the Excess Policy and that such
coverage obligations have been breached, Liberate's claim for breach
of the covenant of good faith and fair dealing also necessarily fails.
"Where a breach of contract cannot be shown, there is no basis for a
finding of breach of the covenant." San Diego Housing Commission,
68 Cal. App. 4th at 544; see also, Love v. Fire Ins. Exch., 221 Cal.
App. 3d 1136, 1151 (1990).

III.   CONCLUSION

Simply, when read along with the Excess Policy and the
contractual obligations set forth therein, Liberate's Complaint wholly
fails to state a single fact sufficient to support its causes of action for
breach of contract or bad faith. Because *Liberate has alleged* that

Lloyd's has not paid its full policy limits, Federal's obligations have not arisen. Therefore, there are no set of facts that could be plead to support the subject causes of action.

Therefore, the trial court erred in overruling Federal's demurrer. Federal Insurance Company respectfully requests that this Court issue a peremptory writ of mandamus ordering the trial court to vacate its prior order and enter a new and different order sustaining Federal's demurrer.

Date:  May 20, 2005      STROOCK & STROOCK & LAVAN LLP
                         MICHAEL F. PERLIS
                         MITCHELL J. LANGBERG
                         RICHARD R. JOHNSON

                         By: _____
                             Mitchell J. Langberg
                             Attorneys for Petitioner
                             FEDERAL INSURANCE
                             COMPANY

## CERTIFICATE OF WORD COUNT

This document has 3,453 words as counted by the Microsoft Word Software.

                         _____
                         Mitchell J. Langberg

50289168                 15                 EXHIBIT A PAGE 21

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )    ss
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California  90067-3086.

     On May 20, 2005, I served the foregoing document(s) described as: **PETITION FOR WRIT OF MANDATE OR OTHER APPROPRIATE RELIEF FROM RESPONDENT'S OVERRULING DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

                    See attached Service List.

[X]    **(VIA PERSONAL SERVICE)**  By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

[ ]    **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

[ ]    **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

[ ]    **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on May 20, 2005, at Los Angeles, California.

_____          _____
    Paula Mintz                               _Paula Mintz_
  [Type or Print Name]                     [Signature]

EXHIBIT _A_ PAGE _22_

## SERVICE LIST

The Honorable Robert D. Foiles
Superior Court of the State of California
County of San Mateo
Hall of Justice, 400 County Center
Redwood City, CA  94063

David W. Steuber
Mary Craig Calkins
Charles K. Park
Howrey Simon Arnold & White LLP
550 South Hope, Suite 1100
Los Angeles, CA  90071
Telephone:  (213) 892-1800
Attorneys for Plaintiff Liberate Technologies, Inc.

Steven D. Roland
Amber M. Rye
Sedgwick, Detert, Moran & Arnold LLP
One Embarcadero Center, 16th Floor
San Francisco, CA ; 94111
Telephone:  (415) 781-7900
Attorneys for Defendants Certain Underwriters at
   Lloyd's London and New Hampshire Insurance Company

EXHIBIT A PAGE 23

# Exhibit B

Civil No. A110217

IN THE COURT OF APPEAL
OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION ONE

FEDERAL INSURANCE COMPANY,

Defendant and Petitioner,

vs.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN MATEO,

Respondent,

LIBERATE TECHNOLOGIES,

Plaintiff and Real Party in Interest.

San Mateo County Superior Court Case No. CIV445162
The Honorable Robert D. Foiles

OPPOSITION TO PETITION FOR WRIT OF MANDATE OR OTHER
APPROPRIATE RELIEF FROM RESPONDENT'S OVERRULING
DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

[EXHIBITS CONCURRENTLY FILED UNDER SEPARATE COVER]

HOWREY LLP
David W. Steuber (SBN 58398)
Mary Craig Calkins (SBN 102014)
Charles K. Park (SBN 210730)
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Plaintiff Liberate Technologies, Inc.

EXHIBIT D PAGE 24

## TABLE OF CONTENTS

Page No.

I.    INTRODUCTION …………………………………….    1

II.   STATEMENT OF FACTS…………………………..    4

III.  ARGUMENT…………………………………………..    7

    A.    Displacement Of The One Judgment Rule By
         Preemptory Writ of Mandates Is Not Warranted………    7
    B.    Federal Has Not Met Its Burden Of Establishing
         A *Prima Facies* Case For Extraordinary Writ………..    10
    C.    Liberate Has Adequately Pled Its Contract-Based
         Claims Under California's Rule Of Liberal
         Construction……………………………………………    13

IV.   CONCLUSION……………………………………….    18

EXHIBIT B PAGE 25

# TABLE OF AUTHORITIES

## CASES

*American Cemwood Corp. v. American Home Assurance Co.,*
  87 Cal. App. 4th 431 (2001) .................................................................. 13

*Babb v. Superior Court,*
  3 Cal. 3d 841 (1971) ...................................................................... 10,12

*City of Ontario v. Superior Court,*
  12 Cal. App. 4th 894 (1993) .............................................................. 10

*Curry v. Superior Court,*
  20 Cal. App. 4th 180 (1993) ............................................................. 7,10

*Fair Employment & Housing Comm'n v. Superior Court,*
  115 Cal. App. 4th 629 (2004) ............................................................ 12

*Fontani v. Wells Fargo Investmenet, LLC*
  No. A. 106304, 2005 Cal. App. LEXIS 800,
  *26 (May 19, 2005)...................................................................... 7, 8, 12

*Hahn v. Superior Court,*
  1 Cal. App. 4th 1448 (1991) ............................................................ 12

*Home Ins. Vo. V. Superior Court,*
  34 Cal. 4th 1025 (2005) ............................................................... 12, 13

*Jackson v. Pasadena City School Dist.,*
  59 Cal. 2d 876 (1963) .................................................................... 16

*Jones v. H.F. Ahmanson & Co.,*
  1 Cal. 3d 93, (1969) ....................................................................... 7

*Kinoshita v. Horio,*
  186 Cal. App. 3d 959 (1986) ............................................................. 8

EXHIBIT B PAGE 20

*Krueger v. Superior Court,*
  89 Cal. App. 3d 934 (1979) ................................................................. 10

*Ludgate Ins. Co. v. Lockheed Martin Corp.,*
  82 Cal. App. 4th 592 (2000) ..........................................................15, 16

*Northrop Corp. v. American Motorists Ins. Co.,*
  220 Cal. App. 3d 1553, (1990) ............................................................. 13

*Pitzen v. Superior Court,*
  1 Cal. App. 4th 1448 (1991) ................................................................. 12

*Residents of Beverly Glen, Inc. v. Los Angeles,*
  275 Cal. App. 2d 732 (1969) .................................................................. 8

*Semole v. Sansoucie,*
  28 Cal. App. 3d 714 (1972) .................................................................. 14

*Signal Companies v. Harbor Insurance Co.,*
  27 Cal. 3d 359 (1980) .......................................................................... 17

*Tenants Assn. Of Park Santa Anita v. Southers,*
  222 Cal. App. 3d 1293 (1990) .............................................................. 14

*Ticor Title Insurance Co. v. Employers Insurance of Wausau*
  40 Cal. App. 4th 1699 (1995) .............................................................. 16

*Vanoni v. Western Airlines,*
  247 Cal. App. 2d 793 (1967) ................................................................ 14

## **STATUTES**

Cal. Civ. Proc. Code § 452 ................................................................... 14

EXHIBIT B PAGE 27

**Opposition by Real Party In Interest Liberate Technologies, Inc., to Petition For Writ of Mandate or Other Appropriate Relief By Federal Insurance Company; Memorandum of Points and Authorities.**

## I.     INTRODUCTION.

An order overruling a demurrer is not an appealable order.  Defendant Federal Insurance Company ("Federal") nevertheless seeks the extraordinary measure of peremptory writ to challenge the trial court's rejection of its demurrer, which challenged three of the five causes of action asserted by the real party in interest, Liberate Technologies, Inc. ("Liberate"), Federal's insured under an excess insurance policy.  Regardless of this Court's determination on Federal's petition, Liberate's unchallenged claims against Federal, involving the same set of facts under different legal theories, will continue to be litigated.

In addition, Federal will prosecute *its own* breach of contract claims against Liberate, newly added to this lawsuit via Federal's recently filed Cross-Complaint against Liberate.  Federal presumably will voluntarily incur significant additional costs to conduct discovery and prepare for trial on its additional contract claims, eliminating any perceived savings to the court or the parties that would attach if this request for extraordinary relief were granted.

Consequently, Federal's purported justification for its request for interlocutory review is deceptively misleading; it will not save judicial or party resources, and is simply a ploy for what is nothing more than Federal's attempt to seek an undue advantage in the litigation by dismissing three valid causes of action by Liberate.

EXHIBIT  B  PAGE 28

More importantly, Federal has failed to make its *prima facie* case to establish any entitlement to an extraordinary writ. Should this Court grant the relief requested by Federal, the potential impact of the law of the case on the remaining claims against Federal for declaratory relief only will create the potential for confusion and further litigation. Federal apparently asserts that it has no duty or obligation under its excess policy (which follows form to the underlying policy) to investigate, assist in the defense of the third party litigation against Liberate, or perform any other contractual duties. However, its duties and obligations under its excess policy also are the subject of the remaining claims for declaratory relief that Federal conspicuously elected not to challenge.

Federal makes no attempt to explain how the outcome of this effort to avoid adjudication of the breach of contract claims would affect the remaining claims for declaratory relief. In fact, there is no factual distinction between the claims, at least for purposes of the precise legal theories and duties at issue. Should this Court issue a peremptory writ, Federal undoubtedly will characterize the Court's order as law of the case, attempting to use it to determine its duties under the remaining claims for declaratory relief still before the lower court, all to Liberate's prejudice. On the other hand, should this Court decline review of this interlocutory appeal, Federal, in fact, will suffer no cognizable prejudice. It can await summary judgment, if appropriate, or final judgment to appeal the rulings of the lower court, including the rejection of its demurrer – after the parties have had a chance to address the claims on their merits.

Finally, with respect to the merits of the ruling on Federal's demurrer, the lower court was correct in finding that Federal failed to address all of the duties alleged in the subject causes of action. Correctly applying the liberal

EXHIBIT B PAGE 29

rules of pleading, as it was required to do in construing the Complaint, the lower court determined that Liberate adequately pled duties and wrongful acts by Federal that are not conditioned solely on actual payment by the primary insurer. Liberate alleges other breaches, including Federal's refusal to provide coverage despite originally conceding that the underlying claims against Liberate were potentially covered, wrongfully applying an arbitrary 40% coverage allocation and discounting certain fees and costs to conclude that the primary policy limit had not been reached, and failing to give as much consideration to Liberate's interests as Federal's own interests, notwithstanding Federal's full knowledge that the total damages incurred by Liberate well-exceeded the limits of the primary policy. The fact that Federal first brought suit against Liberate in the federal district court for declaratory relief and breach of contract, without joining the primary insurer, Certain Underwriters at Lloyd's London ("London Underwriters"), contradicts Federal's position in this lawsuit that the issues of its coverage obligations are not yet ripe.

Applying the liberal rules of pleading, Liberate has adequately pled causes of action for breach of contract and breach of the covenant of good faith and fair dealing against Federal. Those claims are a matter of pleading and subject to proof. Federal did not bring its demurrer to test the sufficiency of the pleading, as the rules require, but instead seeks to adjudicate Liberate's contract-based claims summarily. Those claims involve the same duties and the same facts that will be the subject of proof under different theories, and there is no reasonable basis for rejecting discovery and a full adjudication of the issues so the parties can have its day in court.

EXHIBIT _B_ PAGE _30_

This simply is not the appropriate time to adjudicate Liberate's additional causes of action against Federal. The policy considerations underlying the "one judgment rule" apply here, as there will be no final disposition as to Federal no matter what this Court decides at this time. Moreover, Federal will suffer no prejudice by awaiting final judgment as the discovery and trial required for the remaining declaratory relief claims against Federal, and Federal's actions to pursue its own contract and declaratory relief claims against Liberate, likely will dispose of Liberate's contractual claims as well. Accordingly, Federal's petition for peremptory writ should be denied.

## II.    STATEMENT OF FACTS.

This insurance coverage action seeks the benefits purchased by plaintiff Liberate from its primary and excess level Directors and Officers Liability ("D&O") insurers for $14,350,000.00 paid in settlement of a securities class action and shareholder derivative suit, and hundreds of thousands of dollars in attorneys' fees incurred in defending against those actions – amounts that clearly exhaust the underlying primary coverage. The petitioner, Federal, insured Liberate for amounts in excess of the $5,000,000 limits and retention of the primary D&O insurer, the London Underwriters. As Federal admitted to the court below, "this demurrer . . . is based solely upon Liberate's admission that the limits of Lloyd's Primary Policy have not been exhausted." Demurrer, p.2, n.2, Exhibit 2 to Federal's Petition for Writ of Mandate. However, the facts alleged that the limits were exhausted via the payment of settlements and defense fees. In reality, Federal is hiding behind another breaching carrier, despite the facts showing exhaustion that would trigger its duties under the excess policy.

Federal's demurrer, and now this petition for preemptory writ, seeks

4

EXHIBIT B PAGE 31

to avoid three of the five causes of action against it.  Federal attacks the Third Cause of Action, which alleged that Federal breached its contract by refusing to indemnify Liberate in the Securities Class Action case that settled for $13.8 million, when the settlement clearly exhausted the underlying primary layer of coverage plus retention and triggered Federal's policy.  Federal also seeks to avoid the Fifth Cause of Action, which alleges that Federal breached its contract by refusing to indemnify Liberate in the derivative action that settled for a further $550,000, long after the primary policy's limits had been exhausted.  Finally, Federal attempts to avoid Liberate's Eleventh Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing for refusing to act when the underlying policy was exhausted – all on the ground that it owes absolutely no contractual duties here.  Federal essentially argues that even though Liberate alleged that the amounts expended to date in settlement and defense costs greatly exceed the underlying insurance and trigger Federal's coverage, Liberate is precluded from attempting to prove those various contract breaches through discovery.

In addition, Federal recently filed a cross-complaint against Liberate that is substantially identical to the complaint Federal first filed against Liberate in federal district court, included as an exhibit to Liberate's request for judicial notice, also included in Exhibit 4 to Federal's petition.  Accompanying this Opposition as Exhibit "A" is a true and correct copy of Federal Insurance Company's Cross-Complaint Against Liberate Technologies, Inc., filed on May 23, 2005.  *See* Exhibit "A."  As it did in its recently dismissed lawsuit against Liberate, Federal continues to defer heavily to the primary policy of London Underwriters, alleging that Federal seeks:

EXHIBIT _b_ PAGE _32_

> legal remedies on its breach of contract claim, and judicial
> declarations as to *the respective rights and obligations of the*
> *parties* under the Federal Excess Policy (and the Lloyd's
> **Primary Policy** to which it follows form in pertinent part) . . . .

Exh. "A" at 1:6-9 (emphasis in original, italics added).  Specifically, Federal
alleges that it seeks

> declaratory relief, with respect to Liberate's requests for
> reimbursement . . . purportedly incurred by or on behalf of the
> Assureds. . .as to the following issues:  (a) coverage, if any,
> available, under the Federal Excess Policy and the Lloyd's
> Primary Policy . . . (d) the appropriate allocation, if any, of
> such **Costs, Charges and Expenses** between covered and
> non-covered matters and/or persons....

*Id.* at 17:14-23 (emphasis in original).  Notably, these "coverage issues" and
Federal's contractual duties at issue in its three contract-based causes of
action against Liberate are not fundamentally different from the duties that
Liberate seeks to resolve by its claims.  In fact, they are the same duties,
only asserted under different theories and claims for relief as allowed by
California's liberal pleading rules.

At the hearing on Federal's demurrer on May 13, 2005 before the San
Mateo County Superior Court, the court determined the following:

> I disagree.  The 3rd and 5th causes of action allege additional
> breaches including wrongful denial of coverage which the
> [missed].  The 5th cause of action concerns a settlement other
> than [the] one described in paragraph 3 of the complaint.  And
> then I think the 11th cause of action alleges wrongful acts

EXHIBIT B PAGE 33

other than the refusal and failure to indemnify for securities
litigation. So to me, the demurrer does not wrap up those
three causes of action sufficiently, and thus, the tentative is
adopted.

Exh. 6 to Federal Petition for Writ of Mandate, at 12:5-15. Those
deficiencies still exist, and show clear grounds for Federal's petition for writ
of mandate to be rejected by this Court.

## III.   ARGUMENT.

### A.   Displacement Of The One Judgment Rule By Peremptory Writ Of Mandate Is Not Warranted.

Federal's petition for peremptory writ appears to be nothing more than
an attempt to gain an unfair advantage in the lawsuit by seeking the
premature summary adjudication of contract-based claims that are, in
substance, indistinguishable from the remaining declaratory relief claims by
Liberate. The lower court was thus correct in overruling Federal's demurrer.
As a general matter, an "order overruling a demurrer is not appealable."
*Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 119 (1969); *accord Fontani v.
Wells Fargo Investments, LLC*, No. A.106304, 2005 Cal. App. LEXIS 800,
*26 (May 19, 2005) ("[A]n order overruling a demurrer is generally not
appealable before a final judgment has been entered . . . .") (citation
omitted); *Curry v. Superior Court*, 20 Cal. App. 4th 180, 183 (1993) ("[W]e
do not routinely afford plenary review to rulings on demurrers. Appellate
courts simply do not have the time or resources to police law and motion
rulings on the pleadings through the mandamus power and absent unusual
circumstances, decline to do so.") (citation, internal quotations omitted);

EXHIBIT B PAGE 34

*Residents of Beverly Glen, Inc. v. Los Angeles*, 275 Cal. App. 2d 732, 735 (1969) ("Before the propriety of overruling a demurrer can be considered on appeal, there must first be an appeal properly pending from a final judgment."). Instead, "[a]n appeal following a final judgment is normally presumed to be an adequate remedy for an improperly overruled demurrer." *Fontani* at *27 (citation omitted).

Federal offers no compelling justification for entitlement to the extraordinary writ procedure to bypass the presumptively adequate appellate procedure upon final judgment. Moreover, this case otherwise presents no unusual circumstances warranting interlocutory review.

First, and given that Federal never challenged Liberate's remaining declaratory relief claims, the policy considerations for the final judgment rule seriously undermine Federal's request. As one court noted, such "policy considerations . . . include the obvious fact that piecemeal disposition and multiple appeals tend to be oppressive and costly." *Kinoshita v. Horio*, 186 Cal. App. 3d 959, 966 (1986) (citations omitted). Moreover,

(1) They tend to clog the appellate courts with a multiplicity of appeals.

(2) Early resort to the appellate courts tends to produce uncertainty and delay in the trial court.

(3) Until a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken.

(4) Later actions by the trial court may provide a more complete record which dispels the appearance of error or establishes that it was harmless.

8



(5) Having the benefit of a complete adjudication by the trial
    court will assist the reviewing court to remedy error (if
    any) by giving specific directions rather than remanding
    for another round of open-ended proceedings.

*Id.* at 966-67 (citations omitted). Each of these issues is a matter for concern
here. In the present case, Federal's request for a peremptory writ of mandate
is not justified because Liberate's unchallenged declaratory relief claims still
will be litigated. There is a concern that rulings here would cause
uncertainty because the facts underlying both sets of claims potentially
would be implicated by this Court's orders, and other rulings may obviate
the need for further appellate review. If Federal is entitled to succeed on the
contract claims, it may do so after full discovery, so that the chances of error
and further appellate review can be minimized. Moreover, postponing
appellate review until after the parties compile a full record will preserve
judicial and party resources – an important factor in any insurer's typical
war of attrition. In addition, any affirmative ruling on the merits by this
Court would only produce uncertainty and potential confusion – because the
duties and obligations subject to Liberate's contract claims and Federal's
demurrer are not qualitatively different from those that both parties will seek
to adjudicate by their cross claims for declaratory relief.

Further, summary judgment on Liberate's contractual causes of action
in favor of Federal may obviate the present appeal or otherwise render any
error of the ruling on the demurrer harmless. Awaiting appeal from the final
judgment in this case would prevent this premature request for interlocutory
review and would prevent further litigation that would ensue from any
affirmative relief by this Court at the present time.

EXHIBIT B PAGE 36

**B.**     **Federal Has Not Met Its Burden Of Establishing A *Prima Facie* Case For Extraordinary Writ.**

Extraordinary writ is the exception, not the rule, to the propriety of reviewing interlocutory orders.  It is reserved for those rare instances presenting substantial legal issues.  Indeed, the authority relied upon by Federal, *Babb v. Superior Court*, 3 Cal. 3d 841 (1971), for extraordinary writ is fully in accord.  On this point, one court noted:

> *Babb* drew an exception to the general rule in the single
> instance of petitions for extraordinary relief raising issues "of
> such significant legal impact that [a reviewing court feels]
> compelled to intervene through the issuance of an
> extraordinary writ."

*Krueger v. Superior Court*, 89 Cal. App. 3d 934, 937 (1979) (quoting *Babb*, 3 Cal. 3d at 851).  Accordingly, to establish a *prima facie* case of entitlement to extraordinary writ, a petitioner must provide the reviewing court with certain critical information, including whether, if there are any remaining causes of action, the "sustaining of the demurrer will have any practical effect upon the lawsuit" to allow the reviewing court to determine whether doing so will prevent a needless and expensive trial.  *Krueger* at 938. Otherwise, the petitioner must sufficiently raise an issue of such significant legal impact warranting interlocutory intervention.  *Id.*  Moreover, only "where a significant issue of law is raised, and where resolution of the issue in favor of the petitioner would result in a final disposition as to that party, review by writ is appropriate."  *Curry*, 20 Cal. App. 4th at 183 (citing *City of Ontario v. Superior Court*, 12 Cal. App. 4th 894, 897-98 (1993)).

10

EXHIBIT B PAGE 37

That is not the case here, as Federal cannot satisfy these requirements to justify its request for peremptory writ. First, no matter the outcome of the present petition, the parties will continue litigating the remaining claims for declaratory relief on essentially the same facts. There can be no final disposition as to Federal as a defendant due to the pendency of the other claims. To the contrary, for the remaining declaratory relief claims, the parties will in fact continue to litigate, *inter alia*: the meaning of the operative terms of the excess policy, "the coverage, if any, available under" that policy, "the appropriate allocation, if any . . . between covered and non-covered matters" as well as indemnification of Liberate for the costs expended to settle the underlying claims. *See* Federal's Cross-Complaint, Exh. "A," ¶ 56, p.17. Notwithstanding the fact that these issues, as well as similar issues raised by Liberate's remaining claims, overlap with Liberate's contractual claims, Liberate would be forced to bring a separate action against Federal if the discovery shows that a breach of contract claim against Federal is appropriate on the facts discovered as the parties seek resolution of their claims.

Consequently, resolution of the present petition will not preclude a subsequent action against Federal in the event a peremptory writ issues. The extraordinary writ procedure was not intended to produce such a result. Issuing a peremptory writ will not save discovery or costs, and the ensuing result will be further protracted litigation and uncertainty with respect to the remaining cross claims.

In addition, Federal offers no compelling justification for review. First, Federal's warning of purported harm arising out of pretrial litigation and trial on claims for compensatory and punitive damages is contradicted by the fact that almost concurrently with filing its petition for writ, Federal

11

EXHIBIT $\mathcal{b}$ PAGE $38$

also filed its own cross-complaint stating declaratory relief and breach of contract claims against Liberate. Federal's declaratory relief claim adds nothing new to the existing claims by Liberate, but simply mirrors Liberate's claims. Federal's new breach of contract claim against Liberate seeks compensatory damages for an alleged failure of Liberate to cooperate with Federal under its excess policy, notwithstanding that Federal has failed to perform any duties under its policy and was fully apprised of the facts. Federal apparently is unconcerned with avoiding undue costs. Consequently, Federal stands to suffer little, if any, harm by awaiting final judgment. *See Fontani*, 2005 Cal. App. LEXIS, at *27 ("Indeed, it is often unclear whether the overruling of a demurrer had a substantial effect on a party's rights under after a final judgment.").

Second, this case presents no important legal issue demanding immediate resolution, as it must to avoid the one final judgment rule.[1] A simple survey of the existing body of insurance law reveals that in furtherance of the pursuit of complete relief and substantial justice, courts routinely allow insureds to bring claims against their primary and excess insurers jointly. *See Home Ins. Co. v. Superior Court*, 34 Cal. 4th 1025,

---

[1] The cases proffered by Federal are not to the contrary. Each of those cases addressed legal issues of obvious and immediate importance and impact on the litigation having no relevance to the issues addressed here. *See Babb v. Superior Court*, 3 Cal. 3d 841, 851 (1971) (determining that a cross-complainant could not assert a malicious prosecution claim within the same action as the underlying action subject to the malicious prosecution claim); *Pitzen v. Superior Court*, 120 Cal. App. 4th 1374, 1378 (2004) (determining that the entirety of a subsequent action was barred by res judicata of a prior small claims action brought by the same plaintiff); *Fair Employment & Housing Comm'n v. Superior Court*, 115 Cal. App. 4th 629, 632-33 (2004) (finding that dismissal of the case was proper given the subject petition for writ of mandate was barred by a 30-day statute of limitations); *Hahn v. Superior Court*, 1 Cal. App. 4th 1448, 1452 (1991) (finding that as a matter of public policy, commercial landowners could not be strictly liable to all invitees to common areas open to the public).

EXHIBIT  B  PAGE  39

1036 (2005) ("[E]ven when an insured has primary and excess insurance coverage with separate insurance carriers, the interests of such insurers are not inherently substantially adverse."); *American Cemwood Corp. v. American Home Assurance Co.*, 87 Cal. App. 4th 431, 434 (2001) (involving lawsuit by insured against five primary and excess insurers); *Northrop Corp. v. American Motorists Ins. Co.*, 220 Cal. App. 3d 1553, 1557 (1990) (involving lawsuit between primary insurer and four excess carriers). Consequently, Federal cannot meet its burden to establish a *prima facie* case for an extraordinary writ.

## C.    Liberate Has Adequately Pled Its Contract-Based Claims Under California's Rule Of Liberal Construction.

This interlocutory appeal raises the unremarkable issue of whether the express language of an excess insurance policy requires exhaustion of the primary policy, and whether the primary insurer's refusal to pay and bad faith precludes a claim against the excess insurer for denying coverage. If this Court issues the relief requested by Federal, it signals that claims against an excess insurer would be precluded whenever the primary insurer routinely denies coverage, even if the amount of damages suffered by the insured well exceeds the limits of the primary policy and the excess insurer is well aware of that fact. Because exhaustion of a primary insurance policy is solely an issue of proof, it is premature to decide this issue now.

Liberate has sufficiently pled its contractual causes of action against Federal as its excess carrier, as it has against the London Underwriters as its primary insurer. It is firmly settled in California that in "the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties."

EXHIBIT B PAGE 40

Cal. Civ. Proc. Code § 452; *accord Vanoni v. Western Airlines*, 247 Cal. App. 2d 793, 795 (1967) ("California is committed to the rule of liberal construction of pleadings, with a view to substantial justice between the parties."). Accordingly, a "demurrer admits the truth of all properly pleaded material allegations *without regard to the difficulty of proof.*" *Tenants Assn. of Park Santa Anita v. Southers*, 222 Cal. App. 3d 1293, 1297 (1990) (emphasis added, citation and quotations omitted). Moreover, "the complaint must be read as a whole, and each part must be given the meaning it derives from the total context wherein it appears." *Semole v. Sansoucie*, 28 Cal. App. 3d 714, 719 (1972) (citations omitted).

Applying these rules here, Liberate's Complaint reveals that it sufficiently pled that the millions of dollars in settlements and resulting defense fees exhausted the limits of the Primary Policy. More specifically, Liberate alleges that the Securities Litigation settlement, for which it seeks coverage from the London Underwriters and Federal, obligated Liberate "to pay the plaintiffs $13.8 million in exchange for a release of claims against it and certain of its directors and officers." Complaint, ¶ 3, p.2. Liberate also alleges that it reached a settlement to resolve the Derivative Litigation by payment in the amount of $550,000.00. *Id.*, ¶ 5, p.3. Above and beyond this $14.35 million in actual damages, Liberate also seeks recovery of its attorneys' fees and costs in their defense of all these litigation matters. *Id.*, ¶ 7, p.3. Clearly, the $14.35 million plus attorneys' fees at issue well exceed the limit of the Primary Policy of $5,000,000 as well as the combined single retention thereunder, triggering Federal's excess policy and its contract-based duties.

Federal essentially argues that *because* the London Underwriters are in breach and refused to pay under the Primary Policy, Federal has

EXHIBIT B PAGE 41

absolutely no duties under its Excess Policy.  This argument is meritless.
The very purpose for this lawsuit is to resolve whether the London
Underwriters are obligated to indemnify Liberate for its incurred costs to
defend the Underlying Securities Claims, as defined in the Complaint, and
whether the London Underwriters breached their obligations by refusing to
provide coverage.  By pleading damages amounts that show exhaustion of
the Primary Policy limit, as well as pleading that Federal had a contractual
duty to provide excess coverage and breached that obligation, Liberate
adequately has pled a cause of action for breach of contract.  Given the clear
potential for losses that well exceed the Primary Policy limit, joining Federal
as the excess insurer in contract-based claims was and is proper.  The factual
assertions of the Complaint are sufficient to show that Federal's policy is
triggered.  Indeed, the California Court of Appeals confirmed this point and
the invalidity of attacking sufficient exhaustion at the pleading stage, stating:

> [The excess insurer's] insistence on specific allegations
> demonstrating exhaustion of primary coverage *was*
> ***unnecessary and improper***.

***

> Exhaustion of underlying limits, while necessary to entitle the
> insured to recover on the excess policy, is not necessary to
> create actual controversy.  ***Exhaustion is merely an issue of***
> ***proof and entitlement to recovery, not of pleading***.  A cardinal
> rule of pleading is that only the ultimate facts need be alleged.

*Ludgate Ins. Co. v. Lockheed Martin Corp.*, 82 Cal. App. 4th 592, 606
(2000) (citations omitted, emphasis added).

Federal essentially argues that because Liberate has not yet *proven* the

15

liability of Lloyd's and has not yet *proven* the exhaustion of the Primary
Policy, Federal has no contractual duty to provide excess coverage. *Ludgate*
forecloses that argument because exhaustion is an issue of proof, not of
pleading. *Id.* Liberate's allegation that the London Underwriters wrongfully
refused to pay is a factual matter to be proven by evidence showing that
Liberate's primary insurer indeed should pay the full amount due under the
Primary Policy. That the wrongful refusal is not yet proven does not
foreclose Federal's potential liability for excess coverage. *See Ludgate* at
608 ("The Supreme Court has consistently held that 'a plaintiff is required
only to set forth the essential facts of his case with reasonable precision . . . .
If there is any reasonable possibility that the plaintiff can state a good cause
of action, it is error to sustain a demurrer without leave to amend.'")
(quoting *Jackson v. Pasadena City School Dist.*, 59 Cal. 2d 876, 879
(1963)).

    The cases relied upon by Federal to support its writ request are
inapposite to the issue of adequate pleading against an excess insurer. In
*Ticor Title Insurance Co. v. Employers Insurance of Wausau*, 40 Cal. App.
4th 1699 (1995), the insured brought suit against its primary and excess
liability insurers for recovery of settlement claims after the primary insurers
refused to provide coverage. The insured affirmatively settled the portion of
the lawsuit asserted against its primary insurers. *Id.* at 1702. The insured
effectively sought and prevailed upon its claim that the excess insurer should
"drop down" to provide coverage where the primary insurers would not do
so. The case proceeded to trial, resulting in a judgment against the excess
insurer. *Id.* Under these specific facts, the court reversed, finding that the
trial court erred in finding that the excess insurer had a contractual duty to
drop down to provide primary level coverage. *Id.* at 1708-09 ("We see no

16

B 43

reason not to treat refusal to defend cases like insolvency 'drop down cases'. . . ."). Similarly, the court in *Signal Companies. v. Harbor Insurance Co.*, 27 Cal. 3d 359 (1980), determined that a primary insurer was not entitled to contribution from an excess insurer for amounts expended by the primary insurer for investigation and defense of an action against their insured. In so holding, the court found that all of the costs were incurred prior to the termination of the primary insurer's duty and *before* exhaustion of the primary policy limit. *Id.* at 365-66. The court refused under those facts to hold that the excess insurer was a "coinsurer" with the primary insurer "with a coextensive duty to defend." *Id.* at 366.

Neither of these cases relied on by Federal addressed whether the initial pleading against the excess insurer adequately pled its causes of action concerning its contractual duty. In contrast here, Liberate is *not* alleging that Federal has a *coextensive* duty of indemnification along with the London Underwriters. Moreover, Liberate has *not* alleged that Federal's duty "drops down" to supplant that of its primary insurer just because the London Underwriters wrongfully refuse to pay. Similarly, unlike the cases relied upon by Federal, there has been no resolution – by settlement or otherwise – of the London Underwriters' refusal. That is the point of this lawsuit. In pursuit of complete and full relief, Liberate properly joined Federal to resolve the totality of its claims for coverage in an economic fashion. If the London Underwriters are found to have breached their duties and obligations under the Primary Policy and Liberate *proves* that the primary limit has been exhausted, Federal is liable for breach of its own duties under the Excess Policy, for settlements in each underlying case, reimbursement of defense costs, and potentially for bad faith. Liberate is entitled to attempt to prove that issue through discovery.

EXHIBIT *B* PAGE 44

## IV.    CONCLUSION.

It is premature to adjudicate Liberate's claims against Federal, and Federal has failed to meet the exacting standard required for a preemptory writ.  For all the reasons discussed above, plaintiff Liberate Technologies, Inc. respectfully requests that the Court deny Federal Insurance Company's request for peremptory writ of mandate and decline interlocutory review of this matter.

Date:  June 7, 2005

HOWREY LLP
DAVID W. STEUBER
MARY CRAIG CALKINS
CHARLES. W. PARK


By:  _____
Mary Craig Calkins
Attorneys for Real Party in
Interest LIBERATE
TECHNOLOGIES, INC.

## CERTIFICATE OF WORD COUNT

This document has 4,788 words as counted by the Microsoft Word Software.

_____
Mary Craig Calkins

EXHIBIT B PAGE 45

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                             ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is: Howrey LLP, 550 S. Hope Street, Ste. 1100, Los Angeles, Calfiornia 90071-2627.

On **June 7, 2005** I served the foregoing document described as:

**Opposition by Real Party In Interest Liberate Technologies, Inc., to Petition For Writ of Mandate or Other Appropriate Relief By Federal Insurance Company; Memorandum of Points and Authorities.**

on the parties in this action by placing _ the original  X  a true copy thereof enclosed in sealed envelopes addressed as follows:

Beth Robbins, Deputy Clerk
Court of Appeal of the State of California
First Appellate District
350 McAllister Street
San Francisco, CA 94102-4712

Michael F. Perlis, Esq.
Stroock & Stroock & Lavan
2029 Century Park East, Ste. 1800
Los Angeles, CA 90067

The Honorable Robert D. Foiles, Judge
Superior Court of the State of California
Hall of Justice
400 County Center
Redwood City, CA 94063-1655

Steven D. Roland, Esq.
Sedgwick, Detert, Moran
& Arnold LLP
One Embarcadero Center, 16th Floor
San Francisco, CA 94111

[X]    (EXPRESS MAIL) I am "readily familiar" with this firm's practice for collection and processing of Express Mail to be sent by the United States Postal Service. Under that practice, the Express Mail would be deposited on that same day in the ordinary course of business in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service or receipt of Express Mail.

Executed on **June 7, 2005**

(STATE) <u>X</u>      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(FEDERAL) _      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

SHEILA SHAV                    _Sheila Shaw_
(Print Name)                       (Signature)

# Exhibit C

Civil No. A110217

IN THE COURT OF APPEAL
OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION ONE

---

FEDERAL INSURANCE COMPANY,

                Defendant and Petitioner,

vs.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN MATEO,

                Respondent,

LIBERATE TECHNOLOGIES,

                Plaintiff and Real Party in Interest.

---

San Mateo County Superior Court Case No. CIV445162
The Honorable Robert D. Foiles

---

REPLY BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDATE OR
OTHER APPROPRIATE RELIEF FROM RESPONDENT'S OVERRULING
DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

        STROOCK & STROOCK & LAVAN LLP
        MICHAEL F. PERLIS (Bar No. 95992)
        MITCHELL J. LANGBERG (Bar No. 171912)
        RICHARD R. JOHNSON (Bar No. 198117)
        2029 Century Park East, 18th Floor
        Los Angeles, CA 90067-3086
        Telephone: (310) 556-5800
        Telecopier: (310) 556-5959

        Attorneys for Defendant and Petitioner

EXHIBIT C PAGE 48



# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ............................................................................1

II.    ARGUMENT..................................................................................3

    A.    Liberate's Claims For Breach Of Contract And Bad
          Faith Fail, As A Matter Of Law. .............................................3

    B.    The Issuance Of A Peremptory Writ Is Appropriate In
          This Case .................................................................................7

III.    CONCLUSION ............................................................................10

EXHIBIT _C_ PAGE 49

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Babb v. Superior Court,
        3 Cal. 3d 841 (1971)............................................................8, 9

Camenisch v. Superior Court,
        44 Cal. App. 4th 1689 (1996).............................................8

Careau & Co. v. Security Pacific Business Credit, Inc.,
        222 Cal. App. 3d 1371 (1990)................................4, 5, 6, 7

Cryolife, Inc. v. Superior Court,
        110 Cal. App. 4th 1145 (2003)......................................4, 8

Iolab Corp. v. Seaboard Sur. Co.,
        15 F.3d 1500 (9th Cir., 1994)..............................................7

Ludgate Ins. Co. V. Lockheed Martin Corp.,
        82 Cal. App. 4th 592 (2000)...........................................5, 6

Manufacturers Life Ins. Co. v. Superior Court,
        10 Cal. 4th 257 (1995).........................................................8

Ng v. Superior Court,
        4 Cal. 4th 29 (1992)..............................................................8

Palma v. U.S. Industrial Fasteners, Inc.,
        36 Cal. 3d. 171 (1984)..........................................................7

Republic Western Ins. Co. v. Fireman's Fund Ins.,
        241 F. Supp. 2d 1090 (N.D. Cal. 2003)............................4

Ticor Title Ins. Co. v. Employers Ins.,
        40 Cal. App. 4th 1699 (1995).........................................3, 4

**Other Authorities**

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
        (The Rutter Group 2002) §7:49 .........................................4

EXHIBIT *C* PAGE *50*



## I.    INTRODUCTION

Nothing in Liberate's opposition changes the fundamental principle raised by Federal's application – where a plaintiff *admits facts in its complaint* that defeat certain causes of action, it is an abuse of discretion for the trial court to overrule a demurrer as to those causes of action.

Here, in its own complaint, Liberate admits that coverage under the Federal excess policy only attaches once the primary insurer has "paid in legal currency the full amount" of the limits of its policy.  Liberate also admits that Lloyd's, the primary insurer, has refused to make such payments.   As a result, Liberate has admitted that Federal's coverage obligations, as well as any corollary obligations, have not yet arisen. Liberate's conclusory allegations notwithstanding, these admissions make it impossible for Liberate to plead facts sufficient to support its claims for breach of contract or for bad faith.

It is in the last substantive paragraph of its opposition that Liberate reveals the underlying legal assumption upon which relies – the falsity of which compels the sustaining of the subject demurrer.  At page 17 of its opposition, Liberate wrongly asserts:

> If the London Underwriters are found to have breached their duties and obligations under the Primary Policy and Liberate proves that the primary limit has been exhausted, Federal is liable for breach of its own duties under the Excess Policy... .

This is simply not true.  Well settled insurance and contract law make it clear that Federal's contractual obligations only <u>arise</u> *if* the primary carrier is found to have breached its duties and *if* the primary carrier thereafter pays the policy limits.  Only *if* Federal's contractual obligations <u>arise</u> and *if* Federal then refuses to pay is it possible for Liberate adequately

EXHIBIT C PAGE 51



to plead a breach of contract claim (let alone a bad faith claim) against Federal.[1]

Conspicuously missing from Liberate's opposition is any reference to a single alleged contractual duty that Federal is obligated to meet *before* Lloyd's pays its policy limits in full. Rather, without any legal support, Liberate argues that in the face of a contract providing that duties do not arise until certain conditions precedent occur, a cause of action for breach of contract can be stated even with an admission by the plaintiff that those conditions have not been met.

Despite the fact that this Court stated that it may issue a peremptory writ, Liberate attempts to avoid the merits and obscure this relatively simple issue of inadequate pleading by extensively arguing that this matter should not even be considered in a writ proceeding. In a further effort to cloud the issues, Liberate seems to argue that even though it has affirmatively alleged facts that constitute a pleading bar to its contract and bad faith claims, those claims are somehow transformed into tenable causes of action by Federal's cross-claims for breach of contract. Of course, Federal's cross-claims -- which are not coterminous with Liberate's contract-based claims -- can be tested by the same pleading rules at issue here.

This Court should issue a peremptory writ because the trial court made a clear error of law. While Liberate does have the right to litigate the respective rights and duties of the parties via a claim for declaratory relief, that cause of action is a far cry from claims that Federal has already caused damage to Liberate by breaching its contractual obligations in bad faith.

---

[1] Of course, those claims would be subject to any coverage defenses Federal might assert at the time.

50292184                                    2                        EXHIBIT C PAGE 52

Federal ought not be put to the burden of defending against Liberate's claims for damages when no claim for damages has been (or can be) properly alleged.  Nor should Federal be forced to be subjected to broad-ranging bad faith discovery whereby Liberate will certainly seek information that implicates third party privacy rights and Federal's confidential business information and which will likely lead to extensive motion practice.  Additionally, notwithstanding a complete failure in pleading, Liberate may be permitted to present evidence to a jury (that would otherwise be unavailable to it) that its insurance carrier breached contractual obligations in bad faith, giving rise to an alleged right to punitive damages.  Based on the facts *alleged in this case*, Federal should not be forced to suffer the potential prejudice that might arise from such inflammatory allegations.

II.     **ARGUMENT**

      A.     **Liberate's Claims For Breach Of Contract And Bad Faith Fail, As A Matter Of Law.**

Case after case cited by Federal in its demurrer demonstrate that, as a matter of law, an excess carrier has no obligation unless and until the primary policy is exhausted.

Liberate attempts to argue that it has sufficiently alleged exhaustion in this case because it has claimed damages that "well exceed the limit of the Primary Policy."  Liberate states, with no support, that the fact that Lloyd's has refused to pay does not mean that the underlying policy limits have not been exhausted.

But, Liberate's argument ignores the law set forth by this District in Ticor Title Ins. Co. v. Employers Ins., 40 Cal. App. 4th 1699 (1995).  There, the court found that even when the amount of the underlying claim

50292184                             3                     EXHIBIT _C_ PAGE _53_

exceeds the primary limits, because the primary carrier "never came forward," the excess carrier's "obligation was never triggered." Id. at 1708-1709. Relying on Ticor, the United States District Court for the Northern District of California articulated the rule by stating "an excess insurer has no duty to defend where the primary insurer refused to tender a defense." Republic Western Ins. Co. v. Fireman's Fund Ins., 241 F. Supp. 2d 1090, 1096-1097 (N.D. Cal. 2003).

Unable to refute this clear rule of law, particularly because the contract provides that Federal's coverage would only attach after Lloyd's "shall have paid in legal currency the full amount of the Underlying Limit," Liberate argues that demurrer is improper because the cases cited by Federal arise in the context of motions for summary judgment or after trial. This "distinction" is of no moment:

> A general demurrer will lie where the complaint has included allegations that clearly disclose some defense or bar to recovery.

Cryolife, Inc. v. Superior Court, 110 Cal. App. 4th 1145, 1152 (2003) (citing, Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2002) §7:49). That is, not only might a claim be subject to demurrer if it alleges too little, it can also be subject to demurrer if it alleges too much.

Here, Liberate has alleged "too much." By admitting that Lloyd's has failed to pay the underlying limits, Liberate has alleged facts that demonstrate a bar to recovery as set forth in Ticor and similar cases. Even in the absence of the particular insurance law pertaining to exhaustion of underlying policies, Liberate has specifically alleged the non-occurrence of a condition precedent – payment of the underlying limits – which is also a bar to recovery. See, Careau & Co. v. Security Pacific Business Credit,



<u>Inc.</u>, 222 Cal. App. 3d 1371, 1389-90 (1990) ("specific allegation of the happening of the condition is a necessary part of pleading the defendant's breach").

Again, Liberate attempts to avoid the unavoidable conclusion that its contract and bad faith claims cannot stand by citing the "rule" that exhaustion is merely an issue of proof, not pleading, purportedly relying on <u>Ludgate Ins. Co. V. Lockheed Martin Corp.</u>, 82 Cal. App. 4th 592, 606 (2000). This reliance is misplaced for two reasons. First, even if this were the rule, it would be overcome by the fact that Liberate affirmatively alleged a fact (non payment by Lloyd's) that negates the general allegation of exhaustion.

More importantly, and of significant concern, Liberate has misrepresented the holding in <u>Ludgate</u>. A reading of Liberate's opposition might leave the reader with the false impression that the <u>Ludgate</u> court held that pleading exhaustion specifically is not necessary to support a claim for ***breach of contract*** against an excess insurer. Liberate quotes <u>Ludgate</u> for the proposition that it was "unnecessary and improper" for the excess insurer to insist "on specific allegations demonstrating exhaustion of the primary coverage." Yet, Liberate fails to disclose that the court was only considering a declaratory relief action and the insurer had already admitted the existence of an actual and justiciable controversy. <u>Id.</u> at 605.

Liberate also quotes <u>Ludgate</u> for the proposition that exhaustion is "merely an issue of proof and entitlement to recovery, not of pleading." But, a reading of the preceding and following language in the court's

EXHIBIT *C* PAGE *55*

opinion reveals that its analysis again is limited to the pleading

requirements for a declaratory relief cause of action:

> Code of Civil Procedure section 1060 does not support the trial court's conclusion that Lockheed needed to show a reasonable probability of exhaustion of the primary coverage *before it could state a cause of action for declaratory relief* against Ludgate on its excess coverage. All that Code of Civil Procedure section 1060 requires is that there be "actual controversy relating to the legal rights and duties of the respective parties." Exhaustion of underlying limits, *while necessary to entitle the insured to recover on the excess policy*, is not necessary to create actual controversy. Exhaustion is merely an issue of proof and entitlement to recovery, not of pleading. A cardinal rule of pleading is that only the ultimate facts need be alleged. *In a declaratory relief action*, the ultimate facts are those facts establishing the existence of an actual controversy. (Code Civ. Proc., § 1060.) Facts showing exhaustion of the underlying limits merely establish the insured's right to recovery, not whether an actual controversy exists between the parties. However, *to be entitled to declaratory relief*, a party need not establish that it is also entitled to a favorable judgment.

Id. at 606 (internal citation removed; emphasis added).

Other than the misapplication of Ludgate, Liberate offers no

authority for the asserted position that it can state a cause of action for

breach of the excess insurance policy (and for bad faith) when it has

admitted that the underlying limits have not be exhausted. It cannot cite

any such authority because it is not the law. The applicable contract law set

forth in Careau not only requires that the occurrence of a condition be

specifically alleged, it also provides that where, as here, plaintiff avers

specific facts that are inconsistent with the conditions alleged, the "specific

allegations will control and a complaint which might have been sufficient

EXHIBIT C PAGE 56



substitute for an alternative writ, the issuance of which itself would have
been determinative of the absence of another adequate remedy. <u>Babb v.
Superior Court</u>, 3 Cal. 3d 841, 851 (1971).

In furtherance of its argument, Liberate again ignores the law that
supports the granting of the relief requested by Federal. As stated by the
California Supreme Court, peremptory relief is appropriate "when there has
been clear error under well-settled principles of law." <u>Ng v. Superior
Court</u>, 4 Cal. 4th 29, 35 (1992). Though Liberate would have this Court
determine that the "one judgment rule" prohibits writ relief when a
demurrer will not dispose of the entire case, Federal has cited numerous
cases where such relief is granted. <u>See also</u>, <u>Manufacturers Life Ins. Co. v.
Superior Court</u>, 10 Cal. 4th 257 (1995); <u>Cryolife</u>, 110 Cal. App. 4th 1145.

Of particular note is the First District case of <u>Camenisch v. Superior
Court</u>, 44 Cal. App. 4th 1689 (1996). There, plaintiff had brought a
malpractice claim against his former attorney and alleged a cause of action
for emotional distress. The attorney's demurrer to that claim was
overruled. The appellate court granted the requested writ relief. The Court
noted that the claim was neither a proper cause of action nor a proper form
of damages and ordered all such allegations stricken. <u>Id.</u> at 1699. If
Liberate's interpretation of the law were accurate, writ relief could not have
been granted. The attorney would have been forced to defend against the
emotional distress claims and challenge them for the first time on appeal.

The instant case is the paradigm for why writ relief is needed in such
circumstances. Here, the parties have both alleged causes of action for




declaratory judgments. But, those causes of action are entirely different than the contract and bad faith claims that Liberate attempts to preserve.

> The purpose of a judicial declaration of rights in advance of an actual tortious incident is to enable the parties to shape their conduct so as to avoid a breach. Declaratory procedure operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them.

Babb, 3 Cal. 3d at 848. That is, at least on Federal's part, it is seeking a declaration of the rights and obligations of the parties *before* its contractual obligation to pay money might arise so that it can avoid future conduct that would be a breach. A cause of action for declaratory judgment seeks to have the court define the "rules" by which the parties are governed. Liberate's claims for breach of contract and bad faith seek a determination that Federal has already violated those "rules" and, as a result, Liberate has suffered damages.

Liberate would have this Court believe that the case will be no more burdensome if its defective causes of action remain. However, Federal faces great prejudice if Liberate is allowed to proceed with the improper contract and bad faith claims – prejudice it would not face if Liberate was left only with its properly alleged declaratory relief cause of action. For example, Liberate would have no basis to conduct extensive bad faith discovery which will necessarily seek sensitive business information and, possibly, information invasive of the privacy rights of third parties. It is also inevitable that Federal and Liberate will both retain experts to conduct analyses, participate in discovery and testify on the subject of bad faith, as well as damages. Federal will be required to conduct discovery regarding

 

Liberate's alleged damages. Substantial additional issues will be placed before the jury for consideration, possibly requiring bifurcation. The very fact that the jury is instructed to consider issues of breach and bad faith may tarnish the jury and prejudice Federal in its own affirmative claims.[2]

Simply stated, the inclusion of Liberate's improperly alleged claims does not simply add causes of action that will be based on the same facts that will be litigated anyway. These improper claims expose Federal to damages which are wholly unavailable in the declaratory relief action and which will complicate the portions of the action that are properly before the Court. As such, writ relief is not only appropriate, it is critical in light of the clear error made by the trial Court.

III.    CONCLUSION

Because Liberate's complaint admits facts that defeat its breach of contract and bad faith claims, it was clear error for the trial court to deny Federal's demurrer. In light of the absence of any other adequate remedy, writ relief is appropriate. Because the trial court's discretion could have been exercised in only one way – by granting the demurrer – a peremptory writ is appropriate.

Therefore, Federal Insurance Company respectfully requests that this Court issue a peremptory writ ordering the trial court to vacate its order

---

[2] Notably, Federal's claims for breach of contract are unrelated to Liberate's alleged claims for breach. As alleged in Federal's Cross-Complaint, Liberate had certain contractual obligations to Federal which were not contingent on exhaustion of the underlying policy or Federal providing a defense or any kind of indemnity.

EXHIBIT C PAGE 59



denying Federal's demurrer and to enter a new and different order granting

the demurrer.

Date: June 20, 2005          STROOCK & STROOCK & LAVAN LLP
                             MICHAEL F. PERLIS
                             MITCHELL J. LANGBERG
                             RICHARD R. JOHNSON

                             By:_____
                                 Mitchell J. Langberg
                                 Attorneys for Petitioner
                                 FEDERAL INSURANCE
                                 COMPANY


## CERTIFICATE OF WORD COUNT

This document has 2,828 words as counted by the Microsoft Word

Software.

                                 _____
                                 Mitchell J. Langberg



## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss
COUNTY OF LOS            )
ANGELES

     I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

     On June 20, 2005, I served the foregoing document(s) described as: **REPLY BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDATE OR OTHER APPROPRIATE RELIEF FROM RESPONDENT'S OVERRULING DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

See attached Service List.

☐   **(VIA PERSONAL SERVICE)**  By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☒   **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐   **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

☐   **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on June 20, 2005, at Los Angeles, California.

| | |
|---|---|
| Colleen DeLee | _(signature)_ |
| [Type or Print Name] | [Signature] |

EXHIBIT _C_ PAGE _61_

 

## SERVICE LIST

The Honoraable Robert D. Foiles
Superior Court of the State of California
County of San Mateo
Hall of Justice, 400 County Center
Redwood City, CA  94063

David W. Steuber
Mary Craig Calkins
Charles K. Park
Howrey Simon Arnold & White LLP
550 South Hope, Suite 1100
Los Angeles, CA  90071
Telephone: (213) 892-1800
Attorneys for Plaintiff Liberate Technologies, Inc.

Steven D. Roland
Amber M. Rye
Sedgwick, Detert, Moran & Arnold LLP
One Embarcadero Center, 16th Floor
San Francisco, CA ; 94111
Telephone: (415) 781-7900
Attorneys for Defendants Certain Underwriters at
   Lloyd's London and New Hampshire Insurance Company

50292184

2



Exhibit D

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

**FILED**

JUN 2 2 2005

Court of Appeal - First App. Dist.
DIANA HERBERT

By_____
　　　　　　　　DEPUTY

FEDERAL INSURANCE COMPANY,

　　　Petitioner,

v.

THE SUPERIOR COURT OF SAN
MATEO COUNTY,

　　　Respondent;

LIBERATE TECHNOLOGIES,

　　　Real Party in Interest.

A110217

(San Mateo County
Super. Ct. No. CIV445162)

By the Court:[1]

　　　Respondent superior court erred when it overruled the demurrer of Federal
Insurance Company to the third, fifth and eleventh causes of action in the complaint on
file in Liberate Technologies v. Certain Underwriters at Lloyd's London, et al. (County of
San Mateo Superior Court No. Civ.445162).

　　　Therefore, let an alternative writ of mandate issue, commanding respondent,
County of San Mateo Superior Court to set aside its order overruling the demurrer and to
instead enter its order sustaining the demurrer with leave to amend.

　　　The alternative writ is to be issued, served and filed on or before June 23, 2005,
and shall be deemed served when certified copies are mailed by the Clerk of this Court to
all parties and to respondent superior court.

　　　The parties shall jointly make inquiry whether respondent superior court has
complied with the alternative writ.  Thereafter, on or before **4:00 p.m., July 18, 2005,**
they shall inform this Court in writing of the outcome of that inquiry, and shall serve and
file any new order issued by respondent.  If, by 4:00 p.m., July 18, 2005, a new order is
filed complying with the alternative writ, this Court will promptly discharge it and
summarily deny the petition as moot.

---

[1] Before Marchiano, P.J., Stein, J. and Swager, J.

1

EXHIBIT _D_ PAGE 1/3

If respondent superior court does not file a new order in compliance with the alternative writ, a written return shall be served and filed on or before **4:00 p.m., July 25, 2005,** and the matter will be heard before Division One of this Court when it is ordered on calendar.

Date: JUN 2 2 2005          MARCHIANO, P.J.          P.J.

2

EXHIBIT D PAGE 64

# Exhibit E



# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN MATEO

**FILED**
SAN MATEO COUNTY
JUL ... 2005
Clerk of the Superior Court
By _____

LIBERATE TECHNOLOGIES, INC.

                              **Plaintiff,**

vs.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, et al.

                              **Defendants.**

Case No.: CIV445162

**MINUTE ORDER**

    This matter came on for hearing on May 13, 2005, at 9:00, in Department 21, the Honorable Robert D. Foiles presiding. Mary Craig Calkins appeared on behalf of the plaintiff, Liberate Technologies, Inc. Richard R. Johnson and Mitchell J. Langberg appeared on behalf of the moving party, Federal Insurance Company.

    After further consideration, the demurrer to the complaint of Liberate Technologies, Inc., filed by Federal Insurance Company, is sustained with leave to amend.

**IT IS SO ORDERED.**

Dated:   **JUL 2 1 2005**

_____
ROBERT D. FOILES
JUDGE OF THE SUPERIOR COURT

EXHIBIT E PAGE 105

Exhibit F

*Send*

LINK: 10

FILED
CLERK, U.S. DISTRICT COURT

NOV 30 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8        **UNITED STATES DISTRICT COURT**

9      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEMSTAR-TV GUIDE INTERNATIONAL INC., | Case No. CV 06-5183 GAF (JTLx) |
| Plaintiff, | **ORDER REGARDING DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS** |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; FEDERAL INSURANCE COMPANY, | |
| Defendants. | |

DOCKETED ON CM

DEC - 1 2006

BY _____ 145

I.

**INTRODUCTION**

Gemstar-TV Guide International, Inc. ("Gemstar") purchased a primary and

excess liability insurance policy to cover claims against itself and its directors, officers,

and certain employees.  The primary policy by National Union Fire Insurance Co.

("National Union") provided coverage for $35 million, while the policy by Federal

Insurance Co. ("Federal") provided an additional $15 million in excess coverage.

Federal's policy specifically provided that Federal's obligations to pay Gemstar did not

EXHIBIT F PAGE ___

20

1   attach until National Union "paid in legal currency the full amount" of the primary

2   policy's limit.  During the policy period, Gemstar sought coverage under both policies

3   due to several lawsuits pending against it and its directors and officers.  It has

4   expended almost $125 million in judgments and settlements arising from this

5   litigation.  However, National Union has paid only $450,000, while Federal has paid

6   nothing.  Invoking diversity jurisdiction, Gemstar instituted this suit against both

7   National Union and Federal, seeking recovery of the amounts owed under both

8   policies.

9           Federal now moves to dismiss Gemstar's claims against Federal pursuant to

10  Rule 12(b)(6) of the Federal Rules of Civil Procedure and to dismiss Gemstar's fraud

11  claim under Rule 9(b) for failure to plead it with particularity.  Federal contends that,

12  until National Union has paid out the entire $35 million under the primary policy limit, it

13  has no obligation to pay Gemstar anything under the excess liability policy and that

14  the plain language of the policy put Gemstar on notice of this limitation.  Ignoring the

15  plain language of the policy, Gemstar argues that because the amounts owed have

16  clearly exceeded the primary policy limit, Federal must pay now, even though National

17  Union has refused to pay the full $35 million.  This failure to pay, according to

18  Gemstar, provides a basis for asserting a fraud claim against Federal.

19          As explained in more detail below, the Court concludes that Federal has no

20  obligation to pay anything to Gemstar at this time because the excess policy's

21  language clearly and unambiguously provides that Federal's obligations to pay arise

22  only after National Union has "paid in legal currency the full amount" of the primary

23  policy limit.  Moreover, the claim of fraud has not been pled with the specificity

24  required under Rule 9(b).  Accordingly, the Court **GRANTS** the motion to dismiss in its

25  entirety.

26  //

27  //

28  //

## II.

## STATEMENT OF FACTS

### A. THE POLICIES

In 2002, Gemstar, a technology and media-based corporation, purchased two liability insurance policies from Defendants to protect its interests and the interests of its directors, officers, and certain employees. (Compl. ¶¶ 11, 26.) Gemstar intended these policies to cover claims arising under securities laws including claims brought by shareholders and governmental agencies involving alleged misrepresentations contained in Gemstar financial statements. (Id. ¶ 1.)

From National Union, Gemstar purchased a Directors, Officers and Corporate Liability Insurance Policy No. 857-12-06 for the period October 10, 1998 to October 10, 2000, and later extended to October 10, 2002 (the "National Union Policy" or "Primary Policy"). (Id. ¶ 11 & Ex. A [Primary Policy].) The Primary Policy provides Gemstar with $35 million in coverage. (Id.) From Federal, Gemstar purchased Excess Policy No. 8147-93-84-A (the "Federal Policy" or "Excess Policy") that "follows form" to (or incorporates by reference the terms of) the National Union Policy. (Id. ¶ 12 & Ex. B [Excess Policy].) The Excess Policy covers the same time period as the National Union Policy and provides for $15 million in additional coverage, for a total of $50 million in coverage. (Id. ¶ 12.)

The Excess Policy specifically provides that coverage "shall attach only after the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit** for such **Policy Period**." (Id. Ex. B [Excess Policy] § 1 (emphasis in original).) In addition, the Excess Policy states:

> All Underlying Insurance shall be maintained in full effect during the **Policy Period** and shall afford the same coverage provided by all **Underlying Insurance** in effect upon inception of this **Policy Period**, except for any depletion or exhaustion of the **Underlying Limit** solely by reason of payment of losses thereunder.

(Id. § 2 (emphasis in original).) The Excess Policy further provides:

EXHIBIT F PAGE 68

1      Only in the event of exhaustion of the **Underlying Limit** by reason of
the insurers of the **Underlying Insurance**, or the **Insureds** in the event
2      of financial impairment or insolvency of an insurer of the **Underlying
Insurance**, paying in legal currency loss which, except for the amount
3      thereof, would have been covered hereunder, this policy shall continue
in force as primary insurance, subject to its terms and conditions . . . .

4

5      The risk of uncollectability of any **Underlying Insurance**, whether
because of financial impairment or insolvency of an underlying insurer
or any other reason, is expressly retained by the **Insureds** and is not in
6      any way insured or assumed by the Company [Federal].

7  (Id. § 3 (emphasis in original).)  In other words, only when the Primary Policy limit is

8  exhausted or when the insured must "fill in" to pay otherwise covered loss due to

9  National Union's insolvency or financial impairment does the Excess Policy become

10  primary insurance to Gemstar.

11  **B. GEMSTAR SEEKS COVERAGE UNDER THE POLICIES**

12      Starting in April 2002, Gemstar sought coverage under both policies for

13  numerous lawsuits (the "Underlying Litigation") brought against it and some of its

14  directors and officers, including securities litigation, shareholder derivative litigation,

15  and a civil action commenced by the SEC.  (Id. ¶¶ 35-46.)  Though Gemstar has

16  incurred almost $125 million for defense costs and settlements in connection with the

17  Underlying Litigation, National Union has paid only $450,000 in defense costs for the

18  Underlying Litigation.  (Id. ¶ 53, 82.)  Federal has paid nothing.  (Id. ¶ 4.)

19      Gemstar alleges that Federal has refused to pay any amount under the

20  Federal Policy until the National Union Policy is exhausted.  (Id. ¶¶ 71, 119.)  Gemstar

21  also alleges that Federal waited more than 14 months to respond to a letter sent by

22  Gemstar regarding the Underlying Litigation, and that Federal "generally reserve[d]"

23  its rights under the Federal Policy without identifying any specific rights it purported to

24  reserve.  (Id. ¶¶ 59, 119, & Ex. H [6/30/03 Letter].)

25      On August 17, 2006, Gemstar initiated this suit against both National Union

26  and Federal.  (Id. at 1.)  Gemstar pleads causes of action for declaratory relief,

27  breach of contract, breach of implied covenant of good faith and fair dealing, and

28  fraud against Federal.  (Id. ¶¶ 111-141.)  On October 20, 2006, Federal filed this

EXHIBIT F PAGE 69

1  motion to dismiss these causes of action, or, in the alternative, motion to strike

2  Gemstar's request for punitive damages.  (Mot. at 1-2, 19.)

3                                       III.

4                                 DISCUSSION

5  A. RULE 12(B)(6) MOTION TO DISMISS

6        1. THE LEGAL STANDARD

7        A motion to dismiss a complaint tests the legal sufficiency of the claims

8  asserted. Fed. R. Civ. P. 12(b)(6).  A court may not dismiss a complaint for failure to

9  state a claim "unless it appears beyond doubt that the plaintiff can prove no set of

10  facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355

11  U.S. 41, 45-46 (1957).  Thus, dismissal pursuant to Rule 12(b)(6) is proper only

12  where there is either a "lack of a cognizable legal theory" or "the absence of sufficient

13  facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

14  F.2d 696, 699 (9th Cir. 1988).  The Court accepts all factual allegations pleaded in the

15  complaint as true in deciding a motion to dismiss for failure to state a claim; in

16  addition, it construes those facts and draws all reasonable inferences from them in

17  favor of the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th

18  Cir. 1996).

19        Because this Court has diversity jurisdiction, California substantive law

20  applies.  Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).

21        2. ANALYSIS

22              a. The Primary Policy Is Not Exhausted

23        The central issue in this case is whether Federal must pay out under the

24  terms of the Excess Policy because National Union's primary coverage is deemed

25  exhausted even though it has not actually paid out the full policy limit ($35 million)

26  under the Primary Policy.  If Federal is not legally obligated to pay out of the Excess

27  Policy, then Gemstar's claims against Federal fail as a matter of law.

28  //

EXHIBIT F PAGE 70

1    *i. California Law Regarding Primary and Excess Policies*

2    "There are two levels of insurance coverage – primary and excess. Primary

3    insurance is coverage under which liability attach[es] to the loss immediately upon the

4    happening of the occurrence. Liability under an excess policy attaches only after all

5    primary coverage has been exhausted." Cmty. Redevelopment Agency v. Aetna Cas.

6    & Sur. Co., 50 Cal. App. 4th 329, 337-38 (Ct. App. 1996) (citations and internal

7    quotation marks omitted) (alteration in original). A primary policy is "exhausted" when

8    "the primary insurers pay their policy limits in settlement or to satisfy a judgment

9    against the insured." Travelers Cas. & Sur. Co. v. Transcontinental Ins. Co., 122 Cal.

10    App. 4th 949, 952 n.3 (Ct. App. 2004) (quoting H. Walter Croskey, et al., California

11    Practice Guide: Insurance Litigation ¶ 8:86, at 8-44-45 (2003)). "It is settled under

12    California law that an excess or secondary policy does not cover a loss . . . until *all* of

13    the primary insurance has been exhausted." Cmty. Redevelopment Agency, 50 Cal.

14    App. 4th at 339 (emphasis in original). As noted in Ticor Title Ins. Co. v. Employers

15    Ins. of Wausau, 40 Cal. App. 4th 1699, 1707 (Ct. App. 1995):

16    As a general rule, under California law the primary insurer alone owes
      a duty to defend, with the corresponding right to control the defense. In
17    the absence of contract language to the contrary, the excess carrier
      has no right or duty to participate in the defense until the primary policy
18    limits are exhausted. [Citations.] In any given case, of course, we look
      to the specific language of the excess policy to ascertain the existence
19    of a duty to defend, and whether the excess insurer must "drop down"
      to assume the obligations of a primary insurer under circumstances of
20    insolvency or refusal to defend.

21    By focusing on the language of the applicable policies, the Court serves the

22    "overriding goal of interpretation . . . to give effect to the parties' mutual intentions as

23    of the time of contracting." Id. at 1707 (citing Cal. Civ. Code § 1636). The intent of

24    the parties is ascertained from the policy's language, if it is clear and explicit. Id.

25    (citing Cal. Civ. Code §§ 1638, 1639).

26    In Ticor, the court considered an excess policy's language, which stated that

27    the excess insurer's duty to defend arose when there was a claim for damages for an

28    occurrence under the policy and "no defense coverage is provided by underlying

1   insurance." Id. at 1709. The primary carrier argued that the "defense coverage"

2   referred not to the primary carrier's legal obligation to defend and indemnify, but

3   rather to how the insurer acted with respect to its obligation. Id. In short, if the

4   primary carrier provided no coverage (without regard to what it was obligated to do),

5   then the insured was without "defense coverage" and the excess carrier's obligation

6   to defend and indemnify was triggered. Id. Accordingly, the court concluded that the

7   excess insurance policy clearly and unambiguously precluded any obligation on the

8   part of the excess carrier to assume the obligation of defending and indemnifying the

9   insured in place of the primary carrier. Id.

10                    *ii. Application*

11          The language at issue in this case is even less susceptible to a claim of

12   ambiguity than the language under discussion in Ticor. Here, the Excess Policy

13   provides that "[c]overage hereunder shall attach only after the insurers of the

14   Underlying Insurance shall have **paid in legal currency the full amount** of the

15   Underlying Limit for such Policy Period." (Compl. Ex. B [Federal Policy] § 1

16   (emphasis added).) The policy language states in unambiguous terms that Federal's

17   obligation under the Excess Policy is triggered **only after** National Union pays the full

18   amount of the Primary Policy. In addition, section 3 of the Excess Policy provides that

19   an insured may "fill in" any gap not paid by the primary insurer only when the primary

20   insurer is financially impaired or becomes insolvent, neither of which Gemstar alleges

21   here. (Compl. Ex. B [Excess Policy] § 3.) Gemstar also alleges that National Union

22   has paid only $450,000 to date, which, according to the Court's application of the

23   basic principles of arithmetic, falls short of the $35 million policy limit. Thus, because

24   Gemstar has failed to plead that National Union has exhausted the primary policy limit

25   by paying the full $35 million, Federal is not required to pay anything and is not liable.

26          Nonetheless, Gemstar argues that National Union's failure to pay the full

27   amount of the Primary Policy does not excuse Federal from paying out of the Excess

28   Policy. Though Gemstar cites several cases outside this jurisdiction to support this

EXHIBIT F PAGE 72

1   argument, it cites no California authority.  Gemstar further attempts to counter

2   Federal's motion by distinguishing two cases that Federal cites: <u>Travelers Casualty &</u>

3   <u>Surety Co. v. Insurance Co. of the State of Pa.</u>, No. C 04-03875 WHA, 2006 WL

4   149005 (N.D. Cal. Jan. 19, 2006), and <u>Community Redevelopment Agency</u>, 50 Cal.

5   App. 4th at 340.  In these cases, the courts concluded that the excess policy was not

6   triggered because the primary limits had not been exhausted.  <u>Travelers</u>, 2006 WL

7   149005, at *2; <u>Cmty. Redevelopment Agency</u>, 50 Cal. App. 4th at 340.  Gemstar

8   contends that in both cases, the excess insurers did not have to pay because there

9   was no possibility that the primary policies ever would have been exhausted.  Though

10  this fact is true, Gemstar's argument cannot reach so far as to say that excess

11  insurers **must** pay simply because the amount owed exceeds the primary limit, even

12  when the primary insurer has yet to pay.

13          In sum, based on California law, Federal has no legal duty to pay until the

14  Primary Policy is exhausted.  The explicit terms of the Express Policy dictate that

15  Federal must pay only after National Union has paid the full $35 million.  Because that

16  has not yet occurred, Federal need not pay anything at this time.  Accordingly, as

17  discussed below, each of Gemstar's causes of action against Federal must fail.

18                  **b. Fifth Cause of Action for Declaratory Relief**

19          Although this is a diversity case, federal procedural law governs whether the

20  court may issue a declaratory judgment.  <u>See, e.g.</u>, <u>Modern Equip. Co. v. Cont'l W.</u>

21  <u>Ins. Co.</u>, 146 F. Supp. 2d 987, 990 (S.D. Iowa 2001); <u>Mardian Equip. Co. v. St. Paul</u>

22  <u>Fire & Marine Ins. Co.</u>, No. CV-05-2729-PHX-DGC, 2006 WL 2456214, at *4-5 (D.

23  Ariz. Aug. 22, 2006).  The federal Declaratory Judgments Act provides: "In a case of

24  actual controversy within its jurisdiction, . . . any court of the United States, upon the

25  filing of an appropriate pleading, may declare the rights and other legal relations of

26  any interested party seeking such declaration, whether or not further relief is or could

27  be sought." 28 U.S.C. § 2201(a).

28  //

EXHIBIT F  PG. 73

1    Here, Gemstar seeks a judicial declaration that Federal is wrong in its

2    contention that it has no duty to pay until National Union pays its policy limits.

3    (Compl. ¶¶ 112-13.)  Gemstar relies on two California cases to support its claim that,

4    even though it did not plead exhaustion of the Primary Policy in its Complaint, the

5    cause of action for declaratory judgment nonetheless should move forward.  See

6    Lockheed Corp. v. Cont'l Ins. Co., 134 Cal. App. 4th 187, 220 (Ct. App. 2005);

7    Ludgate Ins. Co. v. Lockheed Martin Corp., 82 Cal. App. 4th 592, 606 (Ct. App.

8    2000).  However, because these cases apply only California law, and federal law

9    controls whether a court may consider a declaratory judgment request, these cases

10    do not apply here.

11    The Ninth Circuit has held that a request for declaratory relief fails when the

12    primary policy is not yet exhausted and the excess policy has not yet been triggered.

13    See Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1504-05 (9th Cir. 1994)

14    (rejecting claim for declaratory relief because excess insurance policy had not been

15    triggered); see also County of Santa Clara v. U.S. Fidelity & Guar. Co., No. C-93-

16    20169 RPA (EAI), 1994 WL 715657, at *1-2 (N.D. Cal. Dec. 20, 1994) (following Iolab

17    and rejecting insured's declaratory judgment action because primary policy not

18    exhausted and excess policy not yet triggered); Bicoastal Corp. v. Aetna Cas. & Sur.

19    Co., No. C-94-20108 RPA (PVT), 1994 WL 564539, at *1 (N.D. Cal. Oct. 4, 1994)

20    (same).  Because the Excess Policy's language clearly provides that National Union

21    must pay the full policy limit before Federal's responsibilities attach, and National

22    Union has not done so, Gemstar is not entitled to the declaratory relief sought here.

23    Accordingly, the Court **GRANTS** the motion to dismiss the declaratory relief cause of

24    action.

25    ### c. Sixth Cause of Action for Breach of Contract

26    A breach of contract action against an excess insurer does not accrue "until

27    the legal obligations of the primary insurers [are] determined and the excess policies

28    [are] triggered."  Iolab, 15 F.3d at 1504 (applying California law).  In Iolab, the Ninth

F   74

1   Circuit held that because the insured had not alleged that the excess coverage would

2   ever be triggered, the excess insurer should not expend "unnecessary litigation costs"

3   to defend against breach of contract claims. Id. at 1505. Thus, the Ninth Circuit

4   affirmed the Central District's dismissal of the insured's breach of contract claim. Id.

5       Gemstar attempts to distinguish Iolab by contending that the insured in Iolab

6   incurred losses of only $14.5 million, compared to the primary coverage of

7   approximately $36 million, id. at 1502-04, while in this case, Gemstar has alleged that

8   its losses of almost $125 million have well exceeded the Primary Policy limit of $35

9   million. Thus, according to Gemstar, Iolab is inapposite because in Iolab, there was

10  no possibility of the excess policy ever being reached, whereas here, the amounts

11  owed clearly exceed the primary policy's limits. However, the clear and unambiguous

12  policy language in the Excess Policy here reveals that Federal's liability attaches only

13  after National Union has "paid in legal currency the full amount." (Compl. Ex. B

14  [Excess Policy] § 1.) Because this language controls, see Titor, 40 Cal. App. 4th at

15  1708, there is no possibility of the Excess Policy being triggered here until National

16  Union has paid the entire $35 million, which National Union has not done. Whether

17  National Union has defenses to the claims brought against it, or whether it can

18  successfully claim that its obligation will not reach the $35 million policy limit, this

19  Court cannot say. What is clear is that until National Union actually pays out the full

20  limits of the primary policy, Iolab teaches that Federal owes no contractual obligation

21  to Gemstar.

22      Gemstar further alleges that Federal has acted in a manner that constitutes an

23  anticipatory repudiation of its policy. (See, e.g., Compl. ¶ 47 ("defendants engaged in

24  a wrongful series of acts aimed at depriving Gemstar of the benefits and financial

25  protections afforded by their insurance policies"), ¶ 116 ("Federal also abandoned

26  Gemstar with respect to its efforts to settle the Underlying Lawsuits, refusing to

27  contribute any of its policy limit toward settlement.").) However, a "claim for

28  anticipatory breach against the excess insurers brought prior to the exhaustion of

1   primary coverage would be premature." <u>County of Santa Clara</u>, 1994 WL 715657, at

2   *2 (N.D. Cal. 1994) (denying as futile leave to amend complaint against excess

3   insurer to allege claim for anticipatory breach of contract when primary policy not yet

4   exhausted). Here, as explained above, the Primary Policy has not yet been

5   exhausted. The only "repudiation" by Federal is Federal's contention that its duty to

6   perform has not arisen, not that it will not perform when its duty arises. As a result,

7   Gemstar's claim for anticipatory breach fails as well. Thus, the Court **GRANTS**

8   Federal's motion to dismiss the cause of action for breach of contract.

9           **d. Seventh Cause of Action for Breach of Implied Covenant of**

10              **Good Faith and Fair Dealing**

11       "[A]n implied covenant of good faith and fair dealing exists in every insurance

12   contract that neither party will do anything to injure the right of the other to receive

13   benefits under the agreement." <u>Schwartz v. State Farm Fire & Cas. Co.</u>, 88 Cal. App.

14   4th 1329, 1336 (Ct. App. 2001) (citing <u>Comunale v. Traders & Gen. Ins. Co.</u>, 50 Cal.

15   2d 654, 658 (1958)). To establish a tortious breach of the implied covenant, "an

16   insured must show first, that benefits were due under the policy, and second, that the

17   benefits were withheld without proper cause." <u>Benavides v. State Farm Gen. Ins. Co.</u>,

18   136 Cal. App. 4th 1241, 1250 (Ct. App. 2006); <u>Love v. Fire Ins. Exch.</u>, 221 Cal. App.

19   3d 1136, 1151 (Ct. App. 1990) (reason for withholding benefits "must have been

20   unreasonable or without proper cause").

21       Here, Gemstar contends that Federal has engaged in bad faith by refusing to

22   pay until National Union has paid the full amount under the Primary Policy. However,

23   as explained above, no benefits are due now because National Union has not paid

24   out its policy limit. In addition, Gemstar bases its bad faith claim on an allegation that

25   Federal waited more than 14 months after receiving notice of the Underlying Litigation

26   to respond and generally reserve its rights without specifying any specific rights it was

27   reserving. (<u>See</u> Compl. ¶ 59; Ex. H [6/30/03 Letter].) However, Exhibit H does not

28   appear to be a letter sent in response to or related to any of the matters in the

1  Underlying Litigation, but rather is a letter regarding the "Diva Systems matter," which

2  was a bankruptcy lawsuit not related to the subject matter of the Underlying Litigation.

3  (Mot. at 11.) "'[W]hen a written instrument contradicts allegations in a complaint to

4  which it is attached, *the exhibit trumps the allegations*.'" Thompson v. Ill. Dep't of

5  Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002) (citation omitted) (emphasis in

6  original).  Accordingly, Exhibit H trumps the allegations of a 14-month delay.

7  Furthermore, Gemstar's allegations of bad faith are merely conclusory statements

8  and legal conclusions without factual support. (See Compl. ¶¶ 122-126.)  As such,

9  the cause of action for bad faith fails, and the motion is **GRANTED** for this cause of

10  action as well.

11  **C. RULE 9(B) MOTION TO DISMISS**

12      **1. THE LEGAL STANDARD**

13          Under Rule 9(b), "in all averments of fraud . . . , the circumstances constituting

14  fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b).  To satisfy the

15  "particularity" requirement, a plaintiff must plead "particularized allegations of the

16  circumstances *constituting* fraud." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541,

17  1547-48 (9th Cir. 1994), superseded by statute on other grounds as stated in In re

18  Infonet Servs. Corp. Sec. Litig., 310 F. Supp. 2d 1080, 1093 (C.D. Cal. 2003)

19  (emphasis in original). "[M]ere conclusory allegations of fraud are insufficient." Moore

20  v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). "To allege fraud

21  with particularity, a plaintiff must set forth *more* than the neutral facts necessary to

22  identify the transaction. The plaintiff must set forth what is false or misleading about a

23  statement, and why it is false." In re GlenFed, 42 F.3d at 1548 (emphasis in original).

24  In addition, the pleader "must state the time, place, and specific content of the false

25  representations as well as the identities of the parties to the misrepresentation."

26  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986);

27  see In re Glen Fed, 42 F.3d at 1548 n.7.

28  //

1    2. **ANALYSIS**

2    Under California law, the elements of fraud are: "(a) a knowingly false

3    misrepresentation by the defendant, (b) made with the intent to deceive or to induce

4    reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting

5    damages." Leegin Creative Leather Prods., Inc. v. Diaz, 131 Cal. App. 4th 1517,

6    1524 (Ct. App. 2005) (quoting Wilkins v. NBC, 71 Cal. App. 4th 1066, 1081 (Ct. App.

7    1999)).

8    **a. Eighth and Ninth Causes of Action for Fraud**

9    Here, Gemstar fails adequately to plead fraud in its eighth and ninth cause of

10    actions. In its Complaint, Gemstar alleges several representations made by Federal

11    (see Compl. ¶¶ 128, 136), but pleads in conclusory fashion that Federal knew these

12    representations were false, had no intention of performing them, and knew Gemstar

13    would rely on them. (Id. ¶¶ 129, 137-38.) Without stating when and where these

14    representations allegedly occurred, who within Federal made them, and to whom they

15    were made, these generalized statements are insufficient to plead fraud with

16    particularity. See Schreiber, 806 F.2d at 1401. Gemstar also states that its

17    allegations are based on information and belief (Compl. ¶¶ 129, 138), but conclusory

18    statements based only on information and belief are insufficient to meet the

19    particularity requirement. See William W. Schwarzer, et al., California Practice Guide:

20    Federal Civil Procedure Before Trial § 8:49, at 8-32 (2005). Accordingly, both of

21    Gemstar's causes of action for fraud fail, and the Court **GRANTS** Federal's motion to

22    dismiss these claims as well.

23    //

24    //

25    //

26    //

27    //

28    //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Federal's motion to dismiss in

its entirety.  Because the Court has dismissed the causes of action against Federal,

Federal's alternative motion to strike is moot.


IT IS SO ORDERED.


DATED: November 30, 2006

Judge Gary Allen Feess
United States District Court

F 79

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                              ) ss
COUNTY OF LOS ANGELES  )

      I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is:  2029 Century Park East, Suite 1600, Los Angeles, California  90067-3086.

      On February 8, 2008, I served the foregoing document(s) described as: **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME CORPORATION'S COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**[PLEASE SEE SERVICE LIST ATTACHED]**

☒    **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelopes, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐    **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

☐    **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

      I declare that I am employed in the office of member of the bar of this court under whose direction the service was made.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on February 8, 2008, at Los Angeles, California.


Marilyn Courneya                /s/ Marilyn Courneya
[Type or Print Name]               [Signature]

A-80

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

LA 51021451v1

1

SERVICE LIST

2

**Counsel for Plaintiff Crowley Maritime Corp.**

3

Philip L. Pillsbury, Jr., Esq.
Richard D. Shively, Esq.

4

Eric K. Larson, Esq.
**Pillsbury & Levinson, LLP**

5

The Transamerica Pyramid
600 Montgomery Street, 31st Floor

6

San Francisco, CA  94111

7

Jon E. Abramczyk, Esq.
**Morris, Nichols, Arsht & Tunnell**

8

1201 North Market Street
Wilmington, DE  19899-1347

9

10

**Counsel for Co-defendant Federal Insurance Co.**

11

G. Edward Rudloff, Jr.

12

Kevin A. Norris
**Rudloff Wood & Barrows LLP**

13

Watergate Office Towers

14

2000 Powell Street, Suite 900

Emeryville, CA  94608

15

16

**Of Counsel**

17

David Newmann

18

Joseph A. Bailey III
**Hogan & Hartson L.L.P.**

19

555 Thirteenth Street, NW

20

Washington, DC  20004

21

**Counsel for Co-defendant RLI Insurance Co.**

22

Michael D. Prough, Esq.
**Morison-Knox Holden & Prough, LLP**

23

500 Ygnacio Valley Road, Suite 450
Walnut Creek, California 94596-8068

24

25

26

27

28

-5- 81

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE
INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME
CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

LA 51021451v1

1
2
3
4
5
6
7
8

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 95992)
mperlis@stroock.com
RICHARD R. JOHNSON (State Bar No. 198117)
rjohnson@stroock.com
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendants
  TWIN CITY FIRE INSURANCE COMPANY

9

## UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

11

## SAN FRANCISCO DIVISION

12

13
14
15
16
17
18
19
20
21
22
23

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>              Plaintiff,<br><br>    vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  CV-08-00830 SI

[Hon. Susan Illston]

**[PROPOSED] ORDER GRANTING DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS**

[Notice of Motion and Motion filed concurrently]

DATE:    March 14, 2008
TIME:     9:00 a.m.
PLACE:  Courtroom 10, 19th Floor

24
25
26
27
28

*STROOCK & STROOCK & LAVAN LLP*
*2029 Century Park East*
*Los Angeles, California 90067-3086*

LA 51022135v1

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    The Motion of Defendant Twin City Fire Insurance Company ("Twin City") to

2 Dismiss, without leave to amend, the Complaint of Plaintiff Crowley Maritime

3 Corporation ("Crowley Maritime") came on regularly for hearing before this Court,

4 on March 14, 2008, Hon. Susan Illston, District Judge, Presiding.

5    Twin City asks this Court, pursuant to Rule 12(b)(6) of the Federal Rules of

6 Civil Procedure, to dismiss, without leave to amend, Crowley Maritime's Complaint,

7 for failure to state a claim upon which relief may be granted.

8    Having considered the moving and opposition papers, the Request for Judicial

9 Notice, the pleadings and papers filed by the parties in connection therewith, the

10 arguments of counsel, and all other matters presented to the Court, and good cause

11 having been shown:

12    **IT IS HEREBY ORDERED** that:

13    The Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

14 Procedure is **GRANTED** in its entirety and the Complaint is **DISMISSED** in its

15 entirety and without leave to amend.

16

17 DATED:  _____, 2008    _____

18                                         The Honorable Susan Illston
                                          Unites States District Judge

19

20 Respectfully Submitted by,                February 8, 2008

21 STROOCK & STROOCK & LAVAN LLP
   MICHAEL F. PERLIS

22 RICHARD R. JOHNSON

23

24 By:  /s/ Michael F. Perlis_____
         Michael F. Perlis

25

26    Attorneys for Defendant
      TWIN CITY FIRE INSURANCE
      COMPANY

27

28

LA 51022135v1

[PROPOSED] ORDER GRANTING DEFENDANT TWIN CITY FIRE INSURANCE
COMPANY'S MOTION TO DISMISS – Case No. CV-08-00830 SI

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is:  2029 Century Park East, Suite 1600, Los Angeles, California  90067-3086.

On February 8, 2008, I served the foregoing document(s) described as: **[PROPOSED] ORDER GRANTING DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

## [PLEASE SEE SERVICE LIST ATTACHED]

☒ **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelopes, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of member of the bar of this court under whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 8, 2008, at Los Angeles, California.

| Marilyn Courneya | /s/ Marilyn Courneya |
|---|---|
| [Type or Print Name] | [Signature] |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

SERVICE LIST

**Counsel for Plaintiff Crowley Maritime Corp.**

Philip L. Pillsbury, Jr., Esq.
Richard D. Shively, Esq.
Eric K. Larson, Esq.
**Pillsbury & Levinson, LLP**
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA  94111

Jon E. Abramczyk, Esq.
**Morris, Nichols, Arsht & Tunnell**
1201 North Market Street
Wilmington, DE  19899-1347

**Counsel for Co-defendant Federal Insurance Co.**

G. Edward Rudloff, Jr.
Kevin A. Norris
**Rudloff Wood & Barrows LLP**
Watergate Office Towers
2000 Powell Street, Suite 900
Emeryville, CA  94608

**Of Counsel**

David Newmann
Joseph A. Bailey III
**Hogan & Hartson L.L.P.**
555 Thirteenth Street, NW
Washington, DC  20004

**Counsel for Co-defendant RLI Insurance Co.**

Michael D. Prough, Esq.
**Morison-Knox Holden & Prough, LLP**
500 Ygnacio Valley Road, Suite 450
Walnut Creek, California 94596-8068

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51022135v1

[PROPOSED] ORDER GRANTING DEFENDANT TWIN CITY FIRE INSURANCE
COMPANY'S MOTION TO DISMISS – Case No. CV-08-00830 SI