WILLIAM C. MORISON (State Bar No. 99981)
William.Morison@morisonansa.com
MICHAEL D. PROUGH (State Bar No. 168741)
Michael.Prough@morisonansa.com
KAREN G. LEVY (State Bar No. 213172)
Karen.Levy@morisonansa.com
MORISON ANSA HOLDEN ASSUNCAO
   & PROUGH, LLP
500 Ygnacio Valley Rd., Suite 450
Walnut Creek, CA 94596
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
RLI INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No. CV 08-00830 SI<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RLI INSURANCE COMPANY'S MOTION TO DISMISS<br><br>Date:　　　　March 21, 2008<br>Time:　　　　9:00 a.m.<br>Judge:　　　　Susan Illston<br>Courtroom:　10, 19th Floor |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND..........................................................................................................1

    A.    The Underlying <u>Franklin Fund</u> Claim ...............................................................................1

    B.    The RLI Insurance Contract ..............................................................................................2

    C.    This Action ........................................................................................................................3

ARGUMENT...................................................................................................................................3

    I.    STANDARDS APPLICABLE TO A MOTION TO DISMISS A COMPLAINT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED .......................................................................................................................3

    II.    CROWLEY CANNOT STATE A CLAIM FOR BREACH OF THE RLI INSURANCE CONTRACT BECAUSE THE UNDERLYING INSURANCE HAS NOT EXHAUSTED BY ACTUAL PAYMENT OF THE UNDERLYING LIMITS ..............................................................................................................................4

    III.    CROWLEY CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ABSENT ANY BREACH OF THE RLI INSURANCE CONTRACT ......................................................7

CONCLUSION................................................................................................................................8

# TABLE OF AUTHORITIES

Page

**CASES**

Citadel Holding Corp. v. Roven, Del. Supr.
   603 A.2d 818 (Del. 1992)..................................................................................4, 6

Comerica Inc. v. Zurich Am. Ins. Co.
   498 F. Supp. 2d 1019 (D. Mich. 2007).......................................................................5

Employers Ins. of Wausau v. Granite State Ins. Co.
   330 F.3d 1214 (9th Cir. 2003)....................................................................................4

Gunderson v. Fire Ins. Exchange
   37 Cal.App.4th 1106 (1995).......................................................................................7

Hartford Accident & Indem. Co. v. Continental Nat'l Am. Ins. Co.
   861 F.2d 1184 (9th Cir. 1988)............................................................................Passim

Iolab Corp. v. Seaboard Surety Co.
   15 F.3d 1500 (9th Cir. 1994)......................................................................................4

Love v. Fire Ins. Exchange
   221 Cal.App.3d 1136 n. 10 (1990)............................................................................7

McDonald v. John P. Scripps Newspaper
   210 Cal.App.3d 100 (1989)........................................................................................4

Olympic Ins. Co. v. Employers Surplus Lines Ins. Co.
   126 Cal.App.3d 593 (1981)...................................................................................1, 4

Simula, Inc. v. Autoliv, Inc.
   175 F.3d 716, 726 (9th Cir. 1999).............................................................................3

Swartz v. KPMG LLP
   476 F.3d 756 (9th Cir. 2007).....................................................................................3

Ticor Title Ins. Co. v. Employers Ins. of Wausau
   40 Cal.App.4th 1699 (1995).......................................................................................6

Times-Picayune Publ. Corp. v. Zurich Am. Ins. Co.
   421 F.3d 328 (5th Cir. 2005).....................................................................................5

Waller v. Truck Ins. Exch.
   11 Cal.4th 1 (1995)................................................................................................6, 7

Wells Fargo Bank v. California Ins. Guarantee Assn.
   38 Cal.App.4th 936 (1995).........................................................................................6

Wilson v. 21st Century Ins. Co.
   42 Cal.4th 713 (2007)................................................................................................7

# TABLE OF AUTHORITIES

Page

**STATUTES**

Cal. Civ. Code section 1636 ..................................................................................................6

Cal. Civ. Code section 1638 ..................................................................................................6

Fed.R.Civ.Proc. 12(b)(6) .......................................................................................................3

Fed.R.Civ.Proc. 10(c) ............................................................................................................3

PRELIMINARY STATEMENT

Defendant RLI Insurance Company ("RLI") entered into a second layer excess insurance contract ("RLI Insurance Contract") with Crowley Maritime Corporation ("Crowley") and by the clear terms of the RLI Insurance Contract, RLI has no coverage obligations until "after the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit**." (Compl., at Exh. C.) As alleged in the complaint, not one cent was paid by any of the underlying insurers, Federal Insurance Company and Twin Cities Fire Insurance Company. (Compl., at ¶¶ 17; 25; 30.) Exhaustion of underlying insurance is required before any excess coverage obligations may arise, Olympic Ins. Co. v. Employers Surplus Lines Ins. Co., 126 Cal.App.3d 593, 599 (1981), and clear contractual provisions requiring "actual payment" of all underlying insurance must be enforced. Hartford Acci. & Indem. Co. v. Continental Nat'l American Ins. Cos., 861 F.2d 1184, 1186 (9th Cir. 1988). Because here, "the full amount" of the underlying insurance has not been paid as required in the RLI Insurance Contract, there has been no exhaustion of the insurance underlying the RLI Insurance Contract. RLI's duties under the contract have not arisen, and Crowley therefore cannot bring breach of contract nor bad faith claims against RLI. Crowley cannot amend the complaint in any way that would support its claims for breach of the RLI Insurance Contract nor the breach of the implied covenant of good faith and fair dealing.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Crowley cannot state a claim upon which relief may be granted, and its complaint should be dismissed without leave to amend.[1]

FACTUAL BACKGROUND

A.  The Underlying Franklin Fund Claim

The complaint alleges the following regarding the underlying claim:

1.  A lawsuit was filed against Crowley and certain members of its board of directors on November 30, 2004 in the Court of Chancery in the State of Delaware, entitled Franklin

---

[1] RLI notes that co-defendant Twin City Fire Insurance Company has also moved to dismiss Crowley's complaint. RLI joins in Twin City's arguments, as well, to the extent they are premised on the lack of exhaustion of the Federal policy by actual payment.

Balance Sheet Investment Fund v. Crowley, C.A. No. 888-VCP (the "Franklin Fund Action"). (Compl., at ¶ 8.)

2.  The Franklin Fund Action alleged breached of fiduciary duties owed by the directors to Crowley and its stockholders, and it sought both damages and other relief. (Compl., at ¶ 8.)

3.  The Franklin Fund Action settled. Pursuant to the settlement, the Franklin Fund plaintiffs were allegedly paid $17.625 million. It was also agreed as part of the settlement that Crowley would pay the plaintiffs' attorneys' fees and expenses in an amount to be determined by the Delaware Court. The court ultimately issued an order awarding the plaintiffs their attorneys' fees and expenses in the amount of $4,219, 458.26, and Crowley alleged it paid those fees and expenses. (Compl., at ¶ 10.)

B.  The RLI Insurance Contract

Crowley Maritime Corporation and RLI Insurance Company entered into an excess liability insurance contract (the "RLI Insurance Contract"), policy number EPG0002704A for the policy period of November 1, 2004 to November 1, 2005. (Compl., Exh. C, Declarations Page.)

The RLI Insurance Contract provides that: "The Insurer shall provide the **Insureds** with insurance during the **Policy Period** excess of the **Underlying Limit**. Coverage hereunder shall attach only after the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit** for such **Policy Period**." (Compl., Exh. C, Insuring Clause.) The RLI Insurance Contract defines "**Underlying Limit**" as "the amount equal to the aggregate of all limits of liability as set forth in Item 4 of the Declarations for all **Underlying Insurance** plus the applicable uninsured retention, if any, under the **Primary Policy**." (Compl., Exh. C, Definitions.) The RLI Insurance Contract defines "**Underlying Insurance**" as "all policies scheduled in Item 4 of the Declarations." (Compl., Exh. C, Definitions.)

Item 4 of the Declarations lists the following underlying insurance:

(A)  Primary policy – Federal Insurance Company, Policy No. 8120-0792, limits: $10,000,000, policy period: November 1, 2004 – November 1, 2005.

///

(B)     First excess policy – Twin City Fire Insurance Co., Policy No. 00DA 010096704, limits: $10,000,000, policy period: November 1, 2004 – November 1, 2005.

The Federal Insurance Company primary policy provides for a $500,000 retention. (Compl., at ¶¶ 16-17.)

C.     This Action

Crowley's complaint in this action includes causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing against RLI. Crowley alleges that Federal, Twin City and RLI are obligated to reimburse Crowley for the entire amount it paid to resolve the Franklin Fund Action. (Compl., at ¶¶ 16, 17, 25, 30.) Crowley alleges that amount includes the $17.625 settlement as well as the alleged $4,219,458.26 payment of the Franklin Fund plaintiffs' attorney's fees and expenses, minus the $500,000 retention. (Compl., at ¶¶ 16, 17, 25, 30.) Crowley alleges that: "Federal, Twin City and RLI are obligated under their Policies to reimburse Crowley for the entire amount of its covered loss (less the $500,000.00 retention), but they have failed to do so." (Compl., at ¶ 17.)

## ARGUMENT

I.  **STANDARDS APPLICABLE TO A MOTION TO DISMISS A COMPLAINT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is required to accept as true all allegations of material fact in the complaint. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999). When ruling on a motion to dismiss, the court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Fed.R.Civ.Proc. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

///
///
///
///

II. **CROWLEY CANNOT STATE A CLAIM FOR BREACH OF THE RLI INSURANCE CONTRACT BECAUSE THE UNDERLYING INSURANCE HAS NOT EXHAUSTED BY ACTUAL PAYMENT OF THE UNDERLYING LIMITS**

The necessary elements of a cause of action for breach of contract are: the existence of a contractual obligation; plaintiff's performance; defendant's breach; and damage to plaintiff therefrom. McDonald v. John P. Scripps Newspaper, 210 Cal.App.3d 100, 104 (1989).[2] Crowley's complaint fails because under clear contractual language RLI's coverage duty has not arisen, nor can there be any breach of such duty, since the underlying limits of insurance have not been actually paid.

An excess insurer's liability does not attach until the primary insurance limits are exhausted. Olympic Ins. Co. v. Employers Surplus Lines Ins. Co., 126 Cal.App.3d 593, 599 (1981); Iolab Corp. v. Seaboard Surety Co., 15 F.3d 1500, 1504 (9th Cir. 1994) (affirming the district court's dismissal of claims for breach of contract against excess insurers where the insured had failed to show exhaustion of underlying insurance). "An excess insurer predicates the premiums it charges upon the obligations that it and the primary insurer assume, including the primary insurer's obligation to defend all suits until exhaustion of its liability limits. Equity cannot require [the excess insurer] to provide coverage for which it was not paid." Hartford Accident & Indem. Co. v. Continental Nat'l Am. Ins. Co., 861 F.2d 1184, 1187 (9th Cir. 1988) (citation omitted); Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1221 (9th Cir. 2003) ("liability under a secondary [excess] policy will not attach until all primary insurance is exhausted even if the total amount of primary insurance exceeds the amount contemplated in the secondary policy").

Where an excess insurance contract contains a provision requiring the exhaustion by actual payment of the underlying limits prior to the attachment of excess coverage, such a provision is enforced and no action can lie against the excess insurer unless the required payment

---

[2] Crowley alleges California law applies here. (Compl., at 12.) Without conceding the point, it is clear Crowley's complaint fails under California law. Indeed, given the plain language of RLI's contract, Crowley's claim would fail under the law of any jurisdiction. See also Citadel Holding Corp. v. Roven, Del. Supr., 603 A.2d 818, 822 (Del. 1992) (courts give effect to plain language of contract).

has occurred. Hartford, 861 F.2d at 1186.[3] In the Hartford case, the Ninth Circuit analyzed under California law whether an excess insurer (Transcontinental), whose insurance contract specifically required "payment of judgment and settlements" before any excess coverage obligations arise, could be required to reimburse defense costs when the primary insurer (Hartford) had made no actual payment towards the costs of defense in the underlying claim against the insured. The court upheld the contractual provision requiring exhaustion by actual payment of the underlying insurance limits for two reasons: (1) California law requires the enforcement of an "actual payment" provision in excess policies even when (as was the case in Hartford) the primary insurer acknowledges its liability; and (2) an excess insurer predicates the premiums it charges upon the obligations that it and the primary insurer assume, which include exhaustion by actual payment of underlying insurance, and equity cannot require an excess insurer to provide coverage for which it was not paid. 861 F.2d at 1186-87. The court therefore affirmed the district court's dismissal of claims against the excess insurer. Id. at 1187.

Like the insurance contract in Hartford, RLI's insurance contract contains a requirement of actual payment of the underlying limits as a pre-requisite for the existence of coverage by RLI. The RLI Insurance Contract provides: "The Insurer shall provide the **Insureds** with insurance during the **Policy Period** excess of the **Underlying Limit**. Coverage hereunder shall attach only after the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit** for such **Policy Period**." The RLI Insurance Contract lists the "Primary" policy issued by Federal Insurance Company and the "First Excess" policy issued by Twin City Fire Insurance Co., and specifically requires that their "full amount" be paid "in legal currency" prior to the RLI coverage attaching. The insurance contract between RLI and Crowly thus contains terms that reflect the contracting parties' agreement that RLI would have no

---

[3] See e.g. Times-Picayune Publ. Corp. v. Zurich Am. Ins. Co., 421 F.3d 328, 335 (5th Cir. 2005) (applying Louisiana law and enforcing an excess insurance contractual clause requiring that coverage under the policy "shall attach only after all of the Limit(s) of Liability of the Underlying Insurance has been exhausted by the actual payment of loss(es)"); Comerica Inc. v. Zurich Am. Ins. Co., 498 F. Supp. 2d 1019, 1032 (D. Mich. 2007) (applying Michigan law and enforcing an excess policy requirement "that the primary insurance be exhausted or depleted by the actual payment of losses by the underlying insurer.")

coverage obligations unless and until the underlying Federal (including any retention under the primary Federal policy) and Twin Cities limits are actually paid.

In construing the RLI Insurance Contract, well-established principles apply: "The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning." Waller v. Truck Ins. Exch., 11 Cal.4th 1, 18 (1995) (citing Cal. Civ. Code § 1638). The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the "mutual intention" of the parties. Id. (citing Cal. Civ. Code § 1636.) "Such intent is to be inferred, if possible, solely from the written provisions of the contract." Id.; see also Citadel Holding Corp. v. Roven, Del. Supr., 603 A.2d 818, 822 (Del. 1992) ("It is an elementary canon of contract construction that the intent of the parties must be ascertained from the language of the contract").

The RLI policy language is clear on its face. No coverage obligation arises until the exhaustion of all underlying limits of liability through actual payment of legal currency. "California case law has consistently protected the limited and shielded position of the excess carrier when the obligations of the excess carrier are set in clear phrases." Ticor Title Ins. Co. v. Employers Ins. of Wausau, 40 Cal.App.4th 1699, 1708 (1995). For example, the language incorporated into an excess policy that underlying coverage "must be exhausted solely by payment of losses" was clear and unambiguous and precluded an obligation of the excess carrier to "drop down" to provide coverage upon the insolvency of the primary insurer. Wells Fargo Bank v. California Ins. Guarantee Assn., 38 Cal.App.4th 936, 939 (1995). Where underlying limits have not been paid as required by the excess insurance contract, it is appropriate to dismiss claims brought against the excess insurer. Hartford, 861 F.2d at 1187.

As in the Hartford case, the limits underlying RLI's layer of insurance have not been paid. Crowley expressly admits as much in its complaint. (Compl., at ¶¶ 17; 25; 30.) The clear contractual requirement in the RLI Insurance Contract of actual payment of the underlying insurance must be enforced and since no such payment occurred here, none of RLI's contractual coverage obligations have arisen. Crowley cannot therefore state a claim against RLI for breach of any contractual obligation under the RLI excess insurance contract. Nor can Crowley amend

the complaint in any way that would support its claim for breach of the RLI Insurance Contract.

### III. CROWLEY CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ABSENT ANY BREACH OF THE RLI INSURANCE CONTRACT

To state a claim for breach of the implied covenant of good faith and fair dealing, the insured must allege that the insurer unreasonably and in bad faith withheld a benefit to which the insured was entitled under the insurance contract. Wilson v. 21st Century Ins. Co., 42 Cal.4th 713, 720 (2007); Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1151 n. 10 (1990) (An insurer breaches the implied covenant of good faith and fair dealing when it unreasonably withholds benefits due under the insurance contract). An underlying breach of a contractual obligation is therefore required. Absent withholding of benefits due under the contract, there is neither a breach of contract nor a breach of the implied covenant. Gunderson v. Fire Ins. Exchange, 37 Cal.App.4th 1106, 1119 (1995) ("Because there was no breach of the insurance contract, appellant's bad faith claim also fails"); Waller v. Truck Ins. Exchange, Inc., 11 Cal.4th 1, 36 (1995). As discussed above, Crowley cannot state a claim for breach of contract against RLI because there has been no exhaustion of the underlying insurance by actual payment and RLI's contractual obligations therefore have never arisen.[4] Absent any claim for breach of contract, Crowley's cause of action for "bad faith" liability against RLI also fails.

///
///
///
///
///
///
///
///

---

[4] RLI certainly does not concede it would otherwise owe coverage; all rights are reserved. This motion addresses solely the absence of exhaustion of the underlying policies, because that ground alone clearly warrants outright dismissal of the case against RLI.

## CONCLUSION

For the reasons stated above, RLI respectfully requests that its motion to dismiss be granted without leave to amend.

Dated: February 13, 2008

Respectfully submitted,
MORISON ANSA HOLDEN ASSUNCAO
& PROUGH, LLP


By: /s/ Michael D. Prough
  Michael D. Prough

Attorneys for Defendant
RLI Insurance Company

122261