1  STROOCK & STROOCK & LAVAN LLP
2  MICHAEL F. PERLIS (State Bar No. 95992)
   mperlis@stroock.com
3  RICHARD R. JOHNSON (State Bar No. 198117)
   rjohnson@stroock.com
4  RACHAEL SHOOK (State Bar No. 251628)
   rshook@stroock.com
5  2029 Century Park East, Suite 1800
   Los Angeles, California  90067-3086
6  Telephone: 310-556-5800
   Facsimile: 310-556-5959
7  lacalendar@stroock.com

8
   Attorneys for Defendant
9    TWIN CITY FIRE INSURANCE COMPANY

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14

15  CROWLEY MARITIME CORPORATION,        )   **Case No. CV-08-00830 SI**
                                         )
16              Plaintiff,               )   [Hon. Susan Illston]
                                         )
17      vs.                              )   **REPLY IN SUPPORT OF MOTION OF**
                                         )   **DEFENDANT TWIN CITY FIRE**
18  FEDERAL INSURANCE COMPANY; TWIN      )   **INSURANCE COMPANY TO DISMISS**
19  CITY FIRE INSURANCE COMPANY; RLI     )   **CROWLEY MARITIME**
    INSURANCE COMPANY; and DOES 1-20,    )   **CORPORATION'S COMPLAINT**
20  inclusive,                           )
                                         )   DATE:    April 7, 2008
21              Defendants.              )   TIME:    9:00 a.m.
                                         )   PLACE:  Courtroom 10, 19th Floor
22                                       )
                                         )
23  _____)

24

25

26

27

28

LA 51031582

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

## <u>TABLE OF CONTENTS</u>

Page

I.      INTRODUCTION ........................................................................................................1

II.     ARGUMENT ..............................................................................................................1

      A.      Plaintiff's Breach of Contract Claim Fails Absent Exhaustion of Underlying
           Insurance by Underlying Insurer's Admission of Liability and Actual
           Payment. ..................................................................................................1

      B.      Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair
           Dealing Also Fails. ...............................................................................10

III.    CONCLUSION ..........................................................................................................14

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3
ABM Indus., Inc. v. Zurich Am. Ins. Co.,
     237 F.R.D. 225 (N.D. Cal. 2006) ................................................................10, 11

4
Am. Motorists Ins. Co. v. Am. Re-Ins. Co.,
     No. C 05-5202 CW, 2007 U.S. Dist. LEXIS 41257 (N.D. Cal. May 29, 2007) ..............10

5

6
Archdale v. Am. Intern. Specialty Lines Ins. Co.,
     154 Cal. App. 4th 449 (2007) ................................................................13

7
Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.,
     45 Cal. App 4th 1 (1996) ................................................................4, 13, 14

8

9
Bank of the West v. Super Ct.,
     2 Cal. 4th 1254 (1992) ................................................................5

10
Bodenhamer v. Super. Ct.,
     192 Cal. App. 3d 1472 (1987) ................................................................11, 12

11

12
Cal-Agrex, Inc. v. Van Tassell,
     No. C-07-0964 SC, 2007 U.S. Dist. LEXIS 73676
     (N.D. Cal. Sept. 25, 2007) ................................................................9

13

14
Cal. Ins. Guar. Assn. v. Workers' Comp. Appeals Bd.,
     128 Cal. App. 4th 307 (2005) ................................................................2

15
Cal. State Auto Ass'n v. Inter-Ins. Bureau v. Super. Ct.,
     184 Cal. App. 3d 1428 (1986) ................................................................10

16

17
Camelot by the Bay Condo. Owners' Assn. v. Scottsdale Ins. Co.,
     27 Cal. App. 4th 33 (1994) ................................................................13

18
Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,
     222 Cal. App. 3d 1371 (1990) ................................................................9

19

20
Chubb/Pac. Indem. Group v. Ins. Co. of N. Am.,
     188 Cal. App. 3d 691 (1987) ................................................................5

21
Comerica v. Zurich Ins. Co.,
     498 F. Supp. 2d 1019 (E.D. Mich. 2007) ................................................................3, 7

22

23
Commercial Capital Bankcorp. Inc. v. St. Paul Mercury Ins. Co.,
     419 F. Supp. 2d 1173 (C.D. Cal. 2006) ................................................................5

24
Comunale v. Traders & Gen Ins. Co.,
     50 Cal. 2d 654 (1958) ................................................................13

25

26
Crosthwaite v. Glavin Constr. Mgmt.,
     No. C 07-01241 WHA, 2007 U.S. Dist. LEXIS 73757
     (N.D. Cal. Sept. 25, 2007) ................................................................9

27

28
Denny's, Inc. v. Chicago Ins. Co.,
     234 Cal. App. 3d 1786 (1991) ................................................................2

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Diamond Heights Homeowners Assn. v. Nat'l Am. Ins. Co.,
    227 Cal. App. 3d 563 (1991) ...................................................................... 13

Erie R. R. Co. v. Tompkins,
    304 U.S. 64, 58 S.Ct. 817 (1938) .................................................................. 6

FMC Corp. v. Plaisted & Cos.,
    61 Cal. App. 4th 1132 (1998) ........................................................................ 4

Fed. Ins. Co. v. Super. Ct. of the State of Cal. for the County of San Mateo,
    No. A11027 (Cal. Ct. App., 1st Dist., June 25, 2005) .................................... 4

Fed. Ins. v. Srivastanva,
    2 F.3d 98 (5th Cir. 1993) ............................................................................... 6

Flores v. Amco Ins. Co.,
    No. CV F 07-1183 LJO DLB, 2007 U.S. Dist. LEXIS 86679
    (E.D. Cal. Nov. 14, 2007) ............................................................................ 10

Fuller-Austin Insul. Co. v. Highlands Ins. Co.,
    135 Cal. App. 4th 958 (2006) ................................................................ 11, 12

Gemstar-TV Guide Int'l., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,
    No. CV 06-5183 GAF (C.D. Cal. Nov. 30, 2006) .................................. 2, 3, 4

Gould, Inc. v. Arkwright Mut. Ins. Co.,
    No. 3 CV 92-403, 1995 WL 807071 (M.D. Pa. Nov. 8, 1995) ...................... 6, 7

Grant v. Sun Indem. Co. of New York,
    11 Cal. 2d 438 (1938) .................................................................................. 14

Gulezian v. Lincoln Ins. Co.,
    506 N.E.2d 123 (Mass. 1987) ........................................................................ 7

Hartford Acc. & Indem. v. Cont'l Nat. Am. Ins.,
    861 F.2d 1184 (9th Cir. 1988) .................................................................... 5, 8

Hellman v. Great Am. Ins. Co.,
    66 Cal. App. 3d 298 (1977) ............................................................................ 4

Ins. Co. of the Pa. v. Acceptance Ins. Co.,
    No. SACV 01-0225 DOC (ANx), 2002 U.S. Dist. LEXIS 27832
    (C.D. Cal. Apr. 29, 2002) ............................................................................ 2, 8

Iolab Corp. v. Seaboard Sur. Co.,
    15 F.3d 1500 (9th Cir. 1994) ................................................................ 2, 3, 10

Isaacson v. Cal. Ins. Guar. Assn.,
    44 Cal. 3d 775 (1998) .............................................................................. 13, 14

Johansen v. Cal. State Ass'n,
    15 Cal. 3d  9 (1975) .................................................................................. 12, 13

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

Kelley v. British Commercial Ins. Co.,
    221 Cal. App. 2d 554 (1963) .................................................................................. 12

Kennedy v. Am. Fidelity & Cas Co., Inc.,
    97 Cal. App. 315 (1950) ...................................................................................... 14

Koppers Co., Inc. v. Aetna Cas. & Sur. Co.,
    98 F.2d 1440 (3d Cir. 1996) ................................................................................... 6

Lehto v. Allstate Ins. Co.,
    31 Cal. App. 4th 60 (1994) ................................................................................... 11

Liberate Techs v. Certain Underwriters at Lloyd's London,
    No. Civ. 445162 (Cal. Super. Ct., San Mateo Cty., July 21, 2005) ......................... 4

Lockheed Corp. v. Cont'l Ins. Co.,
    134 Cal. App. 4th 187 (2005) ................................................................................. 5

Love v. Fire Ins. Exch.,
    221 Cal. App. 3d 1136 (1990) .............................................................................. 10

Ludgate Ins. Co. v. Lockheed Martin Corp.,
    82 Cal. App. 4th 592 (2000) ................................................................................... 4

Nabisco, Inc. v. Transport Indem. Co.,
    143 Cal. App. 3d 831 (1983) .................................................................................. 2

Northrop Corp. v. Am. Motorists Ins. Co.,
    220 Cal. App. 3d 1553 (1990) ................................................................................ 4

nVidia Corp. v. St. Paul Merc. Ins. Co.,
    No. 05-438278 (Cal. Super. Ct., San Francisco Cty., Sept. 22, 2005) ..................... 4

PMI Mortgage v. Am. Int'l Spec. Lines Ins. Co.,
    394 F.3d 761 (9th Cir. 2004) ............................................................................. 4, 5

Pac. Employers Ins. Co. v. Domino's Pizza,
    144 F.3d 1270 (9th Cir. 1998) ........................................................................... 2, 8

Pac. Estates, Inc. v. Super. Ct.,
    13 Cal. App. 4th 1561 (1993) ............................................................................... 13

Pan v. State Farm Mut. Auto. Ins. Co.,
    No. C-05-05208 RMW, 2007 U.S. Dist. LEXIS 43766
    (N.D. Cal. June 8, 2007) ...................................................................................... 10

Pereira v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,
    No. 04 Civ. 1134 LTS, 2006 WL 1982789 (S.D. N.Y. July 12, 2006) ....................... 6

Phoenix Ins. Co. v. U. S. Fire Ins. Co.,
    189 Cal. App. 3d 1511 (1987) ....................................................................... 2, 6, 7, 8

Pruyn v. Agric. Ins. Co., 36th,
    Cal. App. 4th 500 (1995) .................................................................................. 13, 14

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Rummel v. Lexington Ins. Co.,
    945 P.2d 970 (N.M. 1997) ................................................................6, 7

Safeco Ins. Co. v. Super. Ct.,
    71 Cal. App. 4th 782 (1999) ...............................................................14

San Diego Housing Comm'n v. Indus. Indem. Co.,
    68 Cal. App. 4th 526 (1998) ...............................................................10

Schwartz v. State Farm Fire & Cas. Co.,
    88 Cal. App. 4th 1329 (2001) .............................................................11

Shell Oil Co. v. Nat'l Union Fire Ins. Co.,
    44 Cal. App. 4th 1633 (1996) .............................................................11

Shell Oil v. Winterhur Swiss Ins. Co.,
    12 Cal. App. 4th 715 (1993) .................................................................4

Signal Cos. v. Harbor Ins. Co.,
    27 Cal. 3d 359 (1980) ....................................................................2, 5, 8

Span Inc. v. Assoc. Int'l,
    227 Cal. App. 2d 463 (1991) .................................................................7

State Farm Fire & Cas. Co. v. Jioras,
    24 Cal. App. 4th 1619 (1994) ................................................................2

Strauss v. Farmers Ins. Exch.,
    26 Cal. App. 4th 1017 (1994) ..............................................................11

The Flintkote Co. v. Gen. Accident Assur. Co. of Canada,
    410 F. Supp. 875 (N.D. Cal. 2006) ........................................................5

Travelers Cas. & Sur. Case Co. v. Am. Int'l Surplus Lines Ins. Co.,
    465 F. Supp. 2d 1005 (S.D. Cal. 2006) ...............................................2, 8

UNR v. Cont'l Cas. Co.,
    942 F.2d 1101 (7th Cir. 1991) ...............................................................6

U.S. Fire Ins. Co. v. Lay,
    577 F.2d 421 (9th Cir. 1978) .................................................................2

U.S. v. Fire Ins. Co. v. Charter Fin. Group, Inc.,
    851 F.2d 957 (7th Cir. 1988) .................................................................6

United Serv. Auto Ass'n v. Alaska Ins. Co.,
    94 Cal. App. 4th 638 (2001) ................................................................14

Waller v. Truck Ins. Exch., Inc.,
    11 Cal. 4th 1 (1995) ...........................................................................10

Zeig v. Mass. Bonding & Ins. Co.,
    23 F.3d 663 (2d Cir. 1928) ....................................................................6

- v -

**STATUTES**

Cal. Ins. Code § 533 (2007)..................................................................................................9

Fed. R. Civ. P. 12(b)(6) (2007) ...........................................................................................1

S T R O O C K   &   S T R O O C K   &   L A V A N   LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Defendant Twin City Fire Insurance Company ("Twin City") hereby presents this Reply in Support of its Motion to Dismiss the Complaint of Plaintiff Crowley Maritime Corporation ("Plaintiff") pursuant to Fed. R. Civ. Proc. 12(b)(6) and states as follows:

## I.    INTRODUCTION

Plaintiff's Complaint failed to state claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Twin City. Until the underlying insurer, Federal Insurance Company ("Federal"), has admitted its liability under its Policy and exhausted its Policy limits by paying the full amount of its liability, there is no duty or obligation on the part of an excess insurer in Twin City's position that could form the basis of a "breach-of-contract" claim, much less a claim for breach of the implied covenant of good faith and fair dealing, or "bad faith." On the face of the pleadings here it is plain that exhaustion of the underlying insurance has not occurred. Absent exhaustion, Twin City has no active contractual duty to Plaintiff, and therefore Plaintiff has no breach of contract claim against Twin City. Absent any breach of contract by Twin City, Plaintiff has no valid "bad faith" claim.

Plaintiff's Opposition does not cure these defects.

No amendment to Plaintiff's Complaint can truthfully allege that the Underlying Insurance has been exhausted by Federal's admission of liability and payment in full. Accordingly, as set forth more fully below, Twin City respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(6), that the Court grant Twin City's Motion to Dismiss Plaintiff's claims for (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing for failure allege facts sufficient to state a claim.

## II.    ARGUMENT

### A.    Plaintiff's Breach of Contract Claim Fails Absent Exhaustion of Underlying Insurance by Underlying Insurer's Admission of Liability and Actual Payment.

The Twin City Excess Policy provides that "liability for any loss shall attach to [Twin City] only after the Primary and Underlying Excess Insurers shall have duly admitted liability and shall have paid the full amount of their respective liability…." (Compl., Ex. B, p. 3 of 20, § 2 (Limit of Liability). Federal, the Primary Insurer, has denied coverage for the settlement of the Underlying

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Litigation and has, as of February 27, 2008, refused to pay Plaintiff insurance benefits. (Answer of Federal Insurance Company, hereafter "Federal's Answer").[1]

Twin City cannot have breached its contractual obligations to Plaintiff because those obligations have not arisen. Under California law, an excess insurer has no obligations under its Policy until the limits of the underlying insurers are exhausted. *See*, *Pac. Employers Ins. Co. v. Domino's Pizza*, 144 F.3d 1270, 1277 (9th Cir. 1998), *amended by,* 98 C.A.R. 7447 (9th Cir. 1998) (excess carrier not required to contribute to settlement before underlying insurance was exhausted).[2] Because the limits of the underlying Federal Primary Policy have not been exhausted, the Twin City Excess Policy has not been triggered. *Iolab Corp. v. Seaboard Sur. Co*., 15 F.3d 1500, 1504 (9th Cir. 1994).[3]

---

[1] A courtesy copy of Federal's Answer is attached to the Request for Judicial Notice ("RJN") filed concurrently herewith.

[2] *See also Travelers Cas. & Sur. Case Co. v. Am. Int'l Surplus Lines Ins. Co.*, 465 F. Supp. 2d 1005, 1022 n. 17 (S.D. Cal. 2006); *Ins. Co. of the Pa. v. Acceptance Ins. Co.*, No. SACV 01-0225 DOC (ANx), 2002 U.S. Dist. LEXIS 27832, at *9-10, (C.D. Cal. Apr. 29, 2002); *State Farm Fire & Cas. Co. v. Jioras*, 24 Cal. App. 4th 1619, 1626 (1994); *Phoenix Ins. Co. v. U. S. Fire Ins. Co.*, 189 Cal. App. 3d 1511, 1528 (1987), *superseded on other grounds by statute as stated in Cal. Ins. Guar. Assn. v. Workers' Comp. Appeals Bd.*, 128 Cal. App. 4th 307 (2005); *Nabisco, Inc. v. Transport Indem. Co.*, 143 Cal. App. 3d 831, 836 (1983); *Signal Cos. v. Harbor Ins. Co.*, 27 Cal. 3d 359, 370-371 (1980). Oddly, Plaintiff would distinguish *State Farm v. Jioras* and other authority not cited in Twin City's Motion on grounds that these authorities "involve excess insurance, but are not germane to this case." Plaintiff is incorrect. Plaintiff attempts to distinguish *Nabisco*, *U.S. Fire Ins. Co. v. Lay*, 577 F.2d 421 (9th Cir. 1978), *infra*, and other authority not cited in Twin City's Motion as "irrelevant for the same reason as *Iolab* – because the insured's losses in those cases did not exceed the level of the underlying insurance and reach the threshold of the targeted insurer." However, the court in *Nabisco* does not pin its holdings on whether the Insureds' Losses exceeded the level of the Underlying Insurance. *Nabisco*, 143 Cal. App. at 836. Moreover, in its Motion, and in this Reply, Twin City cites *Lay* for the proposition that settling below the primary limit would remove the primary's incentive to represent the interests of the excess carrier, and thus it is irrelevant that in *Lay* the Insured's Losses did not exceed the Underlying Insurance.

[3] *See also U.S. Fire Ins. Co. v. Lay*, 577 F.2d 421, 423 (9th Cir. 1978) ("A settlement for less than the primary limit that imposed liability on the excess carrier would remove the incentive of the primary insurer to defend in good faith or to discharge its duty…to represent the interests of the excess carrier." (internal citations omitted)); *Gemstar-TV Guide Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV 06-5183 GAF (C.D. Cal. Nov. 30, 2006); *Denny's, Inc. v. Chicago Ins. Co.*, 234 Cal. App. 3d 1786, 1793 (1991).

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1   Plaintiff attempts to distinguish *Iolab*:

2       in [*Iolab*] it was held that the insured could not obtain declaratory relief concerning
3   the coverage obligations of its excess insurers…but the crucial difference is that in
    *Iolab* the amount of the insured's loss…was far less than its aggregate primary
4   limits…so there was no reasonable possibility that the loss would ever trigger
    coverage under the excess policies. Here, by contrast, [Plaintiff's] loss…has already
5   triggered coverage under all three Insurer's policies.

6   (Opposition, p. 3; see also Opposition, pp. 9-10).

7
8       Plaintiff's attempt to distinguish *Iolab* from current facts can only be an effort to obscure

9   the fact that *Iolab* is one of many cases standing for exactly what Twin City asserts: that an excess

10  carrier's contractual obligation is not triggered until the underlying insurance is exhausted, and thus

11  no breach of contract claim against an excess carrier can survive prior to exhaustion. 15 F.3d at

12  1504. Plaintiff did not bring a claim for declaratory relief, but claims for breach of contract and bad

13  faith. The fact that the *Iolab* court considered, when refusing to view the Insured's claim as one for

14  declaratory relief, that the Insured's Losses would never reach the excess layer is irrelevant to

15  Plaintiff's current claims for breach of contract and bad faith, claims the *Iolab* court dismissed prior

16  to its discussion of declaratory relief:

17
18      under California law, it is clear that '[a]ll primary insurance must be exhausted
        before liability attaches under a secondary policy[,]'…[t]hus, [Insured] could not
19      have sued the excess insurers for breach of contract until the legal obligations of the
        primary insurers had been determined and the excess policies had been triggered.
20

21  15 F.3d at 1504 (internal citations omitted), dismissing declaratory relief argument at 1504-05.

22      Furthermore, courts have dismissed claims for breach of contract and bad faith against

23  excess carriers where the Insured's claims exceeded the underlying limits. *See, e.g., Comerica v.*

24  *Zurich Ins. Co.*, 498 F. Supp. 2d 1019, 1030 (E.D. Mich. 2007) (granting excess insurer's motion to

25  dismiss breach of contract suit on grounds that the underlying insurance had not been exhausted;

26  insured's claims exceeded primary limit); *Gemstar-TV Guide Int'l, Inc. v. Nat'l Union Fire Ins. Co.*

27  *of Pittsburgh, PA*, No. CV 06-5183 GAF (C.D. Cal. Nov. 30, 2006) (granting excess insurer's

28  motion to dismiss breach of contract and bad faith claims on grounds that the underlying insurance

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

had not been exhausted; insured's claims exceeded underlying limits); *nVidia Corp. v. St. Paul Merc. Ins. Co.*, No. 05-438278 (Cal. Super Ct., San Francisco Cty., Sept. 22, 2005) (sustaining excess insurer's demurrer to breach of contract claim on grounds that underlying insurance had not been exhausted, notwithstanding the fact that insured, whose claims exceeded underlying limits, plead that underlying insurance had been exhausted by actual payment);[4] *Fed. Ins. Co. v. Super. Ct. of the State of Cal. for the County of San Mateo*, No. A11027 (Cal. Ct. App., 1st Dist., June 25, 2005) (ordering Respondent Superior Court to sustain excess insurer's demurrer to breach of contract and bad faith claims on grounds that the underlying insurance had not been exhausted; insured's claims exceeded underlying limits); *Liberate Techs. v. Certain Underwriters at Lloyd's London*, No. Civ. 445162 (Cal. Super. Ct., San Mateo Cty., July 21, 2005)[5] (sustaining excess insurer's demurrer to breach of contract and bad faith claims on grounds that underlying insurance had not been exhausted; insured's claims exceeded underlying limits).

Throughout its Opposition, Plaintiff attempts to distract from the well-established principle that an excess insurer's liability is not triggered until exhaustion by citing numerous cases purportedly asserting that actions for declaratory relief may be brought against excess carriers prior to exhaustion.[6] Even assuming that Plaintiff's authorities say just that, the proposition is irrelevant

---

[4] A courtesy copy of this Order, which is not certified for publication, is attached to the RJN filed concurrently herewith. Also attached is Defendant Executive Risk Indemnity Inc.'s Notice of Demurrer and Memorandum of Points of Authorities in Support Thereof, which is not certified for publication.

[5] Plaintiff distinguishes *Liberate, Fed. Ins. Co. v. Super Ct.* and *Gemstar* on grounds that they are unpublished and that neither involved claims that the excess insurer breached the duty to accept a good faith settlement, but this does not render these authorities any less persuasive as to the proposition for which they are cited: an excess insurer is not required to pay anything until the primary has exhausted the policy limits. *See Fed. Ins. Co. v. Super. Ct. of the State of Cal. for the County of San Mateo*, No. A11027 (Cal. Ct. App., 1st Dist., June 25, 2005); *Gemstar,* No. CV 06-5183 GAF (C.D. Cal. Nov. 30, 2006); *Liberate Techs. v. Certain Underwriters at Lloyd's London*, No. Civ. 445162 (Cal. Super. Ct., San Mateo Cty., July 21, 2005).

[6] *See* Opposition p. 10, *citing Hellman v. Great Am. Ins. Co.*, 66 Cal. App. 3d 298 (1977); Opposition p. 12, *citing Ludgate Ins. Co. v. Lockheed Martin Corp.*, 82 Cal. App. 4th 592 (2000); Opposition p. 12, n. 6, *citing Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App 4th 1 (1996); *FMC Corp. v. Plaisted & Cos.*, 61 Cal. App. 4th 1132 (1998); *Shell Oil v. Winterhur Swiss Ins. Co.*, 12 Cal. App. 4th 715 (1993); *Northrop Corp. v. Am. Motorists Ins. Co.*, 220 Cal. App. 3d 1553 (1990); *PMI Mortgage v. Am. Int'l Spec. Lines Ins. Co.,* 394 F.3d 761 (9th Cir.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

and unhelpful to Plaintiff's case. A mountain of authority establishing that pre-exhaustion claims for declaratory relief are proper does not show that pre-exhaustion claims for breach of contract and bad faith are proper.

Plaintiff also incorrectly asserts at pp. 16-20 that exhaustion by Federal's actual payment is not required to trigger Twin City's obligations, despite the clear language of the Policy stating that it is. Policy language controls where, as here, it is "clear and explicit." *See, e.g., Commercial Capital Bankcorp. Inc. v. St. Paul Mercury Ins. Co.*, 419 F. Supp. 2d 1173, 1179 (C.D. Cal. 2006), *citing Bank of the West v. Super Ct.*, 2 Cal. 4th 1254, 1264 (1992). In *Hartford Acc. & Indem. v. Cont'l Nat. Am. Ins.*, the court enforced policy language requiring actual payment, noting that "the [Supreme Court of California] has stated in particular that it would not impose a duty on an excess insurer in contravention of the provisions in its policy unless it found a 'compelling equitable consideration' that required it to do so." 861 F.2d 1184, 1185-1187 (9th Cir. 1988), *citing Signal Cas. v. Harbor*, 27 Cal. 3d. 359, 369 (1980). The primary carrier argued that equity compelled the excess carrier, who would eventually bear "the lion's share" of the settlement, to reimburse the primary prior to exhaustion, but the *Hartford* court found in this no "equitable consideration[s]" excusing actual payment:

> an excess insurer predicates the premiums it charges upon the obligations that it and the primary insurer assume, including primary insurer's obligation to defend all suits until exhaustion of its liability limits…Equity cannot require [excess carrier] to provide coverage for which it was not paid.

*Hartford*, 861 F.2d at 1186, 1187, *citing Chubb/Pac. Indem. Group v. Ins. Co. of N. Am*, 188 Cal. App. 3d 691 (1987).

2004); and *The Flintkote Co. v. Gen. Accident Assur. Co. of Canada*, 410 F. Supp. 875 (N.D. Cal. 2006); Opposition p. 13, *citing Lockheed Corp. v. Cont'l Ins. Co*., 134 Cal. App. 4th 187 (2005).

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1    Plaintiff cites several cases (pp. 16-20) in support of its position that, despite Policy

2    language requiring exhaustion by actual payment, actual payment should not be required. Of these,

3    only six, all distinguishable, involve policy language requiring actual payment.[7]

4    In *Zeig v. Mass. Bonding & Ins. Co.*, the policy provided that excess coverage "shall not

5    apply and cover only after all other insurance herein referred to shall have been exhausted in the

6    payment of claims to the full amount of the express limits of such other insurance." 23 F.3d 663,

7    665 (2d. Cir. 1928). Unlike the Twin City Excess Policy, the policy in *Zeig* did not require payment

8    of claims *by an Insurer*. Furthermore, a Second Circuit case decided in 1928 does not supplant the

9    authority of the California courts on California law. *Erie R. R. Co. v. Tompkin*s, 304 U.S. 64, 78, 58

10   S.Ct. 817, 822 (1938).

11   The same distinction applies to *Pereira v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No.

12   04 Civ. 1134 LTS, 2006 WL 1982789, at *7 (S.D. N.Y. July 12, 2006), which follows *Zeig*.

13   Moreover, in *Periera*, the underlying carrier was insolvent, which is not the case here. *Id.* To the

14   extent *Zeig* and progeny arise from a New York state public policy-based reluctance to enforce

15   actual payment clauses, such policy is not in effect in California courts.

16   *Gould, Inc. v. Arkwright Mut. Ins. Co.*, No. 3 CV 92-403, 1995 WL 807071 (M.D. Pa. Nov.

17   8, 1995), also following *Zeig*, is further distinguishable based on the logic of *Rummel v. Lexington

18   Ins. Co.*, 945 P.2d 970 (N.M. 1997), which Plaintiff also cites. In *Gould*, the policy provided that

19   liability attached after the Underlying Insurers "have paid *or* have been held liable to pay…"

20   (emphasis added). In *Rummel*, the court found actual payment unnecessary because the policy

21   provided that liability attached after the underlying insurer "has paid" *or* "has been held liable to

22   pay," and "it would be senselessly redundant for ['has been held liable to pay'] to also connote the

23

24   [7] The others are immediately distinguishable in that the relevant policy language is either absent
     from the opinion or requires only "exhaustion" but not exhaustion *by full payment by an Insurer*.
25   *See Fed. Ins. v. Srivastanva,* 2 F.3d 98 (5th Cir. 1993) (exhaustion clause does not mention
     "payment"); *UNR v. Cont'l Cas. Co.*, 942 F.2d 1101 (7th Cir. 1991) (same); *U.S. v. Fire Ins. Co., v.*
26   *Charter Fin. Group, Inc.* 851 F.2d 957, 961 (7th Cir. 1988) (same); *Phoenix Ins. Co. v. U.S. Fire
     Ins.*, 189 Cal. App. 3d 1511, 1539-30 (1987) (clause references only "collectible" insurance, not
27   actual payment); *Koppers Co., Inc. v. Aetna Cas. & Sur. Co.,* 98 F.2d 1440 (3d Cir. 1996)
     (language of exhaustion clause not provided).

28

idea of payment in full, in cash." 945 P.2d at 977-78. Whereas, unlike the policies in *Rummel* and *Gould*, the Twin City policy requires that Federal "have paid the full amount of [its] respective liability" with no language suggesting exhaustion by other methods.

*Comerica Inc. v. Zurich Am. Ins. Co.* further distinguishes *Zeig* and progeny, noting that cases following *Zeig* "generally rely on an ambiguity in the definition of 'exhaustion' or lack of specificity in the excess contract as to how the primary insurance is to be discharged" but that "a different result occurs when the policy language is more specific." 498 F. Supp. 2d 1019, 1030 (E.D. Mich. 2007).

The one California case Plaintiff cites for the proposition that actual payment is not required, and where the exhaustion clause required actual payment, is *Span Inc. v. Assoc. Int'l*, 227 Cal. App. 2d 463 (1991).[8] Plaintiff misstates both *Span* and *Gulezian v. Lincoln Ins. Co.*, 506 N.E.2d 123 (Mass. 1987), which *Span* cites. Contrary to Plaintiff's claim, the *Span* court did not "signal its agreement" with the excess insurer's "concession" that "Condition J [requiring actual payment] should not be enforced literally, citing…*Gulezian*…which held that it would be unconscionable to literally enforce [an actual payment clause]." Condition J was not in issue in *Span*, and thus the court did not need to address whether it was unenforceable as a matter of public policy. 227 Cal. App. 2d at 473, n. 7, *citing Gulezian.*[9] Moreover, in *Span*, the court ultimately enforced another clause requiring actual payment, as "the language of [the] excess policy is not ambiguous. It requires exhaustion of the underlying limit by payment before the excess insurer must respond." 227 Cal. App. 2d at 480.

In addition to requiring actual payment by Federal, the Twin City Excess Policy requires that Federal "have duly admitted liability" before Twin City's liability attaches. The Complaint and

---

[8] Plaintiff also cites *Phoenix Ins. Co. v. U.S. Fire Ins.*, 189 Cal. App. 3d 1511, 1539-30 (1987), *supra*, but the clause in *Phoenix* referenced only "collectible," insurance, not actual payment.

[9] In *Gulezian*, the Massachusetts Supreme Court refused to enforce an actual payment clause -- which did not call for payment by the Underlying Insurer -- not because such clause was per se "unconscionable" as Plaintiff implies, but because other policy language created an ambiguity as to whether excess coverage dropped down when the Underlying Insurance was uncollectible due to the primary insurer's insolvency. 506 N.E.2d at 125-126.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Federal's Answer make clear that this has not happened. (Compl., ¶¶ 12, 30); (Federal's Answer ¶¶ 1-37; Defenses 1-25). Plaintiff offers no authority on why this clear policy language should not be honored.[10]

Additionally, Plaintiff's Complaint makes no specific factual allegations that Twin City breached the terms of the Policy, only allegations that Federal breached. (Compl. ¶¶ 1-27). Plaintiff's conclusory assertion that "Federal, Twin City and RLI have breached their contractual duties to indemnify [Plaintiff] for its losses associated with the [Underlying Litigation]" (Compl. ¶ 25) is not a factual allegation sufficient to state a claim for breach of contract against Twin City.

Plaintiff's ostensible basis for a breach of contract claim against Twin City arises from its allegation that Twin City did not respond when, in March 2007, Plaintiff notified Federal and Twin City that there was a proposed settlement of the Underlying Action and the Delaware Chancery Court's approval would be sought at an upcoming hearing. (Compl. ¶ 9). However, no breach can flow from Twin City's failure to respond, as Twin City was not contractually required to do so.

The "March 2007" notification took place via a letter to Federal, Twin City and RLI dated March 28, 2007 (the "March 2007 Letter"),[11] which gives no indication that the proposed settlement would constitute covered Loss triggering Twin City's layer of coverage. The only reference to a specific monetary amount is a line indicating that the plaintiffs in the Underlying Litigation offered to dismiss their suit if they could sell their common stock for $2990 per share in

---

[10] However, Plaintiff attempts to distract from abundant California authority providing that an excess insurer's obligations do not arise until exhaustion by insisting on irrelevant distinctions between those cases and the present facts. Plaintiff attempts to distinguish *Travelers' Cas., Phoenix, Ins. Co. of the Pa., Pac. Employers, Hartford, Signal,* and other authorities not cited in Twin City's Motion on grounds that they involve contribution or allocation disputes among multiple insurers. Nevertheless, each of Twin City's cited authorities explicitly states that an excess carrier has no obligations until the limits of the underlying insurance are exhausted. *See Travelers Cas.,* 465 F. Supp. 2d at 1022; *Phoenix,* 189 Cal. App. 3d at 1528; *Pac. Employers,* 144 F.3d at 1277; *Ins. Co. of the Pa.,* 2002 U.S. Dist. LEXIS 27832, at *9-10; *Hartford,* 861 F.2d at 1185-1187.

[11] A courtesy copy of the Letter is attached to the RJN filed concurrently herewith.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

cash through a tender offer.[12] The March 2007 Letter's only other reference to money is the statement that "the proposed settlement includes a provision that would require [Plaintiff] to pay attorneys fees and costs incurred by the plaintiffs in prosecuting [the Underlying Action]. [Plaintiff] would be looking to its carriers to cover – among other costs of the settlement – those fees and costs, as well as [Plaintiff's] own defense costs." However, no amount is given, and a reasonable person could assume, in absence of any other indication, that the fees and costs referenced were within the primary layer, if covered at all. The Letter does not clearly ask for Twin City's consent to a settlement. Furthermore, as Twin City's liability attaches when *Federal* admits liability and exhausts its Policy limits, any "consent" by Twin City prior to that point would be meaningless.[13]

Under these circumstances, there is no basis for alleging Twin City's obligation to perform under its Excess Policy has arisen, which is fatal to Plaintiff's claim for breach of contract. *See*, *e.g.* *Crosthwaite v. Glavin Constr. Mgmt.*, No. C 07-01241 WHA, 2007 U.S. Dist. LEXIS 73757, at *7 (N.D. Cal. Sept. 25, 2007).[14]

---

[12] Any monetary amounts implicated in the tender offer would not constitute covered Loss under the Twin City Excess Policy, as Twin City's policy follows form to Federal's. The Federal Policy's definition of "Loss" excludes "any amount that is substantially equivalent to an increase in the consideration paid (or proposed to be paid) by an Organization in connection with its purchase of any securities or assets." (Compl., Ex. A, Federal Policy, Definition of Loss, sub. (g)).

[13] Even if the March 2007 Letter had been a clear request for settlement, Twin City is not certain that the settlement is covered by the Twin City Excess Policy at all. The Policy excludes from coverage amounts not insurable under the law (Compl., Ex. A, Federal Policy, Definition of Loss, sub. (e)) and amounts arising from the director defendants' having gained a profit to which they were not legally entitled (Compl., Ex. A, Federal Policy, Exclusion 7(c)). Cal. Ins. Code § 533 prohibits insuring losses caused by Insured's willful acts. Moreover, according to the March 2007 Letter, Crowley Maritime Corporation, the party that appears to be paying for the proposed settlement, is not even an Insured Person under the Policies. (Compl., Ex. A, Federal Policy, Endorsement 5, Sub. 4(e): "**Insured Person** means any **Executive** or **Employee** of an **Organization**.").

[14] *Accord Cal-Agrex, Inc. v. Van Tassell*, No. C-07-0964 SC, 2007 U.S. Dist. LEXIS 73676, at *3 (N.D. Cal. Sept. 25, 2007); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Plaintiff's argument, at p. 15, that these cases are "so far afield they do not even involve insurance at all" does not help its Complaint. Twin City cites these cases for the elements of breach of contract, and hence they need not "involve insurance."

1    There is no amendment Plaintiff can make that would render the Complaint's allegations

2 sufficient to state a claim for breach of contract against Twin City. Therefore, Twin City's Motion

3 to Dismiss Plaintiff's breach of contract claim should be sustained.

**B.    Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Also Fails.**

6    Plaintiff's bad faith claim against Twin City must also be dismissed, since an indispensable

7 element of any bad faith claim is the withholding by the insurer of benefits due to the insured under

8 the Policy. As explained in *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990):

> …when benefits are due an insured, [numerous tactics] may breach the implied covenant because it frustrates the insured's primary right to receive the benefits of his contract…*[a]bsent that primary right, however, the auxiliary implied covenant has nothing upon which to act as a supplement, and should not be endowed with an existence independent of its contractual underpinnings*.

(emphasis added).[15]

    As Twin City's duty to provide coverage has not been triggered, there can be no bad faith

claim, as it is well-established that a bad faith award is not available "without first establishing

coverage exists[.]" *Flores v. Amco Ins. Co*., No. CV F 07-1183 LJO DLB, 2007 U.S. Dist. LEXIS

86679, at *23, (E.D. Cal. Nov. 14, 2007) (*quoting Cal. State Auto Ass'n v. Inter-Ins. Bureau v. Super. Ct.*, 184 Cal. App. 3d 1428, 1433 (1986)).[16]

    Attempting to refute these cases, Plaintiff cites *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237

F.R.D. 225 (N.D. Cal. 2006), where the court allowed the insured to amend the pleadings to add a

pre-exhaustion claim for bad faith, distinguishing *Iolab* because the *Iolab* plaintiff had not

established that its Loss would ever trigger excess coverage. *Id.* at 228. The *ABM* opinion is brief,

and provides very little information about the bases of the court's conclusions. Still, it is

---

[15] *See also Pan v. State Farm Mut. Auto. Ins. Co.,* No. C-05-05208 RMW, 2007 U.S. Dist. LEXIS 43766, at *15 (N.D. Cal. June 8, 2007); *San Diego Housing Comm'n v. Indus. Indem. Co*., 68 Cal. App. 4th 526, 544 (1998).

[16] *See also Am. Motorists Ins. Co. v. Am. Re-Ins. Co.,* No. C 05-5202 CW, 2007 U.S. Dist. LEXIS 41257, at **18-19, (N.D. Cal. May 29, 2007); *Waller v. Truck Ins. Exch., Inc.,* 11 Cal. 4th 1, 36 (1995); *Love v. Fire Ins. Exch*., 221 Cal. App. 3d 1136 (1990).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

distinguishable from the present facts. First, *ABM* involved only a Motion to for Leave to File an Amended Complaint. *Id.* at 226. Presumably, after the pleadings were amended, the excess insurer would have filed a Motion to Dismiss based on the long line of California authority Twin City cites herein. Second, in *ABM*, the Insured established that the amount of Loss exceeded the policy limit of the underlying insurance layer. *Id.* at 228. That is not the case here. Based on Federal's Answer, it is unclear what amounts, if any, will be covered under its layer. Third, in *ABM*, the excess carrier denied coverage, which is akin to repudiating the contract, *Id.* at 226, whereas Twin City has not denied coverage, only stated that it has not yet attached. Fourth, the *ABM* opinion provides no description of the policy language, so it is unclear whether it required, as Twin City's Policy requires, exhaustion by the Underlying Insurer's due admission of liability and payment of Underlying Limits. *Id.* at 225-229.

In another attempt to summon a bad faith cause of action absent a contractual underpinning, Plaintiff cites *Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th 1329 (2001) for the proposition that an excess carrier may be in bad faith prior to exhaustion. However, *Schwartz* presents very a specific case of pre-exhaustion bad faith, with its own distinct body of case law, existing in narrow circumstances not found here, namely, multiple insureds with competing claims to the policy proceeds.[17] In *Schwartz*, plaintiff insured sued an excess carrier who knowingly paid out the policy to other insureds, thus injuring the plaintiff's rights under the contract. *Id.* at 1332, 1336. By contrast, Twin City has not paid policy funds to other insureds. The funds will be available when due under the contract. Twin City has been consistent with its duty "to refrain from doing anything that would injure [the insured's] right to receive the benefits of the contract." *Fuller-Austin Insul. Co. v. Highlands Ins. Co.,* 135 Cal. App. 4th 958, 985 (2006).

*Bodenhamer v. Super. Ct.*, which Plaintiff cites for the proposition that "a duty to act reasonably can arise prior to settlement," provides no basis for a pre-exhaustion bad faith claim

---

[17] *See, e.g., Shell Oil Co. v. Nat'l Union Fire Ins. Co.*, 44 Cal. App. 4th 1633, 1646-1647 (1996); *Strauss v. Farmers Ins. Exch.* 26 Cal. App. 4th 1017, 1021-1022 (1994); *Lehto v. Allstate Ins. Co.*, 31 Cal. App. 4th 60, 72 (1994) ("insurer owes duty of good faith and fair dealing to each of its insureds, and cannot favor the interests of one insured over the other.").

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

against Twin City. In *Bodenhamer*, the insurer was not an excess carrier, and hence no exhaustion was required to trigger its duties to the insured. 192 Cal. App. 3d 1472 (1987).

Plaintiff proffers various authority urging that a bad faith claim against Twin City is proper on grounds that Twin City has, and allegedly breached, a duty to accept a good faith settlement offer invading its limits of liability even though the Underlying Insurance has not been exhausted. The March 2007 Letter is far from a clear notification of a "good faith settlement offer." Even assuming it were, plaintiff's authorities are unpersuasive. Plaintiff cites *Kelley v. British Commercial Ins. Co*., 221 Cal. App. 2d 554 (1963) for the proposition that an excess carrier may be liable in bad faith, before exhaustion, for failing to settle the case against its insured. *Kelley* is distinguishable in two ways. First, the language of the operative exhaustion clause is absent from the *Kelley* opinion, and thus it is unclear whether said clause required the Primary insurer to duly admit its liability and pay in full. Second, contrary to Plaintiff's assertion, the underlying insurer in *Kelley* "tendered the full amount of its coverage prior to the commencement of the trial and offered to allow [excess insurer] take over the defense. [Excess insurer] elected to reject this offer." 221 Cal. App. 2d at 563. Thus *Kelley* does not inform the present case, where the exhaustion clause requires the primary to duly admit its liability and pay its limits and the primary has not done so.

*Fuller-Austin Insul. Co. v. Highlands Ins. Co.,* 135 Cal. App. 4th 958, 986 (2006) is similarly unpersuasive, quoting *Kelley* for the proposition that "an excess insurer, although not contractually obligated to take an active part in the defense of an insured, still owes its insured a duty of good faith when faced with an offer of settlement that exhausts the underlying policy limits" but adding nothing to the *Kelley* analysis. Twin City has never been "faced with an offer of settlement that exhausts the underlying primary limits." The March 2007 Letter is not a clear settlement offer, and it is not clear that Federal's underlying limits would be exhausted by the alleged offer, as the amount of the proposed settlement is not stated and the bulk of the alleged settlement would clearly be excluded from covered Loss. Thus *Fuller-Austin* imposes no duty on Twin City prior to the point when its contractual liabilities are triggered by exhaustion.

Moreover, recent California cases hold that Twin City may in good faith consider substantive policy coverage when considering settlement. *Johansen v. Cal. State Ass'n*, 15 Cal. 3d

9 (1975), which Plaintiff cites for the proposition that the insurer may not consider substantive coverage, has since been distinguished. *See, e.g.*, *Archdale v. Am. Intern. Specialty Lines Ins. Co.*:

> The [Court of Appeals] declined to read *Johansen*'s broad restatement of the *Comunale* rule…to so burden a liability insurer in a case where the third party claims embraced clearly uncovered risks as well as those that fell within coverage. The…court emphasized the language from *Comunale* that an insurer denies coverage "at its own risk, and ...*if the denial is found to be wrongful* it is liable for the full amount which will compensate the insured...." The court thus read the *Comunale* rule to presuppose "that an insurer denies coverage at its own risk *if, and only if,* coverage is ultimately found. Essentially, there are two separate coverage questions: coverage within the monetary limits of a policy ('vertical coverage') and substantive coverage of an insurance policy ('horizontal coverage').

154 Cal. App. 4th 449, at 464 n. 14 (2007), *quoting Camelot by the Bay Condo. Owners' Assn. v. Scottsdale Ins. Co.*, 27 Cal. App. 4th 33, 52-53 (1994) and *citing Comunale v. Traders & Gen Ins. Co.*, 50 Cal. 2d 654 (1958) (emphasis in original, internal citations omitted). Thus, even if the March 2007 Letter were a clear settlement offer, *and* Federal duly admitted liability *and* paid it in full, statements of California law far more recent than *Johansen* allow Twin City to consider whether its own policy covers Plaintiff's alleged Losses and remain in good faith.[18]

Plaintiff erroneously states that *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1 (1988) provides that an Insurer's unreasonable refusal to settle gives rise to a presumption that the underlying claims are "harm within the coverage." Rather, *Armstrong* states that the insurer's refusal to settle may give rise to an action for reimbursement, and where the insured meets its burden of showing the settlement was reasonable, the settlement raises presumptions that the claim was legitimate and the settlement amount equals the insured's liability. *Armstrong*, 45 Cal. App. 4th at 85, *quoting Isaacson v. Cal. Ins. Guar. Assn.,* 44 Cal. 3d 775

---

[18] *Diamond Heights Homeowners Assn. v. Nat'l Am. Ins. Co*., 227 Cal. App. 3d 563 (1991), which Plaintiff cites for an insurer's good faith duty to conduct settlement negotiations, has been disapproved on grounds that it fundamentally misunderstands the relationship of excess and primary carriers by treating them as "co-obligors." *See e.g.*, *Pruyn v. Agric. Ins. Co.,* 36 Cal. App. 4th 500, 524 (1995), *citing Pac. Estates, Inc. v. Super. Ct.*, 13 Cal. App. 4th 1561, 1572-75 (1993). Moreover, *Diamond Heights* addressed the Insurer's good faith duty not to veto a settlement. Twin City has not vetoed any settlement, first, because Twin City was not clearly presented with a settlement, and second, because Twin City never told Plaintiff not to settle.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

(1988). No presumption arises from Twin City's alleged refusal to settle, as recent interpretations of *Isaacson* note that these presumptions arise only where the Insurer breaches its duty to defend, and Twin City has no such duty. *Safeco Ins. Co. v. Super. Ct.*, 71 Cal. App. 4th 782, 790 n. 5 (1999).

Plaintiff asserts that Twin City, having allegedly breached its duty to accept a reasonable settlement, has waived conditions precedent such as the loss payable clause. Tellingly, none of Plaintiff's authorities involve waiver of an "exhaustion by actual payment" clause. *See Kennedy v. Am. Fidelity & Cas Co., Inc.*, 97 Cal. App. 315, 316-317 (1950) (notice provision); *Pruyn v. Agric. Ins. Co.*, 36th Cal. App. 4th 500, 515-516 (cooperation condition); *United Serv. Auto Ass'n v. Alaska Ins. Co.*, 94 Cal. App. 4th 638, 644 (2001) (consent to settlement condition); *Grant v. Sun Indem. Co. of New York*, 11 Cal. 2d 438, 440 (1938) (final judgment condition).

Since Federal has denied liability for coverage and has refused to pay Plaintiff insurance benefits (Compl. ¶¶ 12, 30); (Federal's Answer ¶¶ 1-37; Defenses 1-25), it is clear from the pleadings that no coverage is currently due under the Twin City Excess Policy. Because Twin City owes no contractual duty to the Plaintiff, Plaintiff's bad faith claim cannot succeed. Thus, the claim should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Defendant Twin City Fire Insurance Company respectfully requests that the Court enter an Order granting its Motion to Dismiss the claims against Twin City

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  for breach of contract and breach of the implied covenant of good faith and fair dealing in Plaintiff

2  Crowley Maritime Corporation's Complaint.

3

4  DATED:     March 21, 2008

Respectfully submitted,
STROOCK & STROOCK & LAVAN LLP
5                                                             Michael F. Perlis
Richard R. Johnson
6                                                             Rachael Shook

7

8                                                   By:    /s/ Richard R. Johnson

9                                                             Richard R. Johnson
Attorneys for Twin City Fire Insurance
10                                                           Company

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF TWIN CITY FIRE INSURANCE COMPANY'S MOTION TO DISMISS
CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI