STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 95992)
mperlis@stroock.com
RICHARD R. JOHNSON (State Bar No. 198117)
rjohnson@stroock.com
RACHAEL SHOOK (State Bar No. 251628)
rshook@stroock.com
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
    TWIN CITY FIRE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>   Plaintiff,<br><br>  vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>   Defendants. | **Case No: CV-08-00830 SI**<br><br>[Hon. Susan Illston]<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF CROWLEY MARITIME CORPORATION'S COMPLAINT**<br><br>DATE: April 7, 2008<br>TIME:  9:00 a.m.<br>PLACE: Courtroom 10, 19th Floor |

LA 51031969v1

1    In connection with Defendant Twin City Fire Insurance Company's concurrently-filed

2  Reply in Support of its Motion to Dismiss Plaintiff Crowley Maritime Corporation's Complaint

3  pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Twin City Fire Insurance

4  Company hereby requests that the Court take judicial notice, pursuant to Rule 201 of the Federal

5  Rules of Evidence, of the following:[1]

6    (1)    Order by the Superior Court of the State of California, County of San Francisco, in

7  the case entitled nVidia Corp. v. St. Paul Mercury Ins. Co., County of San Francisco Superior

8  Court Case No. Civ. 05-438278.  A true and correct copy of the Order is attached hereto as

9  Exhibit A.

10    (2)    Defendant Executive Risk Indemnity Inc.'s Notice of Demurrer and Demurrer to

11  Plaintiff's First Amended Complaint; Memorandum of Points and Authorities in Support Thereof

12  in the case entitled nVidia Corp. v. St. Paul Mercury Ins. Co., County of San Francisco Superior

13  Court Case No. Civ. 05-438278.  A true and correct copy of the Notice and Memorandum is

14  attached hereto as Exhibit B.

15    (3)    Defendant Federal Insurance Company's Answer to Plaintiff Crowley Maritime

16  Corporation's Complaint in the case entitled Crowley Maritime Corp. v. Federal Ins. Co., United

17  States District Court for the Northern District of California, San Francisco Division Case No. CV-

18  08-00830 SI.  A true and correct copy of the Answer is attached hereto as Exhibit C.

19  ///

20  ///

21  ///

22  ///

23  ///

---

[1] This Court may take judicial notice of documents filed and orders or decisions entered in federal or state court.  *See, e.g.*, *Doran v. Eckold*, 409 F.3d 958, 962, fn. 1 (8th Cir. 2005) (judicially noticing documents considered by District Court at summary judgment stage but not admitted at trial); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (judicially noticing California Court of Appeal's opinion, the briefs filed in that proceeding, and the briefs filed in the trial court).

1          (4)      Letter dated March 28, 2007 from Phillip L. Pilsbury, Jr. and Richard D. Shively to

2  Chubb Group of Insurance Companies, Hartford/Twin City, and RLI Insurance Company.  A true

3  and correct copy of the Letter is attached hereto as Exhibit D.

4

5  Dated:   March 21, 2008                  Respectfully Submitted,

6                            STROOCK & STROOCK & LAVAN LLP
                              MICHAEL F. PERLIS

7                            RICHARD R. JOHNSON
                            RACHAEL SHOOK

8

9                    By:   /s/ Richard R. Johnson
                          Richard R. Johnson

10

11                      Attorneys for Defendant
                      TWIN CITY FIRE INSURANCE
                      COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEF. TWIN CITY FIRE INS. COMPANY'S REPLY IN SUPPORT OF
MOT. TO DISMISS PLAINTIFF CROWLEY MARITIME CORPORATION'S COMPLAINT - Case No. CV-08-00830 SI

# EXHIBIT A

1   STROOCK & STROOCK & LAVAN LLP
    MICHAEL F. PERLIS (State Bar No. 95992)
2   JAMES W. DENISON (State Bar No. 155337)
    CARY JOY BRUNNER (State Bar No. 211438)
3   2029 Century Park East, Suite 1800
    Los Angeles, California  90067-3086
4   Telephone: 310-556-5800
    Facsimile: 310-556-5959
5
    Attorneys for Defendant
6   EXECUTIVE RISK INDEMNITY INC.

7

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 2 2 2005

GORDON PARK-LI, Clerk
BY: _____RENE A. PASCUAL_____
                        Deputy Clerk

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN FRANCISCO

10

11  NVIDIA CORPORATION, a Delaware          )   Case No. 05-438278
    corporation; NVIDIA US INVESTMENT       )
12  COMPANY, f/k/a TITAN ACQUISITION        )
    CORP. NO. 2, a Delaware corporation; TENCH )   [PROPOSED] ORDER SUSTAINING IN
13  COXE, an individual; JAMES C. GAITHER, an )   PART AND OVERRULING IN PART
    individual; CHRISTINE B. HOBERG, an     )   DEMURRER OF DEFENDANT
14  individual; JEN-HSUN HUANG, an individual; )   EXECUTIVE RISK INDEMNITY INC. TO
    HARVEY C. JONES, an individual; WILLIAM )   PLAINTIFFS' FIRST AMENDED
15  J. MILLER, an individual; STEPHEN H.    )   COMPLAINT
    PETTIGREW, an individual; BROOKE        )
16  SEAWELL, an individual; and MARK A.     )   Action Filed: January 31, 2005
    STEVENS, an individual,                 )   Date:    June 28, 2005
17                                          )   Time:    9:30 a.m.
             Plaintiffs,                    )   Dept:    302
18                                          )
                                            )
19      vs.                                 )
                                            )
20  ST. PAUL MERCURY INSURANCE              )
    COMPANY, a Minnesota corporation;       )
21  EXECUTIVE RISK INDEMNITY                )
    INCORPORATED, a Delaware corporation;   )
22  and ROYAL INSURANCE COMPANY OF          )
    AMERICA, an Illinois corporation,       )
23                                          )
             Defendants.                    )
24                                          )

25

26

27                                    EXHIBIT  A  PAGE  4

28



50296050v1

[PROPOSED] ORDER

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2      On June 28, 2005, the Demurrer of Defendant Executive Risk Indemnity Inc. ("ERII") to

3    Plaintiffs' First Amended Complaint came on regularly for determination by this Court.  Michael F.

4    Perlis and Cary J. Brunner, both of Stroock & Stroock & Lavan LLP, appeared on behalf of ERII.

5    Martin H. Myers and Nathan E. Shafroth, both of Heller Ehrman LLP, appeared on behalf of

6    Plaintiffs.  Anntim J. Vulchev of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, appeared on

7    behalf of Defendant Royal Indemnity Company.

8      After consideration of the submitted briefs, oral argument by the parties and all other

9    matters presented to the Court:

10      **IT IS HEREBY ORDERED** that ERII's Demurrer is SUSTAINED without leave to

11    amend as to the Second Cause of Action for Breach of Contract for the Underlying Action and

12    ERII's Demurrer is OVERRULED as to the Fourth and Fifth Causes of Action for Declaratory

13    Relief Regarding Defendants' Duty to Pay "Loss" in Connection with the Underlying Actions and

14    Regarding Defendants' Obligation to Pay Defense Fees and Costs and Indemnification for the

15    Underlying Actions, respectively.  ERII shall file and serve an answer or other response to

16    Plaintiffs' First Amended Complaint within ten (10) days of the date of this Order.

17

18

19    Dated: ___8/19/05___

20                   The Honorable Ronald E. Quidachay
               San Francisco County Superior Court Judge

21

22    Submitted By:

23    Dated: July 28, 2005       STROOCK & STROOCK & LAVAN LLP
               MICHAEL F. PERLIS

24                   JAMES W. DENISON
               CARY JOY BRUNNER

25

26           By: _____
         Cary Joy Brunner

27             Attorneys for Defendant
         EXECUTIVE RISK INDEMNITY INC.

28

         [PROPOSED] ORDER

         EXHIBIT A  PAGE 5

Aug-05-05  12:41pm  From-STROOCK     '565959                                    T-661  P.05/06  F-681

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss:
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On July 28, 2005, I served the foregoing document(s) described as: *[PROPOSED] ORDER SUSTAINING IN PART AND OVERRULING IN PART DEMURRER OF DEFENDANT EXECUTIVE RISK INDEMNITY INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT* on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

☐ **(VIA PERSONAL SERVICE)** By causing the document(s) listed above to be personally served on the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 28, 2005, at Los Angeles, California

Patricia A. Bloom
[Type or Print Name]                                    [Signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50296050v1

[PROPOSED] ORDER

EXHIBIT ___ PAGE ___

1

MAILING LIST

2  Martin H. Myers, Esq.
   Catherine P. Rosen, Esq.
3  Nathan E. Shafroth, Esq.
   Heller Ehrman White & McAuliffe LLP
4  333 Bush Street
   San Francisco, CA 94104-2878
5
   Kim W. West, Esq.
6  Alex H. Boyd, Esq.
   Tucker Ellis & West LLP
7  One Market Street
   Steuart Tower, Suite 1300
8  San Francisco, CA 94105-1521
9
   J. Price Collins, Esq.
10 R. Douglas Noah, Esq.
   Ashley E. Frizzell, Esq.
11 Wilson Elser Moskowitz Edelman & Dicker LLP
   5000 Renaissance Tower
12 1201 Elm Street
   Dallas, TX 75270
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

502960050v1

[PROPOSED] ORDER

EXHIBIT A  PAGE 7

# EXHIBIT B

May-24-2005  01:04pm    From-STROOCK&ST⌐⌐CK&LAVAN LLP                +3105565959          T-324  P.002/016  F-002

1   STROOCK & STROOCK & LAVAN LLP
    MICHAEL F. PERLIS (State Bar No. 95992)
2   JAMES W. DENISON (State Bar No. 155337)
    CARY JOY BRUNNER (State Bar No. 211438)
3   2029 Century Park East, Suite 1800
    Los Angeles, California  90067-3086
4   Telephone: 310-556-5800
    Facsimile: 310-556-5959
5
    Attorneys for Defendant
6    EXECUTIVE RISK INDEMNITY INC.

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SAN FRANCISCO

10

11  NVIDIA CORPORATION, a Delaware        )   Case No. 05-438278
    corporation; NVIDIA US INVESTMENT     )
12  COMPANY, f/k/a TITAN ACQUISITION      )
    CORP. NO. 2, a Delaware corporation; TENCH )   **DEFENDANT EXECUTIVE RISK**
13  COXE, an individual; JAMES C. GAITHER, an )   **INDEMNITY INC.'S NOTICE OF**
    individual; CHRISTINE B. HOBERG, an   )   **DEMURRER AND DEMURRER TO**
14  individual; JEN-HSUN HUANG, an individual; )   **PLAINTIFFS' FIRST AMENDED**
    HARVEY C. JONES, an individual; WILLIAM )   **COMPLAINT; MEMORANDUM OF**
15  J. MILLER, an individual; STEPHEN H.   )   **POINTS AND AUTHORITIES IN**
    PETTIGREW, an individual; BROOKE       )   **SUPPORT THEREOF**
16  SEAWELL, an individual; and MARK A.   )
    STEVENS, an individual,               )   Action Filed:  January 31, 2005
17                                         )   Date:     June 28, 2005
              Plaintiffs,                  )   Time:     9:30 a.m.
18                                         )   Dept:     302
         vs.                               )
19                                         )
    ST. PAUL MERCURY INSURANCE            )
20  COMPANY, a Minnesota corporation;      )
    EXECUTIVE RISK INDEMNITY              )
21  INCORPORATED, a Delaware corporation; )
    and ROYAL INSURANCE COMPANY OF        )
22  AMERICA, an Illinois corporation,      )
                                           )
23            Defendants.                  )
                                           )
24

25

26

27

28  50288685v1
    ─────────────────────────────────────────────────────────
      DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO
      PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
                                SUPPORT THEREOF

EXHIBIT _B_ PAGE _8_



May-24-2005  01:04pm    From-STROOCK&ST~ ~CK&LAVAN LLP              +3105565959          T-324  P.003/016  F-002

1    TO:    PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that on June 28, 2005, at 9:30 a.m., or as soon thereafter as

3    counsel may be heard, in Department 302 of the San Francisco Superior Court, located at 400

4    McAllister Street, San Francisco, CA 94102-4514, Defendant Executive Risk Indemnity Inc.

5    ("ERII") will, and hereby does move this Court, pursuant to California Code of Civil Procedure §§

6    430.10 and 430.30, for an Order sustaining this Demurrer to Plaintiffs' First Amended Complaint,

7    and specifically to the causes of action for Breach of Contract and Declaratory Relief asserted

8    against ERII. ERII's Demurrer is based on this Notice of Demurrer, the attached Demurrer, the

9    attached Memorandum of Points and Authorities in Support Thereof, and on such other files,

10   pleadings and oral argument as may be presented at the time of hearing on this matter.

11

12   Dated: May 24, 2005                    STROOCK & STROOCK & LAVAN LLP
                                            MICHAEL F. PERLIS
13                                          JAMES W. DENISON
                                            CARY JOY BRUNNER

14

15                                          By: _____
                                                Michael F. Perlis
16

17                                               Attorneys for Defendant
                                                 EXECUTIVE RISK INDEMNITY INC.
18

19

20

21

22

23

24

25

26

27

28   50288685v1                              1


EXHIBIT b PAGE 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMURRER

Defendant Executive Risk Indemnity Inc. ("ERII") hereby demurs to the First Amended

Complaint filed by Plaintiffs herein on the following grounds:

### Demurrer to Second Cause of Action

    1.    The Second Cause of Action fails to state facts sufficient to constitute a cause of

action. See Cal. Civ. Proc. Code § 430.10(e).

### Demurrer to Fourth Cause of Action

    2.    The Fourth Cause of Action fails to state facts sufficient to constitute a cause of

action. See Cal. Civ. Proc. Code § 430.10(e).

### Demurrer to Fifth Cause of Action

    3.    The Fifth Cause of Action fails to state facts sufficient to constitute a cause of

action. See Cal. Civ. Proc. Code § 430.10(e).

Dated: May 24, 2005                STROOCK & STROOCK & LAVAN LLP
                                  MICHAEL F. PERLIS
                                  JAMES W. DENISON
                                  CARY JOY BRUNNER

                                  By: _Michael F. Perlis_
                                       Michael F. Perlis

                                  Attorneys for Defendant
                                  EXECUTIVE RISK INDEMNITY INC.

SU288685v1                              2


EXHIBIT B PAGE 10

May-24-2005 01:04pm    From-STROOCK&STROOCK&LAVAN LLP                    +3105565958         T-324  P.005/016  F-002

# TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................. 1

II.     BACKGROUND.................................................................................................. 2

III.    ARGUMENT ...................................................................................................... 4

        A.    Standard of Law ...................................................................................... 4

        B.    nVidia Cannot Simply Omit Previously Pled Facts to Salvage Its Contract
              Claim.......................................................................................................... 5

        C.    A Claim For Declaratory Relief Requires a Showing of Actual, Present
              Controversy ............................................................................................. 8

IV.     CONCLUSION ................................................................................................... 9

50288685v1

EXHIBIT __ PAGE __

May-24-2005' 01:04pm    From-STROOCK&STROOCK&LAVAN LLP    +3105565959    T-324  P.006/016  F-002

# TABLE OF AUTHORITIES

## CASES

Barnett v. Fireman's Fund Insurance Co.,
  90 Cal. App. 4th 500, 108 Cal. Rptr. 2d 657 (2001) ........................................................... 5

City of Cotati v. Cashman,
  29 Cal. 4th 69 (2002) ....................................................................................................... 8

Frantz v. Blackwell,
  189 Cal. App. 3d 91, 234 Cal. Rptr. 178 (1987) ............................................................... 5

Green v. Travelers Indemnity Co.,
  185 Cal. App. 3d 544, 230 Cal. Rptr. 13 (1986) ............................................................... 9

Haskel v. Superior Court,
  33 Cal. App. 4th 963 (1995) ............................................................................................ 8

Owens v. Kings Supermarket,
  198 Cal. App. 3d 379 (1988) ........................................................................................... 4

Pierce v. Lyman,
  1 Cal. App. 4th 1093 (1991) ......................................................................................... 4, 7

Raychem Corp. v. Federal Insurance Co.,
  853 F. Supp. 1170 (N.D. Cal. 1994) ............................................................................... 8

Span, Inc. v. Associated Internat. Insurance Co.,
  227 Cal. App. 3d 463 (1991) ........................................................................................... 8

State Farm Mutual Automobile Insurance Co. v. Super. Ct.,
  47 Cal. 2d 428, 304 P.2d 13 (1956) ................................................................................. 9

Ticor Title Insurance Co. v. Employers Insurance of Wausau,
  40 Cal. App. 4th 1699 (1995) ....................................................................................... 5, 6

20th Century Insurance Co. v. Quackenbush,
  64 Cal. App. 4th 135 (1998) ......................................................................................... 5, 7

Wells Fargo Bank v. California Insurance Guaranty Association,
  38 Cal. App. 4th 936 (1995) ......................................................................................... 5, 6

## STATUTES

Cal. Civ. Proc. Code § 1061 ............................................................................................... 9

50289709v1

EXHIBIT   D  PAGE  12

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3          In its previous demurrer, Executive Risk Indemnity Inc. ("ERII") pointed out that, until

4   underlying insurers exhaust their policy limits, there is generally no duty or obligation on the part

5   of an excess insurer in ERII's position.  Only $1,8455,000 of the $5,000,000 underlying layer of

6   insurance was alleged to have been exhausted, and so ERII's demurrer to the original complaint of

7   nVidia Corporation ("nVidia") was sustained.

8          With its First Amended Complaint, nVidia attempts to fix its original, deficient pleading by,

9   among other things, simply omitting all reference to the underlying insurer's having paid only

10  $1,845,000.  That is no way to remedy a factually deficient claim, as numerous California courts

11  have held.  If the facts admitted previously defeat a claim, a plaintiff must provide an explanation

12  of how additional facts cure the defect.  nVidia did not even attempt to do so.  Instead, nVidia

13  merely includes the conclusory legal argument that the "liability limit of the St. Paul Policy has

14  been fully exhausted," without any explanation of how that could have occurred without simply

15  contradicting the previous factual allegations.  Under the terms of the Policy at issue, there has in

16  fact been no exhaustion of the underlying insurance.  As such, the claim for breach of contract

17  against ERII fails, and the Demurrer should be sustained.

18         Under the circumstances, as before, ERII also should not be compelled to participate in a

19  declaratory relief action concerning duties or obligations that only _may_ arise in the future if,

20  hypothetically, coverage is found and the underlying policy limits are exhausted.  To pursue a

21  declaratory relief claim, a party must demonstrate that there is an actual and _present_ controversy for

22  the court to resolve.   nVidia has once again failed to allege more than a request for an advisory

23  opinion.

24         Accordingly, and as discussed further below, ERII respectfully urges the Court to sustain its

25  Demurrer to the claims for (1) breach of contract, (2) declaratory relief regarding defendants' duty

26  to pay "loss," and (3) declaratory relief regarding defendants' obligation to pay defense fees and

27  costs and indemnification.

28  50288685v1                                           1


EXHIBIT  B  PAGE 13

May-24-2005  01:05pm   From-STROOCK&ST   °CK&LAVAN LLP          +3105565959          T-324  P.008/016  F-002

## II.  BACKGROUND

This insurance dispute, involving several layers of primary and excess insurance, arose in connection with certain claims asserted against the Plaintiffs in three adversary proceedings in the Chapter 11 bankruptcy of 3dfx Interactive, Inc. ("3dfx"), in the United States Bankruptcy Court, Northern District of California (the "Underlying Actions"). (Apr. 19, 2005, First Amended Complaint ¶ 1.) The crux of the allegations in the Underlying Actions is that nVidia Corporation's ("nVidia") purchase of the assets of 3dfx left 3dfx with insufficient assets to continue in business and, as such, was a fraud upon creditors of 3dfx, interfered with 3dfx's contracts, or effected a de facto merger of 3dfx with nVidia. (See id. ¶ 33.)

Plaintiffs tendered the claims arising out of the adversary proceedings to their primary insurer, Gulf Insurance Company ("Gulf"), which issued a Directors and Officers Liability and Company Indemnification Policy ("Gulf Policy") to nVidia. The Gulf Policy had a limit of $5 million, which has been fully exhausted according to the Plaintiffs. (Id. ¶¶ 19-20, 35.) A number of excess carriers also issued policies that apply in conformance with the Gulf Policy, except as specifically set forth in the terms, conditions and/or endorsements of the excess policies. Immediately above the Gulf Policy is a policy from North American Capacity Insurance Company ("North American"), whose $5 million limits are also alleged to have been exhausted. (Id. at ¶¶ 21-22, 35.)

The three defendant insurers in this litigation are the excess carriers that issued the policies with layers of coverage above Gulf and North American. St. Paul Mercury Insurance Company ("St. Paul") issued an excess policy (the "St. Paul Policy") with a $5 million limit in excess of the $10 million available under the Gulf and North American policies. However, St. Paul has paid the Plaintiffs only $1,845,000.00 of its $5 million limits and seeks reimbursement of that amount, based on its view that coverage is unavailable.[1]  (See Jan. 31, 2005, Complaint ¶ 38.) ERII issued its Excess Indemnity Policy No. 8167-9053 (the "ERII Policy") to nVidia, which applies in

---

[1]  At the hearing on ERII's previous demurrer, this Court admonished nVidia that it replead claims against the excess carriers only if it could plead exhaustion in good faith. nVidia appears to have disregarded the Court's admonition, as addressed further below.

50288685v1                                        - 2 -

DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

EXHIBIT D PAGE 14

1   conformance with the St. Paul Policy, except as specifically set forth in the terms, conditions and/or

2   endorsements of the ERII Policy.  (Apr. 19, 2005, First Amended Complaint ¶ 25 & Ex. D § 1.)

3   The ERII Policy has Limits of Liability of $5 million (inclusive of Defense Expenses) in excess of

4   the $15 million of underlying insurance.  (Id.)  Last, Royal Insurance Company of America also

5   issued an excess policy to Plaintiffs with a limit of liability of $5 million in excess of $20 million.

6   (Id. ¶ 26.)

7         Of significance for the purposes of this Demurrer are the following provisions of the ERII

8   Policy.  First, the "Insuring Agreement" in Section I of the Policy provides:

> [ERII] shall provide the Insured with insurance excess of the Underlying Insurance stated in
> ITEM 4 of the Declarations .... Except as specifically set forth in the terms, conditions or
> endorsements of this policy, coverage hereunder shall apply in conformance with the terms,
> conditions and endorsements of the policy immediately underlying this policy, except that
> coverage hereunder shall attach only after all Underlying Insurance has been exhausted by
> actual payment of claims or losses thereunder.

(Complaint Ex. D at 1 § I (emphasis added).)  Second, the "Depletion of Underlying Limits"

provision of the Policy states:

> In the event of depletion of the limits of liability of the Underlying Insurance solely as the
> result of actual payment of claims or losses thereunder by the applicable insurers, this
> policy shall, subject to the Company's limits of liability and to the other terms, conditions
> and endorsements of this policy, continue to apply to claims or losses as excess insurance
> over the amount of insurance remaining under such Underlying Insurance.[2]

(Id. at 2 § IV (emphasis added).)

      On January 31, 2005, Plaintiffs filed a complaint in this Court against ERII and two other

excess insurers alleging causes of action for breach of contract and declaratory relief, along with a

---

[2]   Thus, if underlying insurance is depleted to zero, ERII's obligation to pay excess is
triggered, subject to the terms and conditions of the Policy.  Additional language in the "Depletion
of Underlying Limits" clause provides that, in the event that underlying insurance is exhausted and
"subsequent claims" are brought against the insureds, ERII responds as though it were the primary
insurer.  Specifically, that portion of Section IV provides:

> In the event of the exhaustion of all of the limits of liability of such Underlying Insurance
> solely as the result of actual payment of claims or losses thereunder, the remaining limits
> available under this policy shall, subject to the Company's limits of liability and to the other
> terms, conditions and endorsements of this policy, continue for subsequent claims or losses
> as primary insurance.  Under such circumstances, any retention or deductible specified in
> the Primary Policy shall also apply to this policy.

(Id. at 2 § IV.)  nVidia has not contended that it ever submitted "subsequent claims or losses" to
which this portion of Section IV might apply.

28  50288685v1                                          - 3 -

DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF


EXHIBIT  B  PAGE  15

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1   claim for breach of the implied covenant of good faith and fair dealing against St. Paul.  On April

2   4, 2005, this Court sustained the Demurrer of ERII to the original complaint, with leave to amend.

3   On April 19, 2005, nVidia filed the First Amended Complaint that is the subject of the present

4   Demurrer.

5        In the new pleading, nVidia removed the allegation that St. Paul paid $1,845,000, along

6   with certain details about nVidia's and St. Paul's negotiations of an interim resolution to their

7   coverage dispute.  (Compare Jan. 31, 2005, Complaint ¶ 38 and Apr. 19, 2005, First Amended

8   Complaint ¶ 40.)  Added to the new pleading was the following allegation:

9        The liability limit of the St. Paul Policy has been fully exhausted by actual payment of
10       covered claims or losses thereunder, arising from actions and proceedings against nVidia
         Insureds in connection with the Underlying Actions.[3]

11  (Apr. 19, 2005, First Amended Complaint ¶ 24.)  Also added was the following:

12       The nVidia Insureds have incurred defense fees and costs for the Underlying Actions in
13       excess of $6.5 million through the close of fact discovery, for which coverage is provided
         under Defendants' Policies.

14  (Id. ¶ 44.)

15                        III.    **ARGUMENT**

16  **A.    Standard of Law**

17       After a demurrer is sustained, a plaintiff wishing to replead is no longer working on a clean

18  slate.  As was explained in Pierce v. Lyman, 1 Cal. App. 4th 1093 (1991):

19       "[Appellants] may not so easily avoid the effect of the allegations of their earlier complaint.
20       'Where a verified complaint contains allegations destructive of a cause of action, the defect
         cannot be cured in subsequently filed pleadings by simply omitting such allegations without
21       explanation.'  [T]he rule also applies to unverified complaints." ...

22       "A pleader may not attempt to breathe life into a complaint by omitting relevant facts which
         made his previous complaint defective."

23  Id. at 1109 (citations omitted); see also Owens v. Kings Supermarket, 198 Cal.App.3d 379, 384

24  (1988).

25       Additionally, regardless of whether the pleading is an original or amended one,

26

27  _____
    [3]    In so pleading, nVidia does not quote the actual language of the Policy, which refers to
28  exhaustion of "Underlying Insurance" and payment "by the applicable insurers."
    50288685v1                                        - 4 -

    DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO
    PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
    SUPPORT THEREOF

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086



1   "contentions, deductions or conclusions of fact or law alleged in the complaint are not considered

2   in judging its sufficiency." Id.; see also 20th Century Ins. Co. v. Quackenbush, 64 Cal. App. 4th

3   135, 138 n. 1 (1998) ("Argumentative allegations, and conclusions of law, are not . . . presumed

4   true"). Moreover, allegations about the contents of documents referenced in the pleading and their

5   legal effect may be disregarded as surplusage. See Barnett v. Fireman's Fund Ins. Co., 90 Cal.

6   App. 4th 500, 505, 108 Cal. Rptr. 2d 657, 659 (2001) ("[W]e rely on and accept as true the contents

7   of the exhibits and treat as surplusage the pleader's allegations as to the legal effect of the

8   exhibits"); Frantz v. Blackwell, 189 Cal. App. 3d 91, 94, 234 Cal. Rptr. 178, 179-180 (1987).

9       As addressed below, although nVidia has attempted to plead around the deficiencies that

10   prompted this Court to sustain ERII's demurrer previously, it has done so in precisely the manner

11   Pierce v. Lyman prohibits. The facts remain the same, and they simply do not support any claims

12   for relief. Accordingly, this Demurrer should be sustained in its entirety.

13   **B.**   **nVidia Cannot Simply Omit Previously Pled Facts to Salvage Its Contract Claim**

14       As ERII argued in support of its previous Demurrer, although the risks an excess insurer

15   undertakes may be defined in various ways, in general an excess policy will not be triggered until

16   the underlying insurance is exhausted. See, e.g., Ticor Title Ins. Co. v. Employers Ins. of Wausau,

17   40 Cal. App. 4th 1699, 1707 (1995); Wells Fargo Bank v. California Ins. Guar. Ass'n, 38 Cal. App.

18   4th 936, 945-46 (1995).

19       In Wells Fargo, a primary insurer paid most of its policy limits to settle a lawsuit against the

20   insured, and the excess insurers did not contribute. In fact, the second-level excess carrier was

21   insolvent by the time Wells Fargo brought the action. Wells Fargo argued that, in light of the

22   second-level insurer's insolvency, the third-level excess carriers were required to "drop down" to

23   cover the settlement. The California Court of Appeal disagreed. The excess policies provided that

24   "[i]n the event of reduction or exhaustion of the aggregate limits designated in the underlying

25   policy or policies solely by payment of losses ... such insurance as is afforded by this policy shall

26   apply in excess of the reduced underlying limit or, if such limit is exhausted, shall apply as

27   underlying insurance ...." 38 Cal. App. 4th at 941 (emphasis in original). As the Wells Fargo

28   SU2886851

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 5 -

DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF


EXHIBIT B PAGE 17

May-24-2005  01:06pm   From-STROOCK&STR°°°K&LAVAN LLP              +3105565959           T-324  P.012/016  F-002

1    Court noted, similar exhaustion clauses with the language "solely by reason of losses paid

2    thereunder" had been interpreted as "unambiguous ... in that [the excess policy] insures against the

3    reduction of the underlying policies only by reason of out-of-pocket payments for losses by lower

4    level insurers." Id. at 945 (citing cases). Accordingly, the excess insurers' obligations were not

5    triggered by the lower level insurer's insolvency in Wells Fargo, since no payment by the second-

6    level insurer had been made. See id. at 946.

7         Similarly, in Ticor, the plaintiff tendered defense of the underlying litigation to its primary

8    insurer, which denied coverage. The issue then became whether the excess insurer might have a

9    duty to defend "when the primary insurer refuses and the amount of the claim approaches or

10   exceeds the primary limits." Id. at 1708. As the Ticor Court wrote, "We see no reason not to treat

11   refusal to defend cases like insolvency 'drop down cases.'" 40 Cal. App. 4th at 1708.

12   Accordingly, the Ticor Court held that "if there was a duty to defend at all, that duty was [the

13   primary insurer's] until its limits of liability were spent. ... [B]ecause [the primary insurer] never

14   came forward, [the excess insurer's] obligation was never triggered." Id. at 1709.

15        In the case at hand, the Policy makes clear that ERII's obligations are triggered "only after

16   all Underlying Insurance has been exhausted by actual payment of claims or losses thereunder."

17   (See Jan. 31, 2005, Complaint Ex. D at 1 § I ("Insuring Agreement"); see also id. at 2 § IV

18   ("Depletion of Underlying Limits").) It further clarifies that depletion of the Underlying Insurance

19   for a given claim must be "solely as the result of actual payment of claims or losses thereunder by

20   the applicable insurers" in order for ERII's coverage to apply. (See id. at 2 § IV.)

21        In the original Complaint, nVidia alleged that there was a partial depletion of the limits of

22   underlying insurer St. Paul's policy. Specifically, St. Paul was alleged to have paid $1,845,000

23   toward defense costs, which left $3,155,000 remaining before the underlying $5,000,000 limits

24   would be exhausted. (See Jan. 31, 2005, Complaint at 10 ¶ 38.) It was further alleged that St. Paul

25   and nVidia had been negotiating possible reimbursement of 50 percent of defense costs by St. Paul,

26   but then St. Paul determined to deny coverage and seek return of the $1,845,000. (See id.) Thus,

27   there was no exhaustion of the Underlying Insurance triggering an obligation on ERII's part.

28   50288685v1                                    - 6 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086


EXHIBIT B PAGE 18

1    In the First Amended Complaint, nVidia does not address the prior allegations that showed

2  lack of exhaustion. Instead, nVidia (i) omits the allegation about St. Paul paying the $1,845,000

3  entirely and (ii) alleges that St. Paul was to reimburse "only part" of defense costs, without

4  specifying that the proportion it proposed was 50 percent of defense costs.  (See Apr. 19, 2005,

5  First Amended Complaint ¶ 40.)

6    nVidia cannot hope to create a claim in this manner through selective allegations from one

7  pleading to the next. The fact that St. Paul only paid $1,845,000 remains, regardless of whether

8  nVidia omits it this time. Indeed, from the allegations of the two pleadings taken together, it may

9  be that nVidia would not have even exceeded St. Paul's policy limits by this time had St. Paul

10  accepted the proposal that it pay 50 percent of defense costs.[4] Under Pierce v. Lyman, nVidia's

11  attempts to plead around its prior admissions fail. See 1 Cal. App. at 1109.

12    Nor is the claim revived by the legal conclusion nVidia includes in the new pleading that

13  purportedly "[t]he liability limit of the St. Paul Policy has been fully exhausted by actual payment

14  of covered claims or losses thereunder ...." (See First Amended Complaint ¶ 24.) The only

15  payment St. Paul made was for $1,845,000, as nVidia previously alleged. If nVidia wanted to

16  contend that exhaustion of Underlying Insurance could somehow occur without St. Paul making

17  payments, it was incumbent upon it to explain how that could be. Omitting allegations from the

18  prior pleading that tend to conflict with the assertion is no way to establish its validity.

19    Beyond the foregoing, the contention that the "liability limit of the St. Paul policy has been

20  fully exhausted" is legal argument that this Court can reject in ruling on a demurrer. 20th Century

21  Ins. Co. v. Quackenbush, 64 Cal. App. 4th at 138 n. 1.  The Policy requires that "all Underlying

22

23

24

25

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[4]    nVidia alleges it "incurred defense fees and costs for the Underlying Actions in excess of
$6.5 million ...." (Id. ¶ 44.)  The 50 percent "part" of $6.5 million in defense costs nVidia claims it
27  incurred would only total $3.25 million, still shy of the $5 million limits.

28  502&8685v1                                    -7-
DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

EXHIBIT B PAGE 19

1    Insurance has been exhausted," which simply has not occurred.[5] The Demurrer to the breach of

2    contract claim against ERII should be sustained.

3    **C.    A Claim For Declaratory Relief Requires a Showing of Actual, Present Controversy**

4    An action for declaratory relief requires a showing of not only an actual controversy

5    between the parties but a present one. See City of Cotati v. Cashman, 29 Cal. 4th 69, 80 (2002).

6    As ERII argued previously, here, any number of events may occur in the near future that could

7    establish a complete lack of coverage or, at the least, that the St. Paul layer of coverage will never

8    be exhausted. A present controversy is therefore lacking; nVidia seeks an advisory opinion about

9    hypothetical issues.[6]

10    As ERII also pointed out previously, a declaratory relief action may be inadvisable because

11    some of ERII's defenses to coverage would also require proving the case against nVidia, which

12    would not be in nVidia's interest. See Raychem Corp. v. Federal Ins. Co., 853 F. Supp. 1170, 1185

13    (N.D. Cal. 1994) (recognizing that an insurer may choose not to file a declaratory relief action and

14    seek evidence of misconduct by its insureds due to the prejudice it could cause the insureds'

15    defense). As was explained in Haskel v. Superior Court, 33 Cal. App. 4th 963 (1995):

16    There are three concerns which the courts have about the trial of coverage issues which
17    necessarily turn upon the facts to be litigated in the underlying action. First, the insurer,
      who is supposed to be on the side of the insured and with whom there is a special

18    [5]    It may be that nVidia is assuming that language should be imported into the Policy from the
19    policy that was at issue in Span, Inc. v. Associated Internat. Ins. Co., 227 Cal. App.3d 463 (1991).
      In Span, the excess carrier's obligation could be triggered by exhaustion of the "aggregate limits of
20    liability applicable to the underlying insurance." See id. at 476 (emphasis added). This different
      phrasing about exhaustion of "limits ... applicable to" was interpreted, in the context of the entire
21    policy at issue in Span, as meaning that coverage would be triggered if either the underlying insurer
      or the insured paid. That was also what the policy in Span specifically provided, though. In
22    particular, the Span policy provided: "Liablity under this policy with respect to any occurrence
      shall not attach unless and until the insured, or the insured's underlying insurer, shall have paid the
23    amount of the underlying limits on account of such occurrence." See id. n.7 (emphasis added).
      The Policy in the case at hand, by contrast, says just the opposite. Depletion of the Underlying
24    Insurance must be "solely as the result of actual payment of claims or losses thereunder by the
      applicable insurers." (Complaint Ex. D § IV.)

25    [6]    Indeed, while nVidia's allegations are unclear as to how much in covered defense costs it
      now contends have been incurred – it may be $6.5 million or even $8.3 million, depending on how
26    the $1.8 million St. Paul paid fits in – it is likely that nVidia will soon contend that defense
      expenses have eaten up all of ERII's layer of coverage. In that case it will no longer conceivably
27    have a claim for indemnity against ERII. The Fifth Claim for Relief, requesting a ruling on
      indemnification, is therefore hypothetical in the extreme.
28    502846685v1                                                  - 8 -

DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

EXHIBIT B PAGE 20

May-24-2005 01:06pm   From-STROOCK&STROOCK&LAVAN LLP                +3105565959              T-324  P.015/016  F-002

1    relationship, effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit; second, such a circumstance requires the insured to fight a two front war, litigating not only with the underlying claimant, but also expending precious resources fighting an insurer over coverage questions – this effectively undercuts one of the primary reasons for purchasing liability insurance; and third, there is a real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insured could be collaterally estopped to contest issues in the latter by the results of the former.

2

3

4

5    <u>Id.</u>

6    Declaratory relief is therefore not appropriate under the circumstances. <u>See</u> Cal. Civ. Proc.

7 Code § 1061; <u>see also</u> <u>Green v. Travelers Indemnity Co.</u>, 185 Cal. App. 3d 544, 230 Cal. Rptr. 13

8 (1986); <u>State Farm Mut. Auto. Ins. Co. v. Super. Ct.</u>, 47 Cal. 2d 428, 432-33, 304 P.2d 13 (1956).

9 The demurrer to the Plaintiffs' Fourth and Fifth Causes of Action should therefore be sustained.

10                    **IV.**    **CONCLUSION**

11    For the foregoing reasons, and for the reasons ERII raised previously in its demurrer to the

12 original complaint, ERII respectfully requests that the Court enter an order sustaining the instant

13 Demurrer to Plaintiffs' First Amended Complaint in its entirety without leave to amend.

14

15 Dated: May 24, 2005

16                        STROOCK & STROOCK & LAVAN LLP
                        MICHAEL F. PERLIS

17                        JAMES W. DENISON
                       CARY JOY BRUNNER

18

19          By:    *Michael F. Perlis*

20                      Michael F. Perlis

21                      Attorneys for Defendant
                     EXECUTIVE RISK INDEMNITY INC.

22

23

24

25

26

27

28    50288685v1                    - 9 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086


EXHIBIT B PAGE 21

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                     ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On May 24, 2005, I served the foregoing document(s) described as: **DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> MARTIN H. MYERS
> HELLER EHRMAN WHITE & MCAULIFFE LLP
> 333 Bush Street
> San Francisco, CA 94104-2878

☐ **(VIA PERSONAL SERVICE)** By causing the document(s) listed above to be personally served on the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 24, 2005, at Los Angeles, California.

Dianne Mueller
[Type or Print Name]

_Dianne Mueller_
[Signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 502886845v1                                - 10 -

DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

EXHIBIT B PAGE 22

# EXHIBIT C

G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
KEVIN A. NORRIS (State Bar No. 206022)
**RUDLOFF WOOD & BARROWS LLP**
2000 Powell Street, Suite 900
Emeryville, California 94608
Telephone: (510) 740-1500
Facsimile: (510) 740-1501
E-Mail:     erudloff@rwblaw.com
            knorris@rwblaw.com

David Newmann, Esq. (admitted *pro hac vice*)
Joseph A. Bailey III, Esq. (admitted *pro hac vice*)
**HOGAN & HARTSON LLP**
555 Thirteenth Street NW
Washington DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
E-Mail:     dnewmann@hhlaw.com
            jabaileyIII@hhlaw.com

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

CROWLEY MARITIME
CORPORATION,

          Plaintiff,

    vs.

FEDERAL INSURANCE
COMPANY,; TWIN CITY FIRE
INSURANCE COMPANY; RLI
INSURANCE COMPANY; and
DOES 1-20, inclusive,

          Defendants.

_____/

No.  CV 08 0830 SI

**ANSWER OF FEDERAL
INSURANCE COMPANY**

Complaint Filed:  01/07/08
Trial Date:          None Set

## ANSWER OF FEDERAL INSURANCE COMPANY

    Defendant Federal Insurance Company ("Federal"), for its Answer to the Complaint of Plaintiff Crowley Maritime Corporation ("CMC"), states as follows:

\\\DC - 057212/000716 - 2678051 v4

EXHIBIT __ PAGE __

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

1       1.     Federal denies the allegations in Paragraph 1 for lack of knowledge or

2  information sufficient to form a belief as to the truth of those allegations.

3       2.     Federal admits the allegations in Paragraph 2 with respect to Federal,

4  and admits on information and belief the allegations in Paragraph 2 with respect to

5  Twin City Fire Insurance Company ("Twin City") and RLI Insurance Company

6  ("RLI").

7       3.     Federal denies the allegations in Paragraph 3 for lack of knowledge or

8  information sufficient to form a belief as to the truth of those allegations.

9       4.     Federal denies the allegations in Paragraph 4.

10      5.     Federal admits that it issued Executive Protection Portfolio Policy No.

11  8120-0792 (the "Federal Policy") to CMC for the November 1, 2004 to November 1,

12  2005 Policy Period; that the Federal Policy includes an Executive Liability and Entity

13  Securities Liability Coverage Section (the "EL Section"); and that the EL Section is

14  subject to a $10 million per Claim and aggregate Limit of Liability and a $500,000

15  retention with respect to Insuring Clauses 2 and 3. Federal denies any other

16  allegations as to the content of the Federal Policy and states that the Federal Policy

17  speaks for itself. Federal denies that Exhibit A to CMC's Complaint is a true and

18  correct copy of the Federal Policy. Federal denies the allegation in the first half of

19  the last sentence of Paragraph 5 as to where the Federal Policy was issued. The

20  second half of the last sentence of Paragraph 5 sets forth conclusions of law to which

21  no response is required.

22      6.     Insofar as the allegations of Paragraph 6 are not directed to Federal, no

23  response is required. To the extent any response is required, Federal denies the

24  allegations in Paragraph 6 for lack of knowledge or information sufficient to form a

25  belief as to the truth of those allegations.

26      7.     Insofar as the allegations of Paragraph 7 are not directed to Federal, no

27  response is required. To the extent any response is required, Federal denies the

28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

2

ANSWER OF FEDERAL INSURANCE COMPANY

EXHIBIT C PAGE 24

1   allegations in Paragraph 7 for lack of knowledge or information sufficient to form a

2   belief as to the truth of those allegations.

3         8.     Federal admits that a putative derivative and class action captioned

4   Franklin Balance Sheet Investment Fund, et al. v. Crowley, et al., C.A. No. 888-VCP

5   (the "Franklin Fund Action") was filed against CMC and certain individuals alleged

6   to be directors of CMC on November 30, 2004 in the Delaware Court of Chancery.

7   Federal denies the characterization of the Franklin Fund Action in Paragraph 8 and

8   states that the pleadings in that action speak for themselves.  Federal denies the

9   allegations in the last two sentences of Paragraph 8.

10         9.     Paragraph 9 should be stricken because it is not limited to a single set of

11   circumstances and therefore violates Rule 10(b) of the Federal Rules of Civil

12   Procedure.  To the extent any response is required, Federal denies the allegations in

13   Paragraph 9, except that Federal admits:  (a) as to the first and second sentences, that

14   CMC's counsel sent Federal a letter dated March 28, 2007, which speaks for itself;

15   (b) as to the third and fourth sentences, that CMC's counsel and Federal's claims

16   examiner Henry Nicholls spoke by telephone on April 5, 2007; and (c) as to the

17   seventh and eighth sentences, that the Delaware Chancery Court approved the

18   settlement in a decision that speaks for itself.  Federal states that, contrary to the

19   allegations in Paragraph 9, CMC negotiated, drafted and executed the referenced

20   settlement without prior notice to or consent by Federal.  By negotiating and entering

21   into the Agreement without Federal's knowledge or consent, CMC violated its

22   obligation under the Federal Policy "not to settle or offer to settle any Claim . . . or

23   otherwise assume any contractual obligation . . . without [Federal's] prior written

24   consent."

25         10.     Paragraph 10 should be stricken because it is not limited to a single set

26   of circumstances and therefore violates Rule 10(b) of the Federal Rules of Civil

27   Procedure.  To the extent any response is required, Federal denies the allegations in

28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

3
ANSWER OF FEDERAL INSURANCE COMPANY

EXHIBIT ___ PAGE ___

1  Paragraph 10, except that:  (a) as to the fifth sentence, Federal admits that the

2  Delaware Chancery court awarded the plaintiffs a total of $4,219,458.26 in attorneys'

3  fees and expenses, but Federal lacks knowledge or information sufficient to form a

4  belief as to whether CMC paid that amount; and (b) as to the sixth sentence, Federal

5  denies the allegations on the ground that the Chancery Court's decision speaks for

6  itself.

7       11.    Paragraph 11 sets forth conclusions of law to which no response is

8  required.  To the extent a response is required, Federal denies the allegations in

9  Paragraph 11.

10       12.    Federal denies the allegations of Paragraph 12 and further states that the

11  referenced June 14, 2007 letter speaks for itself.

12       13.    Federal denies the allegations in Paragraph 13.

13       14.    Federal denies the allegations in Paragraph 14.

14       15.    Paragraph 15 sets forth conclusions of law to which no response is

15  required.  To the extent a response is required, Federal denies the allegations in

16  Paragraph 15.

17       16.    Federal denies the allegations in Paragraph 16.

18       17.    Federal denies the allegations in Paragraph 17.

19       18.    Federal incorporates by reference herein its responses to the allegations

20  in paragraphs 1-17.

21       19.    Federal admits that Federal issued the Federal Policy for the November

22  1, 2004 to November 1, 2005 Policy Period and otherwise denies the allegations in

23  Paragraph 19 as to the Federal Policy.  Federal denies the remaining allegations in

24  Paragraph 19 for lack of knowledge or information sufficient to form a belief as to

25  the truth of those allegations.

26       20.    Federal denies the allegations in Paragraph 20.

27       21.    Federal denies the allegations in Paragraph 21.

28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

4

ANSWER OF FEDERAL INSURANCE COMPANY

EXHIBIT C PAGE 26

1    22.    Federal denies the allegations in Paragraph 22.

2    23.    Federal denies the allegations in Paragraph 23.

3    24.    Federal denies the allegations in Paragraph 24.  Federal states that CMC

4    breached its obligations under the Federal Policy and failed to satisfy all applicable

5    conditions precedent by actions or inactions including but not limited to:  (a)

6    negotiating and executing the Franklin Fund Action settlement agreement without

7    consulting with Federal in advance and without Federal's prior written consent, in

8    breach of Clauses 16(b) and (c) of the Federal Policy's EL Section; (b) failing to

9    defend the Franklin Fund Action, in breach of Clause 16(a) of the Federal Policy's

10    EL Section; (c) prejudicing Federal's position, in breach of Clause 16(d) of the

11    Federal Policy's EL Section; and (d) filing suit against Federal without first

12    complying with the terms of the Federal Policy, in breach of Clause 8 of the Federal

13    Policy's General Terms and Conditions Section.

14    25.    Federal denies the allegations in Paragraph 25.

15    26.    Federal denies the allegations in Paragraph 26.

16    27.    Federal denies the allegations in Paragraph 27.

17    28.    Federal incorporates by reference herein its responses to the allegations

18    in paragraphs 1-27.

19    29.    Paragraph 29 sets forth conclusions of law to which no response is

20    required.  To the extent a response is required, Federal denies the allegations in

21    Paragraph 29.

22    30.    Federal denies the allegations in Paragraph 30, including subparagraphs

23    (a) through (e).

24    31.    Federal denies the allegations in Paragraph 31.

25    32.    Federal denies the allegations in Paragraph 32.

26    33.    Federal denies the allegations in Paragraph 33.

27    34.    Federal denies the allegations in Paragraph 34.

28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

5

ANSWER OF FEDERAL INSURANCE COMPANY

EXHIBIT C PAGE 27

1    35.    Federal denies the allegations in Paragraph 35.

2    36.    Federal denies that CMC is entitled to any of the relief requested in the

3    Complaint.

4    37.    Any and all allegations not expressly admitted, denied, qualified or

5    otherwise responded to are hereby denied.

### DEFENSES

#### First Defense

The Complaint fails to state a claim upon which relief may be granted.

#### Second Defense

The Complaint is barred because CMC settled, offered to settle, assumed a

contractual obligation or admitted liability with respect to the Franklin Fund Action

without Federal's prior written consent and without any prior notice to Federal, in

violation of Clause 16(b) of the Federal Policy's EL Section

#### Third Defense

The Complaint is barred because CMC deprived Federal of the right to

effectively associate with the Insureds, and CMC failed to consult in advance with

Federal, regarding the defense and settlement of the Franklin Fund Action, including

the negotiation of the settlement of that action, in violation of Clause 16(c) of the

Federal Policy's EL Section.

#### Fourth Defense

The Complaint is barred because CMC failed to provide Federal with all

information, assistance and cooperation which Federal reasonably required and

because CMC prejudiced Federal's position, in violation of Clause 16(d) of the

Federal Policy's EL Section.

#### Fifth Defense

The Complaint is barred insofar as CMC seeks to recover amounts that do not

constitute Loss under the applicable law or the definition set forth in Clause 5 of the

6

ANSWER OF FEDERAL INSURANCE COMPANY

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

\\\DC - 057212/000716 - 2678051 v4



Federal Policy's EL Section, or that are uninsurable under the applicable law or as a matter of public policy.

### Sixth Defense

The Complaint is barred insofar as CMC seeks to recover amounts that neither it nor any Insured Person was "legally obligated to pay on account of any Claim."

### Seventh Defense

The Complaint is barred by California Insurance code Section 533, because any loss for which CMC seeks coverage was caused by the willful act of the insured.

### Eighth Defense

The Complaint is barred insofar as CMC breached its duty to defend the Franklin Fund Action in violation of Clause 16(a) of the Federal Policy's EL Section.

### Ninth Defense

The Complaint is barred because Exclusion 7(c) of the Federal Policy's EL Section precludes coverage insofar as the Franklin Fund Action is based upon, arises from, or is in consequence of one or more of the director defendants having gained in fact any profit, remuneration or advantage to which such director defendants were not legally entitled.

### Tenth Defense

The Complaint is barred to the extent that the Franklin Fund Action is or is deemed to be a Claim first made prior to the Federal Policy's Policy Period, pursuant to Clauses 5 or 13(g) of the Federal Policy's EL Section.

### Eleventh Defense

The Complaint is barred insofar as CMC failed to give notice in accordance with Clause 15 of the Federal Policy's EL Section.

### Twelfth Defense

The Complaint is barred to the extent that CMC is seeking coverage for amounts for which CMC purported to grant indemnification to an Insured Person

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

7

ANSWER OF FEDERAL INSURANCE COMPANY

EXHIBIT C PAGE 29

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

1    when CMC was neither permitted nor required by law to grant any such

2    indemnification.

### Thirteenth Defense

4    The Complaint is barred to the extent that CMC is seeking coverage for any

5    amounts allocated to non-covered loss pursuant to Clause 17 of the Federal Policy's

6    EL Section.

### Fourteenth Defense

8    The Complaint is barred insofar as CMC is seeking coverage for amounts that

9    do not exceed the applicable retention under the Federal Policy's EL Section.

### Fifteenth Defense

11    The Complaint is barred by laches, waiver and estoppel, including judicial

12    estoppel.

### Sixteenth Defense

14    The Complaint is barred by CMC's failure to satisfy one or more conditions

15    precedent to coverage or to filing suit against Federal.

### Seventeenth Defense

17    The Complaint is barred in whole or in part by all terms, conditions,

18    definitions, exclusions, limits of liability and deductible amounts set forth in the

19    Federal Policy.

### Eighteenth Defense

21    Any prayer for damages is barred by CMC's failure to take reasonable efforts

22    to mitigate any alleged damages.

### Nineteenth Defense

24    Any prayer for equitable relief is barred in whole or in part by the doctrine of

25    unclean hands.

### Twentieth Defense

27    The Complaint is barred because Federal acted reasonably and in a timely

28

---

8

ANSWER OF FEDERAL INSURANCE COMPANY



\\\DC - 057212/000716 - 2678051 v4

1    fashion in investigating and handling any and all requests for coverage under the

2    Federal Policy.

### Twenty-first Defense

4    The Complaint is barred because Federal had and has reasonable grounds to

5    dispute coverage with respect to the matters for which CMC is seeking coverage.

### Twenty-second Defense

7    The Complaint is barred because CMC acted in bad faith.

### Twenty-third Defense

9    The Complaint is barred by Federal's right of set-off, recoupment and

10   reimbursement to the full extent of any and all amounts previously paid to CMC

11   under the Policy.

### Twenty-fourth Defense

13   Any request for extra-contractual and/or exemplary damages is barred because

14   the application of such damages to Federal in this action would violate Article I, §§7,

15   15 and 17 of the California Constitution, Article IV, §16 of the California

16   Constitution and/or the Fifth, Eighth and Fourteenth Amendments of the United

17   States Constitution by, inter alia, depriving Federal of due process and equal

18   protection of the laws, not limiting the discretion of the trier of fact as to the amount

19   of exemplary damages, subjecting Federal to impermissibly vague, imprecise,

20   inconsistent standards and imposing cruel and unusual punishment or excessive fines

21   or other impermissible punishment.

### Twenty-fifth Defense

23   Federal affirmatively asserts any other matter that constitutes avoidance or a

24   defense under applicable law. Federal reserves the right to interpose any and all

25   defenses available to it under federal and state law which may be applicable to this

26   action as they become available or apparent, or as they may be established during

27   ///

28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

9

ANSWER OF FEDERAL INSURANCE COMPANY

EXHIBIT C PAGE 31

1   discovery and by the evidence in this case.  Federal reserves the right to amend its

2   answer to assert such additional defenses.

3       WHEREFORE, having fully answered the Complaint, Federal respectfully

4   requests that the Complaint be dismissed, that the Court enter judgment in favor of

5   Federal and that the Court grant Federal such other and further relief as it may deem

6   just and proper.

7

Date:  February 27, 2008                 Respectfully submitted,

8                                         **RUDLOFF WOOD & BARROWS LLP**

9

10                                        By:
                                          G. Edward Rudloff, Jr.

11                                        Kevin A. Norris

12

13                                        Of counsel:
                                          David Newmann (admitted *pro hac vice*)

14                                        Joseph A. Bailey III (admitted *pro hac vice*)
                                          HOGAN & HARTSON L.L.P.

15                                        Attorneys for Defendant
                                          FEDERAL INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

RUDLOFF **WOOD & BARROWS LLP**
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA  94608
(510) 740-1500

10

ANSWER OF FEDERAL INSURANCE COMPANY

\\DC - 057212/000716 - 2678051 v4

EXHIBIT ___ PAGE 32

# EXHIBIT D

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

RICHARD D. SHIVELY

March 28, 2007

### *Via Fedex Overnite*

Chubb Group of Insurance Companies
12 VREELAND ROAD
FLORHAM PARK, NJ 07932-9095
ATTN: HENRY NICHOLLS, ESQ.

RLI INSURANCE COMPANY
525 W. VAN BUREN STREET, SUITE 350
CHICAGO, IL 60607
ATTN: AMY E. JOHNSON

Hartford/Twin City
2 Park Avenue
New York, NY 10016
Attn: Jeremy Salzman, Esq.

COVERAGE

CLAIM

Executive Protection Portfolio (D&O, Fiduciary, Crime & EPL)

CIVIL PROCEEDING: FRANKLIN BALANCE SHEET INVESTMENT FUND, ET AL.
v.
CROWLEY MARITIME CORPORATION BOARD OF DIRECTORS
v.
CROWLEY MARITIME CORPORATION
(NOMINAL DERIVATIVE DEFENDANT)

### Primary D&O
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** Federal Insurance Company (Chubb)
**Limit:** $10M Term Aggregate XS $500K retention, each loss
**Policy Number:** 8120-0792

### First XS D&O
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** Hartford/Twin City
**Limit:** $10M Aggregate XS $10M Underlying Limits
**Policy Number:** 00 DA 0100967 04

DATE OF CLAIM/SERVICE: 12/1/04
DESCRIPTION: STATUS REPORT
EXPENSE TO DATE: $574,911.87
OUR REF# 04DO0001
CHUBB REF#: 100304
HARTFORD REF#: 05360917
RLI REF#: 00176418

### Second XS D&O
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** RLI Insurance Company
**Limit:** $5M Aggregate XS $20M Underlying Limit
**Policy Number:** EPG0002704A

EXHIBIT D PAGE 33

March 28, 2007
Page 2 of 3

Interested Underwriters:

This firm has been retained to represent your insured, Crowley Maritime Corporation ("Crowley"), in connection with its claim for insurance coverage for the referenced action (the "Franklin Fund Action"). We are writing to inform you that an opportunity has arisen to settle the action on favorable terms, and to seek your consent to pursue such a settlement.

The settlement opportunity arose when the plaintiffs in the Franklin Fund Action offered to dismiss their lawsuit if they and the other unaffiliated holders of Crowley common stock were given an opportunity, through a tender offer, to sell their common stock for $2,990 per share in cash. A proposed settlement on those terms has not yet been consummated, and is subject to three contingencies. First, the tender offer must be accepted by a prescribed proportion of the unaffiliated common stock holders. Second, the proposed settlement must be approved by the Delaware Chancery Court. Third, the lawsuit must be dismissed and the time for an appeal must expire.

The proposed settlement would be in the best interest of both Crowley and its D&O insurers for two reasons. First, it would eliminate the potential for a large judgment against Crowley that might well be covered under the policies referenced above. Second, it would result in Crowley no longer being a public company -- which, in turn, would reduce the potential for future claims that might trigger coverage under the referenced policies.

After the plaintiffs had initiated the idea of a buyout to settle the Franklin Fund Action, Crowley was constrained by significant confidentiality issues that prevented it, as a practical matter, from immediately inviting its D&O carriers to join in the negotiations. Those issues related not only to applicable SEC disclosure rules, but also to financing arrangements necessary to fund the proposed purchase of the plaintiffs' shares.

The proposed settlement includes a provision that would require Crowley to pay attorneys' fees and costs incurred by the plaintiffs in prosecuting the Franklin Fund Action. Crowley would be looking to its carriers to cover -- among other costs of the settlement -- those fees and costs, as well as Crowley's own defense costs in excess of its self insured retention. However, before unequivocally accepting the plaintiffs' settlement offer and proceeding to complete the settlement, Crowley is asking its carriers to consent to the proposed settlement.

PILLSBURY & LEVINSON, LLP
ATTORNEYS AT LAW

EXHIBIT _____ PAGE _____

March 28, 2007
Page 3 of 3

There is a court hearing on the proposed settlement set for April 27, 2007. We
would appreciate hearing from you as soon as possible, so that Crowley can proceed, if
possible, to seize this opportunity to obtain a favorable settlement.

Very truly yours,

PILLSBURY & LEVINSON, LLP

Philip L. Pillsbury, Jr.
Richard D. Shively

By _____
    Richard D. Shively

EXHIBIT ___ PAGE 35

bcc: Art Mead, Esq.
     Steven Ficon
     Philip L. Pillsbury, Jr.

EXHIBIT D PAGE 36