WILLIAM C. MORISON (State Bar No. 99981)
William.Morison@morisonansa.com
MICHAEL D. PROUGH (State Bar No. 168741)
Michael.Prough@morisonansa.com
KAREN G. LEVY (State Bar No. 213172)
Karen.Levy@morisonansa.com
MORISON ANSA HOLDEN ASSUNCAO
& PROUGH, LLP
500 Ygnacio Valley Rd., Suite 450
Walnut Creek, CA 94596
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
RLI INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CV 08-00830 SI<br><br>DEFENDANT RLI INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OT ITS MOTION TO DISMISS<br><br>Date: April 7, 2008<br>Time: 9:00 a.m.<br>Judge: Susan Illston<br>Courtroom: 10, 19th Floor |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....... 1

ARGUMENT ....... 2

I. THE CONTRACTUAL LANGUAGE IS CLEAR AND EXPLICIT THAT NO COVERAGE OBLIGATION MAY EXIST UNLESS THE "FULL AMOUNT OF THE UNDERLYING LIMIT" WAS "PAID IN LEGAL CURRENCY" ....... 2

II. CONTRACUTAL PROVISIONS REQUIRING EXHAUSTION OF UNDERLYING INSURANCE BY ACTUAL PAYMENT ARE ENFORCEABLE ....... 3

III. CROWLEY CANNOT AMEND ITS COMPLAINT TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR BREACH OF RLI'S INSURANCE CONTRACT NOR FOR DECLARATORY RELIEF ....... 6

IV. THE CASES CITED BY PLAINTIFF REGARDING THE DUTY TO SETTLE DO NOT APPLY HERE ....... 7

A. None of the Cases Cited By Crowley Regarding Consent To Settlement Provisions Apply To The Present Motion ....... 10

B. The *Armstrong* and *Isaacson* Presumptions Are Not At Issue In This Case ....... 11

V. CROWLEY CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ....... 12

CONCLUSION ....... 13

## TABLE OF AUTHORITIES

Page

**CASES**

ABM Industries, Inc. v. Zurich Am. Ins. Co.
237 F.R.D. 225 (N.D. Cal. 2006) ........ 5

Armstrong World Indus. v. Aetna Cas. & Sur. Co.
45 Cal.App.4th 1 (1996) ........ 11

Citadel Holding Corp. v. Roven, Del. Supr.
603 A.2d 818 (Del. 1992) ........ 2

Clinton v. Acequia, Inc.
94 F.3d 568 (9th Cir. 1996) ........ 6

Comerica Inc. v. Zurich Am. Ins. Co.
498 F.Supp. 2d 1019 (D. Mich. 2007) ........ 4

Diamond Heights Homeowners Ass'n v. Nat'l Am. Ins. Co.
227 Cal.App.3d 563 (1991) ........ 10, 11

Federal Ins. Co. v. Srivastava
2 F.3d 98 (5th Cir. 1993) ........ 3

Fuller-Austin Insulation Co. v. Highlands Ins. Co.
135 Cal.App.4th 958 (2006) ........ 10, 11

Gunderson v. Fire Ins. Exchange
37 Cal.App.4th 1106 (1995) ........ 12

Hamilton v. Maryland. Casualty Co.
27 Cal.4th 718 (2002) ........ 1, 7, 8, 11

Hartford Acc. & Indem. Co. v. Continental Nat. American Ins. Cos.
861 F.2d 1184 (9th Cir. 1988) ........ 1, 3, 4, 5

Iolab Corp. v. Seaboard Surety Co.
15 F.3d 1500 (9th Cir. 1994) ........ 4, 5

Isaacson v. Cal. Ins. Guar. Ass'n
44 Cal.3d 775 (1988) ........ 11

Kelley v. British Commercial Ins. Co.
221 Cal.App.2d 554 (1963) ........ 8, 9, 11

Koppers Co. v. Aetna Cas. & Sur. Co.
98 F.3d 1440 (3d Cir. 1996) ........ 3

Love v. Fire Ins. Exchange
221 Cal.App.3d 1136 n. 10 (1990) ........ 12

# TABLE OF AUTHORITIES

**Page**

Ludgate Ins. Co. v. Lockheed Martin Corp.
82 Cal.App.4th 592 (2000) ........................................ 6, 7

Pereira v. Cogan
2006 U.S. Dist. LEXIS 49263, *26-27 (N.D.N.Y. 2006) ........................................ 5

Portland Police Ass'n v. City of Portland
658 F.2d 1272 (9th Cir. 1981) ........................................ 6

Safeco Ins. Co. of Am. v. Superior Court
71 Cal.App.4th 782 (1999) ........................................ 7, 8

Schwartz v. State Farm Fire & Casualty Co.
88 Cal.App.4th 1329 (2001) ........................................ 8, 9

Span v. Associated International Ins. Co.
227 Cal.App.3d 463 (1991) ........................................ 5

Times-Picayune Publ. Corp. v. Zurich Am. Ins. Co.
421 F.3d 328 (5th Cir. 2005) ........................................ 4

United States Fire Ins. Co. v. Charter Financial Group, Inc.851 F.2d 957 (7th Cir. 1988) ........................................ 3

United Steelworkers v. Cyclops Corp.
860 F.2d 189 (6th Cir. 1988) ........................................ 6

UNR Indus. v. Continental Casualty Co.
942 F.2d 1101 (7th Cir. 1991) ........................................ 3

Waller v. Truck Ins. Exch.
11 Cal.4th 1 (1995) ........................................ 3, 5, 12

Wilson v. 21st Century Ins. Co.
42 Cal.4th 713 (2007) ........................................ 12

Zeig v. Massachusetts Bonding & Ins. Co.
23 F.2d 665 (2d Cir. 1928) ........................................ 3

## STATUTES

11 U.S.C. § 524(g) ........................................ 10

Cal. Civ. Code § 1636 ........................................ 3, 5

Cal. Civ. Code § 1638 ........................................ 2

Cal. Civ. Code Proc. § 877.6. ........................................ 8

## TABLE OF AUTHORITIES

Page

Federal Rule of Civil Procedure 12(b)(6) .......... 2

**OTHER AUTHORITY**

Croskey, Heeseman & Popik, CAL. PRAC. GUIDE ¶ 12:359 (Rutter Group 2007). .......... 8

Croskey, Heeseman & Popik, CAL. PRAC. GUIDE ¶12:46 (Rutter Group 2007). .......... 12

PRELIMINARY STATEMENT

The contract language is clear that excess insurer RLI Insurance Company ("RLI") has no coverage obligation unless "the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit**." (Compl., at Exh. C.) The clear contractual provision requiring "actual payment" in legal currency of all underlying insurance should be enforced. Hartford Acc. & Indem. Co. v. Continental Nat. American Ins. Cos., 861 F.2d 1184, 1186 (9th Cir. 1988). The payment in full of the underlying insurance limits by Federal Insurance Company and Twin Cities Fire Insurance Company has not occurred here. (Compl., at ¶¶ 17; 25; 30.) Thus, no possible obligation of RLI under its contract has arisen,[1] and Crowley cannot state a breach of contract or bad faith claim against RLI.

Much of Crowley's opposition brief quotes soundbites from inapposite bad faith cases premised on a defending carrier's breach of its "duty to settle," but those cases have nothing to do with the present dispute. A claim for breach of the duty to settle arises where an insurer unreasonably declines to settle a covered claim within its policy limits, and an excess verdict is later entered against the insured that exceeds the policy limits. Clearly, Crowley has not stated and cannot state a claim against RLI for bad faith breach of the duty to settle, for--even setting aside all the other elements of such a claim (which are not present here and logically could not be present as against RLI)--Crowley undeniably has not suffered any verdict in excess of RLI's limits. Hamilton v. Maryland. Casualty Co., 27 Cal.4th 718, 725 (2002) (such an action "does not mature, until a judgment in excess of the policy limits has been entered against the insured").

By Crowley's own calculations, it settled the underlying claims for $17.6 million, then months later a $4.2 million fees award was issued. (Complaint, ¶ 10.) *Even if* it all were covered, adding those sums together does not exceed RLI's $5 million layer excess of $20 million. Nor does Crowley explain how RLI owed (much less breached) any possible obligation when it was told about a settlement ($17.6 million) that fell entirely beneath its layer of coverage. Crowley

[1] RLI certainly does not concede it would otherwise owe coverage; all rights are reserved. Likewise, RLI does not suggest the carriers beneath it owe coverage. They may well not, in which case their limits will never be paid and Crowley's claim against RLI would never ripen.

accepted the settlement, in any event. No opportunity was lost. Certainly, a "duty to settle" does not mean an insurer must indemnify any settlement, covered or not, within its layer or not. Crowley still must prove actual coverage for the settlement, that RLI owes a duty to indemnify under the policy. That it cannot do here, for--even setting aside (for now) all substantive coverage issues--it cannot show exhaustion of the underlying limits beneath RLI's policy.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Crowley cannot state a claim upon which relief may be granted, and its complaint against RLI should be dismissed.

## ARGUMENT

### I. THE CONTRACTUAL LANGUAGE IS CLEAR AND EXPLICIT THAT NO COVERAGE OBLIGATION MAY EXIST UNLESS THE "FULL AMOUNT OF THE UNDERLYING LIMIT" WAS "PAID IN LEGAL CURRENCY"

Crowley fails to address in its opposition brief the clear language of the insurance contract between Crowley and RLI, providing that: "Coverage hereunder shall attach only after the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit** for such **Policy Period**." (Compl., Exh. C, Insuring Clause.) Because here, "the full amount" of the underlying insurance (Federal's primary insurance and Twin City's first layer excess insurance) has not been paid, as required in the RLI Insurance Contract, no coverage under the RLI Insurance Contract could possibly attach (even if the loss were otherwise covered). Because RLI owes no duty under its insurance contract with Crowley, Crowley cannot bring breach of contract or bad faith claims against RLI.

The contractual requirement of actual payment of the underlying limits before RLI's coverage can attach is unambiguous. As such, under settled rules of contract interpretation, the language must be applied and given its effect. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638.[2] "The rules governing policy interpretation require us to look first to the language

---

[2] Crowley argues that California law applies here. (Compl., at 12; Opp., at 4, n.1.) Without conceding the point, it is clear Crowley's complaint fails under California law. Indeed, given the plain language of RLI's contract, Crowley's claim would fail under the law of any jurisdiction that gives legal effect to contract language. See also Citadel Holding Corp. v. Roven, Del. Supr., 603 A.2d 818, 822 (Del. 1992) (courts give effect to plain language of contract).

of the contract in order to ascertain its plain meaning." Waller v. Truck Ins. Exch., 11 Cal.4th 1, 18 (1995) (*citing* Calif. Civ. Code § 1638). "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. "Such intent is to be inferred, if possible, solely from the written provisions of the contract." Waller, 11 Cal.4th at 18.

The RLI Insurance Contract language is "clear and explicit": no coverage obligation can possibly arise until all underlying limits of liability have been exhausted via actual payment of legal currency.[3] Absent any contractual payment obligation on the part of RLI, Crowley cannot state any claim for breach of contract or bad faith against RLI.

## II. CONTRACUTAL PROVISIONS REQUIRING EXHAUSTION OF UNDERLYING INSURANCE BY ACTUAL PAYMENT ARE ENFORCEABLE

Crowley attempts to distinguish the Ninth Circuit's decision in Hartford Accident & Indem. Co. v. Continental Nat'l Am. Ins. Co., 861 F.2d 1184, 1187 (9th Cir. 1988), on the grounds that the case was a dispute between two carriers and insured was not a party. But that distinction is legally and logically immaterial. Both Hartford and this case address whether excess coverage obligations have arisen, and both involve a policy which requires by its language exhaustion by actual payment of the underlying limits.

[3] Crowley's entire opposition is based on ignoring the actual language of its contract with RLI as if broad "common law" rules of insurance can be pronounced without regard to the language of the contract. That is not the law. Crowley's authority consists of a number of cases that do not even include the relevant language from the RLI contract, for example excess policies that do not require exhaustion of underlying limits by the actual payment in legal currency of the full limits. Federal Ins. Co. v. Srivastava, 2 F.3d 98, 100 (5th Cir. 1993) (excess policy provides: "The insurance afforded by this policy shall apply only in excess of and after all UNDERLYING INSURANCE . . . has been exhausted."); UNR Indus. v. Continental Casualty Co., 942 F.2d 1101, 1104 (7th Cir. 1991) (excess policy provides that insurer "will indemnify the insured for loss in excess of the total applicable limits of underlying insurance."); United States Fire Ins. Co. v. Charter Financial Group, Inc., 851 F.2d 957, 959 n.5 (7th Cir. 1988) (excess policy provides: "the company's liability shall be only for the ultimate net loss in excess of the insured's retained limit . . . ."); Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1450 (3d Cir. 1996) (no exhaustion by actual payment language in policy). Even Crowley's ancient New York case, Zeig v. Massachusetts Bonding & Ins. Co., 23 F.2d 665, 666 (2d Cir. 1928), contained materially different language and the court made much of the absence of any requirement that the full underlying limits be paid "in cash." Here, RLI's policy requires actual payment of the full underlying limits in legal currency.

In the Hartford case, the Ninth Circuit analyzed under California law whether an excess insurer (Transcontinental), whose insurance contract specifically required "payment of judgment and settlements" before any excess coverage obligations arise, could be required to reimburse defense costs when the primary insurer (Hartford) had made no actual payment towards the costs of defense of the underlying claim against the insured. The Ninth Circuit upheld the clear contractual provision which, like the RLI policy, required exhaustion by actual payment of the underlying insurance limits. The court explained that, under California law, an "actual payment" provision in excess policies must be enforced.[4] The court further explained that an excess insurer predicates the premiums it charges upon the obligations that it and the primary insurer assume, which include exhaustion by actual payment of underlying insurance, and equity cannot require an excess insurer to provide coverage for which it was not paid. 861 F.2d at 1186-87. The court therefore held that the district court's properly dismissed the claims against the excess insurer. Id. at 1187; see also Iolab Corp. v. Seaboard Surety Co., 15 F.3d 1500, 1504 (9th Cir. 1994 (affirming the district court's dismissal of claims for breach of contract against excess insurers where the insured had failed to show exhaustion of underlying insurance).

The RLI insurance contract, like Transcontinental's insurance contract in the Hartford case, contains a requirement of actual payment in legal currency of the underlying limits before coverage obligations may arise under the excess policy: "The Insurer shall provide the **Insureds** with insurance during the **Policy Period** excess of the **Underlying Limit**. Coverage hereunder shall attach only after the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit** for such **Policy Period**." (Compl., at Exh. C.) The RLI Insurance Contract requires that the "full amount" of the insurance limits provided by Crowley's primary policy issued by Federal Insurance Company and Crowley's first-layer excess policy

4 See also Times-Picayune Publ. Corp. v. Zurich Am. Ins. Co., 421 F.3d 328, 335 (5th Cir. 2005 (applying Louisiana law and enforcing an excess insurance contractual clause requiring that coverage under the policy "shall attach only after all of the Limit(s) of Liability of the Underlying Insurance has been exhausted by the actual payment of loss(es)"); Comerica Inc. v. Zurich Am. Ins. Co., 498 F. Supp. 2d 1019, 1032 (D. Mich. 2007 (applying Michigan law and enforcing an excess policy requirement "that the primary insurance be exhausted or depleted by the actual payment of losses by the underlying insurer.")

issued by Twin City Fire Insurance Co. be paid "in legal currency" prior to the RLI coverage attaching. (Id.) The insurance contract between RLI and Crowley thus contains terms that reflect the contracting parties' agreement that RLI would have no coverage obligations unless and until the underlying Federal policy (including any Crowley SIR) and Twin Cities policy limits are actually paid -- which has not occurred here. (Compl., at ¶¶ 17; 25; 30.) Under the Ninth Circuit decision in Hartford v. Continental, Crowley's coverage action should be dismissed on this basis. Hartford, 861 F.2d at 1187 (where underlying limits have not been paid as required by the excess insurance contract, it is appropriate to dismiss claims brought against the excess insurer.)

Crowley cites ABM Industries, Inc. v. Zurich Am. Ins. Co., 237 F.R.D. 225, 228 (N.D. Cal. 2006), in which the court distinguished from the Iolab case "because plaintiff in [Iolab] had not established that the loss in the underlying action would ever trigger excess coverage." Here, Crowley's own allegations that none of Crowley's insurers has paid establish that RLI's excess coverage obligations have not attached. Unlike the present case, the ABM Industries, Inc. case did not involve an excess insurance contract that required actual payment of the underlying limits before coverage obligations attach. Absent the actual payment requirement, the court looked to the amount of underlying loss paid by the insured, which was alleged in the complaint and invaded the excess insurer's layer. That cannot be done here because to do so would disregard the clear language of this contract between Crowley and RLI.[5] *See* Cal. Civ. Code § 1638; Cal. Civ. Code § 1636; Waller v. Truck Ins. Exch., 11 Cal.4th at 18.

Crowley cannot state a claim against RLI for breach of any contractual obligation under the RLI excess insurance contract. Absent any cognizable claim for a breach of a contractual

---

5 The only cases cited by Crowley where courts have relaxed the requirement that underlying insurance be exhausted by actual payment of limits entail situations where the primary insurer was insolvent and thus unable to make the payment. Span v. Associated International Ins. Co., 227 Cal.App.3d 463, 476 (1991); Pereira v. Cogan, 2006 U.S. Dist. LEXIS 49263, *26-27 (N.D.N.Y. 2006). Given the unique considerations of bankruptcy and insurance insolvency, those cases are not precedential outside that context. Moreover, in Span, the excess insurer "did not brief the enforceability of condition 'J' [requiring payment of underlying limits] and at oral argument conceded it did not seek to enforce it literally." 227 Cal.App.3d at 476 fn. 7. That is not the case here, where RLI's policy sits above underlying insurance of two active, solvent carriers.

duty, Crowley likewise cannot state a claim for bad faith.

III. CROWLEY CANNOT AMEND ITS COMPLAINT TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR BREACH OF RLI'S INSURANCE CONTRACT NOR FOR DECLARATORY RELIEF

There are two key factors that make Crowley's action against RLI futile: the RLI policy language requiring actual payment in legal currency of the primary and first-layer excess limits before RLI's coverage obligation can attach, and the undeniable fact that those limits have not been paid. Crowley cannot amend its complaint in any way to allege any set of facts that would constitute a valid and sufficient claim for breach of the RLI insurance contract. That is because RLI has not breached its contract, simply enough.

Nor can Crowley amend its complaint to seek declaratory relief because, for the same reasons RLI owes no coverage obligations, there is also presently no justiciable, "actual controversy" between Crowley and RLI such that a declaratory relief action can lie. Declaratory relief is not proper before an actual controversy ripens and exists between the parties.

Federal courts do not have power to decide questions of law in a vacuum. A dispute does not present a "case or controversy" where the existence of the dispute itself hangs on future contingencies that may or may not occur (for example here, the contingency of two underlying insurers one day paying their entire policy limits in legal currency on a disputed loss). In Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996), the Ninth Circuit held that a breach of contract claim presents "no live case or controversy" where the agreement provided that the defendant had until 1997 to perform its obligation. The court explained that there was no way of knowing (in 1996) whether the obligation will or will not actually be performed, and so the case is "not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." Id. (citing Portland Police Ass'n v. City of Portland, 658 F.2d 1272, 1274 (9th Cir. 1981) and United Steelworkers v. Cyclops Corp., 860 F.2d 189, 194 (6th Cir. 1988) (where party lacks "contractual rights that they could vindicate in this action, . . . the prospective contractual claims are not ripe")).

Ludgate Ins. Co. v. Lockheed Martin Corp., 82 Cal.App.4th 592 (2000), cited by Crowley is inapposite. First, it is a California state court decision, addressing state law standards (not the

federal case or controversy standards). Second, regardless, the case is distinguishable because the court found that Lockheed, the insured, "in fact sufficiently alleged exhaustion of underlying limits in its fifth amended cross-complaint" and further found that Ludgate, the insurer, "admitted knowledge that Lockheed's claims totaled $ 340 million in indemnity costs and were likely to reach the Ludgate excess policies. . . ." 82 Cal.App.4th at 607-608. The RLI insurance contract, however, requires exhaustion by actual payment of the underlying limits, and only an allegation that such had occurred could bring the present case on par with Ludgate in any event. No such allegation can be made here. Thus, Crowley cannot salvage its case against RLI by amending over to state a ripe, cognizable claim for declaratory judgment. None exists.

## IV. THE CASES CITED BY PLAINTIFF REGARDING THE DUTY TO SETTLE DO NOT APPLY HERE

Crowley does not argue that the RLI contract language requiring actual payment of the underlying limits of insurance in legal currency is unclear. Instead, Crowley's opposition brief discusses case law that is inapplicable here, suggesting that Crowley has stated a "failure to settle" bad faith claim against RLI. But this is not such a case. Crowley has not shown that a settlement offer was communicated to RLI that was within RLI's limits, RLI's unreasonable failure to settle, coverage for the claim, or that any resulting verdict was then entered in excess of RLI's limits--the basic elements of any such "duty to settle" claim. This case is about whether RLI owes a duty to indemnify Crowley for the settlement of the Franklin Action (and apparently the subsequent fees award to plaintiffs) under the RLI Insurance Contract. Crowley acknowledges as much in its own complaint, where Crowley alleges: "Federal, Twin City and RLI are obligated under their Policies to reimburse Crowley for the entire amount of its covered loss (less the $500,000.00 retention), but they have failed to do so." (Compl., at ¶ 17.)

Moreover, Crowley cannot possibly state a claim for breach of the "duty to settle" against RLI because this case clearly lacks an essential element to such an action – a judgment against Crowley in excess of RLI's limits of insurance: "A cause of action for bad faith refusal to settle arises only after a judgment has been rendered in excess of the policy limits." Safeco Ins. Co. of Am. v. Superior Court, 71 Cal.App.4th 782, 788 (1999); Hamilton v. Maryland. Casualty Co., 27

Cal.4th 718, 725 (2002) (action against the insurer "does not mature, until a judgment in excess of the policy limits has been entered against the insured").

In Hamilton, the defending insurer refused a settlement demand within the policy limits, and the underlying claimant and the insured proceeded to settle the case without the insurer's participation. The trial court approved the settlement as made in good faith pursuant to California Code of Civil Procedure section 877.6. The claimant, as the insured's assignee, brought an action against the insurer in which it alleged a breach of the duty to settle. The California Supreme Court held that "the claimant may not maintain an action for breach of the duty to settle because, in light of the settlement before trial and the covenant not to execute against the insured, the stipulated judgment is insufficient to prove that the insured suffered any damages from the insurer's breach of its settlement duty." 27 Cal.4th at 725; see also Croskey, Heeseman & Popik, CAL. PRAC. GUIDE: INSURANCE LITIGATION (The Rutter Group 2007), at ¶ 12:359 ("Absent an excess judgment, there can be no bad faith action based on declining a reasonable offer to settle within policy limits.") If the underlying action proceeds to trial and a judgment in excess of policy limits is awarded, the insurer who has unreasonably refused to settle is ordinarily liable for the entire amount of that judgment (except punitive damages awarded). Hamilton, 27 Cal.4th at 725; Safeco, 71 Cal.App.4th at 789 ("until a litigated excess judgment is obtained, Safeco's refusal to settle is not actionable.")

Here, even disregarding all the other elements of such a claim for bad faith breach of the duty to settle, there was clearly no "litigated excess judgment" beyond RLI's policy limits and so Crowley could not – and did not – bring an action against RLI for breach of the duty to settle. Like the claimants in Hamilton and Safeco, the plaintiff lacks the essential element to maintain such a claim against RLI, a judgment against Crowley in excess of its limits of insurance.

Crowley's opposition cites cases where a judgment in excess of the policy limits was entered and a "failure to settle" claim was asserted against the insurer. Crowley cites Schwartz v. State Farm Fire & Casualty Co., 88 Cal.App.4th 1329, 1333 (2001), a case in which the total award (*not* settlement) against the insureds exceeded the policy limits; and Kelley v. British Commercial Ins. Co., 221 Cal.App.2d 554, 560 (1963), a case in which a $ 40,000 jury verdict in

the underlying lawsuit against the insured exceeded the policy limits. Neither case applies here as there is no excess judgment. Crowley's authority is thus factually distinguishable on that critical fact, alone, since in this case there is no verdict against the insured exceeding RLI's limits.

The Schwartz case is also inapplicable because it involved a completely different context. In Schwartz, the excess insurer paid out the full benefits of the policy in a manner that favored one insured to the detriment of a second insured (with a claim against the same limits). It was in that context--the depletion of policy limits in favor of one insured to the detriment of another insured--that the court held that a bad faith failure to settle claim may lie against an excess insurer in the absence of a breach of the contractual the duty to pay a covered claim. The Schwartz scenario – an excess insurer favoring one insured over another in the payment of its limits – is not present here, and the case therefore does not apply.

In the Kelley case cited by Crowley, the primary insurer defended and the excess insurer monitored the defense of the insured in the underlying action – a personal injury case brought by the claimant against the insured for injuries arising out of a collision. Kelley v. British Commercial Ins. Co., 221 Cal.App.2d 554, 557-58 (1963). The excess insurer "concluded that the amount of plaintiff's damages was the sole issue in the case." Id. at 557. The primary insurer offered to tender its policy limits--$5,000--and to allow the excess insurer (whose policy limits were $20,000) to defend. Id. at 557. The excess insurer declined to do so. Id. The underlying case proceeded to trial and various settlement negotiations occurred, but no settlement was reached. The underlying case was submitted to a jury and a $40,000 verdict for the underlying plaintiff was returned (in excess of the $25,000 in total limits). Id. at 560. The court held the excess insurer responsible for the $15,000 by which the $40,000 judgment in the underlying case exceeded the $25,000 total policy limits. The basis for that liability was the insurer's failure to settle within the policy limits. Id. at 563. Again, the crucial facts are absent in the present case: (1) the failure to settle within limits, (2) the primary insurer's offer of its full limits, and (3) the subsequent entry of a verdict in excess of limits. The case is so distinguishable to be irrelevant.

/ / /

/ / /

A. None of the Cases Cited By Crowley Regarding Consent To Settlement Provisions Apply To The Present Motion

Crowley further cites authority that arises in the context of disputes over excess insurers' consent to settle provisions, which are also simply not at issue in the present motion.

Crowley cites Diamond Heights Homeowners Ass'n v. Nat'l Am. Ins. Co., 227 Cal.App.3d 563, 570 (1991), but that case is also inapplicable. The primary insurers in Diamond Heights defended and settled the underlying third party lawsuit against the insured, but the excess insurer objected to the settlement and did not offer to assume the defense of the case. The court phrased the issues it decided: "Were the primary insurers entitled to settle the case for an amount which invaded excess coverage without the excess insurer's consent? Conversely, did the excess insurer have the absolute right under [the policy] to object to and therefore preclude any settlement which invaded excess coverage, even if reasonable and made in good faith, thereby compelling the primary insurer to continue the litigation and provide a defense through trial?" Id. at p. 580. Neither question has anything to do with the present case or particularly the present motion. RLI moves for dismissal on the basis that it is an excess insurer whose policy does not apply unless the underlying limits of insurance are first paid, in full, in legal currency on a covered loss.

Crowley also cites Fuller-Austin Insulation Co. v. Highlands Ins. Co., 135 Cal.App.4th 958 (2006). That case presented a unique situation in which the insured utilized the bankruptcy provisions of 11 U.S.C. § 524(g) to resolve its liability for present and future asbestos claims. A judgment was obtained, but the court found that although the judgment comported with the goals of § 524(g) to ensure that all the underlying asbestos claimants were treated fairly and, to the extent possible, equally, it was inconsistent with the parties' contractual rights and obligations under the insurance policies. Accordingly, the court reversed significant portions of both the trial court's statement of decision and the special verdict. The court found that the bankruptcy confirmation proceedings were not an "actual trial" of the insured's liability triggering the excess insurers' indemnification obligations.

Crowley cites several portions of the lengthy decision in Fuller-Austin in which the court generally discusses various principles regarding excess insurers' obligations at the time of

settlement, citing Kelley and Diamond Heights (whose inapplicability here has been discussed above) - but the issue in Fuller-Austin was not whether the excess insurers breached any such duties. Instead, the discussion revolved around the consent provisions in the excess policies: "Allowing Fuller-Austin to enter into a global settlement in the bankruptcy court without appellants' participation, while permitting appellants to challenge the Plan for fairness, reasonableness and lack of fraud or collusion in the instant action, does no violence to the policy language requiring appellants' consent." Fuller-Austin, 135 Cal.App.4th at 991 (citing Diamond Heights, 227 Cal.App.3d at 581.) The court further concluded that the insurers did not waive "all rights under the policies where they attempted to participate in the final stages of the section 524(g) proceedings but were directed to raise their objections in this action." Id. The court therefore ordered that: "On remand, [insurers] will be entitled to litigate the issue of whether, as to them, the [bankruptcy] Plan is unfair, unreasonable or the product of fraud or collusion." Id. The case is simply not on point and not helpful to the analysis of whether or not RLI's coverage obligation arose. It does not even address policy language like RLI's, requiring the exhaustion of underlying policy limits by actual payment before excess coverage attaches.

B. The *Armstrong* and *Isaacson* Presumptions Are Not At Issue In This Case

Crowley cites Armstrong World Indus. v. Aetna Cas. & Sur. Co., 45 Cal.App.4th 1 (1996) as well as Isaacson v. Cal. Ins. Guar. Ass'n, 44 Cal.3d 775 (1988) in its opposition, but both cases are likewise irrelevant to the present case and motion. Specifically, Crowley cites Armstrong at pages 84-87, but that discussion pertains to whether or not the trial court was correct in ruling that amounts paid by the policyholders to third party asbestos claimants (amount paid pursuant to a so-called "producer allocation formula") are deemed presumptive evidence of the policyholders' liability. The court of appeal agreed, after discussing and applying the Isaacson principles, that "in the unique context of this case, the Court finds that the principles of Isaacson are applicable to the producer allocation formula . . . . Under the circumstances of this case, the Court finds that the amounts paid by the policyholder pursuant to the producer allocation formula . . . are presumptive evidence of the policyholders' liability." 45 Cal.App.4th at 86. Whether that aspect of the decision survives Hamilton or applies outside its unique context might raise interesting

questions, but they are not important for purposes of deciding the present motion. The case says nothing about bad faith for an excess insurer breaching an alleged duty to settle underlying claims for less than its attachment point, nor does it address excess coverage (such as RLI's) that attaches only upon exhaustion of underlying insurance by payment in full of the underlying insurers' limits in legal currency.

In summary, the cases cited by Crowley are inapplicable to the facts in this case, and appear designed to distract from the relevant inquiry, as framed by the complaint – whether there is a duty to indemnify Crowley for the payments it made to settle the underlying Franklin Fund Action. Crowley's cases are also silent as to the issue presented in RLI"s present motion to dismiss – can Crowley state a claim against RLI in light of the contractual provisions stating that: "Coverage hereunder shall attach only after the insurers of the **Underlying Insurance** shall have paid in legal currency the full amount of the **Underlying Limit** for such **Policy Period.**" (Compl., Exh. C, Insuring Clause.) Because Crowley has no answer for that contract language, it resorts to misdirection and cites cases that bear no relation to the question presented.

V. CROWLEY CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Because RLI owes (and has breached) no contractual duties, perforce, Crowley's bad faith claim must also fail. Gunderson v. Fire Ins. Exchange, 37 Cal.App.4th 1106, 1119 (1995 ("Because there was no breach of the insurance contract, appellant's bad faith claim also fails"); Waller v. Truck Ins. Exchange, Inc., 11 Cal.4th 1, 36 (1995); Wilson v. 21st Century Ins. Co., 42 Cal.4th 713, 720 (2007; Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1151 n. 10 (1990); See also Croskey, Heeseman & Popik, CAL. PRAC. GUIDE: INSURANCE LITIGATION (The Rutter Group 2007), at ¶ 12:46 ("the implied covenant cannot be extended to create obligations not contemplated in the insurance contract; i.e., if the insurer did not breach the policy terms, it did not tortiously breach the implied covenant.

/ / /

/ / /

/ / /

CONCLUSION

For the reasons stated above, RLI respectfully requests that its motion to dismiss be granted without leave to amend.

Dated: March 21, 2008

Respectfully submitted,

MORISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP

By: /s/ Michael D. Prough

Attorneys for Defendant RLI Insurance Company

127522