Philip L. Pillsbury, Jr. (SBN 72261)
Richard D. Shively (SBN 104895)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
rshively@pillsburylevinson.com
rlarson@pillsburylevinson.com

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

CROWLEY MARITIME CORPORATION,

Plaintiff,

vs.

FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,

Defendants.

**Case No. CV-08-00830 SI**

**PLAINTIFF CROWLEY MARITIME CORPORATION'S REQUEST FOR LEAVE TO FILE RESPONSE TO RLI'S "BRIEF RE NEW AUTHORITY"**

**Date: April 7, 2008**
**Time: 9:00 a.m.**
**Judge: Hon. Susan Illston**
**Courtroom: 10, 19th Floor**

**Action Filed: January 7, 2008**
**Removal Date: February 6, 2008**
**Trial Date: None Set**



PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

Plaintiff Crowley Maritime Corporation ("Crowley") hereby requests leave to file its Response to the Brief Re New Authority filed by defendant RLI Insurance Company ("RLI") on March 26, 2008.

Dated: April 1, 2008

Respectfully submitted,

PILLSBURY & LEVINSON, LLP

By: /s/ Richard D. Shively
Richard D. Shively

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

Philip L. Pillsbury, Jr. (SBN 72261)
Richard D. Shively (SBN 104895)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
rshively@pillsburylevinson.com
rlarson@pillsburylevinson.com

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor - San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | **Case No. CV-08-00830 SI**<br><br>**PLAINTIFF CROWLEY MARITIME CORPORATION'S RESPONSE TO RLI'S "BRIEF RE NEW AUTHORITY"**<br><br>**Date: April 7, 2008**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. Susan Illston**<br>**Courtroom: 10, 19th Floor**<br><br>**Action Filed: January 7, 2008**<br>**Removal Date: February 6, 2008**<br>**Trial Date: None Set** |

Plaintiff Crowley Maritime Corporation ("Crowley") submits the following response to the "Brief Re New Authority" filed by defendant RLI Insurance Company ("RLI") on March 26, 2008.

RLI relies upon *Qualcomm, Inc. v. Certain Underwriters at Lloyd's*, 2008 Cal.App. LEXIS 394 (March 25, 2008) ("*Qualcomm*"), a new decision by the California Court of Appeal that resolves an issue not presented in this action -- whether an insured's settlement with its primary insurer for an amount substantially below the primary limits, which creates a "gap" that conclusively establishes that the primary limits will never be fully exhausted by payment of the subject loss, relieves an excess insurer of liability for the unreimbursed portion of the loss which exceeds the primary limits.[1] Here there has been no settlement between the insured (Crowley) and any of the insurers involved.

The present case is also distinguishable from *Qualcomm* in that there was no allegation in the latter case -- as there is here -- that the excess insurer breached the implied covenant of good faith and fair dealing (1) by failing to investigate the merits of a proposed settlement which exceeded the excess policy's threshold of coverage, (2) by failing to give good faith consideration to the proposed settlement, and (3) by failing to consent to the settlement even though it was a reasonable good faith settlement. *See* Complaint ¶¶ 9, 11, 28-35. As demonstrated in Crowley's opposition brief (at pp. 4-9), Crowley has fully matured claims based on the foregoing failures that breached the implied covenant. *Qualcomm* involved no such failures, nor any alleged breach of the implied covenant.

---

[1] The *Qualcomm* decision was one of two cases cited by Defendant Twin City Fire Insurance Company ("Twin City") in the "Statements of Recent Decisions" it filed on March 26, 2008. The other new decision cited by Twin City, *Manzarek v. St. Paul Fire Ins. Co.*, No. 06-55936, 2008 WL 763385 (9th Cir. March 25, 2008), is also inapposite. *Manzarek* relied on *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1 (1995), for the proposition that there can be no breach of the implied covenant where there is no right to coverage. However, as explained at pp. 5-6 of Crowley's opposition brief, that principle only applies where there is no *potential* coverage under the policy, not where -- as here -- it is claimed that a condition precedent to the obligation to pay benefits has not yet occurred, but where there is no contention that the condition precedent will not be satisfied later.



PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

In *Qualcomm*, the insured suffered a $29 million loss. The insured settled with its primary insurer (National Union) for only $16 million, even though the primary limits were $20 million. The settlement for less than the amount of the primary limits created a gap which ensured that the full $20 million primary limits would never be paid in connection with the subject loss. The insured nevertheless sued its excess carrier (Lloyd's) seeking reimbursement for $9 million -- the portion of the unreimbursed loss that exceeded the primary limits. The insured argued that the primary limits were effectively exhausted by the combination of the $16 million paid in settlement by National Union and the $4 million which it was prepared to absorb as an uninsured loss. (Qualcomm sought to recover from Lloyd's only the $9 million by which the subject loss exceeded its $20 million primary limits, rather than the full $13 million by which the loss exceeded the $16 million settlement paid by National Union.)

The present case is distinguishable because Crowley has reached no settlement with any of its insurers, and no insurer has been given any release. As a result, there is no certainty here, as there was in *Qualcomm*, that the primary limits will never be fully exhausted by the payment of the subject loss. The *Franklin Fund* Loss exceeds $22 million (Complaint ¶16), which is sufficient to fully exhaust all the insurance underlying RLI's second level excess policy (both defendant Federal Insurance Company's $10 million primary limits and the $10 million limits of the first level excess policy issued by defendant Twin City Fire Insurance Company). Nor is there any reason why Crowley should be required -- as implied by Twin City and RLI -- to prosecute three successive actions, involving the same coverage issues under excess policies which "follow form" with the primary policy, in order to obtain complete relief. That argument (based on the *Iolab* decision) is debunked in Crowley's opposition brief (at pp. 9-13).

The *Qualcomm* opinion implicitly recognizes that, if the insured in that case had not released its primary insurer, it could have pursued coverage from both the primary and excess insurers in a single action, despite the fact that the primary limits had not yet been fully exhausted by payment. The *Qualcomm* court acknowledged that, under California law, "'The obligation to indemnify . . . arises when the insured's underlying liability is established.'"

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

2008 Cal.App. LEXIS at *17, quoting *Montrose Chemical Corp. v. Admiral Ins. Co.*, 10 Cal.4th 645, 655, fn.2 (1995), and *Safeco Ins. Co. of America v. Fireman's Fund Ins. Co.*, 148 Cal.App.4th 620, 630 (2007); *see also* Crowley's opposition brief at pp. 16-17. However, the *Qualcomm* court found that the insured's release of the primary insurer -- which resulted in its not being a party to the insurance coverage action -- had precluded the trial court from determining whether, prior to the release, the primary insurer had incurred an obligation to indemnify its insured for the full amount of the primary limits at the point in time when the insured's underlying liability was established. *See* 2008 Cal.App. LEXIS at *39 ("*Home Indemnity's* result is based on disparate facts and circumstances rendering it inapposite here, including the fact that National is not a party to this action and the trial court cannot determine its liability, particularly where it has received a release from Qualcomm").

Finally, because there was no contention in *Qualcomm* that the excess insurer had breached a duty to accept a reasonable settlement, there was no argument in that case -- as there is here -- that the excess insurer had thereby waived its right to enforce conditions precedent such as the loss payable clause which is the subject of the present motions. *See* Crowley's opposition brief at pp. 20-21.

For all the foregoing reasons, *Qualcomm* does not support the relief sought by RLI and Twin City, whose motions to dismiss should be denied.

Dated: April 1, 2008

Respectfully submitted,

PILLSBURY & LEVINSON, LLP

By: /s/ Richard D. Shively
Richard D. Shively

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111