Philip L. Pillsbury, Jr. (SBN 72261)
Richard D. Shively (SBN 104895)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
        rshively@pillsburylevinson.com
        rlarson@pillsburylevinson.com

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

IT IS SO ORDERED
Judge Susan Illston

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>        Plaintiff,<br><br>    vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. CV-08-00830 SI<br><br>**PLAINTIFF CROWLEY MARITIME CORPORATION'S REQUEST FOR LEAVE TO FILE RESPONSE TO RLI'S "BRIEF RE NEW AUTHORITY"**<br><br>**Date:    April 7, 2008**<br>**Time:   9:00 a.m.**<br>**Judge:  Hon. Susan Illston**<br>**Courtroom: 10, 19th Floor**<br><br>**Action Filed: January 7, 2008**<br>**Removal Date:  February 6, 2008**<br>**Trial Date:    None Set** |

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    Plaintiff Crowley Maritime Corporation ("Crowley") hereby requests leave to file its

2  Response to the Brief Re New Authority filed by defendant RLI Insurance Company ("RLI")

3  on March 26, 2008.

4  Dated:  April 1, 2008                                Respectfully submitted,

5                                                        PILLSBURY & LEVINSON, LLP

6

7                                          By:    /s/ Richard D. Shively
                                                  Richard D. Shively
8

9                                                 Attorneys for Plaintiff
                                                  CROWLEY MARITIME CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-1-

Philip L. Pillsbury, Jr. (SBN 72261)
Richard D. Shively (SBN 104895)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
        rshively@pillsburylevinson.com
        rlarson@pillsburylevinson.com

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CV-08-00830 SI<br><br>**PLAINTIFF CROWLEY MARITIME CORPORATION'S RESPONSE TO RLI'S "BRIEF RE NEW AUTHORITY"**<br><br>**Date:** April 7, 2008<br>**Time:** 9:00 a.m.<br>**Judge:** Hon. Susan Illston<br>**Courtroom:** 10, 19th Floor<br><br><br>**Action Filed:** January 7, 2008<br>**Removal Date:** February 6, 2008<br>**Trial Date:** None Set |

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor - San Francisco, CA 94111

1    Plaintiff Crowley Maritime Corporation ("Crowley") submits the following response to

2  the "Brief Re New Authority" filed by defendant RLI Insurance Company ("RLI") on March

3  26, 2008.

4    RLI relies upon *Qualcomm, Inc. v. Certain Underwriters at Lloyd's*, 2008 Cal.App.

5  LEXIS 394 (March 25, 2008) ("*Qualcomm*"), a new decision by the California Court of

6  Appeal that resolves an issue not presented in this action -- whether an insured's settlement

7  with its primary insurer for an amount substantially below the primary limits, which creates a

8  "gap" that conclusively establishes that the primary limits will never be fully exhausted by

9  payment of the subject loss, relieves an excess insurer of liability for the unreimbursed portion

10  of the loss which exceeds the primary limits.[1]  Here there has been no settlement between the

11  insured (Crowley) and any of the insurers involved.

12    The present case is also distinguishable from *Qualcomm* in that there was no allegation

13  in the latter case -- as there is here -- that the excess insurer breached the implied covenant of

14  good faith and fair dealing (1) by failing to investigate the merits of a proposed settlement

15  which exceeded the excess policy's threshold of coverage, (2) by failing to give good faith

16  consideration to the proposed settlement, and (3) by failing to consent to the settlement even

17  though it was a reasonable good faith settlement. *See* Complaint ¶¶ 9, 11, 28-35.  As

18  demonstrated in Crowley's opposition brief (at pp. 4-9), Crowley has fully matured claims

19  based on the foregoing failures that breached the implied covenant. *Qualcomm* involved no

20  such failures, nor any alleged breach of the implied covenant.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

---

[1]  The *Qualcomm* decision was one of two cases cited by Defendant Twin City Fire Insurance
Company ("Twin City") in the "Statements of Recent Decisions" it filed on March 26, 2008.
The other new decision cited by Twin City, *Manzarek v. St. Paul Fire Ins. Co.*, No. 06-55936,
2008 WL 763385 (9th Cir. March 25, 2008), is also inapposite. *Manzarek* relied on *Waller v.
Truck Ins. Exch., Inc.*, 11 Cal.4th 1 (1995), for the proposition that there can be no breach of the
implied covenant where there is no right to coverage.  However, as explained at pp. 5-6 of
Crowley's opposition brief, that principle only applies where there is no *potential* coverage
under the policy, not where -- as here -- it is claimed that a condition precedent to the
obligation to pay benefits has not yet occurred, but where there is no contention that the
condition precedent will not be satisfied later.

1    In *Qualcomm*, the insured suffered a $29 million loss.  The insured settled with its

2  primary insurer (National Union) for only $16 million, even though the  primary limits were

3  $20 million.  The settlement for less than the amount of the primary limits created a gap which

4  ensured that the full $20 million primary limits would never be paid in connection with the

5  subject loss.  The insured nevertheless sued its excess carrier (Lloyd's) seeking reimbursement

6  for $9 million -- the portion of the unreimbursed loss that exceeded the primary limits.  The

7  insured argued that the primary limits were effectively exhausted by the combination of the

8  $16 million paid in settlement by National Union and the $4 million which it was prepared to

9  absorb as an uninsured loss. (Qualcomm sought to recover from Lloyd's only the $9 million by

10  which the subject loss exceeded its $20 million primary limits, rather than the full $13 million

11  by which the loss exceeded the $16 million settlement paid by National Union.)

12    The present case is distinguishable because Crowley has reached no settlement with

13  any of its insurers, and no insurer has been given any release.  As a result, there is no certainty

14  here, as there was in *Qualcomm*, that the primary limits will never be fully exhausted by the

15  payment of the subject loss.  The *Franklin Fund* Loss exceeds $22 million (Complaint ¶16),

16  which is sufficient to fully exhaust all the insurance underlying RLI's second level excess

17  policy (both defendant Federal Insurance Company's $10 million primary limits and the $10

18  million limits of the first level excess policy issued by defendant Twin City Fire Insurance

19  Company).  Nor is there any reason why Crowley should be required -- as implied by Twin

20  City and RLI -- to prosecute three successive actions, involving the same coverage issues

21  under excess policies which "follow form" with the primary policy, in order to obtain complete

22  relief.  That argument (based on the *Iolab* decision) is debunked in Crowley's opposition brief

23  (at pp. 9-13).

24    The *Qualcomm* opinion implicitly recognizes that, if the insured in that case had not

25  released its primary insurer, it could have pursued coverage from both the primary and excess

26  insurers in a single action, despite the fact that the primary limits had not yet been fully

27  exhausted by payment.  The *Qualcomm* court acknowledged that, under California law, "'The

28  obligation to indemnify . . .  arises when the insured's underlying liability is established.'"

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-2-

1   2008 Cal.App. LEXIS at *17, quoting *Montrose Chemical Corp. v. Admiral Ins. Co.*, 10

2   Cal.4th 645, 655, fn.2 (1995), and *Safeco Ins. Co. of America v. Fireman's Fund Ins. Co.*, 148

3   Cal.App.4th 620, 630 (2007); *see also* Crowley's opposition brief at pp. 16-17.  However, the

4   *Qualcomm* court found that the insured's release of the primary insurer -- which resulted in its

5   not being a party to the insurance coverage action -- had precluded the trial court from

6   determining whether, prior to the release, the primary insurer had incurred an obligation to

7   indemnify its insured for the full amount of the primary limits at the point in time when the

8   insured's underlying liability was established.  *See* 2008 Cal.App. LEXIS at *39 ("*Home*

9   *Indemnity's* result is based on disparate facts and circumstances rendering it inapposite here,

10  including the fact that National is not a party to this action and the trial court cannot determine

11  its liability, particularly where it has received a release from Qualcomm").

12          Finally, because there was no contention in *Qualcomm* that the excess insurer had

13  breached a duty to accept a reasonable settlement, there was no argument in that case -- as

14  there is here -- that the excess insurer had thereby waived its right to enforce conditions

15  precedent such as the loss payable clause which is the subject of the present motions.  *See*

16  Crowley's opposition brief at pp. 20-21.

17          For all the foregoing reasons, *Qualcomm* does not support the relief sought by RLI and

18  Twin City, whose motions to dismiss should be denied.

19  Dated:  April 1, 2008                          Respectfully submitted,

20                                                 PILLSBURY & LEVINSON, LLP

21

22                                      By:   /s/ Richard D. Shively
                                             Richard D. Shively
23

24                                             Attorneys for Plaintiff
                                               CROWLEY MARITIME CORPORATION
25

26

27

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111