1  Philip L. Pillsbury, Jr. (SBN 72261)
   Richard D. Shively (SBN 104895)
2  Eric K. Larson (SBN 142791)
   PILLSBURY & LEVINSON, LLP
3  The Transamerica Pyramid
   600 Montgomery Street, 31st Floor
4  San Francisco, CA 94111
   Telephone: (415) 433-8000
5  Facsimile: (415) 433-4816
   Email: ppillsbury@pillsburylevinson.com
6         rshively@pillsburylevinson.com
          rlarson@pillsburylevinson.com
7
8
   Attorneys for Plaintiff
9  CROWLEY MARITIME CORPORATION

10

11              UNITED STATES DISTRICT COURT

12     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

13

14
   CROWLEY MARITIME CORPORATION,      )   Case No. CV-08-00830 SI
15                                     )   [Hon. Susan Illston]
            Plaintiff,                 )
16                                     )   FIRST AMENDED COMPLAINT FOR
        vs.                            )   BREACH OF CONTRACT; BREACH
17                                     )   OF THE IMPLIED COVENANT OF
                                       )   GOOD FAITH AND FAIR DEALING;
18  FEDERAL INSURANCE COMPANY; TWIN    )   AND DECLARATORY RELIEF
    CITY FIRE INSURANCE COMPANY; and   )
19  RLI INSURANCE COMPANY,             )
                                       )   DEMAND FOR JURY TRIAL
20          Defendants.                )
                                       )
21                                     )
                                       )
22                                     )   Action Filed: January 7, 2008
                                       )   Removal Date: February 6, 2008
23                                     )   Trial Date:    None Set
                                       )
24  _____)

25

26

27

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    Plaintiff Crowley Maritime Corporation ("Plaintiff" or "Crowley") alleges as follows:

2    **GENERAL ALLEGATIONS**

3        1.    At all material times, Crowley was and is a corporation that is in the business of

4    providing diversified transportation services in domestic and international markets by means of

5    four operating lines of business, including liner services, logistics services, marine services and

6    petroleum services. The company supports all four of its segments by providing corporate

7    services, supervising construction of new vessels and owning vessels which are chartered for

8    use in its operating lines of business.

9        2.    Plaintiff is informed and believes that, at all material times, Defendants Federal

10   Insurance Company ("Federal"), Twin City Fire Insurance Company ("Twin City") and RLI

11   Insurance Company ("RLI") were and are corporations or other business entities authorized to

12   transact, and transacting, insurance business in the State of California.

13       3.    At all material times herein, each Defendant acted as an agent and employee of

14   the remaining Defendants, and in doing the things hereinafter alleged acted within the course

15   and scope of said agency and with the permission and consent of its principals.  The acts and

16   conduct of each said Defendant alleged herein were known to, authorized by, and ratified by

17   each of the other Defendants.

18   **THE FEDERAL INSURANCE POLICY**

19       4.    Federal issued an Executive Protection Portfolio insurance policy (policy

20   number 8120-0792) to Crowley which includes an Executive Liability and Entity Securities

21   Liability Coverage Section (hereafter referred to as the "Federal Policy").  A true and correct

22   copy of the Federal Policy is attached hereto as Exhibit A.  The Federal Policy was in effect

23   from November 1, 2004 to November 1, 2005 (the "policy period"), and provides -- among

24   other coverages -- primary executive indemnification coverage with limits of $10,000,000.00

25   and a retention of $500,000.00.  The executive indemnification coverage is applicable to loss

26   for which Crowley grants indemnification to its directors and officers, on account of claims

27   first made during the policy period, for wrongful acts committed or allegedly committed before

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No. CV-08-00830 SI

1  or during the policy period.  The Federal Policy was issued to Crowley in California, and is

2  governed by California law.

### THE TWIN CITY INSURANCE POLICY

4       5.     Twin City issued an Excess Financial Products Insurance Policy -- policy

5  number 00 DA 0100967-04 -- to Crowley which provides excess executive indemnification

6  coverage (hereafter referred to as the "Twin City Policy").  A true and correct copy of the

7  Twin City Policy is attached hereto as Exhibit B.  The Twin City Policy sits directly above the

8  Federal Policy, and it provides first layer excess coverage that "follows form" with the

9  underlying Federal Policy (that is, the Twin City Policy is "subject to the same warranties,

10  terms, conditions, definitions, exclusions and endorsements").  The Twin City Policy was in

11  effect during the same policy period (November 1, 2004 to November 1, 2005), and has limits

12  of $10,000,000.00 in excess of the limits of the underlying Federal Policy.  The Twin City

13  Policy was issued to Crowley in California, and is governed by California law.

### THE RLI INSURANCE POLICY

15       6.     RLI issued an Excess Policy -- policy number EPG0002704A -- to Crowley

16  which provides excess executive indemnification coverage (hereafter referred to as the "RLI

17  Policy").  A true and correct copy of the RLI Policy is attached hereto as Exhibit C.  The RLI

18  Policy sits directly above the Twin City Policy, and it provides second layer excess coverage

19  that also "follows form" with the underlying Federal Policy.  The RLI Policy was in effect

20  during the same policy period (November 1, 2004 to November 1, 2005), and has limits of

21  $5,000,000.00 in excess of the limits of the underlying Federal and Twin City Policies.  The

22  RLI Policy was issued to Crowley in California, and is governed by California law.

### THE UNDERLYING LITIGATION AND SETTLEMENT

24       7.     A lawsuit was filed against Crowley and certain members of its board of

25  directors on November 30, 2004 in the Court of Chancery in the State of Delaware, entitled

26  *Franklin Balance Sheet Investment Fund v. Crowley*, C.A. No. 888-VCP (hereafter referred to

27  as the "*Franklin Fund* Action").  The *Franklin Fund* Action was both a class action and a

28  shareholder derivative action that alleged breaches of fiduciary duties owed by the director

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-2-

1  defendants to Crowley and its stockholders, and it sought both damages and other relief. The

2  *Franklin Fund* plaintiffs' claims fall directly within the coverage of the Federal, Twin City and

3  RLI Policies. Each of those insurers was given timely notice of the claims.

4      8.      In March 2007 Crowley notified Federal, Twin City and RLI (hereafter

5  collectively referred to as the "Insurers") that an opportunity had arisen to settle the *Franklin*

6  *Fund* Action on favorable terms, that there was a proposed settlement, and that a hearing in the

7  Delaware Chancery Court was set for April 27, 2007 -- at which time the court's approval of

8  the proposed settlement would be sought. Crowley's notification also sought the Insurers'

9  consent to the proposed settlement. On April 5, 2007 Federal's attorney Henry Nicholls

10  responded by telephone, advising Crowley's attorney that Federal "ha[d] no problem with

11  consenting" to the proposed settlement. Mr. Nicholls also requested additional information

12  relating to the settlement, which was promptly supplied by Crowley's attorneys. Crowley

13  received no further response from Federal, and it received no response whatsoever from either

14  Twin City or RLI. The Crowley board, upon the recommendation of a special committee of

15  independent directors, evaluated the terms of the proposed settlement and determined that it

16  was reasonable and in the best interests of the Company. The Company therefore proceeded to

17  complete the proposed settlement, which was approved by the Delaware Court. The court

18  specifically concluded that the settlement was "fair, reasonable and adequate and in the best

19  interests of the Company, its shareholders and the Class."

20      9.      As part of the settlement, $17.625 million was paid to the plaintiffs for a release

21  of their claims. That was a reasonable amount, given the probability that the plaintiffs would

22  have recovered a greater amount had the action gone to trial. As a result, the Insurers should

23  have consented to the settlement -- whether or not they also reserved their rights to contest

24  coverage. It also was agreed as part of the settlement that Crowley would pay, on behalf of the

25  director defendants, the plaintiffs' attorneys' fees and expenses in an amount to be determined

26  by the Delaware Court. The court ultimately issued an order awarding the plaintiffs their

27  attorneys' fees and expenses in the amount of $4,219,458.26, and Crowley paid those fees and

28  expenses as ordered by the court. The court specifically concluded that this amount

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-3-

1  "represents a reasonable attorney's fee under the circumstances of this case." The fee award

2  amount does not detract from the conclusion that the settlement was reasonable, since the

3  plaintiffs likely would have obtained a higher fee award in addition to their recoverable

4  damages had there been no settlement.

5      10.    In determining whether the proposed settlement was reasonable and should be

6  consented to, the Insurers were obligated to consider the amount proposed to be paid for a

7  release of the plaintiffs' claims, the likely extent of the plaintiffs' recoverable damages should

8  they prevail, and the probability that the plaintiffs would prevail. Under applicable California

9  law, the Insurers were not permitted to consider coverage issues. However, the Insurers failed

10  to conduct any reasonable investigation sufficient to enable them to determine whether the

11  proposed settlement was a reasonable one that ought to be consented to. The Insurers'

12  obligation to give good faith consideration to the proposed settlement, and not to unreasonably

13  withhold their consent, derived not only from the express provisions of the Policies involved,

14  but also from the covenant of good faith and fair dealing that is implied by law into every

15  insurance contract.

16      11.    On June 14, 2007 -- after the settlement was finalized -- Federal took the

17  position that there was no coverage for the *Franklin Fund* settlement because Crowley had not

18  obtained Federal's consent in writing before consummating it. Federal's argument is incorrect

19  for three separate and independent reasons. First, under applicable California law, the Federal

20  Policy's consent provisions were rendered inoperative (or waived or forfeited) by the

21  circumstances that Federal (a) had no duty to defend and did not defend the *Franklin Fund*

22  Action, and (b) reserved its right to deny coverage. An insurer's right to control the defense

23  and settlement of an action against its insured is an adjunct to the insurer's duty to defend, and

24  only where the insurer provides a defense and no conflict of interest exists does the insurer

25  have the exclusive right to control defense and settlement. Such was not the case here, because

26  Federal did not defend and its reservation of rights created a conflict.

27      12.    Second, Federal's breach of the implied covenant freed Crowley from

28  compliance with the Federal Policy's consent provisions. That is because an insurer cannot

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-4-

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1   deprive the insured of the benefits of the contract while, at the same time, insisting on the

2   enforcement of its own rights under the agreement. Federal breached the implied covenant by

3   its failure to promptly respond substantively in writing to Crowley's notice of the proposed

4   settlement and request for consent; by its deceptive conduct in misleading Crowley into

5   believing that Federal "had no problem with consenting" to the proposed settlement; by failing

6   to warn Crowley that, if it proceeded to consummate the proposed settlement, Federal would

7   deny coverage; and by waiting until after the settlement had been finalized to first raise the

8   issue. Federal also breached the implied covenant by failing to conduct an adequate

9   investigation of the reasonableness of the proposed settlement, by failing to give it good faith

10  consideration, and -- ultimately -- by refusing to consent to the settlement and then denying

11  coverage on that basis. In engaging in the foregoing conduct, Federal failed to give as much

12  consideration to Crowley's interests as it gave to its own. Essentially, Federal treated the

13  proposed settlement as nothing more than an opportunity to avoid coverage.

14       13.    Third, Federal's foregoing conduct -- failing to adequately investigate, failing to

15  give good faith consideration to the proposed settlement, and advising Crowley over the

16  telephone that it "had no problem with consenting" to the settlement while failing to advise

17  Crowley that it planned to deny coverage as soon as the settlement was finalized (on the

18  ground that its consent in writing was not obtained) -- gives rise to a waiver or forfeiture or

19  estoppel which would prevent Federal from enforcing the Federal Policy's consent provisions

20  even if Federal had not breached the Policy.

21       14.    Under the applicable law, Crowley was not obligated to obtain the Insurers'

22  consent before settling the *Franklin Fund* Action. Its only obligations were to act in good faith

23  in reaching a reasonable settlement, to give the Insurers notice of the proposed settlement, and

24  to respond reasonably to any requests by the Insurers for further information. Crowley met all

25  those obligations.

26       15.    The attorney fees and expenses incurred by Crowley defending the *Franklin*

27  *Fund* Action constitute a covered "Loss" as defined by the Federal Policy. So, too, do the

28  amounts paid to settle that Action, since a covered "Loss" is defined as expressly including

1   "settlements." Those amounts also constitute covered losses under the Twin City and RLI

2   Policies, which follow form with the Federal Policy. Crowley incurred covered defense costs,

3   in an amount to be proven at trial, that exceed $600,000.00. The amount paid to settle the

4   *Franklin Fund* plaintiffs' claims includes the $17.625 million that was paid directly to the

5   plaintiffs as well as the $4,219,458.26 that was paid to their attorneys, for a total of

6   $21,844,458.26. Crowley was obligated to, and did, pay the defense costs and settlement

7   amounts on behalf of the director defendants. After deducting the $500,000.00 retention

8   provided by the Federal Policy, Crowley's total covered loss exceeds $22 million (the

9   "*Franklin Fund* Loss").

10       16.   Federal, Twin City and RLI are obligated under their Policies to reimburse

11   Crowley for the *Franklin Fund* Loss, but they have failed to do so. That failure constitutes a

12   breach of those Policies which entitles Crowley to relief in this action.

### FIRST CLAIM FOR RELIEF

### Breach of Contract

### (Against Federal)

16       17.   Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 16

17   of this First Amended Complaint as though fully set forth herein.

18       18.   From November 1, 2004 to November 1, 2005 Federal insured Crowley under

19   the previously described Federal Policy.

20       19.   Pursuant to the terms of the Federal Policy and the law, Crowley reasonably

21   settled the *Franklin Fund* Action and timely notified Federal of the settlement and made a

22   claim for indemnification.

23       20.   The Federal Policy provides indemnity coverage to Crowley for the settlement

24   reached in the *Franklin Fund* Action and for the defense costs incurred by Crowley in that

25   Action.

26       21.   Crowley timely demanded indemnity from Federal, and promptly provided all

27   proof of loss information requested by it.

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No. CV-08-00830 SI

22.   Federal has failed to honor its obligation under the previously described Federal Policy to indemnify Crowley for the *Franklin Fund* Loss.

23.   Crowley has duly complied with all the applicable material terms and conditions of the previously described Federal Policy, or its performance has been excused.

24.   Federal has breached its contractual duties to Crowley, including the obligation to indemnify Crowley for the *Franklin Fund* Loss.

25.   As a proximate result of Federal's breach of contract, Crowley has been damaged as outlined below.

26.   By reason of Federal's breach of contract, Crowley has been caused to suffer, and continues to suffer, ongoing loss in the amount of the unpaid insurance benefits that are due (including reimbursement of the *Franklin Fund* Loss), together with interest thereon at the legal rate from the dates Crowley paid the defense costs and settlement until the date when those amounts are finally reimbursed by Federal.

WHEREFORE, Plaintiff prays for judgment against Federal as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

#### (Against Federal)

27.   Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 26 of this First Amended Complaint as though fully set forth herein.

28.   Implied in each insurance policy is a covenant by the insurer that it will act in good faith and engage in fair dealing in connection with claims made by its insured; that it will do nothing to interfere with the rights of its insured to receive policy benefits; that it will give at least as much consideration to the interests of its insured as it gives to its own interests; that it will investigate all possible bases for coverage; that it will not unreasonably withhold its consent to a proposed settlement of an action against its insured; and that it will not refuse to pay any claim without thoroughly investigating the foundation for any denial (hereinafter referred to as "the implied covenant of good faith and fair dealing"). The implied covenant obligated Federal to promptly investigate the reasonableness of the proposed settlement, to

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-7-

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1  give good faith consideration to it, and to exercise is own rights under the Federal Policy in

2  good faith.

3          29.      At all material times, Federal violated the implied covenant of good faith and

4  fair dealing by, *inter alia*, the following:

5                  (a)  Consciously and unreasonably refusing to pay to Crowley insurance benefits

6                        to which it is entitled pursuant to the previously described Federal Policy, and

7                        depriving Crowley of insurance benefits rightfully due to it with the

8                        knowledge that said conduct was and is wrongful and contrary to Federal's

9                        obligations under the Federal Policy and the law;

10                 (b)  Consciously and unreasonably failing to properly investigate Crowley's claim

11                        fairly and in good faith, and refusing to give Crowley's interests at least as

12                        much consideration as Federal gave its own interests;

13                 (c)  Consciously and unreasonably denying Crowley's indemnity claim without

14                        thoroughly investigating the foundation for the denial;

15                 (d)  Consciously and unreasonably misinterpreting the facts, policy provisions and

16                        law at issue in a way calculated to deprive Crowley of insurance policy

17                        benefits to which it is entitled; and

18                 (e)  Engaging in the other conduct specifically alleged in this Complaint,

19                        including without limitation the conduct alleged in Paragraphs 8 and 10-13

20                        above.

21          30.      Crowley is informed and believes, and thereon alleges, that the aforementioned

22  conduct by Federal represents a common pattern and practice on its part.

23          31.      Crowley is informed and believes, and thereon alleges, that in engaging in the

24  conduct alleged herein Federal acted with malice, fraud and/or oppression, as defined in

25  California Civil Code § 3294.

26          32.      As a proximate result of Federal's actions, Crowley has been damaged as

27  alleged in Paragraph 26 above.

28

-8-

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

33.    As a further proximate result of Federal's breach of the implied covenant of good faith and fair dealing, Crowley has incurred, and will continue to incur, attorneys' fees and related costs in order to obtain the insurance policy benefits unreasonably withheld by Federal.

34.    As a result of Federal's conduct alleged herein, Crowley is entitled to recover compensatory damages, including insurance policy benefits, interest thereon, and attorneys' fees and expenses, and it also is entitled to recover punitive damages from Federal in an amount sufficient to punish and make an example of it, in order to deter similar conduct in the future.

### THIRD CLAIM FOR RELIEF

### Declaratory Relief

### (Against Twin City and RLI)

35.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 34 of this First Amended Complaint as though fully set forth herein.

36.    An actual controversy has arisen and now exists between Crowley, on the one hand, and Twin City and RLI (collectively, the "Excess Insurers"), on the other hand, concerning their respective rights and obligations under the Twin City and RLI Policies (collectively, the "Excess Policies") in connection with the *Franklin Fund* Loss.

37.    Crowley contends, and seeks a declaratory judgment declaring, that the *Franklin Fund* Loss falls within the coverage of both the Federal Policy and the Excess Policies, and that the Excess Insurers, along with Federal, are obligated to indemnify Crowley for the *Franklin Fund* Loss -- with Twin City being obligated to indemnify Crowley for that portion of said Loss exceeding the $500,000 retention under the Federal Policy and Federal's $10 million primary limits, up to the full amount of Twin City's $10 million limits; and with RLI being obligated to indemnify Crowley for the remaining portion of said Loss, up to RLI's $5 million limits.  The Excess Insurers dispute Crowley's contentions, and have disclaimed any and all responsibility under the Excess Policies to indemnify Crowley for the *Franklin*

-9-

1   *Fund* Loss -- both asked the Court to dismiss *with prejudice* Crowley's claims against them in

2   this case.

3        38.     Crowley desires a judicial determination and declaration of Crowley's and the

4   Excess Insurers' respective rights and duties under the Excess Policies, and specifically a

5   declaration that the Excess Insurers are obligated -- along with Federal -- to indemnify

6   Crowley for the *Franklin Fund* Loss.

7        WHEREFORE, Plaintiff prays for judgment against Federal as follows:

8        1.     For compensatory damages according to proof;

9        2.     For exemplary damages according to proof;

10       3.     For attorneys' fees and expenses incurred in obtaining insurance policy benefits

11            according to proof;

12       4.     For costs of suit incurred herein;

13       5.     For prejudgment interest according to proof; and

14       6.     For such other and further relief as this Court may deem just and proper.

15       Plaintiff also prays for judgment against Twin City and RLI, as follows:

16       7.     For a declaration of the parties' respective rights and obligations under the Twin

17            City and RLI Policies, including a declaration that the Excess Insurers are

18            obligated to indemnify Crowley for the *Franklin Fund* Loss, as alleged in

19            Paragraphs 36-38 above;

20       8.     For costs of suit incurred herein; and

21       9.     For such other and further relief as this Court may deem just and proper.

22       **JURY DEMAND**

23       Plaintiff hereby demands a trial by jury.

24  Dated:  April 18, 2008          Respectfully submitted,
              PILLSBURY & LEVINSON, LLP

25

26

27       By:  /s/ Richard D. Shively
              Richard D. Shively

28            Attorneys for Plaintiff
              CROWLEY MARITIME CORPORATION

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-10-