G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
KEVIN A. NORRIS (State Bar No. 206022)
**RUDLOFF WOOD & BARROWS LLP**
2000 Powell Street, Suite 900
Emeryville, California 94608
Telephone: (510) 740-1500
Facsimile: (510) 740-1501
E-Mail: erudloff@rwblaw.com
knorris@rwblaw.com

David Newmann, Esq. (admitted *pro hac vice*)
Joseph A. Bailey III, Esq. (admitted *pro hac vice*)
**HOGAN & HARTSON LLP**
555 Thirteenth Street NW
Washington DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
E-Mail: dnewmann@hhlaw.com
jabaileyIII@hhlaw.com

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and RLI INSURANCE COMPANY,<br><br>Defendants. | No. CV 08 0830 SI<br><br>**ANSWER OF FEDERAL INSURANCE COMPANY TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: 01/07/08<br>Trial Date: None Set |

Defendant Federal Insurance Company ("Federal"), for its Answer to the First Amended Complaint of Plaintiff Crowley Maritime Corporation ("CMC") (the "Complaint"), states as follows:

1. Federal denies the allegations in Paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

2. Federal admits the allegations in Paragraph 2 with respect to Federal, and admits on information and belief the allegations in Paragraph 2 with respect to Twin City Fire Insurance Company ("Twin City") and RLI Insurance Company ("RLI").

3. Federal denies the allegations in Paragraph 3.

4. Federal admits that it issued Executive Protection Portfolio Policy No. 8120-0792 (the "Federal Policy") to CMC for the November 1, 2004 to November 1, 2005 Policy Period; that the Federal Policy includes an Executive Liability and Entity Securities Liability Coverage Section (the "EL Section"); and that the EL Section is subject to a $10 million per Claim and aggregate Limit of Liability and a $500,000 retention with respect to Insuring Clauses 2 and 3. Federal denies any other allegations as to the content of the Federal Policy and states that the Federal Policy speaks for itself. Federal denies that Exhibit A to CMC's Complaint is a true and correct copy of the Federal Policy. Federal denies the allegation in the first half of the last sentence of Paragraph 4 as to where the Federal Policy was issued. The second half of the last sentence of Paragraph 4 sets forth conclusions of law to which no response is required.

5. Insofar as the allegations of Paragraph 5 are not directed to Federal, no response is required. To the extent any response is required, Federal denies the allegations in Paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

6. Insofar as the allegations of Paragraph 6 are not directed to Federal, no response is required. To the extent any response is required, Federal denies the allegations in Paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

7. Federal admits that a putative derivative and class action captioned <u>Franklin Balance Sheet Investment Fund, et al. v. Crowley, et al.</u>, C.A. No. 888-VCP (the "Franklin Fund Action") was filed against CMC and certain individuals alleged to be directors of CMC on November 30, 2004 in the Delaware Court of Chancery. Federal denies the characterization of the Franklin Fund Action in Paragraph 7 and states that the pleadings in that action speak for themselves. Federal denies the allegations in the last two sentences of Paragraph 7.

8. Paragraph 8 should be stricken because it is not limited to a single set of circumstances and therefore violates Rule 10(b) of the Federal Rules of Civil Procedure. To the extent any response is required, Federal denies the allegations in Paragraph 8, except that Federal admits: (a) as to the first and second sentences, that CMC's counsel sent Federal a letter dated March 28, 2007, which speaks for itself; (b) as to the third and fourth sentences, that CMC's counsel and Federal's claims examiner Henry Nicholls spoke by telephone on April 5, 2007; and (c) as to the seventh and eighth sentences, that the Delaware Chancery Court approved the settlement in a decision that speaks for itself. Federal states that, contrary to the allegations in Paragraph 8, CMC negotiated, drafted and executed the referenced settlement without prior notice to or consent by Federal. By negotiating and entering into the Agreement without Federal's knowledge or consent, CMC violated its obligation under the Federal Policy "not to settle or offer to settle any Claim . . . or otherwise assume any contractual obligation . . . without [Federal's] prior written consent."

9. Paragraph 9 should be stricken because it is not limited to a single set of circumstances and therefore violates Rule 10(b) of the Federal Rules of Civil Procedure. To the extent any response is required, Federal denies the allegations in Paragraph 9, except that: (a) as to the fifth sentence, Federal admits that the Delaware Chancery court awarded the plaintiffs a total of $4,219,458.26 in attorneys' fees and expenses, but Federal lacks knowledge or information sufficient to form a belief as to whether CMC paid that amount; and (b) as to the sixth sentence, Federal denies the allegations on the ground that the Chancery Court's decision speaks for itself.

10. Paragraph 10 sets forth conclusions of law to which no response is required. To the extent a response is required, Federal denies the allegations in Paragraph 10.

11. Federal denies the allegations of Paragraph 11 and further states that the referenced June 14, 2007 letter speaks for itself.

12. Federal denies the allegations in Paragraph 12.

13. Federal denies the allegations in Paragraph 13.

14. Paragraph 14 sets forth conclusions of law to which no response is required. To the extent a response is required, Federal denies the allegations in Paragraph 14.

15. Federal denies the allegations in Paragraph 15.

16. Federal denies the allegations in Paragraph 16.

17. Federal incorporates by reference herein its responses to the allegations in paragraphs 1-16.

18. Federal admits that Federal issued the Federal Policy for the November 1, 2004 to November 1, 2005 Policy Period and otherwise denies the allegations in Paragraph 18 as to the Federal Policy. Federal denies the remaining allegations in Paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

19. Federal denies the allegations in Paragraph 19.

20. Federal denies the allegations in Paragraph 20.

21. Federal denies the allegations in Paragraph 21.

22. Federal denies the allegations in Paragraph 22.

23. Federal denies the allegations in Paragraph 23. Federal states that CMC breached its obligations under the Federal Policy and failed to satisfy all applicable conditions precedent by actions or inactions including but not limited to: (a) negotiating and executing the Franklin Fund Action settlement agreement without consulting with Federal in advance and without Federal's prior written consent, in breach of Clauses 16(b) and (c) of the Federal Policy's EL Section; (b) failing to defend the Franklin Fund Action, in breach of Clause 16(a) of the Federal Policy's EL Section; (c) prejudicing Federal's position, in breach of Clause 16(d) of the Federal Policy's EL Section; and (d) filing suit against Federal without first complying with the terms of the Federal Policy, in breach of Clause 8 of the Federal Policy's General Terms and Conditions Section.

24. Federal denies the allegations in Paragraph 24.

25. Federal denies the allegations in Paragraph 25.

26. Federal denies the allegations in Paragraph 26.

27. Federal incorporates by reference herein its responses to the allegations in paragraphs 1-26.

28. Paragraph 28 sets forth conclusions of law to which no response is required. To the extent a response is required, Federal denies the allegations in Paragraph 28.

29. Federal denies the allegations in Paragraph 29, including subparagraphs (a) through (e).

30. Federal denies the allegations in Paragraph 30.

31. Federal denies the allegations in Paragraph 31.

32. Federal denies the allegations in Paragraph 32.

33. Federal denies the allegations in Paragraph 33.

34. Federal denies the allegations in Paragraph 34.

35. Federal incorporates by reference herein its responses to the allegations in paragraphs 1-34.

36. Insofar as the allegations of Paragraph 36 are not directed to Federal and set forth conclusions of law, no response is required. To the extent a response is required, Federal denies the allegations in Paragraph 36.

37. Federal denies the allegations in Paragraph 37.

38. Federal denies the allegations in Paragraph 38.

39. Federal denies that CMC is entitled to any of the relief requested in the Complaint.

40. Any and all allegations not expressly admitted, denied, qualified or otherwise responded to are hereby denied.

## DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Complaint is barred because CMC settled, offered to settle, assumed a contractual obligation or admitted liability with respect to the Franklin Fund Action without Federal's prior written consent and without any prior notice to Federal, in violation of Clause 16(b) of the Federal Policy's EL Section.

### Third Defense

The Complaint is barred because CMC deprived Federal of the right to effectively associate with the Insureds, and CMC failed to consult in advance with Federal, regarding the defense and settlement of the Franklin Fund Action, including the negotiation of the settlement of that action, in violation of Clause 16(c) of the Federal Policy's EL Section.

### Fourth Defense

The Complaint is barred because CMC failed to provide Federal with all information, assistance and cooperation which Federal reasonably required and because CMC prejudiced Federal's position, in violation of Clause 16(d) of the Federal Policy's EL Section.

### Fifth Defense

The Complaint is barred insofar as CMC seeks to recover amounts that do not constitute Loss under the applicable law or the definition set forth in Clause 5 of the Federal Policy's EL Section, or that are uninsurable under the applicable law or as a matter of public policy.

### Sixth Defense

The Complaint is barred insofar as CMC seeks to recover amounts that neither it nor any Insured Person was "legally obligated to pay on account of any Claim."

### Seventh Defense

The Complaint is barred by California Insurance code Section 533, because any loss for which CMC seeks coverage was caused by the willful act of the insured.

### Eighth Defense

The Complaint is barred insofar as CMC breached its duty to defend the Franklin Fund Action in violation of Clause 16(a) of the Federal Policy's EL Section.

### Ninth Defense

The Complaint is barred because Exclusion 7(c) of the Federal Policy's EL Section precludes coverage insofar as the Franklin Fund Action is based upon, arises from, or is in consequence of one or more of the director defendants having gained in fact any profit, remuneration or advantage to which such director defendants were not legally entitled.

### Tenth Defense

The Complaint is barred to the extent that the Franklin Fund Action is or is deemed to be a Claim first made prior to the Federal Policy's Policy Period, pursuant to Clauses 5 or 13(g) of the Federal Policy's EL Section.

### Eleventh Defense

The Complaint is barred insofar as CMC failed to give notice in accordance with Clause 15 of the Federal Policy's EL Section.

### Twelfth Defense

The Complaint is barred to the extent that CMC is seeking coverage for amounts for which CMC purported to grant indemnification to an Insured Person when CMC was neither permitted nor required by law to grant any such indemnification.

### Thirteenth Defense

The Complaint is barred to the extent that CMC is seeking coverage for any amounts allocated to non-covered loss pursuant to Clause 17 of the Federal Policy's EL Section.

### Fourteenth Defense

The Complaint is barred insofar as CMC is seeking coverage for amounts that do not exceed the applicable retention under the Federal Policy's EL Section.

### Fifteenth Defense

The Complaint is barred by laches, waiver and estoppel, including judicial estoppel.

### Sixteenth Defense

The Complaint is barred by CMC's failure to satisfy one or more conditions precedent to coverage or to filing suit against Federal.

### Seventeenth Defense

The Complaint is barred in whole or in part by all terms, conditions, definitions, exclusions, limits of liability and deductible amounts set forth in the Federal Policy.

### Eighteenth Defense

Any prayer for damages is barred by CMC's failure to take reasonable efforts to mitigate

1 any alleged damages.

## Nineteenth Defense

Any prayer for equitable relief is barred in whole or in part by the doctrine of unclean hands.

## Twentieth Defense

The Complaint is barred because Federal acted reasonably and in a timely fashion in investigating and handling any and all requests for coverage under the Federal Policy.

## Twenty-first Defense

The Complaint is barred because Federal had and has reasonable grounds to dispute coverage with respect to the matters for which CMC is seeking coverage.

## Twenty-second Defense

The Complaint is barred because CMC acted in bad faith.

## Twenty-third Defense

The Complaint is barred by Federal's right of set-off, recoupment and reimbursement to the full extent of any and all amounts previously paid to CMC under the Policy.

## Twenty-fourth Defense

Any request for extra-contractual and/or exemplary damages is barred because the application of such damages to Federal in this action would violate Article I, §§7, 15 and 17 of the California Constitution, Article IV, §16 of the California Constitution and/or the Fifth, Eighth and Fourteenth Amendments of the United States Constitution by, inter alia, depriving Federal of due process and equal protection of the laws, not limiting the discretion of the trier of fact as to the amount of exemplary damages, subjecting Federal to impermissibly vague, imprecise, inconsistent standards and imposing cruel and unusual punishment or excessive fines or other impermissible punishment.

## Twenty-fifth Defense

Federal affirmatively asserts any other matter that constitutes avoidance or a defense under applicable law. Federal reserves the right to interpose any and all defenses available to it under federal and state law which may be applicable to this action as they become available or apparent,

8

FEDERAL INSURANCE CO.'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. CV-08-00830 SI

1 or as they may be established during discovery and by the evidence in this case.  Federal reserves
2 the right to amend its answer to assert such additional defenses.
3      WHEREFORE, having fully answered the Complaint, Federal respectfully requests that the
4 Complaint be dismissed, that the Court enter judgment in favor of Federal and that the Court grant
5 Federal such other and further relief as it may deem just and proper.

Date: <u>April 28, 2008</u>      Respectfully submitted,

**RUDLOFF WOOD & BARROWS LLP**

By:   <u>/s./ *G. Edward Rudloff, Jr.*</u>
G. Edward Rudloff, Jr.
Kevin A. Norris

Of counsel:
David Newmann (admitted *pro hac vice*)
Joseph A. Bailey III (admitted *pro hac vice*)
HOGAN & HARTSON L.L.P.

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500