WILLIAM C. MORISON (State Bar No. 99981)
William.Morison@morisonansa.com
MICHAEL D. PROUGH (State Bar No. 168741)
Michael.Prough@morisonansa.com
KAREN G. LEVY (State Bar No. 213172)
Karen.Levy@morisonansa.com
MORISON ANSA HOLDEN ASSUNCAO
    & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596-8068
Telephone:  (925) 937-9990
Facsimile:  (925) 937-3272

Attorneys for Defendant
RLI INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>            Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>            Defendants. | Case No. CV 08-00830 SI<br><br>RLI INSURANCE COMPANY'S ANSWER<br><br>Complaint Filed:  January 7, 2008<br>Judge:                  Hon. Susan Illston<br>Courtroom:         10, 19th Floor<br>Trial Date:          None Set |

Comes now defendant RLI Insurance Company ("RLI") and, in answer to the First Amended Complaint ("Complaint") of Plaintiff Crowley Maritime Corporation ("Crowley") on file herein, admits, denies, and avers as follows:

    1.    RLI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and the same are, therefore, denied.

    2.    RLI admits that, at all material times, it was and is authorized to transact, and is transacting, insurance business in the State of California.  RLI is without knowledge or

1    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2
2    and the same are, therefore, denied.

3        3.   Denied. Moreover, the paragraph contains conclusions of law to which no responsive pleading is required.

4.   RLI avers that the insurance contract issued by Federal Insurance Company ("Federal"), Policy No. 8120-0792, ("Federal Policy") speaks for itself and denies any and all allegations inconsistent with the actual terms of the insurance contract. Paragraph 4 also contains legal conclusions to which no responsive pleading is required. RLI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4 and the same are, therefore, denied.

5.   RLI avers that the insurance contract issued by Twin City Fire Insurance Company ("Twin City"), Policy No. 00 DA 0100967-04, ("Twin City Policy") speaks for itself and denies any and all allegations inconsistent with the actual terms of the insurance contract. Paragraph 5 also contains legal conclusions to which no responsive pleading is required. RLI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 5 and the same are, therefore, denied.

6.   RLI admits that it entered into an "Excess Policy" insurance contract with "Crowley Maritime Corporation", Policy No. EPG0002704A, for the policy period of November 1, 2004 to November 1, 2005, ("RLI Insurance Contract") with Limits of Liability of $5,000,000 excess of the underlying $10,000,000 million limits provided by the primary Federal Policy, retention provided by the Federal Policy, and $10,000,000 million limits provided by the first-layer excess Twin City Policy. RLI further avers that the RLI Insurance Contract follows form of, and affords coverage in conformance with, various provisions of the Federal Policy, to the extent the provisions of those forms are not modified or contradicted by provisions in the RLI Insurance Contract. RLI further avers that the RLI Insurance Contract speaks for itself and RLI denies any and all allegations inconsistent with the actual terms of the insurance contract. RLI denies that Exhibit C to Crowley's Complaint is a true and correct copy of the RLI Insurance Contract. Paragraph 6 also contains legal conclusions to which no responsive pleading is

required.

7. RLI admits that an action captioned *Franklin Balance Sheet Investment Fund, et al. v. Crowley, et al*, C.A. No. 888-VCP (the "Franklin Fund Action") was filed in the Delaware Court of Chancery on November 30, 2004. RLI denies the characterization of the Franklin Fund Action in Paragraph 7 and avers that the pleadings in that action speak for themselves. RLI denies the remaining allegations in Paragraph 7. Paragraph 7 also contains legal conclusions to which no responsive pleading is required.

8. Paragraph 8 should be stricken because it is not limited to a single set of circumstances and therefore violates Rule 10(b) of the Federal Rules of Civil Procedure. To the extent any response is required, RLI responds that, as to the first and second sentences in Paragraph 8, Crowley's counsel sent RLI a letter dated March 28, 2007, which letter speaks for itself. RLI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments alleged in Paragraph 8 and the same are, therefore, denied.

9. Paragraph 9 should be stricken because it is not limited to a single set of circumstances and therefore violates Rule 10(b) of the Federal Rules of Civil Procedure. To the extent any response is required, RLI avers that the Delaware court's order speaks for itself. RLI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments alleged in Paragraph 9 and the same are, therefore, denied.

10. Paragraph 10 sets forth conclusions of law to which no response is required. To the extent a response is required, RLI denies the allegations in Paragraph 10.

11. Paragraph 11 contains no allegations against RLI and no response thereto is required.

12. Paragraph 12 contains no allegations against RLI and no response thereto is required.

13. Paragraph 13 contains no allegations against RLI and no response thereto is required.

14. Paragraph 14 sets forth conclusions of law to which no response is required. To the extent a response is required, RLI denies the allegations in Paragraph 14.

15. Denied.

16. Denied.

# FIRST CLAIM FOR RELIEF

## Breach of Contract

### (Against Federal)

17. RLI incorporates by reference its responses to Paragraphs 1 through 16 above, as though fully set forth herein. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required.

18. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. RLI avers that the insurance contract issued by Federal, Policy No. 8120-0792, speaks for itself and denies any and all allegations inconsistent with the actual terms of the insurance contract.

19. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI avers it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and the same are, therefore, denied.

20. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI avers it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and the same are, therefore, denied.

21. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI avers it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and the same are, therefore, denied.

22. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI denies Paragraph 22.

23. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI denies Paragraph 23.

24. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI denies Paragraph 24.

25. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI denies Paragraph 25.

26. Crowley's breach of contract claim, Paragraphs 17-26, is not directed against RLI, nor can any allegations in Paragraphs 17-26 be directed against RLI in light of the Court's April

14, 2008 Order granting RLI's motion to dismiss Crowley's breach of contract cause of action against RLI. No response thereto is therefore required. To the extent any response is required, RLI denies Paragraph 26.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against Federal)

27. RLI incorporates by reference its responses to Paragraphs 1 through 26 above, as though fully set forth herein. Crowley's breach of the implied covenant of good faith and fair dealing claim, Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No response thereto is therefore required.

28. Crowley's breach of the implied covenant of good faith and fair dealing claim, Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No response thereto is therefore required. Paragraph 28 also contains legal conclusions to which no responsive pleading is required. To the extent any response is required, RLI denies Paragraph 28.

29. Crowley's breach of the implied covenant of good faith and fair dealing claim, Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No response thereto is therefore required. To the extent any response is required, RLI avers it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and the same are, therefore, denied.

30. Crowley's breach of the implied covenant of good faith and fair dealing claim, Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss

1  Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No
2  response thereto is therefore required. To the extent any response is required, RLI avers it is
3  without knowledge or information sufficient to form a belief as to the truth of the allegations in
4  Paragraph 30 and the same are, therefore, denied.

5       31.    Crowley's breach of the implied covenant of good faith and fair dealing claim,
6  Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be
7  directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss
8  Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No
9  response thereto is therefore required. To the extent any response is required, RLI avers it is
10 without knowledge or information sufficient to form a belief as to the truth of the allegations in
11 Paragraph 31 and the same are, therefore, denied.

12      32.    Crowley's breach of the implied covenant of good faith and fair dealing claim,
13 Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be
14 directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss
15 Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No
16 response thereto is therefore required. To the extent any response is required, RLI avers it is
17 without knowledge or information sufficient to form a belief as to the truth of the allegations in
18 Paragraph 32 and the same are, therefore, denied.

19      33.    Crowley's breach of the implied covenant of good faith and fair dealing claim,
20 Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be
21 directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss
22 Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No
23 response thereto is therefore required. To the extent any response is required, RLI avers it is
24 without knowledge or information sufficient to form a belief as to the truth of the allegations in
25 Paragraph 33 and the same are, therefore, denied.

26      34.    Crowley's breach of the implied covenant of good faith and fair dealing claim,
27 Paragraphs 27-34, is not directed against RLI, nor can any allegations in Paragraphs 27-34 be
28 directed against RLI in light of the Court's April 14, 2008 Order granting RLI's motion to dismiss

Crowley's breach of the implied covenant of good faith and fair dealing claim against RLI. No response thereto is therefore required. To the extent any response is required, RLI avers it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and the same are, therefore, denied.

### THIRD CLAIM FOR RELIEF

### Declaratory Relief

### (Against Twin City and RLI)

35.  RLI incorporates by reference its responses to Paragraphs 1 through 34 above, as though fully set forth herein.

36.  RLI admits a disagreement has arisen between Crowley and RLI with respect to their rights and obligations under the RLI Insurance Contract in connection with the Franklin Fund Action. RLI denies Crowley is entitled to the declaratory judgment it seeks or to any other remedy and denies the remainder of Paragraph 36.

37.  Denied.

38.  RLI denies Crowley is entitled to the judicial determination and declaration it seeks or to any other remedy and denies Paragraph 38.

39.  WHEREFORE, responding to Crowley's prayer for relief, RLI denies that Crowley is entitled to any of the relief requested in the Complaint.

40.  Any and all allegations not expressly admitted, denied, qualified or otherwise responded to, are hereby denied.

### DEFENSES

RLI further answers that plaintiff has not demonstrated that the alleged loss satisfies the requirements for coverage in the RLI Insurance Contract, for which plaintiff bears the burden of proof; that the claim is otherwise excluded from coverage or is non-insurable; and that plaintiff is otherwise precluded from recovering against RLI, in whole or in part, as follows:

### FIRST DEFENSE

The Complaint is barred to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred to the extent there is no actual controversy and the issue of coverage under the RLI Insurance Contract is not ripe for adjudication before this Court, including but not limited to because the insurance limits underlying RLI's layer of insurance have not been paid in their entirety nor at all in legal currency as required by the RLI Insurance Contract.

## THIRD DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 5 of the Federal Policy's Executive Liability ("EL") Section. The Complaint is barred to the extent Crowley seeks to recover amounts that do not constitute Loss under the applicable law or the definition set forth in Clause 5 of the Federal Policy's EL Section, or that are uninsurable under the applicable law or as a matter of public policy.

## FOURTH DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 5 of the Federal Policy's EL Section. The Complaint is barred to the extent Crowley seeks to recover amounts that neither it nor any Insured Person was "legally obligated to pay on account of any Claim."

## FIFTH DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clauses 5 and 13(g) of the Federal Policy's EL Section. The Complaint is barred to the extent the Franklin Fund Action is or is deemed to be a Claim first made prior to the Federal Policy's Policy Period or the RLI Insurance Contract Policy Period, pursuant to Clauses 5 or 13(g) of the Federal Policy's EL Section and Clause 2 of the RLI Insurance Contract.

## SIXTH DEFENSE

The Complaint is barred to the extent that Crowley is seeking coverage for amounts that do not exceed the "Underlying Limit" set forth in the RLI Insurance Contract.

## SEVENTH DEFENSE

The Complaint is barred to the extent "the insurers of the **Underlying Insurance** [have not] paid in legal currency the full amount of the **Underlying Limit**" as set forth in the RLI Insurance Contract.

## EIGHTH DEFENSE

The RLI Insurance Contract applies, if at all, only subject to a certain limit of liability. The RLI Insurance Contract provides coverage for the claims or losses referred to in the Complaint, if at all, only subject to such limit.

## NINTH DEFENSE

The Complaint is barred to the extent that any sums for which Crowley seeks indemnity are for a loss which is "based upon, arises from or is in consequence of any demand, suit or other proceeding pending" or "order, decree or judgment entered against any **Insured**" on or prior to the Pending or Prior Date as set forth in Clause 8 of the RLI Insurance Contract, or "any substantially similar fact, circumstance or situation underlying or alleged therein."

## TENTH DEFENSE

Coverage under the RLI Insurance Contract is limited by the terms and conditions of the contract to the extent that other insurance is applicable to the claims at issue.

## ELEVENTH DEFENSE

The Complaint is barred in whole or in part by all terms, conditions, definitions, exclusions, limits of liability and underlying limits of insurance set forth in the RLI Insurance Contract and the primary Federal Policy sections to which the RLI Insurance Contract follows form.

## TWELFTH DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Exclusions 7(c) and 8(a)(ii) of the Federal Policy's EL Section. The Complaint is barred to the extent the Franklin Fund Action is based upon, arising from, or in consequence of an insured having gained in fact any profit, remuneration or advantage to which such insured was not legally entitled.

### THIRTEENTH DEFENSE

The Complaint is barred to the extent that Crowley failed to perform any or all of its obligations or satisfy the conditions under the RLI Insurance Contract.

### FOURTEENTH DEFENSE

The Complaint is barred by Crowley's failure to satisfy one or more conditions precedent to coverage or to filing suit against RLI.

### FIFTEENTH DEFENSE

The RLI Insurance contract provides that RLI has the right to participate in the investigation, settlement or defense of any "claim" covered under the policy. The Complaint is barred to the extent that Crowley interfered with or deprived RLI of its right to participate in the investigation, settlement or defense of any "claim" for which Crowley seeks indemnity.

### SIXTEENTH DEFENSE

The Complaint is barred to the extent Crowley failed to give notice in accordance with Clause 10 of the RLI Insurance Contract.

### SEVENTEENTH DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 15 of the Federal Policy's EL Section. The Complaint is barred to the extent Crowley failed to give notice in accordance with Clause 15 of the Federal Policy's EL Section.

### EITHTEENTH DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 16(a) of the Federal Policy's EL Section. The Complaint is barred to the extent Crowley breached its duty to defend the Franklin Fund Action in violation of Clause 16(a) of the Federal Policy's EL Section.

### NINTEENTH DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 16(b) of the primary Federal Policy. The Complaint is barred to the extent Crowley settled, offered to settle, assumed a

contractual obligation or admitted liability with respect to the Franklin Fund Action without prior written consent and without prior notice, in violation of Clause 16(b) of the Federal Policy's EL Section.

### TWENTIETH DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 16(c) of the primary Federal Policy. The Complaint is barred to the extent Crowley deprived Federal of the right to effectively associate with the Insureds, and Crowley failed to consult in advance with Federal, regarding the defense and settlement of the Franklin Fund Action, including the negotiation of the settlement of that action, in violation of Clause 16(c) of the Federal Policy's EL Section.

### TWENTY-FIRST DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 16(d) of the primary Federal Policy. The Complaint is barred to the extent Crowley failed to provide Federal with all information, assistance and cooperation which Federal reasonably required and because Crowley prejudiced Federal's position, in violation of Clause 16(d) of the Federal Policy's EL Section

### TWENTY-SECOND DEFENSE

The RLI Insurance Contract follows form of, and affords coverage in conformance with, certain sections of the primary Federal Policy, including Clause 17 of the Federal Policy's EL Section. The Complaint is barred to the extent Crowley is seeking coverage for any amounts allocated to non-covered loss pursuant to Clause 17 of the Federal Policy's EL Section.

### TWENTY-THIRD DEFENSE

The Complaint is barred to the extent that Crowley compromised RLI's subrogation rights.

### TWENTY-FOURTH DEFENSE

The Complaint is barred to the extent that any sums for which Crowley seeks indemnity represent disgorgement or restitution or paying back amounts that were improperly gained.

### TWENTY-FIFTH DEFENSE

The Complaint is barred by California Insurance Code section 533, and/or alternatively

other applicable law, to the extent that any sums for which Crowley seeks indemnity arise out of willful acts.

### TWENTY-SIXTH DEFENSE

The Complaint is barred by the terms and conditions of the RLI Insurance Contract and public policy to the extent it is premised on any liability for fines, penalties, exemplary and/or punitive damages.

### TWENTY-SEVENTH DEFENSE

The Complaint is barred to the extent that Crowley is seeking coverage for amounts for which Crowley purported to grant indemnification to an Insured Person when Crowley was neither permitted nor required by law to grant any such indemnification.

### TWENTY-EIGHTH DEFENSE

The Complaint is barred to the extent that the equitable doctrines of laches, unclean hands, waiver, and estoppel may be deemed applicable.

### TWENTY-NINTH DEFENSE

The Complaint is barred to the extent that any claim asserted therein fails to satisfy the applicable statutes of limitations and/or repose.

### THIRTIETH DEFENSE

Any prayer for damages is barred by Crowley's failure to take reasonable efforts to mitigate any alleged damages.

### THIRTY-FIRST DEFENSE

The Complaint is barred to the extent Crowley fails to meet its burden to allocate between covered and non-covered "Loss" to the extent that any amounts paid by Crowley to settle the Franklin Action constitute covered "Loss" under the RLI Insurance Contract and the applicable law.

### THIRTY-SECOND DEFENSE

To the extent that coverage, if any, is found under the RLI Insurance Contract, RLI is entitled to have such loss equitably apportioned among all insurers and policies also affording coverage for such loss, including any self-insurance or self-insured retention of any insured or of

any party.

### THIRTY-THIRD DEFENSE

The Complaint is barred to the extent that Crowley negligently or intentionally failed to disclose, concealed, or misrepresented facts that were material and that were known by Crowley to be material to RLI in the acceptance of Crowley's insurance application, the issuance of the insurance contract and/or RLI's rights or duties under the insurance contract.

### THIRTY-FOURTH DEFENSE

The allegations contained in the Complaint are so vague as to the alleged facts in the Franklin Fund Action that RLI is unable to identify, at this time, all potentially applicable defenses and reserves the right later to allege any theory of defense and to assert such terms, conditions, exclusions, limitations or other provisions of the insurance contract or any defense available under applicable law that may be available to RLI, as may become apparent during the continuing course of discovery in this action.

Wherefore, RLI respectfully prays for judgment in its favor and that the plaintiff take nothing, for costs of suit, and for such other and further relief as the Court may deem just and proper.

Dated: May 9, 2008

MORISON ANSA HOLDEN ASSUNCAO
& PROUGH, LLP

By: /s/ Karen G. Levy

Attorneys for Defendant
RLI Insurance Company

128778