Philip L. Pillsbury, Jr. (SBN 72261)
Richard D. Shively (SBN 104895)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
       rshively@pillsburylevinson.com
       rlarson@pillsburylevinson.com

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. CV-08-00830 SI<br>**[Hon. Susan Illston]**<br><br>**PLAINTIFF CROWLEY MARITIME CORPORATION'S REPLY TO COUNTERCLAIM OF DEFENDANT TWIN CITY FIRE INSURANCE COMPANY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed: January 7, 2008<br>Removal Date: February 6, 2008<br>Trial Date: None Set |

Plaintiff Crowley Maritime Corporation ("Crowley") hereby replies to the Counterclaim of Defendant Twin City Fire Insurance Company ("Twin City") as follows:

## JURISDICTION AND VENUE

1. Crowley ADMITS the allegations in Paragraph 1 based on information and belief.

2. Crowley ADMITS the allegations in Paragraph 2.

## PARTIES

3. Crowley ADMITS the allegations in Paragraph 3.

4. Crowley ADMITS the allegations in Paragraph 4 based on information and belief.

5. Crowley ADMITS the allegations in Paragraph 5 based on information and belief.

6. Crowley ADMITS the allegations in Paragraph 6 based on information and belief.

## COMPLAINTS

7. Crowley ADMITS the allegations in Paragraph 7.

## BACKGROUND FACTS

8. Responding to the allegations in Paragraph 8, the Twin City Policy is attached to Crowley's Complaint as Exhibit B, and the Policy speaks for itself.

9. Responding to the allegations in Paragraph 9, the Federal and Twin City Policies speak for themselves; however, under governing California law, a liability insurer is deemed to have waived or forfeited its right to enforce its policy's consent-to-settlement provisions where -- as here -- the insurer has no duty to defend, does not defend, and creates a conflict of interest by reserving its right to deny coverage. Furthermore, both defendant Federal Insurance Company ("Federal") and Twin City breached the implied covenant of good faith and fair dealing by, among other things, failing to conduct an adequate investigation into the reasonableness of the proposed settlement of the underlying Franklin Fund Action, failing to give good faith consideration to the proposed settlement, and failing to consent to the

proposed settlement. Under California law, Federal and Twin City -- by virtue of their having breached the implied covenant -- are not entitled to enforce their policies' consent provisions. Finally, Federal's deceptive conduct in misleading Crowley into believing that Federal "had no problem with consenting" to the proposed settlement, as well as Federal's other misconduct as alleged in Paragraphs 12 and 13 of the First Amended Complaint, give rise to a waiver or forfeiture or estoppel which prevents Federal from enforcing its Policy's consent provisions. On these bases, Crowley DENIES the allegations in Paragraph 9.

10. Crowley ADMITS the allegations in Paragraph 10.

11. Responding to the allegations in Paragraph 11, Crowley ADMITS that it and the plaintiffs in the Franklin Fund Action held discussions in December 2006 concerning the possible settlement of that Action; ADMITS that those discussions culminated on or about March 19, 2007 in a "Stipulation And Agreement of Compromise, Settlement And Release" (the "Proposed Settlement") which speaks for itself; and ADMITS that the Insurers were first informed by Crowley about the Proposed Settlement on or about March 28, 2007. Except as admitted, Crowley DENIES the allegations in Paragraph 11.

12. Responding to the allegations in Paragraph 12, Crowley ADMITS that it sent a letter to the Insurers on or about March 28, 2007, and that letter speaks for itself. Except as admitted, Crowley DENIES the allegations in Paragraph 12.

13. Responding to the allegations in Paragraph 13, Crowley states that the March 2007 letter speaks for itself; otherwise, Crowley DENIES the allegations in Paragraph 13.

14. Crowley DENIES the allegations in Paragraph 14, and DENIES that it breached any contract with Twin City or the other two Insurers.

**COUNTERCLAIM FOR BREACH OF CONTRACT**

15. Responding to the allegations in Paragraph 15, Crowley ADMITS or DENIES the allegations incorporated by reference in Paragraph 15 as set forth above in its Reply to Paragraphs 1 through 14.

16. Crowley DENIES the allegations in Paragraph 16.

17. Crowley DENIES the allegations in Paragraph 17.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

18. Crowley DENIES the allegations in Paragraph 18.

**PRAYER FOR RELIEF**

19. Crowley DENIES that Twin City is entitled to any relief whatsoever as against Crowley.

20. Any and all allegations in Twin City's Counterclaim not expressly admitted, denied, qualified or otherwise responded to are hereby DENIED.

**CROWLEY'S AFFIRMATIVE DEFENSES**

For its affirmative defenses, Crowley alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

1. Twin City's Counterclaim fails to state any claim against Crowley upon which relief can be granted, either in law or in equity.

**SECOND AFFIRMATIVE DEFENSE**
(Breach of Contractual Obligations)

2. Twin City's Counterclaim against Crowley is barred, in whole or in part, by Twin City's breach(es) of the covenant of good faith and fair dealing which is implied by law into the Twin City Policy, including, but not limited to, Twin City's obligation to investigate the reasonableness of the proposed settlement of the Franklin Fund Action, to give good faith consideration to the proposed settlement, and not to unreasonably withhold its consent to the proposed settlement.

**THIRD AFFIRMATIVE DEFENSE**
(Waiver or Forfeiture of Policy's Consent Provisions)

3. Twin City's Counterclaim against Crowley is barred, in whole or in part, by its waiver or forfeiture of its Policy's consent-to-settlement provisions; such waiver or forfeiture arose as a matter of law due to the circumstances (1) that neither Twin City nor the other two Insurers had any duty to defend the Franklin Fund Action; (2) that neither Twin City nor the other two Insurers actually defended that Action; and (3) that both Twin City and the other two Insurers fully reserved their rights to deny coverage for the Franklin Fund Action. Under such

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

circumstances, Twin City and the other two Insurers are deemed, as a matter of law, to have waived or forfeited the enforcement of their Policies' consent-to-settlement provisions.

**JURY TRIAL DEMANDED**

Crowley demands trial by jury under Fed. R. Civ. Proc. 38(a).

Dated: May 21, 2008                PILLSBURY & LEVINSON, LLP

By: /s/ Richard D. Shively
Richard D. Shively

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION