G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
KEVIN A. NORRIS (State Bar No. 206022)
**RUDLOFF WOOD & BARROWS LLP**
2000 Powell Street, Suite 900
Emeryville, California  94608
Telephone:  (510) 740-1500
Facsimile:   (510) 740-1501
E-Mail:      erudloff@rwblaw.com
             knorris@rwblaw.com

DAVID NEWMANN  (admitted *pro hac vice*)
JOSEPH A. BAILEY III  (admitted *pro hac vice*)
**HOGAN & HARTSON LLP**
555 Thirteenth Street NW
Washington DC 20004
Telephone:  (202) 637-5600
Facsimile:   (202) 637-5910
E-Mail:      dnewmann@hhlaw.com
             jabaileyIII@hhlaw.com

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>                Plaintiff,<br><br>      vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and RLI INSURANCE COMPANY,<br><br>                Defendants. | No.  CV 08 0830 SI<br><br>**NOTICE OF JOINDER OF DEFENDANT FEDERAL INSURANCE COMPANY IN MOTION TO DISQUALIFY RICHARD SHIVELY AND PHILIP PILLSBURY, OF PILLSBURY & LEVINSON, LLP, AS TRIAL COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed:  01/07/08<br>Hearing Date:     08/22/08 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 22, 2008, at 9:00 A.M., at the above captioned court, before the Honorable Susan Illston, Defendant Federal Insurance Company ("Federal"), by and through its undersigned counsel, will and hereby does join in the motion of Defendant Twin City Fire Insurance Company ("Twin City") to disqualify Richard Shively and Philip Pillsbury, of the law firm Pillsbury & Levinson, LLP ("Pillsbury Levinson"), as trial counsel for Plaintiff Crowley Maritime Corporation ("CMC").

Federal's Joinder is and will be based upon this Notice, the accompanying Memorandum of Points and Authorities, evidence in support of the motion, pleadings and papers on file herein and upon such other evidence as the Court may entertain at the hearing of this matter.

Dated:   June 13, 2008              RUDLOFF WOOD & BARROWS LLP


                                    By:      */s./ G. Edward Rudloff, Jr.*
                                          G. Edward Rudloff, Jr.
                                          Kevin A. Norris

                                    Of Counsel:
                                    David Newmann (admitted pro hac vice)
                                    Joseph A. Bailey III (admitted pro hac vice)
                                    HOGAN & HARTSON L.L.P.

                                    Attorneys for Defendant FEDERAL
                                    INSURANCE COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

Twin City's Memorandum of Law in Support of its Motion to Disqualify addresses the facts and legal authorities which show that Richard Shively and Philip Pillsbury should be disqualified as trial counsel for CMC. Federal submits this separate Joinder and Memorandum of Points and Authorities to address the particular grounds for disqualification that arise from Mr. Shively's and Mr. Pillsbury's direct role in the communications with Federal and related events on which CMC predicates its claims against Federal.

Federal's policy provides that CMC may not "settle or offer to settle any Claim . . . without [Federal's] prior written consent." CMC breached that requirement by negotiating and executing a written settlement agreement on March 19, 2007, without obtaining or even requesting Federal's consent — indeed, without any notice to Federal that settlement discussions had taken place. CMC asks this Court to set aside CMC's breach of the Policy's "prior written consent" requirement based solely on communications between Federal and Pillsbury Levinson that took place after CMC executed the settlement agreement. Those subsequent communications included a March 28, 2007 letter to Federal from Mr. Shively and Mr. Pillsbury and an unrecorded April 5, 2008 telephone conversation between Mr. Shively and Federal's claims examiner, Henry Nicholls.

Federal believes the undisputed facts will establish that CMC's failure to obtain Federal's prior written consent to settlement bars CMC's claims as a matter of law, without regard to any subsequent communications between Pillsbury Levinson and Federal. However, in the event the Court determines in the course of this litigation that Federal's consent defense raises fact issues, Mr. Shively and Mr. Pillsbury are CMC's primary witnesses as to those issues. The disputed issues arising from Pillsbury Levinson's communications with Federal include: the content of the communications, whether CMC and Pillsbury Levinson concealed information from Federal in the course of those communications, and what Pillsbury Levinson

told CMC about its communications with Federal. Under these circumstances, there is simply no way for Mr. Shively and Mr. Pillsbury to serve both as witnesses and trial counsel.

## I. BACKGROUND 1/

CMC's complaint in this action itself predicates CMC's claims against Federal on Mr. Shively's and Mr. Pillsbury's communications with Federal in the weeks following execution of the settlement stipulation. CMC's complaint alleges (falsely) that CMC notified the Insurers in "March 2007" of a "proposed settlement." Am. Compl. ¶ 8. Although not disclosed in the complaint, this allegation is a reference to the joint letter from Mr. Shively and Mr. Pillsbury dated March 28, 2007 – nine (9) days after CMC already had executed the settlement agreement. *See* Ex. A to Decl. of Michael F. Perlis in Supp. of Twin City's Mot. to Disqualify.

CMC's complaint further alleges that:

> On April 5, 2007 Federal's attorney Henry Nicholls responded by telephone, advising <u>Crowley's attorney</u> that Federal "ha[d] no problem with consenting" to the proposed settlement. Mr. Nicholls also requested additional information relating to the settlement, which was promptly supplied by <u>Crowley's attorneys</u>. Crowley received no further response from Federal[.] [Am. Compl. ¶ 8 (emphasis added)]

This allegation references an April 5, 2007 telephone conversation between Mr. Shively and Henry Nicholls, who was then acting as Federal's claims examiner, and also references subsequent communications with "Crowley's attorneys" at Pillsbury Levinson. CMC alleges that Mr. Nicholls' communications with Mr. Shively and Pillsbury Levinson during and after the April 5, 2007 call were in bad faith, "deceptive" and "misleading," and resulted in "waiver or forfeiture or estoppel" of Federal's right to require its "prior written consent" to any settlement or settlement offer. Am. Compl. ¶¶ 8, 12, 13.

---

1/ Overall background information is set forth in Section II of Twin City's Memorandum

Federal believes that, as a legal matter, CMC's allegations concerning the April 5, 2007 telephone conversation and other communications between the Pillsbury Levinson attorneys and Federal do not support CMC's waiver, estoppel or forfeiture assertions, much less its bad faith assertion. 2/ However, CMC obviously contends otherwise, and its allegations regarding those communications are hotly contested. Answer ¶¶ 8, 12-13.

Moreover, CMC's allegations about Pillsbury Levinson's communications with Federal raise a host of other issues that put the spotlight on Mr. Shively's and Mr. Pillsbury's conduct. For example, it will be necessary to explore whether Mr. Shively's and Mr. Pillsbury's March 28, 2007 letter and subsequent communications concealed information from Federal as to whether CMC was seeking coverage for any aspect of the settlement. Also, CMC's allegation that it was "deceived" by Mr. Nicholls' statements to Mr. Shively raises troubling questions about what Mr. Shively told CMC about that conversation, and whether Pillsbury Levinson or CMC actually took any action in reliance on Mr. Shively's communications with Mr. Nicholls.

## II. ARGUMENT

As set forth in Section III of Twin City's Memorandum, disqualification of Mr. Shively and Mr. Pillsbury as trial counsel is necessary and appropriate because prejudice to the Insurers and injury to the integrity of the judicial process otherwise would result. *See, e.g., Smith, Smith & Kring v. Superior Court*, 60 Cal. App. 4th 573, 579 (4th Dist. 1997). Federal in particular would be prejudiced in at least three ways.

First, if Mr. Shively and Mr. Pillsbury were permitted to argue waiver and estoppel to the jury, the jury may confuse such argument with Mr. Shively's and Mr. Pillsbury's testimony regarding the April 5 conversation and CMC's reaction if any

---

2/ CMC's claims fail for reasons other than its breach of the consent to settle provision. As noted in the Joint Case Management Statement, multiple issues exist regarding whether the amounts CMC seeks are covered "**Loss**" under the Federal Policy or are barred by certain exclusions in the Federal Policy.

thereto. *See, e.g., Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 283 (2d Cir. 2004) ("Most important, when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined."); *People v. Donaldson*, 93 Cal. App. 4th 916, 929 (5th Dist. 2001) (discussing same risk in criminal context). Such juror confusion obviously would be prejudicial to Federal.

Second, Mr. Shively's and Mr. Pillsbury's roles as witnesses may cause the jury to accord undue credibility to their legal arguments regarding subjects to which they are witnesses. *See, e.g., World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994). Again, this could unfairly prejudice Federal.

Third, Mr. Shively's and Mr. Pillsbury's appearance at trial as both witnesses and advocates at least would create an appearance of impropriety. *See, e.g., Lyle v. Super. Ct. of San Bernardino Cty.,* 122 Cal. App. 3d 470, 83 (4th Dist. 1981) (appearance of impropriety lessened because attorney-witness would not participate in trial as advocate).

Because "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar" (*Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004)), Mr. Shively and Mr. Pillsbury thus should be disqualified from serving as advocates at trial, including any depositions that may be used at trial. *See Lowe v. Experian*, 328 F. Supp. 2d 1122, 1127 (D. Kan. 2004) (rule prohibiting counsel/witness from acting as an "advocate at trial" also barred counsel from taking or defending depositions) *World Youth Day,* 866 F. Supp. at 1304 (same).

### III. CONCLUSION

Federal respectfully requests that the Court disqualify Messrs. Shively and Pillsbury from acting as advocates at any trial.

Dated: June 13, 2008

RUDLOFF WOOD & BARROWS LLP

By: */s./ G. Edward Rudloff, Jr.*
G. Edward Rudloff, Jr.
Kevin A. Norris

Of Counsel:
David Newmann (admitted pro hac vice)
Joseph A. Bailey III (admitted pro hac vice)
HOGAN & HARTSON L.L.P.

Attorneys for Defendant FEDERAL INSURANCE COMPANY

- 7 -
**JOINDER IN MOTION TO DISQUALIFY**
**CASE NO. CV 08-00830 SI**