Philip L. Pillsbury, Jr. (SBN 72261)
Richard D. Shively (SBN 104895)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone:  (415) 433-8000
Facsimile:   (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
       rshively@pillsburylevinson.com

David B. Goodwin (SBN 104469)
Deepa Varadarajan (SBN 250845)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco California 94111-5356
Telephone:  (415) 591-7074
Facsimile:   (415) 955-6574
Email:  DGoodwin@cov.com
        Dvaradarajan@cov.com

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CV-08-00830 SI<br>[Hon. Susan Illston]<br><br>**DECLARATION OF PHILIP L. PILLSBURY, JR. IN OPPOSITION TO MOTION BY TWIN CITY AND FEDERAL TO DISQUALIFY CROWLEY'S COUNSEL OF RECORD**<br><br>**Date:**     August 22, 2008<br>**Time:**     9:00 a.m.<br>**Place:**    Courtroom 10 |

1

DECLARATION OF PHILIP L. PILLSBURY, JR. OPPOSING MOTION TO DISQUALIFY     Case No. CV-08-00830 SI


|  |  |
|---|---|
| Action Filed: | January 7, 2008 |
| Removal Date: | February 6, 2008 |
| Trial Date: | September 14, 2009 |

I, Philip L. Pillsbury, Jr., declare as follows:

1. I am a partner with Pillsbury & Levinson, LLP, counsel of record in this action for plaintiff Crowley Maritime Corporation ("Crowley" or the "Company"). I am licensed to practice before all the courts of the State of California and am admitted to practice before the United States District Court for the Northern District of California. The statements in this Declaration are made on the basis of my own personal knowledge, except where expressly made on information and belief. I affirm that the statements made herein are true and correct; as regards the statements expressly made on information and belief, I am informed and believe that those statements are true. This Declaration is submitted in opposition to the motion by defendants Twin City Fire Insurance Company ("Twin City") and Federal Insurance Company ("Federal") (together, collectively, with defendant RLI Insurance Company, the "Insurers") to disqualify Crowley's attorneys of record, Philip L. Pillsbury, Jr. and Richard D. Shively.

2. Pillsbury & Levinson is a San Francisco-based law firm that specializes in representing policyholders in insurance recovery and bad faith litigation. I, along with my colleague, Richard Shively, have represented Crowley in a variety of insurance matters. Crowley retained Pillsbury & Levinson as coverage counsel in connection with the action entitled *Franklin Balance Sheet Investment Fund et al. v. Thomas B. Crowley, Jr. et al.*, Civil Action No. 888-VCP, Delaware Chancery Court for New Castle County (the "Franklin Fund Action" or the "underlying action").

3. I have reviewed the motion to disqualify by Twin City. The moving papers in support of that motion misstate the remarks I made to the Court during the case management conference held in this case on May 16, 2008. At that time, I disputed Twin City's counsel's contention that the defendants are entitled to summary

1 judgment on the "consent to settle" issue because, among other reasons, a dispute may exist as to whether Federal orally expressed its consent to the proposed settlement of the underlying Franklin Fund Action during an April 5, 2007 telephone conversation between Federal's Henry Nicholls and my co-counsel Richard Shively.

4. Furthermore, it is incorrect that Richard Shively or I ever announced, during the Case Management Conference, any decision whatsoever about whether either of us would be called to testify as witnesses during the trial of this case – about consent or any other issue. See Twin City brief at pp. 1, 4. No such determinations have been made, and any such determination would be premature at this point.

5. Twin City also is incorrect in suggesting that I said the consent issues were "critical to Crowley's case" (*id.* at pp. 1, 2, 4, 12, 16); or that I admitted that "consent is a condition to Twin City's obligations under its policy" (*id.* at p. 14); or that I argued that consent was "not a pure issue of law" (*id.* at p. 9).

6. My understanding of California law is that insurers cannot unilaterally control settlement when, as here, they have no duty to defend, do not defend, and reserve their right to deny coverage. In such circumstances, the insured would be entitled to reach a reasonable good faith settlement with the claimants without forfeiting its coverage, whether or not the insurers consent, and even if the policies purport to give the insurers absolute control over settlement. *See Fuller-Austin Insulation Co. v. Highlands Ins. Co.,* 135 Cal. App. 4th 958 (2006). In light of this established authority, consent is not a condition to Twin City's obligation to pay.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and that this Declaration was executed on July 31, 2008 in San Francisco, California.

Philip L. Pillsbury, Jr.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111