Philip L. Pillsbury, Jr. (SBN 72261)
Richard D. Shively (SBN 104895)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
        rshively@pillsburylevinson.com

David B. Goodwin (SBN 104469)
Deepa Varadarajan (SBN 250845)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco California 94111-5356
Telephone: (415) 591-7074
Facsimile: (415) 955-6574
Email: DGoodwin@cov.com
        Dvaradarajan@cov.com

Attorneys for Plaintiff
CROWLEY MARITIME CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CV-08-00830 SI<br>[Hon. Susan Illston]<br><br>**DECLARATION OF RICHARD D. SHIVELY IN OPPOSITION TO MOTION BY TWIN CITY AND FEDERAL TO DISQUALIFY CROWLEY'S COUNSEL OF RECORD**<br><br>**Date:        August 22, 2008**<br>**Time:        9:00 a.m.**<br>**Place:       Courtroom 10** |

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor - San Francisco, CA 94111

1

| | **Action Filed:** | **January 7, 2008** |
|---|---|---|
| | **Removal Date:** | **February 6, 2008** |
| | **Trial Date:** | **September 14, 2009** |

I, Richard D. Shively, declare as follows:

1.      I am an attorney with Pillsbury & Levinson, LLP, counsel of record in this action for plaintiff Crowley Maritime Corporation ("Crowley" or the "Company"). I am licensed to practice before all the courts of the State of California and am admitted to practice before the United States District Court for the Northern District of California.  The statements in this Declaration are made on the basis of my own personal knowledge, except where expressly made on information and belief.  I affirm that the statements made herein are true and correct; as regards the statements expressly made on information and belief, I am informed and believe that those statements are true.  This Declaration is submitted in opposition to the motion by defendants Twin City Fire Insurance Company ("Twin City") and Federal Insurance Company ("Federal") (together, collectively, with defendant RLI Insurance Company, the "Insurers") to disqualify Crowley's attorneys of record, Philip L. Pillsbury, Jr. and Richard D. Shively.

2.      Pillsbury & Levinson is a San Francisco-based law firm that specializes in representing policyholders in insurance recovery and bad faith litigation.  I, along with my colleague, Philip Pillsbury, have represented Crowley in a variety of insurance matters.

3.      Attached as **Exhibit A** is a letter I sent to the Insurers on March 28, 2007. In the letter, I informed the Insurers that the Pillsbury & Levinson, LLP firm had been retained by Crowley, their insured, to represent its interests in connection with Crowley's claim for insurance coverage for the action entitled *Franklin Balance Sheet Investment Fund et al. v. Thomas B. Crowley, Jr. et al.,* Civil Action No. 888-VCP, Delaware Chancery Court for New Castle County (the "Franklin Fund Action" or the "underlying action").  Ex. A at p. 2.  I informed the Insurers that an opportunity had

2

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1   arisen to obtain a favorable settlement of the Action, and I requested their "consent to

2   pursue such a settlement"; I also noted that the "proposed settlement" had "not yet been

3   consummated." *Id.*

4       4.    I advised the Insurers that "significant confidentiality issues" had

5   prevented Crowley from inviting them "to join in the negotiations." *Id.* (Those issues

6   are discussed in the accompanying Declaration of Richard Vernon Smith.  Smith Decl.

7   ¶¶ 12-16.) I notified the Insurers that Crowley would be looking to them to cover the

8   costs of the settlement, and I observed that Crowley was seeking the Insurers' consent

9   "before unequivocally accepting the plaintiffs' settlement offer and proceeding to

10  complete the settlement." Ex. A at p. 2. (In his accompanying declaration, Mr. Smith

11  explains that, if the Insurers had promptly responded to the March 2007 request by

12  refusing to consent, Crowley would have been entitled to cancel the proposed

13  settlement.  Smith Decl. ¶¶ 4-7.)   Finally, I advised the Insurers that "a court hearing

14  on the proposed settlement" was set for April 27, 2007, and said that "[w]e would

15  appreciate hearing from you as soon as possible, so that Crowley can proceed, if

16  possible, to seize this opportunity to obtain a favorable settlement." Ex. A at p. 3.

17      5.    About a week later, on April 5, 2007, I got a telephone call from Henry

18  Nicholls.  Mr. Nichols had been serving as a lawyer and claim examiner for Federal

19  and its affiliate, the Chubb Group of Insurance Companies, and he was one of the

20  addressees ("Henry Nicholls, Esq.") to whom I sent the March 28 letter.  Mr. Nicholls

21  told me over the telephone that Federal "has no problem with consenting" to the

22  proposed settlement, but needed additional information.  Mr. Nicholls specified the

23  following items:  (1) documentation relating to the Delaware court's determination of

24  the fee award (the proposed settlement obligated Crowley to pay the plaintiffs'

25  attorneys' fees, in an amount to be determined by the Delaware court after briefing and

26  argument by the parties); and (2) copies of the invoices reflecting Crowley's

27  expenditures defending the Action.

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

DECLARATION OF RICHARD D. SHIVELY OPPOSING MOTION TO DISQUALIFY      Case No. CV-08-00830 SI

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1   6.    On April 23, 2007 I sent the requested defense cost invoices to Mr.

2   Nicholls.  Attached as **Exhibit B** is the cover letter that accompanied the invoices.  On

3   May 15, 2007 I sent the plaintiffs' fee application to Mr. Nicholls, and on May 29,

4   2007 I sent him a copy of Crowley's opposition brief.  (The accompanying cover

5   letters are attached as **Exhibits C** and D.)  In the May 15 letter I solicited Federal's

6   "comments and suggestions about how Crowley should respond" to the plaintiffs' fee

7   request, but no response was ever received from Mr. Nicholls or anyone else at Federal.

8   7.    I received no further response from Federal to the request for consent, and

9   I never received any response at all from the other Insurers (Twin City and RLI

10  Insurance Company).  To my knowledge, the only response -- other than the April 5,

11  2007 telephone call -- that any Crowley representative ever received from any of the

12  Insurers was a letter dated June 14, 2007 that Federal's Mr. Nicholls sent directly to my

13  client (Steve Ficon, Crowley's Director of Corporate Claims) with no copy to me.  That

14  letter, which I received from Mr. Ficon, is attached as **Exhibit E**.  In the June 14 letter,

15  Federal took the position that there was no coverage because Crowley had negotiated

16  with the plaintiffs, and settled their claims, without first obtaining Federal's consent in

17  writing.

18  8.    After obtaining a copy of the June 14 letter from Mr. Ficon I prepared a

19  responsive letter, to Federal and Mr. Nicholls, which was sent on July 11, 2007.  The

20  July 11, 2007 letter is attached as **Exhibit F**.  In that letter, I told Mr. Nicholls that

21  Federal "appears to be withdrawing the consent it previously gave to the settlement."

22  Ex. F at p. 1.  I observed that Mr. Nicholls had "told me over the telephone on April 5,

23  2007 that Chubb [Federal's affiliate] had 'no problem with consenting' to the

24  settlement."  *Id*. at p. 2.  I complained that Federal's letter of June 14 -- which

25  contended that the "settlement of this matter without consent violates" the policy --

26  "offered no explanation for Chubb's change of position" (*id*.), and that the change of

27  position occurred "at a time when you knew it was too late for the settlement to be

28

DECLARATION OF RICHARD D. SHIVELY OPPOSING MOTION TO DISQUALIFY    Case No. CV-08-00830 SI

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor - San Francisco, CA 94111

1  unwound" (*id.* at p. 3).   I concluded that, "[u]nder all these circumstances, reasonable

2  notice has been given, Crowley has fully performed its obligations under the policy,

3  and Chubb/Federal has either consented, has waived any right to withhold its consent,

4  or is now estopped from withholding its consent to the settlement." *Id.* at p. 4.

5       9.     Each of the Insurers involved in this case fully reserved its right to deny

6  coverage for the Franklin Fund action.  Attached to the Declaration of Steven Ficon as

7  **Exhibits B, C & D** are the reservation of rights letters Crowley received from the

8  Insurers. Under their policies (copies of which are attached to the Ficon Declaration as

9  **Exhibits G, I & J),** none of the Insurers was obligated to provide a defense for

10  Crowley in the underlying action.  Nor did any of the Insurers provide a defense.

11       10.     I reviewed the motion to disqualify by Twin City, and it misrepresents the

12  remarks made to the Court during the case management conference held in this case on

13  May 16, 2008. I attended the case management conference, and neither Philip Pillsbury

14  nor I announced any decision whatsoever about whether he or I would testify as

15  witnesses during the trial of this case -- about the consent issue or any other issue.  See

16  Twin City brief at pp. 1, 4.  No such determinations have been made, and any such

17  determination would be premature at this point.

18       11.     It also is incorrect that either Philip Pillsbury or I said that consent issues

19  were "critical to Crowley's case" (*id.* at pp. 1, 2, 4, 12, 16), or admitted that "consent is

20  a condition to Twin City's obligations under its policy" (*id.* at p. 14), or argued that

21  consent was "not a pure issue of law" (*id.* at p. 9).  No such representations were made

22  by Philip Pillsbury or myself.

23       12.     Attached as **Exhibits G** and **H** are the Rule 26 disclosures served in this

24  case by Twin City and Federal.

25  / / /

26  / / /

27  / / /

28

DECLARATION OF RICHARD D. SHIVELY OPPOSING MOTION TO DISQUALIFY    Case No. CV-08-00830 SI

1       I declare under penalty of perjury, under the laws of the United States of

2 America, that the foregoing is true and correct, and that this Declaration was executed

3 on July 31, 2008 in San Francisco, California.

4

5 _____

6 Richard D. Shively

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RICHARD D. SHIVELY OPPOSING MOTION TO DISQUALIFY     Case No. CV-08-00830 SI

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

# EXHIBIT A

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

RICHARD D. SHIVELY

March 28, 2007

***Via Fedex Overnite***

Chubb Group of Insurance Companies
12 VREELAND ROAD
FLORHAM PARK, NJ  07932-9095
ATTN:  HENRY NICHOLLS, ESQ.

RLI INSURANCE COMPANY
525 W. VAN BUREN STREET, SUITE 350
CHICAGO, IL  60607
ATTN:  AMY E. JOHNSON

Hartford/Twin City
2 Park Avenue
New York, NY  10016
Attn:  Jeremy Salzman, Esq.

COVERAGE

CLAIM

Executive Protection Portfolio (D&O, Fiduciary, Crime & EPL)

CIVIL PROCEEDING:  FRANKLIN BALANCE
SHEET INVESTMENT
FUND, ET AL.
v.
CROWLEY MARITIME
CORPORATION BOARD
OF DIRECTORS
v.
CROWLEY MARITIME
CORPORATION
(NOMINAL DERIVATIVE
DEFENDANT)

**Primary D&O**
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** Federal Insurance Company (Chubb)
**Limit:** $10M Term Aggregate XS $500K
retention, each loss
**Policy Number:** 8120-0792

**First XS D&O**
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** Hartford/Twin City
**Limit:** $10M Aggregate XS $10M Underlying
Limits
**Policy Number:** 00 DA 0100967 04

**Second XS D&O**
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** RLI Insurance Company
**Limit:** $5M Aggregate XS $20M Underlying
Limit
**Policy Number:** EPG0002704A

**DATE OF CLAIM/SERVICE:** 12/1/04
**DESCRIPTION:** STATUS REPORT
**EXPENSE TO DATE:** $574,911.87
**OUR REF#** 04DO0001
**CHUBB REF#:** 100304
**HARTFORD REF#:** 05360917
**RLI REF#:** 00176418

March 28, 2007
Page 2 of 3

Interested Underwriters:

This firm has been retained to represent your insured, Crowley Maritime Corporation ("Crowley"), in connection with its claim for insurance coverage for the referenced action (the "Franklin Fund Action"). We are writing to inform you that an opportunity has arisen to settle the action on favorable terms, and to seek your consent to pursue such a settlement.

The settlement opportunity arose when the plaintiffs in the Franklin Fund Action offered to dismiss their lawsuit if they and the other unaffiliated holders of Crowley common stock were given an opportunity, through a tender offer, to sell their common stock for $2,990 per share in cash. A proposed settlement on those terms has not yet been consummated, and is subject to three contingencies. First, the tender offer must be accepted by a prescribed proportion of the unaffiliated common stock holders. Second, the proposed settlement must be approved by the Delaware Chancery Court. Third, the lawsuit must be dismissed and the time for an appeal must expire.

The proposed settlement would be in the best interest of both Crowley and its D&O insurers for two reasons. First, it would eliminate the potential for a large judgment against Crowley that might well be covered under the policies referenced above. Second, it would result in Crowley no longer being a public company -- which, in turn, would reduce the potential for future claims that might trigger coverage under the referenced policies.

After the plaintiffs had initiated the idea of a buyout to settle the Franklin Fund Action, Crowley was constrained by significant confidentiality issues that prevented it, as a practical matter, from immediately inviting its D&O carriers to join in the negotiations. Those issues related not only to applicable SEC disclosure rules, but also to financing arrangements necessary to fund the proposed purchase of the plaintiffs' shares.

The proposed settlement includes a provision that would require Crowley to pay attorneys' fees and costs incurred by the plaintiffs in prosecuting the Franklin Fund Action. Crowley would be looking to its carriers to cover -- among other costs of the settlement -- those fees and costs, as well as Crowley's own defense costs in excess of its self insured retention. However, before unequivocally accepting the plaintiffs' settlement offer and proceeding to complete the settlement, Crowley is asking its carriers to consent to the proposed settlement.

March 28, 2007
Page 3 of 3

There is a court hearing on the proposed settlement set for April 27, 2007. We would appreciate hearing from you as soon as possible, so that Crowley can proceed, if possible, to seize this opportunity to obtain a favorable settlement.

Very truly yours,

PILLSBURY & LEVINSON, LLP

Philip L. Pillsbury, Jr.
Richard D. Shively

By _____
      Richard D. Shively

bcc:  Art Mead, Esq.
      Steven Ficon
      Philip L. Pillsbury, Jr.

# EXHIBIT B

## PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

RICHARD D. SHIVELY

April 23, 2007

**_Via Federal Express_**
Henry Nicholls, Esq.
Chubb & Son, a division of
Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ 07059-1616

Re:  *Franklin Balance Sheet Investment Fund et al. v.*
*Crowley Maritime Corp. et al.*
Policy No. 8120-0792
Your Ref. No. 100304

Dear Mr. Nicholls:

This letter will confirm our telephone conversation last Friday, during which you agreed on behalf of Chubb that the submission, by your insured Crowley Maritime Corporation ("Crowley"), of a summary of the defense costs incurred in connection with the referenced action and supporting backup materials such as attorney fee invoices would not constitute any waiver of privileges (such as the attorney-client privilege and the attorney work product privilege) applicable to that summary and to those materials. You also agreed, on behalf of Chubb, that it would not contend that Crowley's submission of that summary and those materials to Chubb in unredacted form constituted any waiver of applicable privileges, or that such a submission would result in any waiver as to any other documents.

On the basis of those agreements, I am enclosing herewith -- pursuant to your request and in support of Crowley's request for Chubb's approval of the proposed settlement of the referenced action -- Crowley's summary of defense costs together with supporting backup materials. Those documents bear Bates Stamp Nos. CR-OM 001 to CR-OM 155.

I also agreed to provide you with the *Franklin Fund* plaintiffs' forthcoming application to the Delaware Chancery Court for the recovery of their attorneys' fees and litigation expenses promptly after it has been served. You told me that Chubb may wish

April 23, 2007
Page 2

to participate in the formulation of Crowley's response/opposition to the plaintiffs' fee request.

Please feel free to contact me regarding any questions you may have about the enclosed materials.

Very truly yours,

PILLSBURY & LEVINSON, LLP

By _____

Richard D. Shively

Encls.

Henry Nicholls, Esq.
April 23, 2007
Page 3


bcc:  Art Mead, Esq. (w/o encls.)
       Steven Ficon (w/o encls.)
       Jon Abramczyk, Esq. (w/o encls.)
       Philip L. Pillsbury, Jr., Esq. (w/o encls.)

# EXHIBIT C

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

RICHARD D. SHIVELY

May 15, 2007

**_Via Federal Express_**
Henry Nicholls, Esq.
Chubb & Son, a division of
Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ  07059-1616

> Re: *Franklin Balance Sheet Investment Fund et al. v.*
> *Crowley Maritime Corp. et al.*
> Policy No. 8120-0792
> Your Ref. No. 100304

Dear Mr. Nicholls:

Pursuant to your request, enclosed is a copy of Plaintiffs' Brief In Support Of An Award of Attorneys' Fees and Expenses.  I welcome your comments and suggestions about how Crowley should respond.

Best regards.

Sincerely,

Richard D. Shively

RDS:sm
Enclosure
cc:  Jeremy Salzman, Esq. (Hartford/Twin City) (w/ encl.)
     Amy E. Johnson (RLI) (w/ encl.)

Henry Nicholls, Esq.
May 15, 2007
Page 2


bcc:   Art Mead, Esq. (w/o encl.)
       Steven Ficon (w/o encl.)
       Jon Abramczyk, Esq. (w/o encl.)

# EXHIBIT D

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

RICHARD D. SHIVELY

May 29, 2007

***Via Federal Express***
Henry Nicholls, Esq.
Chubb & Son, a division of
Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ 07059-1616

Re: *Franklin Balance Sheet Investment Fund et al. v.*
    *Crowley Maritime Corp. et al.*
    Policy No. 8120-0792
    Your Ref. No. 100304

Dear Mr. Nicholls:

Enclosed is a copy of Crowley's opposition to the plaintiffs' application for attorneys' fees and expense reimbursement, which was filed last Friday.

Best regards.

Sincerely,

Richard D. Shively

RDS:sm
Encl. (Opp. Brief)
cc: Jeremy Salzman, Esq. (Hartford/Twin City) (w/ encl.)
    Amy E. Johnson (RLI) (w/ encl.)

Henry Nicholls, Esq.
May 29, 2007
Page 2


bcc:   Art Mead, Esq. (w/o encl.)
        Steven Ficon (w/o encl.)
        Jon Abramczyk, Esq. (w/o encl.)

PILLSBURY & LEVINSON, LLP

ATTORNEYS AT LAW

# EXHIBIT E



**CHUBB**

Chubb Group of Insurance Companies
P.O. Box 1616
Warren, NJ 07059-1616
www.chubb.com

June 14, 2007

Mr. Steve Ficon
Crowley Maritime Corp.
155 Grand Avenue, Suite 700
Oakland, CA  94612

Re:    Insured:                Crowley Maritime Corp
       Policy No.:             8120-07-92
       Claim No.:              100304
       Writing Company:        Federal Insurance Company
       Claimant/Litigation:    Franklin Balance Sheer Investment Fund, et al.

Dear Mr. Ficon:

As I believe you are aware, I am handling this matter on behalf of Federal Insurance Company.

On March 22, 2007, I was informed by Jon Abramczyk of Morris, Nichols, Arscht & Tunnell, for the first time, that Crowley Maritime Corp ("Crowley or the Insured") had engaged in undisclosed settlement discussions as a result of which this matter was settled through a buy out arrangement with the plaintiffs and a commitment to pay a plaintiffs attorney fee award.

In this regard, subsection 16, titled Defense and Settlement, of the Executive Liability and Indemnification Coverage Section of Crowley's, Executive Protection Policy number 8120-0792 (the "Policy") provides in pertinent part that:

      (a)      It shall be the duty of the **Insureds** and not the duty of the Company to defend **Claims** made against the **Insureds**.

      (b)      The **Insureds** agree not to settle or offer to settle any **Claim**, incur any **Defense Costs** or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without the Company's prior written consent. The Company shall not be liable for any element of **Loss** incurred, for any obligation assumed, or for any admission made, by any **Insured** without the Company's prior written consent. Provided the **Insureds** comply with Subsections 16(c) and (d) below, the Company shall not unreasonably withhold any such consent.

      (c)      With respect to any **Claim** that appears reasonably likely to be covered in whole or in part under this coverage section, the Company shall have the right and shall be given the opportunity to effectively associate with the **Insureds**, and shall be consulted in advance by the **Insureds**, regarding the investigation, defense and settlement of such **Claim**, including but not limited to selecting appropriate defense counsel and negotiating any settlement.

2

(d)     The **Insureds** agree to provide the Company with all information, assistance and cooperation which the Company may reasonably require and agree that in the event of a **Claim** the **Insureds** will do nothing that could prejudice the Company's position or its potential or actual rights of recovery.

(e)     Any advancement of **Defense Costs** shall be repaid to the Company by the **Insureds**, severally according to their respective interests, if and to the extent it is determined that such **Defense Costs** are not insured under this coverage section.

Please note that both the Insured's failure to advise Federal of the settlement negotiations and its settlement of this matter without consent violates the foregoing provisions of subsection 16 of the Policy.

Federal continues to expressly reserve all rights under the Policy and available at law including those arising out of the Insured's violation of subsection 16 of the Policy.

Should you have any questions concerning this letter in the meantime, please contact me at (908) 903-5453. My e-mail address is: hnicholls@ chubb.com.

Sincerely,

Chubb & Son
a division of Federal Insurance Company


*Henry Nicholls /ɔ /*

by:     HENRY NICHOLLS, Esq.
Eastern Specialty Claims
hnicholls@chubb.com

/jl
(crowley060707.doc)

cc:     Ms. Patricia Toner
Crowley Maritime Corp.
155 Grand Avenue, Suite 700
Oakland, CA 94612

Maryann Schultz
Aon Risk Services
1330 Post Oak Blvd., Suite 900
Houston, TX 77056



CHUBB GROUP OF INSURANCE COMPANIES

P.O. Box 1616, Warren, NJ 07059-1616

CHUBB

PRESORTED
FIRST CLASS

MAILED FROM ZIP CODE

Ms. Patricia Toner
Crowley Maritime Corp.
155 Grand Avenue, Suite 700
Oakland, CA !

NOTIFY SENDER OF NEW ADDRESS
945 1 BOSC 30 06/21/07
:CROWLEY MARITIME CORP
555 12TH ST STE 900
OAKLAND CA 94607-4075

BC: 94607407630    *2905-04573-21-20

# PILLSBURY & LEVINSON, LLP

### A T T O R N E Y S    A T    L A W

RICHARD D. SHIVELY

March 28, 2007

## *Via Fedex Overnite*

Chubb Group of Insurance Companies
12 VREELAND ROAD
FLORHAM PARK, NJ  07932-9095
ATTN:  HENRY NICHOLLS, ESQ.

RLI INSURANCE COMPANY
525 W. VAN BUREN STREET, SUITE 350
CHICAGO. IL  60607
ATTN:  AMY E. JOHNSON

Hartford/Twin City
2 Park Avenue
New York, NY  10016
Attn:  Jeremy Salzman, Esq.

## COVERAGE

Executive Protection Portfolio (D&O, Fiduciary, Crime & EPL)

## CLAIM

CIVIL PROCEEDING:  FRANKLIN BALANCE
SHEET INVESTMENT
FUND, ET AL.
V.
CROWLEY MARITIME
CORPORATION BOARD
OF DIRECTORS
V.
CROWLEY MARITIME
CORPORATION
(NOMINAL DERIVATIVE
DEFENDANT)

### Primary D&O
**Insured:**  Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:**  Federal Insurance Company (Chubb)
**Limit:**  $10M Term Aggregate XS $500K retention, each loss
**Policy Number:** 8120-0792

### First XS D&O
**Insured:**  Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:**  Hartford/Twin City
**Limit:**  $10M Aggregate XS $10M Underlying Limits
**Policy Number:**  00 DA 0100967 04

### Second XS D&O
**Insured:**  Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:**  RLI Insurance Company
**Limit:**  $5M Aggregate XS $20M Underlying Limit
**Policy Number:** EPG0002704A

**DATE OF CLAIM/SERVICE:** 12/1/04
**DESCRIPTION:**  STATUS REPORT
**EXPENSE TO DATE:** $574,911.87
**OUR REF#** 04DO0001
**CHUBB REF#:** 100304
**HARTFORD REF#:** 05360917
**RLI REF#:** 00176418

March 28, 2007
Page 2 of 3

Interested Underwriters:

This firm has been retained to represent your insured, Crowley Maritime Corporation ("Crowley"), in connection with its claim for insurance coverage for the referenced action (the "Franklin Fund Action"). We are writing to inform you that an opportunity has arisen to settle the action on favorable terms, and to seek your consent to pursue such a settlement.

The settlement opportunity arose when the plaintiffs in the Franklin Fund Action offered to dismiss their lawsuit if they and the other unaffiliated holders of Crowley common stock were given an opportunity, through a tender offer, to sell their common stock for $2,990 per share in cash. A proposed settlement on those terms has not yet been consummated, and is subject to three contingencies. First, the tender offer must be accepted by a prescribed proportion of the unaffiliated common stock holders. Second, the proposed settlement must be approved by the Delaware Chancery Court. Third, the lawsuit must be dismissed and the time for an appeal must expire.

The proposed settlement would be in the best interest of both Crowley and its D&O insurers for two reasons. First, it would eliminate the potential for a large judgment against Crowley that might well be covered under the policies referenced above. Second, it would result in Crowley no longer being a public company -- which, in turn, would reduce the potential for future claims that might trigger coverage under the referenced policies.

After the plaintiffs had initiated the idea of a buyout to settle the Franklin Fund Action, Crowley was constrained by significant confidentiality issues that prevented it, as a practical matter, from immediately inviting its D&O carriers to join in the negotiations. Those issues related not only to applicable SEC disclosure rules, but also to financing arrangements necessary to fund the proposed purchase of the plaintiffs' shares.

The proposed settlement includes a provision that would require Crowley to pay attorneys' fees and costs incurred by the plaintiffs in prosecuting the Franklin Fund Action. Crowley would be looking to its carriers to cover -- among other costs of the settlement -- those fees and costs, as well as Crowley's own defense costs in excess of its self insured retention. However, before unequivocally accepting the plaintiffs' settlement offer and proceeding to complete the settlement, Crowley is asking its carriers to consent to the proposed settlement.

March 28, 2007
Page 3 of 3

      There is a court hearing on the proposed settlement set for April 27, 2007. We would appreciate hearing from you as soon as possible, so that Crowley can proceed, if possible, to seize this opportunity to obtain a favorable settlement.

Very truly yours,

PILLSBURY & LEVINSON, LLP

Philip L. Pillsbury, Jr.
Richard D. Shively

By           _____
             Richard D. Shively

bcc:  Art Mead, Esq.
      Steven Ficon
      Philip L. Pillsbury, Jr.

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

RICHARD D. SHIVELY

April 23, 2007

**_Via Federal Express_**
Henry Nicholls, Esq.
Chubb & Son, a division of
Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ 07059-1616

Re: *Franklin Balance Sheet Investment Fund et al. v.*
    *Crowley Maritime Corp. et al.*
    Policy No. 8120-0792
    Your Ref. No. 100304

Dear Mr. Nicholls:

This letter will confirm our telephone conversation last Friday, during which you agreed on behalf of Chubb that the submission, by your insured Crowley Maritime Corporation ("Crowley"), of a summary of the defense costs incurred in connection with the referenced action and supporting backup materials such as attorney fee invoices would not constitute any waiver of privileges (such as the attorney-client privilege and the attorney work product privilege) applicable to that summary and to those materials. You also agreed, on behalf of Chubb, that it would not contend that Crowley's submission of that summary and those materials to Chubb in unredacted form constituted any waiver of applicable privileges, or that such a submission would result in any waiver as to any other documents.

On the basis of those agreements, I am enclosing herewith -- pursuant to your request and in support of Crowley's request for Chubb's approval of the proposed settlement of the referenced action -- Crowley's summary of defense costs together with supporting backup materials. Those documents bear Bates Stamp Nos. CR-OM 001 to CR-OM 155.

I also agreed to provide you with the *Franklin Fund* plaintiffs' forthcoming application to the Delaware Chancery Court for the recovery of their attorneys' fees and litigation expenses promptly after it has been served. You told me that Chubb may wish

Henry Nicholls, Esq.
April 23, 2007
Page 2

to participate in the formulation of Crowley's response/opposition to the plaintiffs' fee request.

Please feel free to contact me regarding any questions you may have about the enclosed materials.

Very truly yours,

PILLSBURY & LEVINSON, LLP

By _____

Richard D. Shively

Encls.

George Nichols, Esq.
April 23, 2007
Page 3

bcc:  Art Mead, Esq. (w/o encls.)
      Steven Ficon (w/o encls.)
      Jon Abramczyk, Esq. (w/o encls.)
      Philip L. Pillsbury, Jr., Esq. (w/o encls.)

# PILLSBURY & LEVINSON, LLP

## ATTORNEYS AT LAW

RICHARD D. SHIVELY

May 15, 2007

***Via Federal Express***
Henry Nicholls, Esq.
Chubb & Son, a division of
Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ 07059-1616

> Re: *Franklin Balance Sheet Investment Fund et al. v.*
> *Crowley Maritime Corp. et al.*
> Policy No. 8120-0792
> Your Ref. No. 100304

Dear Mr. Nicholls:

Pursuant to your request, enclosed is a copy of Plaintiffs' Brief In Support Of An Award of Attorneys' Fees and Expenses. I welcome your comments and suggestions about how Crowley should respond.

Best regards.

Sincerely,

Richard D. Shively

RDS:sm
Enclosure
cc: Jeremy Salzman, Esq. (Hartford/Twin City) (w/ encl.)
    Amy E. Johnson (RLI) (w/ encl.)

Henry Nicholls, Esq.
May 15, 2007
Page 2


bcc:   Art Mead, Esq. (w/o encl.)
        Steven Ficon (w/o encl.)
        Jon Abramczyk, Esq. (w/o encl.)

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

RICHARD D. SHIVELY

May 29, 2007

***Via Federal Express***
Henry Nicholls, Esq.
Chubb & Son, a division of
Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ 07059-1616

> Re: *Franklin Balance Sheet Investment Fund et al. v.*
> *Crowley Maritime Corp. et al.*
> Policy No. 8120-0792
> Your Ref. No. 100304

Dear Mr. Nicholls:

Enclosed is a copy of Crowley's opposition to the plaintiffs' application for attorneys' fees and expense reimbursement, which was filed last Friday.

Best regards.

Sincerely,

Richard D. Shively

RDS:sm
Encl. (Opp. Brief)
cc: Jeremy Salzman, Esq. (Hartford/Twin City) (w/ encl.)
    Amy E. Johnson (RLI) (w/ encl.)

Henry Nicholls, Esq.
May 29, 2007
Page 2


bcc:   Art Mead, Esq. (w/o encl.)
        Steven Ficon (w/o encl.)
        Jon Abramczyk, Esq. (w/o encl.)



**ENDORSEMENT**

Coverage Section:  Executive Protection Portfolio General Terms and Conditions Section (Federal & Vigilant)

Effective date of
this endorsement: June 27, 2006                    Company:  Federal Insurance Company

                                                   Endorsement No. 6

                                                   To be attached to and
                                                   form a part of Policy No. 8120-0792

Issued to:  CROWLEY MARITIME CORPORATION

---

AMEND ITEM 1 OF THE DECLARATIONS ENDORSEMENT

In consideration of the premium charged, it is agreed that Item 1 of the Declarations for these General Terms and
Conditions is amended to read in its entirety as follows:

> Item 1:  **Parent Organization:**      Crowley Maritime Corporation
> Principal Address:                 attn:  Risk Management Department
>                                    9487 Regency Square Blvd.
>                                    Jacksonville, FL  32225

The title and any headings in this endorsement are solely for convenience and form no part of the terms and conditions
of coverage.

All other terms, conditions and limitations of this policy shall remain unchanged.

*Robert Hamburger*
_____
Authorized Representative



**CHUBB**

**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey 07059

*Executive Protection Portfolio* SM
*General Terms and Conditions Section*

---

**DECLARATIONS**

**FEDERAL INSURANCE COMPANY**
A stock insurance company, incorporated under
the laws of Indiana, herein called the Company

Policy Number: 8120-0792

**THE EXECUTIVE LIABILITY AND ENTITY SECURITIES LIABILITY, FIDUCIARY LIABILITY, OUTSIDE DIRECTORSHIP LIABILITY AND EMPLOYMENT PRACTICES LIABILITY COVERAGE SECTIONS (WHICHEVER ARE PURCHASED) PROVIDE CLAIMS MADE COVERAGE, WHICH APPLIES ONLY TO "CLAIMS" FIRST MADE DURING THE "POLICY PERIOD", OR ANY EXTENDED REPORTING PERIOD. THE APPLICABLE LIMIT(S) OF LIABILITY TO PAY "LOSS" WILL BE REDUCED, AND MAY BE EXHAUSTED, BY THE PAYMENT OF "DEFENSE COSTS" UNLESS OTHERWISE SPECIFIED HEREIN. "DEFENSE COSTS" WILL BE APPLIED AGAINST THE RETENTION. READ THE ENTIRE POLICY CAREFULLY.**

Item 1.  **Parent Organization:**
         Principal Address:

CROWLEY MARITIME CORPORATION
Attn: Risk Management Dept.
9487 Regency Sq. Blvd.
Jacksonville, FL 32225

Item 2.  **Policy Period:**

From   12:01 A.M. on     November 1, 2006
To     12:01 A.M. on     November 1, 2007
Local time at the address shown in Item 1.

---

Item 3.  Coverage Summary
         Description:
           GENERAL TERMS AND CONDITIONS
           EXECUTIVE LIABILITY AND ENTITY SECURITIES LIABILITY
           EMPLOYMENT PRACTICES LIABILITY
           FIDUCIARY LIABILITY
           CRIME

Item 4.  Termination of
         Prior Bonds or Policies: 8120-0792  (Nov 1, 2005 - Nov 1, 2006)

14-02-7302DFED (Ed. 11/2002)          Page 1 of 6

# CROWLEY®

November 17, 2006

Chubb Group of Insurance Companies
12 Vreeland Road
Florham Park, NJ 07932-9095
Attn: Henry Nicholls, Esq

RLI Insurance Company
525 W. Van Buren Street
Suite 350
Chicago, IL 60607
Attn: Amy E. Johnson

Hartford/Twin City
2 Park Avenue
New York, NY 10016
Attn: Jeremy Salzman, Esq.

**COVERAGE**

**CLAIM**

**Executive Protection Portfolio (D&O, Fiduciary, Crime & EPL)**

**Primary D&O**
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** Federal Insurance Company (Chubb)
**Limit:** $10M Term Aggregate XS $500K retention, each loss
**Policy Number:** 8120-0792

**First XS D&O**
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** Hartford/Twin City
**Limit:** $10M Aggregate XS $10M Underlying Limits
**Policy Number:** 00 DA 0100967 04

**Second XS D&O**
**Insured:** Crowley Maritime Corporation
**Policy Period:** 11/1/2004-11/1/2005
**Insurer:** RLI Insurance Company
**Limit:** $5M Aggregate XS $20M Underlying Limit
**Policy Number:** EPG0002704A

**Civil Proceeding:** *Franklin Balance Sheet Investment Fund, et al*

*v.*

*Crowley Maritime Corporation Board of Directors*
*v.*
*Crowley Maritime Corporation*
(Nominal Derivative Defendant)

**Date of Claim/Service:** 12/1/04
**Description:** Status Report
**Expense to date:** $444,851.70
**Our ref#:** 04DO0001
**Chubb Ref #:** 100304
**Hartford Ref #:** 05360917
**RLI Ref #:** 00176418

---

Interested Underwriters:

I am writing to provide a status update on the referenced action.

As you may recall, on November 30, 2004 Franklin Balance Sheet Investment Fund and a number of other investment funds filed derivative and direct claims against Crowley's board of directors alleging that certain directors violated fiduciary duties by entering into split dollar life insurance agreements with Mr. Crowley and certain trusts. The complaint sought a declaration that the action could properly be brought as both a class and derivative action, a declaration that the alleged policy of entrenching Mr. Crowley as controlling stockholder is illegal and void, and an award of damages equal to the premiums

RE: Franklin Balance Sheet Investment Fund, et al.                    November 17, 2006
    vs. Crowley Maritime Corporation Board of Directors                           Page 2

paid by the company on the split dollar life insurance plus interest, the costs and expenses incurred by
the Company in implementing the alleged policy and attorneys fees and costs. Defendants moved to
dismiss the complaint and plaintiff's filed a motion for leave to amend the complaint and to allow another
stockholder to intervene.  Full details of the cumulative briefing is provided in the enclosed

September 26, 2006 litigation status report prepared by defense counsel Morris, Nichols, Arsht and
Tunnell.

On October 19, 2006, the Court granted Plaintiff's motion for leave to amend the complaint and
intervene a new plaintiff and ordered the Plaintiffs to promptly amend their complaint. The Court also
sanctioned the Plaintiff's $10,000 to reimburse the Defendant for legal fees incurred in part by the
Plaintiff's failure to initially file a legally complete complaint. A copy of the Court's October 19, 2006
Memorandum Opinion is enclosed.

On October 25, 2006, the Plaintiffs' paid their sanctions, which amount was credited to defense
counsel's fee statement.  On October 26, 2006 the Plaintiff's filed and served their Amended Complaint,
copy of which is also enclosed.

I would also like to advise, as you will note in the caption, that total defense costs incurred to date are
fast approaching the $500,000 deductible. We plan on submitting an itemized list and copies of all
defense invoices to Chubb within the 60 days  to facilitate future requests for reimbursement. Hartford
/Twin City and RLI should let me know if they would like copies of these invoices as well.


We will keep Underwriters advised of further developments.


                                        Very truly yours,

                                        Steven J. Ficon, CPCU
                                        Manager, Corporate Claims



w/ enclosures

cc:  Maryann Schultz / Aon Financial Services Group, Inc
     Dwight Menard
     Art Mead

# EXHIBIT F

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

July 11, 2007

RICHARD D. SHIVELY

### *Via U.S. Mail*

Henry Nicholls, Esq.
Chubb Group of Ins. Cos.
Eastern Specialty Claims
P.O. Box 1616
Warren, NJ 07059-1616

|         | Insured:          | Crowley Maritime Corp.                             |
|---------|-------------------|---------------------------------------------------|
| Re:     | Policy No.:       | 8120-07-92                                         |
|         | Claim No.:        | 100304                                            |
|         | Writing Co.:      | Federal Ins. Co.                                  |
|         | Claimant/Litig.:  | Franklin Balance Sheet Investment Fund, et al.    |

Dear Mr. Nicholls:

     On June 14, 2007, you directed a letter (copy enclosed) to Steve Ficon of Crowley Maritime Corporation ("Crowley") which improperly attempted to avoid coverage responsibility for a court-approved settlement that Crowley entered into with Chubb's full knowledge and oral consent. Your letter was directed to Mr. Ficon without notice or copy to me, even though you knew I represent Crowley in connection with this matter, and it significantly distorts the record of conversations between Crowley and Chubb. Furthermore, you directed the Ficon correspondence to an address that you knew Crowley had not used for more than a year. Fortunately, the letter eventually came to our attention. We are perplexed that Chubb now appears to be withdrawing the consent it previously gave to the settlement approved by the court on April 27, 2007.

     You have known for more than three months that I represent Crowley in connection with the referenced claim. I notified you, by letter sent March 28, 2007 (copy enclosed), that "[Pillsbury & Levinson] has been retained to represent your insured [Crowley] in connection with its claim for insurance coverage for the referenced [Franklin Fund] action." I wrote on March 28 "to inform you that an opportunity ha[d] arisen to settle the action on favorable terms, and to seek your consent to pursue such a settlement." I told you that the settlement opportunity arose when the plaintiffs in the Franklin Fund Action approached Crowley with a settlement proposal, and that the settlement had not yet been consummated. Indeed, I emphasized that before "accepting

Henry Nicholls, Esq.
July 11, 2007
Page 2

the plaintiffs' settlement offer and proceeding to complete the settlement, Crowley is asking its carriers to consent to the proposed settlement."

A week later – on April 5, 2007 – you responded by calling my office. You told me that Chubb "ha[d] no problem with consenting" to the settlement, but needed to know the details of the proposed settlement. I offered to send you the stipulation which set forth the terms of the proposed settlement, but you told me you had already received that stipulation from Crowley's defense counsel, Mr. Abramczyk. You asked me to send you defense counsels' invoices covering all defense costs incurred to date, and I did so by letter dated April 23, 2007 (copy enclosed). The letter recited that I was sending the invoices "pursuant to your request and in support of Crowley's request for Chubb's approval of the proposed settlement."

You also asked me to send you copies of the *Franklin Fund* plaintiffs' application to the Delaware Chancery Court for the recovery of their attorneys' fees, and of Crowley's opposition brief. The former I sent to you by letter dated May 15, 2007 (copy enclosed), and the latter by letter dated May 29, 2007 (copy enclosed). As my letter of May 15 reflects, I sought "your comments and suggestions about how Crowley should respond" to the plaintiffs' fee request. You, however, never provided any input.

You told me over the telephone on April 5, 2007 that Chubb had "no problem with consenting" to the settlement. Three weeks later, the Delaware Chancery Court approved the settlement. Then, ten weeks after you had indicated to me that Chubb consented to the settlement, you sent a letter to Mr. Ficon of Crowley (that was directed to an address in Oakland, California that Crowley stopped using more than a year ago) in which you state that Crowley's "settlement of this matter without consent violates the [Chubb/Federal] Policy." The letter offers no explanation for Chubb's change of position.

Surely you must know that it was an ethical violation for you to communicate directly with Mr. Ficon about Crowley's claim, since you know very well – as a result of our past communications – that I am representing Crowley in connection with the referenced claim. See ABA Model Rules of Professional Conduct, Rule 4.2 ("Communication With Person Represented By Counsel"). You failed even to send me a copy of your letter. To make matters worse, you sent the letter to an address Crowley left more than a year ago, apparently to create additional delay before the letter was actually received. I am enclosing Endorsement No. 6 to the subject Chubb/Federal policy. It shows that, effective June 27, 2006, the address of Crowley's risk management department (where Mr. Ficon is employed) changed from Oakland, California to Jacksonville, Florida. Also enclosed is the Declarations page from the current policy (in effect from November 1, 2006 to November 1, 2007), which lists Crowley's address as "9487 Regency Square Boulevard, Jacksonville, FL 32225." Also enclosed is a letter Mr. Ficon sent to you last year (on November 17, 2006) – before my firm was retained to represent Crowley – which showed Crowley's address in Jacksonville, Florida.

Henry Nicholls, Esq.
July 11, 2007
Page 3

     In short, you had no business communicating directly with Crowley about the claim, since you knew I was representing the Company, and you must have known you were sending the letter to an address that was no longer current. Even worse, you purport – on behalf of Chubb – to reverse your earlier position that Chubb consented to the settlement at a time when you knew it was too late for the settlement to be unwound. You have acted unprofessionally and surreptitiously, and in a way apparently calculated to deprive Crowley of its rights under the subject policy.

     To make matters worse, your letter misstates the facts. It says that Crowley's defense counsel, Mr. Abramczyk, informed you on March 22, 2007 that Crowley "had engaged in undisclosed settlement discussions as a result of which this matter was settled . . . ." You also argue that Crowley's "failure to advise Federal of the settlement negotiations and its settlement of this matter without consent" violates Subsection 16 of the Chubb/Federal policy. All of these statements are inaccurate. Mr. Abramczyk never told you that Crowley had "offered to settle" the referenced case. He merely informed you that the proposed settlement – which had not yet been finalized – required Crowley to offer to buy out the minority shareholders. There was nothing wrong about Crowley engaging in negotiations concerning the *plaintiffs*' offer to settle the case. Subsection 16 does not prohibit the insured from discussing a claimant's offer to settle. Nor does Subsection 16 require the insured to advise the insurer that it is discussing or negotiating a claimant's offer to settle. Finally, it is incorrect that Crowley settled this matter without seeking or obtaining Chubb's/Federal's consent. Your conduct and representations on behalf of Chubb/Federal reasonably led Crowley to believe that the insurer's consent had been obtained.

     California's Fair Claims Settlement Practices Act makes it an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance, for an insurer to knowingly "[f]ail[] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." Cal. Ins. Code Section 790.03(h)(2). California's Fair Claims Settlement Practices Regulations provide as follows: "Upon receiving any communication from a claimant, regarding a claim, that reasonably suggests that a response is expected, every licensee shall immediately, but in no event more than fifteen (15) calendar days after receipt of that communication, furnish the claimant with a complete response based on the facts as then known by the licensee." 10 Cal. Admin. Code Section 2695.5(b).

     Crowley asked for Chubb's/Federal's consent on March 28, 2007; your statements over the telephone a week later indicated that consent had been granted. You knew that the Delaware Court's approval of the settlement was being sought but had not yet been obtained, and that the proposed settlement could still be unwound, for reasons among others that included Chubb's withholding its consent. Then, after you learned that the settlement had been completed, you then directed a letter – without notice to me – to an address you knew my client had not used for more than a year, claiming that Chubb did not consent. Under all these circumstances, reasonable notice has been given, Crowley has fully performed its obligations under the policy, and Chubb/Federal has either consented, has waived any right to withhold its consent, or is now estopped from

Henry Nicholls, Esq.
July 11, 2007
Page 4


withholding its consent to the settlement.  The subject policy specifically provides that
the insurer "shall not unreasonably withhold [its] consent."  (*See* Subsection 16(b).)  In
engaging in the unreasonable (indeed, unconscionable) conduct I have described,
Chubb/Federal has breached the provisions of Subsection 16 of the policy.

Please advise me promptly that Chubb/Federal is withdrawing its improper and
unethical attempt to avoid coverage by purporting to reverse its prior consent to the
settlement.


Very truly yours,

Richard D. Shively


RDS:jb
Enclosures
cc:    Art Mead, Esq. (w/ encls.)
       Steven Ficon (w/ encls.)
       Jon Abramczyk, Esq. (w/ encls.)
       Jeremy Salzman, Esq. (w/ encls.)
       Amy E. Johnson (w/ encls.)


PILLSBURY & LEVINSON, LLP

ATTORNEYS AT LAW

Henry Nicholls, Esq.
July 11, 2007
Page 5


bcc: Philip L. Pillsbury, Jr., Esq. (w/ encls.)

# EXHIBIT G

1  STROOCK & STROOCK & LAVAN LLP
   MICHAEL F. PERLIS (State Bar No. 95992)
2  mperlis@stroock.com
   RICHARD R. JOHNSON (State Bar No. 198117)
3  rjohnson@stroock.com
   RACHAEL SHOOK (State Bar No. 251628)
4  rshook@stroock.com
   2029 Century Park East, Suite 1800
5  Los Angeles, California  90067-3086
   Telephone: 310-556-5800
6  Facsimile: 310-556-5959
   lacalendar@stroock.com
7
   Attorneys for Defendant and Counterclaimaint
8   TWIN CITY FIRE INSURANCE COMPANY

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13

14  CROWLEY MARITIME CORPORATION,          )   Case No. CV-08-00830 SI
                                           )
15            Plaintiff,                    )   [Hon. Susan Illston]
                                           )
16       vs.                                )   DEFENDANT AND
                                           )   COUNTERCLAIMANT TWIN CITY
17  FEDERAL INSURANCE COMPANY; TWIN        )   FIRE INSURANCE COMPANY'S
    CITY FIRE INSURANCE COMPANY; RLI       )   INITIAL DISCLOSURES PURSUANT TO
18  INSURANCE COMPANY; and DOES 1-20,      )   F.R.C.P. 26(a)(1)
    inclusive,                              )
19                                          )
              Defendants.                   )   Action filed:    January 7, 2008
20                                          )   Removal date:    February 6, 2008
                                           )   Trial date:      None set
21  _____)

22

23

24

25

26

27

28
    LA 51051528
    ────────────────────────────────────────────────────────
    DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL
                DISCLOSURES - Case No. 08-0830 SI

Defendant and Counterclaimant Twin City Fire Insurance Company ("Twin City") hereby submits the following initial disclosures of information known to it at this time pursuant to Fed. R. Civ. Proc. 26(a)(1):

### GENERAL OBJECTIONS

1.    The following disclosures are based upon information reasonably available to Twin City.  To the best of Twin City's knowledge, information and belief these disclosures are complete and correct as of the date they are made.  Nevertheless, Twin City anticipates that it will obtain additional facts, identify additional persons who may have knowledge relevant to the issues in this action and identify additional documents relevant to the factual disputes in this action through its continuing pre-trial research, investigation and analysis and through discovery.  Accordingly, Twin City expressly reserves its rights: (a) to make subsequent revision, supplementation or amendment to these disclosures based upon any information, evidence, documents, facts and things which hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pre-trial proceedings held herein.

2.    Twin City objects to any disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California or other applicable law.

3.    Twin City does not, and will not, provide herein any information or documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, privacy rights, applicable regulatory privileges or any other privilege or immunity.

**A.    PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT TWIN CITY MAY USE TO SUPPORT ITS CLAIM OR DEFENSES**

As of the date of these Initial Disclosures, Twin City believes, based on information reasonably available to it, that the following individuals may have discoverable information that Twin City may use in support of its claim against Crowley Maritime Corporation ("CMC") and in support of its defense against CMC's claims:

LA 51051528

1

1.      The following current and former Twin City personnel may have relevant information concerning the Excess Financial Products Insurance Policy, *viz.*, policy number 00 DA 0100967-04, for the policy period of November 1, 2004 to November 1, 2005, issued by Twin City to CMC (the "Twin City Policy"); correspondence between CMC or CMC's counsel or insurance broker with Twin City or Twin City's counsel regarding an underlying litigation entitled *Franklin Balance Sheet Investment Fund v. Crowley*, C.A. No. 888-VCP, Delaware Court of Chancery (the "*Franklin Fund* action"); and Twin City's coverage decisions re CMC's claims under the Twin City Policy:

> Jeremy S. Salzman
> Claims Consultant
> The Hartford
> 2 Park Avenue
> New York, NY 10016
> (212) 277-0426
>
> Brian Zink
> (formerly an Executive Underwriter for the Hartford, no longer employed by the Hartford)
> Last known business address:
> The Hartford
> 2 Park Avenue
> New York, NY 10016
>
> Upon information and belief, Mr. Zink has accepted a position at:
> Beazley Co.
> 400 Madison Avenue
> Suite 6C
> New York, NY 10017

2.      The following Federal Insurance Company ("Federal") personnel may have relevant information concerning an Executive Protection Portfolio, policy number 8120-0792, issued by Federal to CMC for the policy period of November 1, 2004 to November 1, 2005 (the "Federal Policy"); correspondence between CMC or CMC's counsel or insurance broker with Federal or Federal's counsel regarding the *Franklin Fund* action; and Federal's coverage decisions re CMC's claims under the Federal Policy:

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL DISCLOSURES - Case No. 08-0830 SI

Henry Nicholls
Chubb & Sons, a division of Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ 07059-1616
(908) 903-2000

Tracy S. Tkac
Directors & Officers Liability
Chubb & Sons, a division of Federal Insurance Company
Directors and Officers Claims
15 Mountain View Road
P.O. Box 1616
Warren, NJ 07059-1616
(908) 903-2000

3.      *Jon Abramczyk, John DiTomo and all other attorneys and paralegals from Morris, Nichols, Arsht & Tunnell, LLP*, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347, (302) 658-9200.  Upon information and belief, Messrs. Abramcyzk and DiTomo were CMC's local counsel in the *Franklin Fund* action, and Messrs. Abramcyzk, DiTomo and other attorneys and paralegals from Morris, Nichols, Arsht & Tunnell, LLP may have knowledge of the *Franklin Fund* action, the reporting of and/or notice given of the *Franklin Fund* action and settlement to Twin City and Federal, and other facts relevant to CMC's claims for coverage under the Federal and Twin City Policies and Twin City's counterclaim for breach of contract.

4.      *Richard D. Shively, Philip L. Pillsbury, Jr., and all other attorneys and paralegals from Pillsbury & Levinson, LLP*, Transamerica Pyramid, 600 Montgomery Street, 31st Floor, San Francisco, California, 94111, (415) 433-8000. Upon information and belief, Messrs. Shivley and Pillsbury represent CMC in connection with its claim for insurance coverage under the Federal and Twin City Policies in connection with the *Franklin Fund* action. Messrs. Shively, Pillsbury, and other paralegals and attorneys from Pillsbury & Levinson, LLP may have knowledge of the *Franklin Fund* action, the reporting of and/or notice given of the *Franklin Fund* action and settlement to Twin City and Federal, and other facts relevant to CMC's claims for coverage under the Federal and Twin City Policies and Twin City's counterclaim for breach of contract.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

5.      *James Kramer, Richard Smith, and all other attorneys and paralegals from Orrick, Herrington & Sutcliffe, LLP*, 405 Howard Street, San Francisco, California, 94105, (415)-773-5700. Upon information and belief, Messrs. Kramer and Smith were CMC's counsel in the *Franklin Fund* action, and Messrs. Kramer, Smith, and other attorneys and paralegals from Orrick, Herrington & Sutcliffe, LLP may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies.

6.      *Bruce Alan Mann, Michael O'Bryan, and all other attorneys and paralegals from Morrison & Foerster LLP*, 425 Market Street, San Francisco, California, 94105, (415) 268-7000. Upon information and belief, Messrs. Mann and O'Bryan were counsel to the Special Committee of the Board of Directors of CMC in connection with the *Franklin Fund* settlement, and Messrs. Mann, O'Bryan, and all other attorneys and paralegals of Morrison & Foerster LLP may have knowledge of the *Franklin Fund* settlement and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policy.

7.      *Thomas Crowley*. Upon information and belief, during all or part of the relevant time period (from the filing of the complaint in the *Franklin Fund* action through the Delaware Chancery Court's approval of the *Franklin Fund* settlement), Mr. Crowley was Chairman, President and CEO of CMC, and as such, Mr. Crowley authorized, directed and managed the affairs of CMC. Mr. Crowley was a defendant in the *Franklin Fund* action and may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies. Mr. Crowley's address and telephone number are already known to CMC.

8.      *Molly Crowley*. Upon information and belief, during all or part of the relevant time period Ms. Crowley was a member of the Board of Directors of CMC and as such authorized, directed and managed the affairs of CMC. Ms. Crowley was a defendant in the *Franklin Fund* action and may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies. Ms. Crowley's address and telephone number are already known to CMC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

9.        *Philip E. Bowles.* Upon information and belief, during all or part of the relevant time period Mr. Bowles was a member of the Board of Directors of CMC and as such authorized, directed and managed the affairs of CMC. Mr. Bowles was a defendant in the *Franklin Fund* action and may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies.  Mr. Bowles' address and telephone number are already known to CMC.

10.        *William A. Pennella.* Upon information and belief, during all or part of the relevant time period, Mr. Pennella was Vice Chairman of CMC's board and Executive Vice President of CMC and as such authorized, directed and managed the affairs of CMC. Mr. Pennella was a defendant in the *Franklin Fund* action and may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies.  Mr. Pennella's address and telephone number are already known to CMC.

11.        *Gary Depolo.* Upon information and belief, during all or part of the relevant time period, Mr. Depolo was a member of the Board of Directors of CMC and as such authorized, directed and managed the affairs of CMC. Mr. Depolo was Chairman of the Special Committee of the Board of Directors of CMC, which recommended the *Franklin Fund* settlement to CMC's shareholders, and a defendant in the *Franklin Fund* action. Mr. Depolo may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies.  Mr. Depolo's address and telephone number are already known to CMC.

12.        *Earl Kivett.* Upon information and belief, during all or part of the relevant time period, Mr. Kivett was a member of the Board of Directors of CMC and as such authorized, directed and managed the affairs of CMC. Mr. Kivett was a member of the Special Committee of the Board of Directors of CMC, which recommended the *Franklin Fund* settlement to CMC's shareholders, and a defendant in the *Franklin Fund* action. Mr. Kivett may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies.  Mr. Kivett's address and telephone number are already known to CMC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

13.    *Leland Prussia.* Upon information and belief, during all or part of the relevant time period, Mr. Prussia was a member of the Board of Directors of CMC and as such authorized, directed and managed the affairs of CMC. Mr. Prussia was a member of the Special Committee of the Board of Directors of CMC, which recommended the *Franklin Fund* settlement to CMC's shareholders, and a defendant in the *Franklin Fund* action. Mr. Prussia may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies. Mr. Prussia's address and telephone number are already known to CMC.

14.    *Cameron Wolfe, Jr.*. Upon information and belief, during all or part of the relevant time period, Mr. Wolfe was a member of the Board of Directors of CMC and as such authorized, directed and managed the affairs of CMC. Mr. Wolfe was a defendant in the *Franklin Fund* action, and may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies. Mr. Wolfe's address and telephone number are already known to CMC.

15.    *Art Mead.* Upon information and belief, during all or part of the relevant time period, Mr. Mead was Senior Vice President and General Counsel of CMC and as such authorized, directed and managed the affairs of CMC. Mr. Mead may have knowledge of the *Franklin Fund* action, the reporting of and/or notice given of the *Franklin Fund* action and settlement to Twin City and Federal, and other facts relevant to CMC's claims for coverage under the Federal and Twin City Policies and Twin City's counterclaim for breach of contract. Mr. Mead's address and telephone number are already known to CMC.

16.    *William Verdon.* Upon information and belief, Mr. Verdon was a Senior Vice President and General Counsel of CMC prior to October 12, 2005, and a consultant thereafter for all or part of the remaining relevant time period. As such, Mr. Verdon such authorized, directed and managed the affairs of CMC. Mr. Verdon may have knowledge of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies. Mr. Verdon's address and telephone number are already known to CMC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    17.    *Steven Ficon*. Upon information and belief, during all or part of the relevant time

2 period, Mr. Ficon was CMC's in-house counsel. Mr. Ficon may have knowledge of the *Franklin*

3 *Fund* action, the reporting of and/or notice given of the *Franklin Fund* action and settlement to

4 Twin City and Federal, and other facts relevant to CMC's claims for coverage under the Federal

5 and Twin City Policies and Twin City's counterclaim for breach of contract. Mr. Ficon's address

6 and telephone number are already known to CMC.

7    18.    *Richard Swinton*.  Upon information and belief, during all or part of the relevant

8 time period, Mr. Swinton was CMC's Vice President of Tax & Audit. As such, Mr. Swinton

9 authorized, directed and managed the affairs of CMC. Mr. Swinton may have knowledge of the

10 *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and

11 Twin City Policies. Mr. Swinton's address and telephone number are already known to CMC.

12    19.    *Jim Juergens*. Upon information and belief, during all or part of the relevant

13 time period, Mr. Juergens was CMC's Vice President of Risk Management. As such, Mr. Jeurgens

14 authorized, directed and managed the affairs of CMC. Mr. Jeurgens may have knowledge of the

15 *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal and

16 Twin City Policies. Mr. Juergens' address and telephone number are already known to CMC.

17    20.    *R. Bruce McNew and all other attorneys and paralegals from Taylor & McNew,*

18 *LLP,* 2710 Centerville Road, Suite 210, Wilmington, Delaware, 19808, (302) 655-9200. Upon

19 information and belief, Mr. McNew was counsel for the plaintiffs in the *Franklin Fund* action, and

20 Mr. McNew and other attorneys and paralegals from Taylor & McNew, LLP may have knowledge

21 of the *Franklin Fund* action and of facts relevant to CMC's claims for coverage under the Federal

22 and Twin City Policies.

23    21.    *One or more individuals from JMP Securities, LLC*, whose names are already

24 known to CMC, at 600 Montgomery Street, Suite 1100, San Francisco, California, 94111, (415)

25 835-8900. Upon information and belief, JMP Securities, LLC provided valuation expertise to the

26 Special Committee of the Board of Directors of CMC with regards to the *Franklin Fund* settlement.

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51051528

7

DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL
DISCLOSURES - Case No. 08-0830 SI

Individuals from JMP Securities, LLC may have knowledge of the *Franklin Fund* settlement and of facts relevant to CMC's claims for coverage under the Federal and Twin City Policies.

22.    *Gary Lutin,* Lutin & Company, 575 Madison Avenue, 10th Floor, New York, New York, 10022, (212) 605-0335. Upon information and belief, Mr. Lutin was a shareholder of CMC during all or part of the relevant time period and organized a shareholder forum for dissatisfied CMC minority shareholders in early 2004. Mr. Lutin may have knowledge relevant to CMC's knowledge of a potential claim prior to the inception of the Twin City and Federal Policies, and thus relevant to CMC's claims for coverage under the Federal and Twin City Policies.

23.    Any other attorneys, whose identities are known to CMC but not to Twin City, with knowledge of the tender offer described in CMC's Schedule 13d and Form 14d-9 filed with the Securities and Exchange Commission on or about March 19, 2007 (the "*Franklin Fund* tender offer").

24.    The Person Most Knowledgeable regarding CMC's public filings with the Securities and Exchange Commission pertaining to the *Franklin Fund* action, settlement, and tender offer.

25.    The Person Most Knowledgeable regarding Crowley Newco Corporation's role in the *Franklin Fund* tender offer and settlement.

26.    The Person Most Knowledgeable at CMC regarding the *Franklin Fund* action, settlement, and tender offer, the reporting of and/or notice given of the *Franklin Fund* action, settlement, and tender offer to Twin City and Federal, and other facts relevant to CMC's claims for coverage under the Federal and Twin City Policies and Twin City's claim for breach of contract.

**B.    DOCUMENTS TWIN CITY MAY USE TO SUPPORT ITS CLAIM OR DEFENSES**

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure and subject to the General Objections set forth above, set forth below is a listing of categories of documents Twin City may rely upon in supporting its claims in this action, as follows:

1.    The Twin City Policy under which CMC may have made a claim for coverage with respect to the *Franklin Fund* action, and all documents reflecting or otherwise relating thereto,

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  including but not limited to applications by CMC; coverage positions taken as to the *Franklin Fund*

2  action; the relevant, non-privileged portion of the claim file; and all information received by Twin

3  City from CMC or CMC's counsel or insurance broker.

4          2.      The Federal Policy under which CMC may have made a claim for coverage with

5  respect to the *Franklin Fund* action, and all documents reflecting or otherwise relating thereto,

6  including but not limited to applications by CMC; coverage positions taken as to the *Franklin Fund*

7  action; the relevant, non-privileged portion of the claim file, and all information received by

8  Federal from CMC or CMC's counsel or insurance broker.

9          3.      The pleadings, motions, declarations, affidavits and other papers filed, testimony

10 (including deposition testimony) recorded, documents, discovery responses and other evidence

11 produced, and other documents associated with the *Franklin Fund* action, including, but not limited

12 to, the Plaintiffs' complaint in the *Franklin Fund* action; the Plaintiffs' Brief in Support of the

13 Proposed Settlement; the Stipulation and Agreement of Compromise, Settlement and Release;

14 Plaintiffs' Application for Attorneys' Fees, and the transcript of the Hearing re Plaintiffs'

15 Application for Attorneys' Fees.

16         4.      Documents related to the *Franklin Fund* action, the transactions and other matters

17 alleged therein, and CMC's claims for coverage under the Policies.

18         5.      Documents related to the *Franklin Fund* tender offer and settlement, the transactions

19 and other matters alleged therein, and CMC's claims for coverage under the Policies.

20         6.      Valuation estimates relevant to the *Franklin Fund* action.

21         7.      Valuation estimates relevant to the settlement of the *Franklin Fund* action and the

22 *Franklin Fund* tender offer.

23         8.      CMC's filings with the Securities and Exchange Commission relevant to the

24 *Franklin Fund* action, settlement and tender offer, including, but not limited to, CMC's financial

25 statements filed during the relevant time period, and CMC's Form 14d-9 and Schedule 13d filed

26 March 19, 2007.

27         9.      CMC's press releases discussing the *Franklin Fund* action.

28

DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL
DISCLOSURES - Case No. 08-0830 SI

1         10.    CMC's press releases discussing the *Franklin Fund* tender offer and settlement,

2    including, but not limited to, a press release issued by CMC on or about March 19, 2007

3    announcing the settlement and tender offer.

4         11.    Correspondence exchanged between CMC (and/or its representatives or counsel)

5    and Messrs. Shively, Pillsbury, and all other attorneys and parallels at Pillsbury & Levinson, LLP,

6    and vice versa, with respect to the *Franklin Fund* action, settlement, and tender offer, and/or

7    CMC's claims for coverage under the Federal and Twin City Policies.

8         12.    Correspondence exchanged between CMC (and/or its representatives or counsel)

9    and Twin City and Federal (and/or their representatives or counsel), and vice versa, with respect to

10    the *Franklin Fund* action, settlement, and tender offer, and/or CMC's claims for coverage under the

11    Federal and Twin City Policies.

### C.    DAMAGES CLAIMED BY TWIN CITY

13        Twin City seeks damages in the amount of costs and fees incurred defending CMC's bad

14    faith, breach of contract and declaratory relief claims in an amount to be determined at trial.

### D.    INSURANCE AGREEMENT

16        Except to the extent that the Twin City and Federal Policies identified above are arguably

17    responsive, the material referenced in Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure

18    does not appear to be applicable to this action.

### E.    ATTORNEY CERTIFICATION

20        I, Rachael Shook, am an attorney with the law firm of Stroock & Stroock & Lavan LLP,

21    counsel of record in the above-captioned matter for Twin City Fire Insurance Company.  I hereby

22    certify that, to the best of my knowledge, information and belief, formed after a reasonable inquiry,

23    the disclosure is complete and correct as of the time it is made.

24    /

25    /

    /

26    /

27    /

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51051528

10

DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL
DISCLOSURES - Case No. 08-0830 SI

1

DATED:  May 9, 2008

Respectfully submitted,

2

STROOCK & STROOCK & LAVAN LLP

3
Michael F. Perlis
Richard R. Johnson
4
Rachael Shook

5

By: _____

6
Rachael Shook
Attorneys for Defendant/Counterclaimant
7
Twin City Fire Insurance Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51051528

11

DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL
DISCLOSURES - Case No. 08-0830 SI

1

## CERTIFICATE OF SERVICE

2    STATE OF CALIFORNIA          )
                                            )    ss
3    COUNTY OF LOS ANGELES        )

4        I am employed by Stroock & Stroock & Lavan LLP in the County of Los Angeles,

5    California 90067.  I am over the age of 18 and not a party to the within action.  My business

6    address is: 2029 Century Park East, Los Angeles, CA  90067-3086.

7        On May 9, 2008, I served the foregoing document(s) described as: **DEFENDANT AND**

8    **COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL**

9    **DISCLOSURES PURSUANT TO F.R.C.P. 26(a)(1)** on the interested parties in this action by

10   placing a true copy thereof enclosed in a sealed envelope addressed as follows:

11               **PLEASE SEE ATTACHED SERVICE LIST**

12   ☒  **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing
     practices of this office, with which I am readily familiar, by means of which mail is
13   deposited with the United States Postal Service at Los Angeles, California that same
     day in the ordinary course of business, I deposited such sealed envelope, with postage
14   thereon fully prepaid, for collection and mailing on this same date following ordinary
     business practices, addressed as set forth below.

15

16   ☐  **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the
     addressee via facsimile.

17

18   ☐  **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the
     office of the addressee(s) at the address(es) set forth above by overnight delivery via
     Federal Express or by a similar overnight delivery service.

19

20       I declare under penalty of perjury under the laws of the State of California that the above is

21   true and correct.

22       Executed on May 9, 2008, at Los Angeles, California.

23

24       Carmen Torres-Smith
         [Type or Print Name]                    [Signature]
25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51051528

12

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SERVICE LIST

**Joseph A. Bailey, III**
Hogan & Hartson LLP
555 Thirteenth Street NW
Washington, DC 20004                     representing
202-637-5600
202-637-5910 (fax)
jabaileyIII@hhlaw.com

**Federal Insurance Company**
*(Defendant)*


**Eric Keith Larson**
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery Street
31st Floor                               representing
San Francisco, CA 94111
415.433.8000
415.433.4816 (fax)
rlarson@pillsburylevinson.com

**Crowley Maritime Corporation**
*(Plaintiff)*


**Karen Galit Levy**
Morison Ansa Holden Assuncao & Prough
LLP
500 Ygnacio Valley Road
Suite 450                                representing
Walnut Creek, CA 94596
925-937-9990
925-937-3272 (fax)
karen.levy@morisonansa.com

**RLI Insurance Company**
*(Defendant)*


**William Campbell Morison-Knox**
Morison-Knox Holden Melendez & Prough
LLP
500 Ygnacio Valley Rd.
Suite 450                                representing
Walnut Creek, CA 94596
(925) 937-9990
925-937-3272 (fax)

**RLI Insurance Company**
*(Defendant)*


**David Newmann**
Hogan & Hartson
1835 Market St., 28th Fl.
Philadelphia, PA 19103                   representing
267-675-4610
267-675-4601 (fax)
dnewmann@hhlaw.com

**Federal Insurance Company**
*(Defendant)*

LA 51051528

13

DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S INITIAL
DISCLOSURES - Case No. 08-0830 SI

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

2  **Kevin Andrew Norris**
   Rudloff Wood & Barrows LLP
3  2000 Powell Street
   Suite 900                        representing    **Federal Insurance Company**
   Emeryville, CA 94608                             *(Defendant)*
4  510 740-1500
   510 740-1501 (fax)
5  knorris@rwblaw.com

6

7  **Philip Landsdale Pillsbury, Jr.**
   Pillsbury & Levinson LLP
   The Transamerica Pyramid
8  600 Montgomery Street
   31st Floor                       representing    **Crowley Maritime Corporation**
9  San Francisco, CA 94111                          *(Plaintiff)*
   415.433.8000
10 415.433.4816 (fax)
   PPillsbury@pillsburylevinson.com
11

12 **Michael Dale Prough**
   Morison Ansa Holden Assuncao & Prough,
13 LLP
   500 Ygnacio Valley Road
14 Suite 450                        representing    **RLI Insurance Company**
   Walnut Creek, CA 94596                           *(Defendant)*
15 925-937-9990
   925-937-3272 (fax)
16 michael.prough@morisonansa.com

17

18 **George Edward Rudloff, Jr.**
   Rudloff Wood & Barrows LLP
19 2000 Powell Street
   Suite 900                        representing    **Federal Insurance Company**
20 Emeryville, CA 94608                             *(Defendant)*
   510-740-1500 x1515
21 (510) 740-1501 (fax)
   erudloff@rwblaw.com
22

23 **Richard Daniel Shively**
   Pillsbury & Levinson, LLP
24 600 Montgomery Street
   31st floor                       representing    **Crowley Maritime Corporation**
25 San Francisco, CA 94111                          *(Plaintiff)*
   (415) 433-8000
26 (415) 433-4816 (fax)
   rshively@pillsburylevinson.com
27

28

LA 51051528

# EXHIBIT H

1   G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
    KEVIN A. NORRIS (State Bar No. 206022)
2   **RUDLOFF WOOD & BARROWS LLP**
    2000 Powell Street, Suite 900
3   Emeryville, California  94608
    Telephone:  (510) 740-1500
4   Facsimile:  (510) 740-1501
    E-Mail:       erudloff@rwblaw.com
5                 knorris@rwblaw.com

6   David Newmann, Esq.  (admitted *pro hac vice*)
    Joseph A. Bailey III, Esq.  (admitted *pro hac vice*)
7   **HOGAN & HARTSON LLP**
    555 Thirteenth Street NW
8   Washington DC 20004
    Telephone:    (202) 637-5600
9   Facsimile:    (202) 637-5910
    E-Mail:        dnewmann@hhlaw.com
10                 jabaileyIII@hhlaw.com

11  Attorneys for Defendant
    FEDERAL INSURANCE COMPANY

12

13              **UNITED STATES DISTRICT COURT**

14      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

15  CROWLEY MARITIME                    No.  CV 08 0830 SI
16  CORPORATION,
                                        **RULE 26(a)(1) DISCLOSURES OF**
17              Plaintiff,              **FEDERAL INSURANCE COMPANY**

18      vs.

19  FEDERAL INSURANCE COMPANY;          Complaint Filed: 01/07/08
    TWIN CITY FIRE INSURANCE            Trial Date:    None Set
20  COMPANY; and RLI INSURANCE
    COMPANY,
21
                Defendants.
22

23

24      Defendant Federal Insurance Company ("Federal") hereby makes the following initial

25  disclosures in accordance with Fed. R. Civ. P. 26(a)(1).  These initial disclosures are based upon the

26  information reasonably available to Federal at this time.

27

28
                                        1
    RULE 26(a)(1) DISCLOSURES OF FEDERAL INSURANCE COMPANY
                                        Case No.  CV 08 0830 SI

*(left margin, vertical text)* RUDLOFF WOOD & BARROWS LLP  ATTORNEYS AT LAW  2000 POWELL STREET, SUITE 900  EMERYVILLE, CALIFORNIA 94608  (510) 740-1500

**I.     Rule 26(a)(1)(A)(i)**

Federal states that upon information and belief, individuals likely to have discoverable information that Federal may use to support its claims or defenses within the meaning of Fed. R. Civ. P. 26(a)(1)(A)(i), include:

> **1.**     Tracy Tkac
> c/o Dave Newmann, Esq.
> Hogan & Hartson LLP
> 1835 Market Street, 28th Floor
> Philadelphia, PA 19103
> Tel. (267) 675-4610

**Subjects:**     Mr. Tkac, a claims examiner with Federal, is expected to have knowledge regarding plaintiff's requests for insurance coverage, Federal's responses thereto, and plaintiff's failures to meet conditions to coverage under the Policy.

> **2.**     Henry Nicholls
> c/o Dave Newmann, Esq.
> Hogan & Hartson LLP
> 1835 Market Street, 28th Floor
> Philadelphia, PA 19103
> Tel. (267) 675-4610

**Subjects:**     Mr. Nicholls, formerly a claims examiner with Federal, is expected to have knowledge regarding plaintiff's requests for insurance coverage, Federal's responses thereto, and plaintiff's failures to meet conditions to coverage under the Policy.

> **3.**     Eric Schall
> c/o Dave Newmann, Esq.
> Hogan & Hartson LLP
> 1835 Market Street, 28th Floor
> Philadelphia, PA 19103
> Tel. (267) 675-4610

**Subjects:**     Mr. Schall, claims counsel with Federal, is expected to have knowledge regarding plaintiff's requests for insurance coverage, Federal's responses thereto, and plaintiff's failures to meet conditions to coverage under the Policy.

> **4.**     The individual defendants in the Franklin Fund Action (Thomas B. Crowley, Jr.; Molly Crowley; Phillip Bowles; William A. Pennella; Gary Depolo; Earl Kivett; Leland Prussia; and Cameron Wolfe).

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

2

1    **Subjects**:     These individuals are expected to have knowledge regarding the events

2    leading up to the Franklin Fund Action, the events and claims at issue in that Action, the conduct

3    and settlement of that Action, and the tender offer and short form merger.

4        **5.**     Art Mead.

5        **Subjects**:     Mr. Mead, CMC's Senior Vice President and General Counsel, is expected to

6    have knowledge regarding the events and claims at issue in the Franklin Fund Action, and the

7    conduct and settlement of that Action.

8        **6.**     William Verdon.

9        **Subjects**:     Mr. Verdon, CMC's Senior Vice President and General Counsel prior to

10   October 12, 2005, is expected to have knowledge regarding the events leading up to the Franklin

11   Fund Action, the events and claims at issue in that Action, and the conduct and settlement of that

12   Action.

13       **7.**     Steven Ficon.

14       **Subjects**:     Mr. Ficon, Corporate Claims Manager for CMC, is expected to have

15   knowledge regarding plaintiff's requests for insurance coverage, Federal's responses thereto, and

16   the conduct and settlement of the Franklin Fund Action.

17       **8.**     Lawyers at the law firm of Morris, Nichols, Arsht & Tunnell, LLP, including Jon

18   Abramczyk.

19              Morris, Nichols, Arsht & Tunnell, LLP
                Chase Manhattan Centre, 18th Floor
20              1201 North Market Street
                P.O. Box 1347
21              Wilmington, DE 19899-1347
                Tel. (302) 658-9200
22
23       **Subjects**:     These individuals represented the defendants in the Franklin Fund Action and

     are expected to have knowledge regarding the events and claims at issue in the Franklin Fund
24
     Action, the conduct and settlement of that Action, the tender offer and short form merger, plaintiff's
25
     requests for insurance coverage, and Federal's responses thereto.
26
27       **9.**     Lawyers at the law firm of Orrick Herrington & Sutcliffe LLP, including James

28   Kramer and Richard Smith.

RUDLOFF **WOOD & BARROWS** LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

1    Orrick Herrington & Sutcliffe LLP
     405 Howard Street
2    San Francisco, CA 94105-2669
     Tel. (415) 773-5700
3
     **Subjects**:        These individuals represented CMC in the Franklin Fund Action and are
4
     expected to have knowledge regarding the events and claims at issue in the Franklin Fund Action,
5
     the conduct and settlement of that Action, the tender offer and short form merger, plaintiff's
6
     requests for insurance coverage, and Federal's responses thereto.
7
     10.    Lawyers at the law firm of Taylor & McNew LLP, including Bruce McNew.
8
     Taylor & McNew
9    2710 Centerville Road, Suite 210
     Wilmington, DE  19808
10   Tel. (302) 655-9200
11   **Subjects**:        These individuals represented the plaintiffs in the Franklin Fund Action and
12   are expected to have knowledge regarding the conduct and settlement of the Franklin Fund Action,
13   and the tender offer and short form merger.
14   11.    Lawyers at the law firm of Morrison & Foerster LLP.
15   Morrison & Foerster LLP
     425 Market Street
16   San Francisco, CA  94105-2482
17   **Subjects**:        These individuals represented CMC's Special Committee in connection with
18   the tender offer and are expected to have knowledge regarding the tender offer and short form
19   merger.
20   12.    Lawyers at the law firm of Pillsbury & Levinson, LLP, including Richard D.
21   Shively.
     Pillsbury & Levinson, LLP
22   The Transamerica Pyramid
     600 Montgomery Street, 31st Floor
23   San Francisco, CA  94111
     Tel. (415) 433-8000
24
     **Subjects**:        These individuals represented CMC in communications with the Insurers
25
     regarding the settlement of the Franklin Fund Action and are expected to have knowledge regarding
26
     plaintiff's requests for insurance coverage and Federal's responses thereto.
27
28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

                                          4
RULE 26(a)(1) DISCLOSURES OF FEDERAL INSURANCE COMPANY
                                   Case No.  CV 08 0830 SI

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

13.    One or more individuals from JMP Securities

**Subjects:**    These individuals, whose specific identities are presently unknown to Federal, acted as financial advisors to CMC's Special Committee in connection with the tender offer and are expected to have knowledge regarding or related to the tender offer and short form merger.

14.    One or more individuals from FMV Opinions

**Subjects:**    These individuals, whose specific identities are presently unknown to Federal, provided certain valuation advice to Crowley Newco Corp. in connection with the tender offer and are expected to have knowledge regarding or related to the tender offer and short form merger.

15.    One or more individuals from the independent fiduciary of the Crowley Maritime Corporation Retirement Stock Plan, the Crowley Maritime Corporation Stock Savings Plan, and the Crowley Maritime Corporation Employee Stock Ownership Plan

**Subjects:**    These individuals are expected to have knowledge regarding or related to the tender offer and short form merger.

16.    Gary Lutin
Lutin & Company
575 Madison Ave., 10th Floor
New York, N.Y.  10022
Tel. (212) 605-0335

**Subjects:**    Mr. Lutin, who organized a shareholder forum for dissatisfied CMC minority shareholders, is expected to have knowledge regarding the events leading up to the Franklin Fund Action.

17.    Persons listed in plaintiff's Rule 26(a)(1) disclosures.

18.    Persons identified in answers to interrogatories and in responses to other discovery propounded by any of the parties to this action.

**II.    Rule 26(a)(1)(A)(ii)**

Federal provides the following description by category and location of all documents, electronically stored information and tangible things that are in its possession, custody or control

5

1  that Federal may use to support its claims or defenses, within the meaning of Fed. R. Civ. P.

2  26(A)(1)(A)(Ii):

3      The non-privileged portions of Federal's claims file, including without limitation the

4  following categories:  the Federal Policy; correspondence with, between, or among Federal, the

5  insureds, and others relating to the Federal Policy or the Franklin Fund Action; internal notes

6  relating to the Franklin Fund Action and the determination of coverage therefore; and pleadings and

7  filings from the Franklin Fund Action.  Such non-privileged materials are located at Hogan &

8  Hartson, LLP, 555 13th Street NW, Washington, D.C. 20004.  In addition, documents now

9  unknown to Federal may be in the possession of the plaintiff or third parties that are relevant to the

10 claims and defenses asserted herein.

11 **III.    Rule 26(a)(1)(A)(iii)**

12      N/A.

13 **IV.    Rule 26(a)(1)(A)(iv)**

14      Federal states that, apart from any applicable reinsurance treaty, there is no insurance

15 agreement under which any entity carrying on an insurance business "may be liable to satisfy all or

16 part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy

17 the judgment."

18 Date: May 9, 2008                         Respectfully submitted,

19                                           RUDLOFF WOOD & BARROWS LLP

20

21 By: _____
                                              G. Edward Rudloff, Jr.
22                                            Kevin A. Norris

23                                           Of counsel:
                                              David Newmann (admitted *pro hac vice*)
24                                            Joseph A. Bailey III (admitted *pro hac vice*)
                                              HOGAN & HARTSON L.L.P.
25
                                              Attorneys for Defendant FEDERAL INSURANCE
26                                            COMPANY

27

28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

6

**CERTIFICATE OF SERVICE BY MAIL AND ELECTRONIC MAIL**
*Crowley Maritime Corp. v. Federal Insurance Company, et al.*
U.S.D.C. - Northern District of California No. CV 08 00830 SI

I, Carol E. Romo, hereby declare:

I am over the age of eighteen and not a party to the within cause. I am employed in the County of Alameda, California, in the office of a member of the bar of the court in which the within action is pending at whose direction the following service was made. My business address is Rudloff Wood & Barrows LLP, 2000 Powell Street, Suite 900, Emeryville, California.

I am personally and readily familiar with the business practice of Rudloff Wood & Barrows LLP for the collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

I am also personally and readily familiar with the business practice of Rudloff Wood & Barrows LLP for electronic service of documents via electronic mail.

On May 9, 2008, I served the within: **FEDERAL INSURANCE COMPANY'S INITIAL DISCLOSURES** on the parties named below in this action by (1) submitting via electronic submission via electronic mail and (2) placing a true copy thereof enclosed in a sealed envelope for collection and mailing on this date, following ordinary business practices, addressed as follows:

*SEE SERVICE LIST ATTACHED.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 9, 2008, at Emeryville, California.

_____
Carol E. Romo

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

7
CERTIFICATE OF SERVICE

Case No.  CV 08 0830 SI

1

## SERVICE LIST

2

*Crowley Maritime Corp. v. Federal Insurance Company, et al.*
U.S.D.C. - Northern District of California No. CV 08 00830 SI

3

4
<u>Attorneys for Plaintiff:</u>

<u>Attorneys for Defendant Twin City Fire Insurance Company:</u>

5
Richard Daniel Shively, Esq.
Eric Keith Larson, Esq.

Michael Fredrick Perlis, Esq.
Rachael Elizabeth Shook, Esq.

6
Philip Landsdale Pillsbury, Jr., Esq.
PILLSBURY & LEVINSON LLP

Richard Ray Johnson, Esq.
STROOCK & STROOCK & LAVAN LLP

7
600 Montgomery Street, 31st Floor
San Francisco, CA 94111

2029 Century Park East, Suite 1800
Los Angeles, CA  90067

8
Tel:   415 433-8000
Fax:   415 433-4816

Tel:   310-556-5800
Fax:   310-556-5959

9
Email:  rshively@pillsburylevinson.com
            rlarson@pillsburylevinson.com

E-Mail:  mperlis@stroock.com
             rshook@stroock.com

10
            ppillsbury@pillsburylevinson.com

             rjohnson@stroock.com

11

12
<u>Attorneys for Defendant RLI Insurance Company:</u>

13

14
Karen Galit Levy, Esq.
Michael Dale Prough, Esq.

15
MORISON ANSA HOLDEN ASSUNCAO
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596

16
Tel:   925-937-9990
Fax:   925-937-3272

17
E-Mail:  karen.levy@morisonansa.com
            michael.prough@morisonansa.com

18

19
William Campbell Morison-Knox
MORISON-KNOX HOLDEN MELENDEZ

20
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596

21
Tel:   925-937-9990
Fax:   925-937-3272

*To Be Noticed by Lead Counsel.*

22

23

24

25

26

27

28

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

8
SERVICE LIST

Case No.  CV 08 0830 SI