1  [Pursuant to FRCivP, Local Rule 3-4(a)(1),
2  see signature page for complete list of parties.]



IT IS SO ORDERED AS MODIFIED
Judge Susan Illston

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORP.<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, et al.<br><br>Defendants. | Case No. CV 08 0830 SI<br><br>**CONSENT STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

WHEREAS each of the parties submit that certain documents and information sought in connection with discovery in the captioned matter (which, together with any appeals and contribution, indemnity or subrogation action relating to the above captioned matter, is referred to herein as the "Action") contain commercially sensitive and/or proprietary information;

WHEREAS the parties wish to engage in full discovery without impinging on the parties' legitimate confidentiality and proprietary interests;

AND WHEREAS good cause exists for entry of this Consent Stipulation and Protective Order;

IT IS THEREFORE STIPULATED, AGREED AND ORDERED that:

1.  This Consent Stipulation and Protective Order governing the production and exchange of confidential information ("Consent Stipulation and Protective Order") shall apply to all documents, testimony and information designated by any party to this action as "Confidential."

2. "Confidential" information means any confidential or proprietary business information which is not publicly available. Confidential material, if designated in writing, may be so designated by stamping the material with the legend "Confidential" prior to production. Deposition transcripts identified in whole or in part as confidential shall be designated or stamped in the same manner. Stamping the legend "Confidential" on the cover of any multiple page document shall designate all pages of such document as "Confidential" unless otherwise indicated by the producing party. All Confidential information subject to this Consent Stipulation and Protective Order shall be used solely and exclusively for purposes of this Action. Such information shall not be used in or for any other cases, proceedings, disputes or for any commercial, business, competitive or any other purpose whatsoever and shall not be disclosed except as otherwise set forth in this Consent Stipulation and Protective Order.

3. Any party to this Consent Stipulation and Protective Order may designate as "Confidential" information produced prior to the execution of this Consent Stipulation and Protective Order and from this date forward that is not otherwise already in the public domain, by stamping or otherwise marking the document "Confidential." However, no party may designate as "Confidential" any document that is already in the possession, custody, or control of another party, unless such document is in the possession, custody, or control of that other party solely by reason of production in this Action.

4. Information designated as "Confidential" pursuant to the terms of this Consent Stipulation and Protective Order will neither be shown nor disclosed in any manner to any person except:

(a) the parties to this Consent Stipulation and Protective Order, including the parties' employees called as witnesses in this Action and those assisting in the prosecution or defense of this Action;

(b) as needed, to other witnesses or potential witnesses in this Action who either have agreed to the terms of this Consent Stipulation and Protective Order or have been advised of its terms;

(c) the parties' experts, whether consulting or testifying, who have agreed to the terms of this Consent Stipulation and Protective Order;

(d) the Court in which the Action is pending, and court personnel;

(e) court reporters whose services are used in connection with the Action;

(f) counsel of record and in-house counsel for the respective parties, including their partners, associates, paralegals and other employees in their firm;

(g) Any reinsurer pursuant to an existing reinsurance contract, or any auditors, regulators or any other person who would be entitled to review the "Confidential" documents as a result of federal or state investigations, laws, or court orders; provided, however, that such "Confidential" documents will not be produced pursuant to a request for production of documents in any other action in the absence of notice to the producing party and an order requiring such production unless the producing party, after receiving notice of the request for production and having a reasonable opportunity to intervene and object to such production, fails to move for a protective order or take other action to bar disclosure;

(h) A third party for the limited purpose of copying documents, providing technical or litigation support services involving the presentation of evidence at a hearing or trial in this action or providing messenger services for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this action. Documents in the possession of third parties as provided by this subsection shall be deemed to be in the possession of counsel releasing the documents, who shall remain responsible for assuring compliance with this Consent Stipulation and Protective Order while the documents are in the possession of such third parties;

(i) and any other persons to whom a party may wish to disclose its own Confidential information.

5. In the event any party disagrees with the designation of any discovery materials as "Confidential," counsel shall attempt in good faith to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, it shall be up to the party seeking to contest the designation to move the Court for an order compelling the change of the

1  confidentiality designation. If a party does so move, pending the decision of the Court, the disputed
2  document, testimony or information shall be treated as "Confidential" and subject to the terms of
3  this Consent Stipulation and Protective Order. For purposes of any motion challenging a
4  confidentiality designation, the party designating any discovery materials as "Confidential" shall
5  bear the burden of proving that such discovery materials are properly designated as "Confidential."
6      6.    In the event that "Confidential" information is contained in or attached to any
7  pleadings or other papers filed with any court, counsel filing such pleadings or papers shall, ~~pursuant to Judge Illston's Standing Orders, file a stipulation or an ex-parte motion, with a proposed order, requesting that the Court and/or the Clerk of such Court file such pleadings or papers or portions thereof under seal. In the event that "Confidential" information is used or disclosed at any trial or hearing, any party to this Consent Stipulation and Protective Order may request that the portion of the transcript of such proceeding where said use is made shall be in camera, or with access limited only to persons described in paragraphs 4 or 5, as applicable, or under such other conditions that will protect the "Confidential" information from disclosure, including the sealing of the record.~~

16      7.    Within thirty (30) days after the conclusion of the Action, whether by settlement or
17  by the entry of a final, non-appealable judgment, all "Confidential" information (including all
18  copies thereof and all notes, drafts, memoranda, work papers and any other materials that contain
19  "Confidential" information) shall either be destroyed or returned to the producing party, at the
20  election of the party that produced such information, provided, however, that: (a) counsel may
21  retain for its records one copy of all pleadings, papers, exhibits, transcripts, or other filings, so long
22  as any "Confidential" information contained therein continues to be protected as provided in this
23  Consent Stipulation and Protective Order; and (b) any party may retain documents as required by its
24  own recordkeeping or document-retention policies, so long as any "Confidential" information
25  contained therein continues to be protected as provided in this Consent Stipulation and Protective
26  Order. Compliance with this paragraph shall be confirmed in a certification prepared by counsel of
27  record in the Action, which shall be delivered to counsel for the party who produced the
28  "Confidential" information not more than thirty-five (35) days after the conclusion of the Action.

8. The inadvertent or unintentional disclosure of "Confidential" information shall not be construed to be a waiver, in whole or in part, of any claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto. Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work-product doctrine or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of such privilege or protection, and any person who has received such materials shall either immediately return them to the party that produced the information or, at the election of the producing party, destroy such materials.

9. The provisions of this Consent Stipulation and Protective Order shall survive and remain in full force and effect after settlement of the Action, or the entry of a final non-appealable judgment therein.

10. This Consent Stipulation and Protective Order does not constitute an admission or agreement that any document, testimony or information is admissible as evidence in the Action, and designations of confidentiality shall have no meaning or effect whatsoever with respect to the substantive issues in the lawsuit or the claims or defenses of any party thereto.

11. This Consent Stipulation and Protective Order may be modified only by further Order of the Court.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____
                              The Honorable Susan Illston

/ / /

WE HEREBY AGREE AND CONSENT to the terms of this Consent Stipulation and Protective Order:

DATED: 8/7/08

FEDERAL INSURANCE COMPANY

_/s/ Edward Rudloff_
G. Edward Rudloff, Jr. (SBN 56058)
Kevin A. Norris (SBN 206022)
RUDLOFF WOOD & BARROWS LLP
2000 Powell St., Ste. 900
Emeryville, CA 94608
510-740-1500 / 510-740-1501 Fax
erudloff@rwblaw.com
knorris@rwblaw.com

David Newmann, Esq. (admitted *pro hac vice*)
Joseph A. Bailey, III (admitted *pro hac vice*)
HOGAN & HARTSON LLP
555 Thirteenth Sreet NW
Washington, DC 20004
202-637-5600 / 202-637-5910 Fax
denewmann@hhlaw.com
jabaileyIII@hhlaw.com

TWIN CITY FIRE INSURANCE COMPANY

DATED: 8/7/08

_/s/ Michael F. Perlis / RES_
Michael F. Perlis (SBN 95992)
Richard R. Johnson (SBN 198117)
Racheal Shook (SBN 251628)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067
310-556-5800 / 310-556-5959 Fax
mperlis@stroock.com
rjohnson@stroock.com
rshook@stroock.com

- 6 -
CONSENT STIPULATION AND PROTECTIVE ORDER
Case No. CV 08 0830 SI

| | |
|---|---|
| DATED: 8/7/08 | **RLI INSURANCE COMPANY**<br><br>_/s/_<br>William C. Morison (SBN 99981)<br>Michael D. Prough (SBN 168741)<br>Karen G. Levy (SBN 213172)<br>MORISON ANSA HOLDEN ASSUNCAO<br>500 Ygnacio Valley Rd., Suite 450<br>Walnut Creek, CA 94596<br>925-937-9990 / 925-937-3272 Fax<br>William.Morison@morisonansa.com<br>Michael.Prough@morisonansa.com<br>Karen.Levy@morisonansa.com |
| DATED: 8/6/08 | **CROWLEY MARITIME CORPORATION**<br><br>_/s/_<br>Philip L. Phillsbury, Jr. (SBN 72261)<br>Richard D. Shively (SBN 104895)<br>Eric K. Larson (SBN 142791)<br>PILLSBURY & LEVINSON, LLP<br>600 Montgomery St., 31st Floor<br>San Francisco, CA 94111<br>415-433-8000 / 415-433-4816 Fax<br>ppillsbury@pillsburylevinson.com<br>rshively@pillsburylevinson.com<br>rlarson@pillsburylevinson.com<br><br>David B. Goodwin (SBN 104469)<br>Deepa Varadarajan (SBN 250845)<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>415-591-7074 / 415-955-6574 Fax<br>DGoodwin@cov.com<br>DVaradarajan@cov.com |