1  PHILIP L. PILLSBURY, JR. (SBN 72261)
2  RICHARD D. SHIVELY (SBN 104895)
   PILLSBURY & LEVINSON, LLP
3  The Transamerica Pyramid
4  600 Montgomery Street, 31st Floor
   San Francisco, California 94111
5  Telephone: (415) 433-8000
   Facsimile:  (415) 433-4816
6  Email: ppillsbury@pillsburylevinson.com
7         rshively@pillsburylevinson.com

8  DAVID B. GOODWIN (SBN 104469)
   DEEPA VARADARAJAN (SBN 250845)
9  COVINGTON & BURLING LLP
10 One Front Street, 35th Floor
   San Francisco California 94111-5356
11 Telephone: (415) 591-7074
   Facsimile:    (415) 955-6574
12 Email: DGoodwin@cov.com
13        DVaradarajan@cov.com

14 Attorneys for Plaintiff
15 CROWLEY MARITIME CORPORATION

16              UNITED STATES DISTRICT COURT
17       NORTHERN DISTRICT OF CALIFORNIA − SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and RLI INSURANCE COMPANY,<br><br>Defendants. | Civil Case No.: CV-08-00830 SI<br><br>**OBJECTION OF CROWLEY MARITIME CORPORATION TO NEW EVIDENCE SUBMITTED WITH INSURERS' REPLY PAPERS AND MOTION TO STRIKE**<br><br>Date:     **August 22, 2008**<br>Time:    **9:00 a.m.**<br>Place:    **Courtroom 10**<br><br>**Action Filed: January 7, 2008**<br>**Trial Date: September 14, 2009** |

CROWLEY'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH REPLY PAPERS; MOTION TO STRIKE, Case No. CV-08-00830 SI

After assuring this Court that they moved to disqualify Crowley's long-time counsel, Pillsbury & Levinson, LLP, for the purest of motives – and with no tactical considerations in mind, they say – the Insurers proceeded to engage in the most "tactical" of litigation activities: They withheld their evidence and only submitted their substantive declarations and exhibits with their reply papers, notwithstanding Federal Rules of Civil Procedure 6(c)(2), which provides that "[a]ny affidavit supporting a motion must be served with the motion." Perhaps the Insurers thought that they could hide these litigation tactics behind Local Rule 7-3(c), which permits a party to file a declaration with a reply brief. But even under Rule 7-3(c), new reply evidence normally is only proper when (1) its sole purpose is to address matters raised in the opposition and (2) the new evidence is not submitted for purposes of supporting the motion. *See* William Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 12:107 (Rutter Group rev. ed. 2008) ("It is improper for the moving party to 'shift gears' and introduce new facts . . . in the reply brief") (citation omitted); *Moore's Federal Practice* § 6.08[3] (rev. ed. 2008) ("If the reply affidavits are considered to support the original motion rather than dealing with issues raised in the opposition, they should not be admissible").

The Insurers do not even attempt to offer an excuse for their failure to submit the reply declarations and exhibits with their moving papers. Nor could they. The evidence they submit was available to them at the time they filed this motion. The new exhibits date from 2007; and the Insurers addressed the conversation between Mr. Nicholls and Mr. Shively, which is the subject of one of the new declarations, in the opening memoranda, so they were the ones who put the conversation at issue. *See* Twin City Opening Mem. 7:19-8:2, 9:9-13; Federal Joinder 4:19-26, 5:12-15. In addition, both of the declarations and all of the supporting evidence that the Insurers offered into evidence along with their reply papers are concerned with the very issues that the Insurers' moving papers specifically addressed: whether California Rule of Professional Conduct 5-210, or any exception to Rule 5-210, applies. *See* Twin City Opening Mem. 10:17-25

1  (discussing Rule 5-210 and its exceptions); 11:20-12:18 (arguing that the subject of Mr.
2  Shively's testimony is material and contested); 12:22-17:17 (arguing that the Court
3  should disqualify Pillsbury & Levinson LLP even if the "consent" exception to Rule 5-
4  210 applies); Federal Joinder 5:17-22 (incorporating Twin City's arguments).

   In short, the Insurers simply stood silent in their opening papers in the expectation of "sandbagging" Crowley by submitting most of their evidence when it would be too late for Crowley to respond before oral argument.  That is wholly improper.  Crowley therefore objects to the Perlis and Nicholls Declarations filed on August 8, 2008 as well as the exhibits to the August 8 Perlis Declaration under Fed. R. Civ. P. 6(c)(2) and Fed. R. Evid. 403, and moves to strike them.  Crowley also respectfully asks the Court to instruct all parties that this type of gamesmanship must not occur again in this litigation.

   Finally, Crowley notes that none of the Insurers' new evidence should affect the Court's ruling on the pending motion because, however one parses it, testimony from Mr. Shively on his telephone conversation with the Federal claims adjuster, Mr. Nicholls, is not at the heart of this case.  To the extent the Court has any concerns on that issue that might affect the pending motion, Crowley respectfully requests leave to file a supplemental brief.

Dated:  August 19, 2008                Respectfully submitted,

                                       **PILLSBURY & LEVINSON LLP**
                                       **COVINGTON & BURLING LLP**


                                  By:  /s/ David B. Goodwin
                                       DAVID B. GOODWIN

                                       Attorneys for Plaintiff
                                       CROWLEY MARITIME CORPORATION