G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
KEVIN A. NORRIS (State Bar No. 206022)
**RUDLOFF WOOD & BARROWS LLP**
2000 Powell Street, Suite 900
Emeryville, California 94608
Telephone: (510) 740-1500
Facsimile: (510) 740-1501
E-Mail: erudloff@rwblaw.com
knorris@rwblaw.com

DAVID NEWMANN  (admitted *pro hac vice*)
JOSEPH A. BAILEY III  (admitted *pro hac vice*)
**HOGAN & HARTSON LLP**
555 Thirteenth Street NW
Washington DC 20004
Telephone:   (202) 637-5600
Facsimile:    (202) 637-5910
E-Mail:   dnewmann@hhlaw.com
jabailey@hhlaw.com

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>             Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and RLI INSURANCE COMPANY,<br><br>             Defendants. | Case No.  CV 08 0830 SI<br><br>**FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Complaint Filed:    01/07/08<br>Hearing Date:       08/22/08 |

Plaintiff Crowley Maritime Corp.'s ("Crowley") Motion to Strike should be rejected because Federal Insurance Company's ("Federal") submission of the Affidavit Declaration of Henry Nicholls ("the Nicholls Declaration") is entirely proper.  Crowley's inflammatory assertions to the contrary are baseless for at least two reasons.

First, the Nicholls Declaration directly responded to the inaccurate and misleading statements that Crowley offered in Opposition to the Motion to Disqualify. *Compare* Shively Decl. ¶¶3-8 (purporting to describe communications with Federal, including the April 5, 2007 conversation) and Abramczyk Decl. ¶8 (asserting that Federal was not actively involved in Franklin Fund Action) *with* the Nicholls Decl. ¶¶3-9 (describing Federal's communications with Crowley, including the April 5, 2007 conversation, and Federal's involvement in the Franklin Fund Action). Evidence offered on reply is not "new" if it responds to the nonmovant's "factual" assertions in opposition. *Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n.2, 2007 WL 1119331, *2 (9th Cir. Apr. 16, 2007). Federal was entitled to correct the misleading statements that Crowley offered in Opposition, and Crowley is not entitled to file a supplemental brief. *Compare id. with Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (nonmovant entitled to file a supplemental brief if "new" evidence offered on reply); MOORE'S FED. PRACTICE § 6.08[3] (2008) (declarations may be offered in support of reply brief); CIV. LOCAL R. 7-3(c) (same).

Second, as Federal explained in its Reply Brief, the Nicholls Declaration should have been unnecessary but for Crowley's election in its Opposition to ignore that a factual dispute regarding Mr. Shively's April 5, 2007 conversation with Mr. Nicholls is apparent on the face of the pleadings. *See* Federal's Reply at 2-3 (citing Am. Compl. ¶¶8, 12, 13; Federal Answer ¶¶8, 12, 13). Crowley also ignores that Crowley, not Federal, put the April 5, 2007 conversation at issue by relying in significant part on it in its Complaint. Am. Compl. ¶¶8, 12, 13[1/] Federal did not need to offer a declaration to establish that the April 5, 2007 conversation is at issue or is disputed. But when Crowley elected to ignore the pleadings and submit no less than five declarations with its Opposition, Federal was entitled to and did respond to the assertions that are even arguably relevant to Crowley's arguments in Opposition.

---

[1/] If Crowley believes the April 5 conversation "is not at the heart of this case" (Mot. to Strike at 2:13-15), Crowley should state whether it is willing to strike its allegations relying on this conversation. Otherwise, Crowley is disingenuous in asserting that the conversation is irrelevant, even if Crowley is right for the wrong reasons. *See* Joinder at 3:20-23 and Federal Reply at 3:19 – 4:7 (April 5, 2007 conversation has no bearing because Crowley already had breached its duties under the plain language of the Policy's consent provisions).

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

1  Accordingly, Federal respectfully requests that the Court reject Crowley's Objection and
2  Motion to Strike.

3  Respectfully submitted,

4  Dated: August 20, 2008            **RUDLOFF WOOD & BARROWS LLP**

6  By:    /s./ G. Edward Rudloff, Jr.
         G. Edward Rudloff, Jr.
         Kevin A. Norris

8  Of counsel:
   David Newmann (admitted *pro hac vice*)
9  Joseph A. Bailey III (admitted *pro hac vice*)
   HOGAN & HARTSON L.L.P.

   Attorneys for Defendant
   FEDERAL INSURANCE COMPANY

**RUDLOFF WOOD & BARROWS LLP**
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

3
FEDERAL'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
CASE NO. CV 08 0830 SI