STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 95992)
mperlis@stroock.com
RICHARD R. JOHNSON (State Bar No. 198117)
rjohnson@stroock.com
RACHAEL SHOOK (State Bar No. 251628)
rshook@stroock.com
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant and Counterclaimant
  TWIN CITY FIRE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CROWLEY MARITIME CORPORATION,<br><br>          Plaintiff,<br><br>   vs.<br><br>FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>          Defendants. | **Case No. CV-08-00830 SI**<br><br>[Hon. Susan Illston]<br><br>**DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S OPPOSITION TO CROWLEY MARITIME CORPORATION'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH REPLY PAPERS AND MOTION TO STRIKE**<br><br>DATE:    August 22, 2008<br>TIME:    9:00 a.m.<br>PLACE:   Courtroom 10 |

LA 51078015v1

DEFENDANT & COUNTERCLAIMANT TWIN CITY FIRE INS. CO.'S REPLY TO CROWLEY
MARITIME CORPORATIONS' OBJECTIONS AND MOTION TO STRIKE -- Case No. 08-0830 SI

Rather than address specific issues raised by Twin City Fire Insurance Company ("Twin City") and Federal Insurance Company ("Federal") in their Motion to Disqualify, Plaintiff and Counterdefendant Crowley Maritime Corporation ("Crowley") attached a series of declarations to its Opposition, which Twin City can only assume were proffered to confuse the Court. Then, in its Objections to New Evidence Filed with Reply Papers and Motion to Strike, Crowley complains when Twin City and Federal Insurance Company's ("Federal's") respective Replies in Support of the Motion to Disqualify demonstrate the inaccuracies of those declarations. Crowley cannot have it both ways.

A simple reading of Twin City's Reply makes clear that the Declaration of Michael F. Perlis (the "Perlis Declaration") filed with the Reply, and the exhibits attached thereto, are all provided and cited to as direct responses to assertions in Crowley's Opposition and the declarations Crowley filed therewith. Further, the Declaration of Henry Nicholls (the "Nicholls Declaration") filed with Federal's Reply responds directly to Crowley's version, proffered by Crowley in a declaration attached to its Opposition, of a key conversation between Nicholls and Crowley's counsel, Richard Shively. The declarations and exhibits filed with the Insurers' Replies only rebut what Crowley has placed in issue in its own First Amended Complaint and in its Opposition and supporting documents. As such, the Nicholls Declaration and the Perlis Declaration and attached exhibits are entirely proper under Local Rule 7-3(c) and Federal Rule of Civil Procedure 6(c)(2).

**A.     Twin City's Reply, p. 12**

Crowley attached the declaration of Richard Vernon Smith (the "Smith Declaration") to its Opposition. In the declaration, Mr. Smith asserts that "it is pure speculation for the Insurers to assert that the $17.265 million Crowley is claiming as a settlement payment to the plaintiffs exceeded the maximum possible recovery by the minority stockholders who comprised the plaintiff

class [in the underlying Franklin Fund action]." (Smith Declaration, ¶ 9, cited in Twin City's Reply, p. 12 n. 13).

In response, Twin City cites to two pleadings filed in the underlying Franklin Fund litigation and attached as exhibits to the Perlis Declaration: Crowley's *Brief in Opposition to Plaintiffs' Application for Attorneys' Fees* and *Plaintiffs' Brief in Support of the Proposed Settlement.* (Twin City's Reply, p. 12 n. 13, citing Perlis Declaration Exs. C and D). Both of these pleadings indicate that the maximum amount recoverable at trial would be considerably less than the $17.265 million Crowley claims as a settlement payment, and are offered for the clear and appropriate purpose of rebutting Mr. Smith's assertion, made under penalty of perjury, re the maximum possible recovery in the Franklin Fund litigation.

## B.     Twin City's Reply, p. 14

Crowley's Opposition asserts that the Franklin Action settlement was not binding on Crowley as of the date of the March 28, 2007 Letter to the Insurers because "[t]he Delaware Court of Chancery did not even approve the settlement until April 27, 2007" and "[b]y its own terms, the proposed settlement did not become final until June 3, 2007." (Opposition, p. 5, citing Smith Declaration, ¶ 6 and Ex. A. at p. 9, ¶ 5).

In response to Crowley's claim that the settlement was not binding on Crowley because the Delaware court had not approved it, Twin City cites to three documents from the Franklin Fund action and attached to the Perlis Declaration: 1) a Proposed Scheduling Order scheduling the settlement approval hearing, filed with the Delaware Court before the Insurers were notified of the settlement; 2) the Delaware Court's Order approving the hearing date; and 3) a letter from declarant Jon Abramcyzk, Crowley's counsel in the Franklin Fund action, enclosing the Proposed Scheduling Order and Stipulation of Settlement and describing such as the "agreed-upon

Stipulation of Settlement and related papers[.]" This letter was also filed with the Delaware Court prior to the date on which Crowley notified its insurers of the settlement. (Twin City's Reply, p. 14, citing Perlis Declaration, Exs. A, B, and E). Twin City provided these documents for the express and appropriate purpose of rebutting Crowley's assertion that the Franklin Fund settlement was not binding on Crowley on March 28, 2007 because the Delaware Court had not approved it.

**C.    The Declaration of Henry Nicholls**

Crowley also seeks to exclude the Nicholls Declaration filed with Federal's Reply on grounds that "the Insurers addressed the conversation between Mr. Nicholls and Mr. Shively…in the opening memoranda, so they were the ones who put the conversation at issue" and further notes that Nicholls' declaration should not affect the Court's ruling on the pending motion because, "however one parses it, testimony from Mr. Shively on his telephone conversation with…Mr. Nicholls, is not at the heart of this case." (Crowley's Objections and Motion to Strike, p. 2). These arguments carry no weight. In the declarations attached to its Opposition, Crowley has sought to promote its own version of the conversation with Henry Nicholls and now seeks to preclude the Insurers from offering Henry Nicholls' version of the conversation, which happens to be consistent with the Insurers' request for coverage as memorialized in the March 28, 2007 Letter already before this Court[1] in that neither the Nicholls Declaration nor the Letter indicate that Crowley sought indemnity payments or payment for the Franklin Fund settlement amount.

First, contrary to its assertions in the Opposition, Crowley itself put the conversation with Mr. Nicholls in issue, as this conversation is key to Crowley's claims against Federal. (*See* Crowley's First Amended Complaint, ¶¶ 8, 12, 13).

---

[1] See Declaration of Michael F. Perlis filed with Twin City's Motion to Disqualify, Ex. A.

LA 51078015v1                                                          - 3 -

Second, the contents of the conversation are clearly in dispute. In its Answer to Crowley's First Amended Complaint, Federal denied Crowley's version of the conversation. (Federal's Answer, ¶ 8). Furthermore, Crowley itself has admitted that the details of the conversation are in dispute. In his declaration filed with Crowley's Opposition (the "Pillsbury Declaration"), Philip L. Pillsbury declares that at the time of the case management conference, "[he] disputed Twin City's counsel's contention that the defendants are entitled to summary judgment on the 'consent to settle' issue because, among other reasons, a dispute may exist as to whether Federal orally expressed its consent to the proposed settlement during an April 5, 2007 telephone conversation between Federal's Henry Nicholls and my co-counsel Richard Shively." (Pillsbury Declaration, ¶ 3).

Third, in his declaration attached to Crowley's Opposition (the "Shively Declaration"), Richard Shively presents his own version of the conversation between himself and Nicholls, (Shively Declaration, ¶¶ 5-7), which Nicholls' own declaration seeks to clarify and correct. (Nicholls Declaration, ¶ 3).

It is fundamentally unfair to allow Crowley to attach declarations supporting its own version of a conversation going to a key, contested coverage issue without allowing the Insurers to proffer their own evidence to the contrary in their Replies. One can only assume that Crowley's motive for opposing inclusion of the Nicholls Declaration is to obscure the fact that the declaration is consistent with Crowley's request for coverage as set forth in the March 28, 2007 letter to the Insurers (which Crowley has admitted sending – see Crowley's Answer to Twin City's Counterclaim, ¶ 12). The Nicholls Declaration and the Letter both indicate that in March and early April 2007, Crowley sought coverage for fees and costs alone. There was no suggestion about paying the settlement amount. (Nicholls Declaration, ¶ 4; March 28, 2007 Letter (attached as Exhibit A to the Perlis Declaration filed with Twin City's Motion to Disqualify)). This truth is inconvenient for Crowley, hence its eagerness to bury the Nicholls Declaration.

In Crowley's view, the Insurers' duty to avoid introducing new factual issues in their Replies translates to a duty to avoid addressing any of the factual or legal contentions made in Crowley's Opposition and attached declarations. This argument is ridiculous, as is the notion that in their Motion, perhaps through telepathy, the Insurers should have addressed the factual assertions in an Opposition and attached declarations that had not yet been filed or even written. Local Rule 7.3(c) permits a replying party to attach an affidavit to its Reply papers, and it is entirely proper under the Federal Rules to do so. *See Terrell v. Contra Costa County*, 232 Fed. App. 626, 629 n. 2, 2007 WL 1119331, *2 (9th Cir. Apr. 16, 2007) (Reply evidence is not "new" when it responds to factual assertions in the Opposition).

For these reasons, Twin City respectfully requests that this Court deny Crowley's Motion to Strike and that the Nicholls Declaration and the Perlis Declaration and attached exhibits remain part of the record.

DATED: August 20, 2008

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Michael F. Perlis
Richard R. Johnson
Rachael Shook

By: _____*/s/ Michael F. Perlis*_____
Michael F. Perlis
Attorneys for Defendant/Counterclaimant
TWIN CITY FIRE INSURANCE COMPANY

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF SAN FRANCISCO  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On August 20, 2008, I served the foregoing document(s) described as: **DEFENDANT AND COUNTERCLAIMANT TWIN CITY FIRE INSURANCE COMPANY'S OPPOSITION TO CROWLEY MARITIME CORPORATION'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH REPLY PAPERS AND MOTION TO STRIKE** on the interested parties in this action as follows:

> William Campbell Morison-Knox
> Morison-Knox Holden Melendez & Prough LLP
> 500 Ygnacio Valley Rd., Suite 450
> Walnut Creek, CA 94596
> Fax: (925) 937-3272

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☒ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 20, 2008, at Los Angeles, California.

| Lore Pekrul | */s/ Lore Pekrul* |
|---|---|
| [Type or Print Name] | [Signature] |

LA 51078015v1 — - 6 -

DEFENDANT & COUNTERCLAIMANT TWIN CITY FIRE INS. CO.'S REPLY TO CROWLEY MARITIME CORPORATIONS' OBJECTIONS AND MOTION TO STRIKE -- Case No. 08-0830 SI